# Exhibit "4"

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

EQUESTRIAN PALMS, LLC,   CASE NO.: 50-2023-CA-010133
                        General Jurisdiction Division

    Plaintiff,

v.

JEFFREY ISAACS, individually,

    Defendant.

_____/

## NOTICE OF FILING AFFIDAVIT FOR SERVICE BY PUBLICATION

Plaintiff, Equestrian Palms, LLC., hereby gives notice of filing the Affidavit for Service by Publication for the Notice of Action to Jeffrey Isaacs.

Dated this 12th day of October, 2023.

                                            PETERSON, BALDOR & MARANGES, PLLC
                                            *Attorneys for Plaintiff*
                                            8000 S.W. 117th Avenue, Suite 206
                                            Miami, Florida 33183
                                            Telephone: (305) 270-3773
                                            Facsimile: (305) 275-7410

                          By:    *Jose I. Baldor, Esq.*
                                          Jose I. Baldor, Esq.
                                          Florida Bar No.: 657630
                                          jose@pbmelegal.net
                                          Michael P. Peterson, Esq.
                                          Florida Bar No. 982040
                                          michael@pbmlegal.net
                                          lourdes@pbmlegal.net
                                          elizabeth@pbmlegal.net

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

EQUESTRIAN PALMS, LLC,

    Plaintiff,

v.

JEFFREY ISAACS, individually,

    Defendant.
_____/

CASE NO.: 50-2023-CA-010133
General Jurisdiction Division

### AFFIDAVIT FOR SERVICE BY PUBLICATION

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

    BEFORE ME, the undersigned authority, personally appeared Jose I. Baldor (**"Affiant"**) of the law firm of Peterson, Baldor & Maranges, PLLC, attorneys for the Plaintiff herein, and being known to me, and upon being duly cautioned and sworn, did depose and say:

    1.    This affidavit is given on the basis of the Affiant having knowledge pertaining to the above-styled action, and more particularly to the fact that Defendant, Jeffrey Isaacs (**"Isaacs"**), cannot be found within this state for service of summons. Affiant states that a claim exists against Isaacs for breach of contract claim arising out of a Residential Contract for Sale and Purchase on Isaacs' property located at 11482 Key Deer Circle, Lake Worth, Florida 33449 (**the "Property"**), and that Isaacs is a necessary party.

    2.    That Issacs is an individual and is subject to constructive service by publication pursuant to Florida Rule of Civil Procedure 1.070(e) and section 49.021, Florida Statutes.

    3.    That Affiant has made a diligent search and inquiry to discover the true name and residence of Isaacs, by (a) reviewing records obtained from Palm Beach County, Florida's Property

Appraiser's Office, including but not limited to the Annual Bills, Homestead Penalty Bills, and Installment Bills for 2020 through 2022, showing Isaacs' address as the Property; the Warranty Deed, recorded September 24, 2020, at Official Records Book 31773, Page 1252 of the Public Records of Palm Beach County, Florida, showing Isaacs' address as the Property; (b) reviewing the Florida Department of State, Division of Corporations Records and locating Greenflight Venture Corporation, a Florida corporation, with a mailing address and registered agent address of 10312 Orchid Reserve Drive, West Palm Beach, Florida 33412 **(the "Alternate Address")** where Isaacs is listed as "CEO," and attempting to serve Isaacs at the Alternate Address; (c) performing a skip trace on Isaacs and locating alternate addresses in Fort Washington, Pennsylvania and Berwyn, Pennsylvania; (d) attempting to serve Isaacs at 8 Chase Circle, Fort Washington, PA 19034, and 31 Hunt Valley Ln., Berwyn, PA 19312 **(collectively the "Pennsylvania Addresses")** though Equestrian's process server and obtaining information from Isaacs' step father, Anthony Salvo, that is permanent address is in Florida; and (e) requesting Isaacs, Isaacs' Florida counsel, Donald Thomas, Esq., and Isaacs' counsel from New Hampshire, Keith Matthews, Esq. whether they would accept service of Equestrian's Complaint.

4. Isaacs is over the age of 18, but his exact age is unknown to the Affiant.

5. That Affiant has made a diligent search and inquiry to discover the names and whereabouts of all persons upon whom the service of process could be made which would bind Isaacs, and the same is hereby specified as particularly as is known to the Affiant. The Affiant could not find an address—other than the Property, the Alternate Address, and the Pennsylvania Addresses—for Isaacs.

6.     That to the best of Affiant's knowledge and belief, Isaacs' current residence is unknown. Given an email exchange with Issacs, as well as the information provided by Isaacs' stepfather, Anthony Salvo, the Affiant believes Issacs' residence is in Florida, but he is avoiding service of process cannot be personally served.

FURTHER AFFIANT SAYETH NAUGHT.

                                        Jose I. Baldor, Esq.
                                        Florida Bar No.: 657360

SWORN TO and subscribed before me this 12th day of October, 2023, by Jose I. Baldor, who is personally known to me or produced _____ as identification.

LOURDES M. ALVAREZ
MY COMMISSION # HH 330020
EXPIRES: November 21, 2026

NOTARY PUBLIC, State of Florida
Print Name: Lourdes M Alvarez
My Commission Expires 11/21/2026