# EXHIBIT 1

DocuSign Envelope ID: B1EBB79F-4958-4B2D-AB63-A2D26E8ED9B2

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement"), is made and entered into by and between Representative Beverly Deshay, on behalf of herself and the Settlement Class, and Keller Williams Realty, Inc. ("Defendant") to settle and compromise this action and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

## RECITALS

**WHEREAS**, *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX is currently pending in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*;

**WHEREAS**, Defendant denies each and every one of Representative Plaintiff's allegations of unlawful conduct, damages, or other injuries and maintains that it complied with the TCPA and all applicable laws;

**WHEREAS**, based upon the investigation, and evaluation of the facts and law relating to the matters alleged, plus the risks and uncertainties of the Litigation and Related Litigation and all factors bearing on the merits of settlement, Representative Plaintiff and Class Counsel have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement;

**WHEREAS**, in an effort to facilitate a resolution of the Litigation and Related Litigation and mediate settlement discussions, the Settling Parties participated in lengthy, arms' length negotiations, including three mediations with mediator Bruce A. Friedman, Esquire of JAMS in Los Angeles, California;

**WHEREAS,** the Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is

DocuSign Envelope ID: B1EBB79F4958-4R2D-AB93-A2D26E8ED9B2

inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement;

  **NOW THEREFORE**, subject to the Final Approval Order of the Court as required herein and applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that all Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

**TERMS AND CONDITIONS OF THE SETTLEMENT**

**1.**  **DEFINITIONS**

  1.1  As used herein, the following terms have the meanings set forth below.

    1.1.1  "Agreement" or "Settlement Agreement" means this document, including all exhibits.

    1.1.2  "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Litigation, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon.

    1.1.3  "Approved Claim" means a claim submitted by a Class Member that: (a) is postmarked or received by the Settlement Administrator on or before the Claims Deadline; (b) is fully and truthfully completed by a Class Member with all information requested in the Claim Form, and in accordance with the directions on the Claim Form; (c) is signed by the Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Sum under the Agreement and the Final Approval Order and Judgment.

    1.1.4  "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 6.4.

1.1.5 "Claims Deadline" means sixty (60) days after the Notice Date. If the Claims Deadline falls on a weekend or holiday, the Claims Deadline shall extend to the next business day following the weekend or holiday.

1.1.6 "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Settlement, attached as Exhibit A.

1.1.7 "Claim Settlement Payment" means the payment to be made to Class Members who submit Approved Claims.

1.1.8 "Claimant" means a Class Member who submits a Claim Form.

1.1.9 "Class" means all Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors on a telephone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors. Excluded from the Class are: (1) the Judge presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons who received call, or to whom a call was placed, by or on behalf of Peter Hewitt or Kelly Houston and/or which contained a

DocuSign Envelope ID: B1EBB79F-4058-4B2D-AB83-A2D26E8ED9B2

pre-recorded voice identifying Peter Hewitt or Kelly Houston; and (5) the legal representatives, successors or assigns of any such excluded person(s).

       1.1.10  "Class Counsel" means Avi R. Kaufman of Kaufman P.A. and Stefan Coleman of Coleman, PLLC.

       1.1.11  "Class Member" means a person who falls within the definition of the Class and who does not opt out of the Settlement as set forth in Paragraph 9.4.

       1.1.12  "Class Period" means from May 2, 2014 through the date the Court enters the Preliminary Approval Order.

       1.1.13  "Court" means the Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida.

       1.1.14  "Complaint" means the operative complaint in this Litigation at the time the Court enters the Preliminary Approval Order.

       1.1.15  "Defendant" means Keller Williams Realty, Inc.

       1.1.16  "Defense Counsel" means Hinshaw & Culbertson LLP.

       1.1.17  "Direct Mail List" means a list of approximately 2,000,000 people allegedly in the Class with identified mailing addresses and associated telephone numbers that Class Counsel will provide to the Settlement Administrator.

       1.1.18  "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final. If the settlement contained in this Settlement Agreement is not approved by the Court and does not result in Judgment, or if the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will never become Effective and will be terminated and cancelled and (1) the Parties will be returned to their positions status quo ante with respect to the Action as if this Agreement had not been entered into; and (2) the Representative Plaintiff will voluntarily dismiss the Litigation and only re-file it, if ever, in federal court.

1.1.19 "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses that may be awarded by the Court and that will be paid out of the Settlement Sum. The Fee Award shall not exceed $10,000,000.

1.1.20 "Final" means one business day following the later of the following events: (i) the expiration of the time to file a motion to alter or amend a judgment has passed without any such motion having been filed; (ii) the expiration of the time in which to file an Appeal of any judgment entered pursuant to this Agreement has passed without any Appeal having been taken; and (iii) the resolution of any such Appeal in a manner that does not reverse or vacate the Judgment and in a manner that permits the consummation of the Settlement in accordance with the terms and conditions of this Agreement.  Any proceeding or order, or any Appeal pertaining solely to any request or order regarding the Fee Award will not in any way delay or preclude the Judgment from becoming Final.

1.1.21 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

1.1.22 "Final Approval Order" means an order, providing for, among other things, final approval of the Settlement.

1.1.23 "Judgment" means the judgment to be entered by the Court pursuant to this Settlement Agreement.

1.1.24 "Litigation" means *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX, currently pending in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida.

1.1.25 "Notice" means a document substantially in the form of Exhibit B hereto, "Summary Notice" means a document substantially in the form of Exhibit C hereto, and "Publication Notice" means a document substantially in the form of Exhibit D hereto, to be

DocuSign Envelope ID: B1EBB79F-4058-4B2D-AB93-A2D26E8ED9B2

disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Class of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement, and their options with respect thereto.

 1.1.26 "Notice Date" means the date on which Notice is first disseminated pursuant to the Notice Plan.

 1.1.27 "Notice Plan" shall mean the proposed plan of disseminating to Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

 1.1.28 "Opt-Out Deadline" means the date for Class Members to opt-out that is sixty (60) days after the Notice Date.

 1.1.29 "Parties" means, collectively, Representative Plaintiff and Defendant.

 1.1.30 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, affiliates and assignees.

 1.1.31 "Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Class according to the Notice Plan.

 1.1.32 "Related Litigation" means any other class action lawsuit against Defendant alleging Defendant violated the TCPA in which Class Counsel is counsel for the plaintiff(s), and any related miscellaneous actions, including (1) *Wright* v. *Keller Williams Realty, Inc.*, Case No. 1:18-cv-775, now pending in United States District Court for the Western District of Texas; (2) *Samataro v. Keller Williams Realty, Inc.*, Case No. 1:21-cv-76, now pending in United States District Court for the Western District of Texas; (3) *Hayhurst v. Keller Williams Realty, Inc.*, Case No. 1:19-cv-657, now pending in United States District Court for the Middle

DocuSign Envelope ID: B1EBB79F-4058-4B2D-AB93-A2D26E8ED9B2

District of North Carolina; (4) *St. John v. Keller Williams Realty, Inc.*, Case No. 6:19-cv-1347, now pending in United States District Court for the Middle District of Florida; (5) *Asher v. Keller Williams Realty, Inc.*, Case No. 1:20-cv-835, previously pending in United States District Court for the Western District of Texas; and (6) *MacDonald v. Keller Williams Realty, Inc.*, Case No. 2:20-cv-00138, previously pending in United States District Court for the District of Arizona.

 1.1.33 "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits, whether known or Unknown Claims, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law (such as any violations of the Telephone Consumer Protection Act, 47 USC § 227, the FCC's related regulations—including internal Do Not Call requirements, or unfair or deceptive practices act), and whether brought in an individual, representative, or any other capacity, that were brought in the Litigation or Related Litigation or that arise from text messages or calls made, or attempted to be made, by or on behalf of Defendant, or any other Person affiliated with Defendant, including but not limited to Defendant-affiliated franchisees, market centers, realtors, agents or vendors, from May 2, 2014 through the date the Court enters the Preliminary Approval Order.

 1.1.34 "Released Parties" means Defendant and any respective corporate parent, subsidiary, or affiliated entities, along with each of their current, former, and future owners, members, partners, officers, directors, shareholders, employees, agents, marketers, vendors, contractors, assigns, successors, servants, insurers, representatives, and attorneys, including specifically any franchisees, market centers, realtors, agents or vendors affiliated with Defendant.

 1.1.35 "Releasing Parties" means: (a) Representative Plaintiff, her heirs, assigns, successors in interest, and personal representatives; (b) Class Members who do not timely opt out; (c) to the extent that a Class Member is not an individual, all of its present, former, and

future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, and any other representatives of any of the foregoing Persons.

1.1.36  "Representative Plaintiff" means Plaintiff Beverly Deshay.

1.1.37  "Settlement" means the settlement set forth in this Agreement.

1.1.38  "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator administering this Settlement, including in providing notice, processing claims, administering the Settlement, and mailing checks for Approved Claims. All Settlement Administration Expenses shall be paid exclusively from the Settlement Sum and all sums advanced by Defendant toward Settlement Administration Expenses before the Funding Date, if any, shall be deducted from the Settlement Sum.

1.1.39  "Settlement Administrator" means Kroll Settlement Administration.

1.1.40  "Settlement Sum" means $40,000,000.00. The Settlement Sum represents the maximum possible payment by Defendant under this Agreement from which payments for all (a) Approved Claims to Class Members, (b) Settlement Administration Expenses, (c) CAFA Notice, and (d) any Fee Award will be made.

1.1.41  "Settling Parties" means, collectively, Defendant, Representative Plaintiff, and all Class Members.

1.1.42  "Unknown Claims." Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Action. With respect to any and all Released Claims

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28E8ED9B2

against any and all Released Parties, the Parties stipulate and agree that each Releasing Party shall have expressly waived the provisions, rights, and benefits of Cal. Civ. Code § 1542 or any federal, state, or foreign law, rule, regulation, or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

       1.1.43  The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

## 2.     DENIAL OF WRONGDOING AND LIABILITY

    2.1    Defendant denies the material factual allegations and legal claims asserted by Representative Plaintiff in the Litigation and the plaintiffs in the Related Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation and Related Litigation. Further, Defendant maintains that it has strong, meritorious defenses to the claims alleged in

DocuSign Envelope ID: B1FBB705-40E8-4B2D-AB83-A2D26F8ED9B2

the Litigation and Related Litigation and that it was prepared to continue to vigorously defend all aspects of the Litigation and Related Litigation.

2.2     This Agreement, any negotiations or proceedings related to it, the implementation of it, and any papers submitted in support of the motions for approval of it (collectively, the "Settlement Proceedings") are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

3.      **THE BENEFITS OF SETTLEMENT**

3.1     Class Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation and Related Litigation against Defendant through trial and appeals. Class Counsel also has taken into account the strength of Defendant's defenses, difficulties in proving vicarious liability, and the uncertain outcome and risks of litigation, especially in complex actions such as this one, and the inherent delays in such litigation. Class Counsel believes that the proposed Settlement confers substantial benefits upon the Class. Based on their evaluation of all of these factors, Representative Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Representative Plaintiff and the Class.

4.      **SETTLEMENT TERMS**

4.1     The Settlement Sum will be used for the purpose of making all required payments under this Settlement, including payments associated with the CAFA Notice, Settlement Administration Expenses, for Approved Claims, and any approved Fee Award. Any part of the Settlement Sum that is not used to pay for CAFA Notice, Settlement Administration Expenses,

Approved Claims, or any approved Fee Award shall remain with the Defendant. Defendant shall have no responsibility to segregate or escrow any funds to account for the Settlement Sum and, in no event shall Defendant's total financial liability with respect to this Agreement, the Released Claims, and the Settlement exceed the Settlement Sum. All costs of CAFA Notice and Settlement Administration Expenses shall be paid by Defendant, and deducted from the Settlement Sum, as they become due and payable to the Settlement Administrator.  Also from the Settlement Sum, within thirty (30) days after the later of (i) the final determination by the Administrator of the number of Approved Claims, and (ii) the Effective Date, the "Funding Date", Defendant shall fund all amounts required by the Settlement Administrator for payment of Approved Claims.

4.2     Payment to Class Members

4.2.1     Each Class Member shall be entitled to submit only one claim per telephone number he or she used or subscribed to and on which he or she received calls, artificial or prerecorded voice messages, or text messages as described in Paragraph 1.1.9.

4.2.2     Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims, including, but not limited to, verifying claimed calls with information provided by the Parties. Only a claim submitted by the Claims Deadline and containing all required components—including the signature of a valid Class Member— shall be an Approved Claim. All other claims, fraudulent or otherwise, shall be disallowed.

4.2.3     A Claim Settlement Payment will be made to each Class Member who submits a valid Approved Claim. To have a valid Approved Claim and be eligible to receive payment, those Class Members who are on the Direct Mail List must attest to: (i) having never provided their consent to be called with an artificial or prerecorded voice, text message, automatic telephone dialing system or while their phone number was on the National Do Not Call Registry or an internal do not call registry relating to Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors, and (ii) having received one or more

such automatic telephone dialing system calls and/or artificial or prerecorded voice calls and/or text messages from or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; (iii) on a telephone number the Class Member provides and that the Class Member attests to owning. To have a valid Approved Claim and be eligible to receive payment, those Class Members who are not on the Direct Mail List must attest to: (i) having never provided their consent to be called with an artificial or prerecorded voice, text message, automatic telephone dialing system or while their phone number was on the National Do Not Call Registry or an internal do not call registry relating to Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and (ii) having received one or more such automatic telephone dialing system calls and/or artificial or prerecorded voice calls and/or text messages from or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; (iii) on a telephone number the Class Member provides and that the Class Member attests to owning; and (iv) for which proof of receiving such a call (*i.e.*, through phone records) or text (*i.e.* through a screenshot or phone records) is provided.

   4.2.4 Each Class Member on the Direct Mail List or not on the Direct Mail List who submits an Approved Claim shall be entitled to a Claim Settlement Payment in an amount not to exceed, under any circumstances, Twenty Dollars ($20) per Approved Claim, regardless of the number of calls, artificial or prerecorded voice messages, or text messages the Class Member received during the Class Period. In the event that the total amount of Claim Settlement Payments for Approved Claims would exceed the threshold at which there would be insufficient funds in the Settlement Sum to pay all Approved Claims, any Fee Award, and Settlement Administration Expenses, the amount on a per claim basis will be reduced so that the Settlement Sum is exhausted but not exceeded.

   4.2.5 Class Settlement Payments will be made directly to the Class Member by the Settlement Administrator.

4.3     Separate and apart from the Settlement Sum, subject to Court approval, Defendant shall pay to Representative Plaintiff $5,000 in the interest of compromising Representative Plaintiff's individual claims not released in the Agreement against Defendant, as well as resolving all outstanding issues between the Parties through the Effective Date. In the event the Court approves the Settlement, but does not approve the separate payment to Representative Plaintiff, the Settlement will nevertheless be binding on the Parties and the Class Members.

4.4     Without admission of guilt, and as further non-monetary relief to the class, Defendant has also agreed to (1) create a TCPA task force to enhance compliance; (2) to make the existing TCPA/DNC resource page on KW Connect more visible to KWRI's franchisees and their independent contractor real estate agents; and (3) provide additional materials to KWRI's franchisees about TCPA/DNC compliance that they can use with their independent contractor real estate agents.

## 5.     ATTORNEYS' FEES, EXPENSES, AND COSTS

5.1     Class Counsel shall apply to the Court for attorneys' fees and documented and reasonable expenses and costs arising from the Litigation and Related Litigation of up to $10,000,000.00. Class Counsel's application for fees, expenses, and costs shall be filed no later than thirty-five (35) days prior to the Opt-Out Deadline.  Any Fee Award approved by the Court shall be paid solely out of the Settlement Sum and shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.

5.2     In the event the Court approves the Settlement, but declines to award a Fee Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Class Members.

5.3     Defendant shall have no liability to Class Counsel or any other Person arising from any claim regarding the division of the Fee Award between and among Class Counsel or any other counsel who may claim entitlement to any portion of the Fee Award.

5.4     The Fee Award, if approved by the Court, shall be paid by wire transfer from Defendant on the following schedule: 60% of the Fee Award within fifteen (15) days following the Effective Date; 10% of the Fee Award within six months following the Effective Date; 10% of the Fee Award within one year following the Effective Date; 10% of the Fee Award within one year and six months following the Effective Date; and 10% of the Fee Award within two years following the Effective Date, provided that the law firm or attorney being paid has executed and provided to Defendant a Form W-9 and requested payee information. The Fee Award shall be paid from the Settlement Sum.  Payment of the Fee Award is subject to a separate security agreement between Defendant and Class Counsel.

5.5     The Court shall retain jurisdiction of any dispute regarding the Fee Award and any repayment of any amount of the Fee Award.

## 6.     ADMINISTRATION AND NOTICE

6.1     All costs and expenses of administering the Settlement and providing reasonable Notice in accordance with the Preliminary Approval Order shall be paid out of the Settlement Sum, including the cost of CAFA Notice.

6.2     Responsibilities of Settlement Administrator

6.2.1   The Settlement Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

6.3     Class Settlement Website

6.3.1   The Settlement Administrator will create and maintain the Class Settlement Website, to be activated within thirty (30) days of Preliminary Approval. The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Notice in the form attached hereto as Exhibit B, subject to Court modification and/or approval, the Claim

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D28F8FD9B2

Form, and the Preliminary Approval Order. Class Members shall have the option to file a claim electronically using the Class Settlement Website.

6.3.2    The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full if the Settlement is terminated or otherwise not approved in full. The Settlement Administrator may destroy documents generated in the administration of the Settlement one year after the void date on settlement checks.

6.3.3    All costs and expenses related to the Class Settlement Website shall be paid out of the Settlement Sum.

6.4    CAFA Notice

6.4.1    The Parties agree that the Settlement Administrator shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

6.4.2    All costs and expenses related to the CAFA Notice shall be paid out of the Settlement Sum as an Administration Expense.

6.4.3    The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other Parties with any substantive responses received in response to any CAFA Notice. Any fees and costs incurred by Class Counsel to respond to any substantive responses—or otherwise incurred to defend challenges to the Settlement Agreement—shall be sought as part of the Fee Award, subject to Court approval.

6.5    Notice Plan

6.5.1    The Notice shall conform to all applicable requirements of any applicable rules or procedure and law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

6.5.2    Class Counsel shall provide the telephone numbers, and all reasonably available demographic information for the Class Members on the Direct Mail List to the Settlement Administrator within fifteen (15) calendar days after the Court enters the Preliminary Approval Order or as soon as reasonably possible.

6.5.3    Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C, as modified and/or approved by the Court, via U.S. Postal Service, to Class Members on the Direct Mail List, which shall constitute the sole and exclusive direct notice the Settlement Administrator shall send to Class Members on the Direct Mail List.

6.5.4    Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall commence publication notice substantially in the form of the Publication Notice in Exhibit D, as modified and/or approved by the Court.

7.    **CLAIMS PROCESS**

7.1    Submission of Claims.  Class Members must timely submit, by mail or online, a valid Claim Form substantially in the form attached as Exhibit A.  All Claim Forms must be postmarked or received by the Settlement Administrator by the Claims Deadline.  Regardless of the manner in which it is submitted, a valid Claim Form means a Claim Form containing all required information, as described above in Paragraphs 4.2.1 through 4.2.5, which is signed by a Class Member and is timely submitted.  Any Claim Form that does not contain all required information, as described above in Paragraphs 4.2.1 through 4.2.5; is not signed; and/or is not timely submitted shall be denied.  In the event a Class Member submits a Claim Form by the

Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Class Member a reasonable opportunity to provide any requested missing information. Notwithstanding Section 6.5.3 above, for any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice"). The Class Member shall have until the Claims Deadline, or fourteen (14) days after the Settlement Administrator sends the Cure Notice to the Class Member regarding the deficiencies in the Claim Form, whichever is later, to cure the error(s) and/or omissions in the Claim Form.

7.2    Claims Processing.  The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form, and any Claim Form submitted that does not meet the requirements of this Agreement is not eligible to be an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, including but not limited to requiring a unique class member identifier in order to file a claim, requesting additional information from Claimants not on the Direct Mail List, including but not limited to proof of ownership of a telephone number and receipt of calls (*i.e.*, through phone records) or texts (*i.e.*, through a screenshot or phone records), and denying Claim Forms where there is evidence of abuse, fraud, or duplication.  Only one claim per eligible phone number can be an Approved Claim; in the event that more than one claim per eligible phone number is submitted, the Settlement Administrator will have discretion to determine which, if any, is the Approved Claim. The Settlement Administrator's decisions regarding the Claimant's eligibility for a Class Settlement Payment shall be final, assuming the Settlement Administrator applies reasonable practices to assure that no invalid, incomplete, untimely or fraudulent claims are treated as Approved Claims. The Parties, the Released Parties, and their respective counsel shall have no

DocuSign Envelope ID: B1FBB705-40E8-4B2D-AB83-A2D28E8ED9B2

responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

7.3    Payment of Claims.   Within sixty (60) days after the later of (i) the final determination by the Administrator of the number of Approved Claims, and (ii) the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Sum all Approved Claims by check or electronic payment to the Class Member submitting each Approved Claim.

7.4    All payments to Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that any checks to Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a per claim basis to Class Members who submitted an Approved Claim and who cashed their Settlement Claim Payments unless (i) Administration Expenses associated with the redistribution would exceed the funds available for redistribution; and/or (ii) the net amount of the redistribution on a per Class Member basis would be less than $0.50 per Class Member. The Administration Expenses associated with the redistribution shall be paid from the funds to be redistributed.

7.5    No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any Claim hereunder or in any other proceeding or before any other forum or authority.  Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

**8.    RELEASES**

8.1    Upon entry of the Judgment, Representative Plaintiff and each Class Member will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged each of the Released Parties from all Released Claims.

8.2     After entering into this Settlement Agreement, Representative Plaintiff or Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims.  Representative Plaintiff and Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

8.3     With respect to the Released Claims, all Class Members expressly waive and relinquish any rights or benefits available to them under California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

8.4     Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement Agreement shall be given full force and effect according to each and all of its terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from, or are in any way connected with the Released Claims.

8.5     Upon entry of the Final Approval Order, Representative Plaintiff, and any Class Member who does not Opt Out as set forth in Paragraph 9.4 is hereby barred against continuing or bringing any action against any of the Released Parties for any of the Released Claims, regardless of whether such action was commenced prior to the Final Approval Order. Additionally, Representative Plaintiff and Class Members agree and covenant, and each Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties

with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## 9.    APPROVAL PROCESS

9.1    Court Approval

9.1.1   Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

9.1.2   In the Motion for Preliminary Approval, Class Counsel shall request that the Court allow for a period of no less than ninety (90) days between entry of the Preliminary Approval Order and the Final Approval Hearing and that the Court schedule a Final Approval Hearing for a date no less than ninety (90) days from entry of the Preliminary Approval Order.

9.1.3   The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

9.1.4   If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

9.1.5   If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order is reversed or vacated, by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval. Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award to Class Counsel or any separate payment to the Representative Plaintiff, described in Paragraphs 4.3 and 5.1 above, including any decision by any court to award less than the amounts sought, shall not prevent

the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

9.2     Procedures for Objecting to the Settlement

9.2.1   Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this paragraph.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing. This written objection must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline. Class Members may object either on their own or through an attorney hired at their own expense.

9.2.2   Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Class Member, including the phone number(s) at which he or she received calls(s) or text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

9.2.3   A Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth

in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

9.2.4   If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  Representative Plaintiff or Defendant or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, subject to Court approval.

9.2.5   Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

9.3     Right to Respond to Objections

9.3.1   Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The

Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand, overnight delivery, or email to the objector (or counsel for the objector).

9.4     Opt Outs

9.4.1    Any individual who falls within the definition of the Class who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be individually "excluded" from this Settlement.  This written request for individual exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline.  An individual request for exclusion must be signed by the individual, and must include the individual's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the individual wishes to be excluded from the Litigation and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not received within the time specified, shall be invalid, and the individual serving such a request shall be a member of the Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request for individual exclusion must be personally signed by the individual. Requests for group, mass and/or class opt-outs or exclusions will be invalid and shall not be allowed.

9.4.2    Any individual who submits a request for exclusion may not file an objection to the Settlement.  If an individual submits a written request for exclusion pursuant to Paragraph 9.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

9.4.3    After Notice is disseminated and at least fifteen (15) days prior to the Final Approval Hearing, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

DocuSign Envelope ID: B1FBB705-40E8-4B2D-AB83-A2D26E8EB9B2

(i)  find that the Court has personal jurisdiction over all Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)  approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties;

(iii)  find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable procedural and other requirements, and the rules of the Court;

(iv)  dismiss the Action (including all individual claims and Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the releases set forth above in Paragraph 8, make those releases effective as of the date of the Final Approval Order and Judgment; and

(v)  forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Class Members from filing, commencing, continuing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

9.4.4.  Notwithstanding anything else in this Agreement, in the event the total number of opt outs exceeds 20,000, Defendant shall have the right—at its sole discretion—to terminate this agreement and return the parties to the status quo pursuant to Paragraph 11.4 below, upon written notice given within seven business days of the Opt Out deadline.

## 10.  TAXES

Class Members, Representative Plaintiff, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

10.1  Expenses Paid from Fund.  Any expenses reasonably incurred by the Claims

DocuSign Envelope ID: B1FBB705-40E8-4B2D-AB83-A2D28E8ED9B2

Administrator in carrying out the duties, including fees of tax attorneys and accountants, will be paid from the Settlement Sum.

10.2    Responsibility for Taxes on Distribution.  Any Person that receives a distribution from the Settlement Sum will be solely responsible for any taxes or tax-related expenses owed or incurred by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Sum.

10.3    Payment Not Directed By or Incurred to Government: For purposes of assessing deducibility of any amounts to be paid by Defendant under the Settlement Agreement, it is expressly acknowledged by the Parties that such payments are not made or incurred (whether by suit, agreement, or otherwise) to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law, as contemplated by 26 U.S.C. § 162(f)(1).

10.4    Defendant is Not Responsible.  In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Sum to Representative Plaintiff, Class Members, Class Counsel or any other person or entity. The Class Members shall indemnify and hold Defendant and other Released Parties harmless—through the Settlement Sum— for all such taxes and tax-related expenses.

## 11.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

11.1    The Effective Date of this Agreement shall be the date defined in Paragraph 1.1.18.

11.2    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

(A)    execution of this Agreement by Defendant, Representative Plaintiff, and Class Counsel.

(B)    the granting of preliminary approval by the Court.

(C)    sending of the notices described herein.

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28E8ED9B2

(D)    the granting of final approval by the Court.

(E)    execution and entry of Judgment by the Court.

(F)    the occurrence of all other circumstances necessary for the Effective Date to arise.

11.3    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Representative Plaintiff or any third party.

11.4    If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation and Related Litigation as of June 30, 2022, and the Representative Plaintiff will voluntarily dismiss the Litigation and only re-file it, if ever, in federal court. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation, the Related Litigation, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

11.5    The Parties agree to request a stay of the Related Litigation pending approval of the Settlement.

## 12.    MISCELLANEOUS PROVISIONS

12.1    Termination of Agreement: The Parties shall each have the right to terminate this Settlement by providing written notice of their election to do so to the other Party within thirty (30) days of:

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28F8ED9B2

12.1.1 any court declining to enter or reversing entry of the Preliminary Approval Order or Final Approval Order;

12.1.2 any court refusing to approve this Agreement or any material part of it;

12.1.3 any court materially modifying the Agreement and/or Exhibits A, B, C, or D in any manner, including, without limitation, modification that increases the financial costs to Defendant to be determined in Defendant's sole discretion; that extends the Claims Deadline; that changes the claims administration process, including but not limited to, the Notice Plan, the Settlement Administrator' ability to minimize waste, fraud and abuse, and/or the proof required to substantiate a claim; and/or that changes the definition or scope of the Class.

12.2 Cooperation of the Parties: The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Class Members. Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

12.3 Resolution of Dispute without Admission: The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement covers claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

12.4 Use In Subsequent Proceedings: Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant; or is or may

be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.5   Confidential Information:   All agreements made and orders entered during the course of the Litigation and Related Litigation relating to the confidentiality of information will survive this Agreement.

12.6   Media and Contact of Class Members.   Except as required by the Parties in accordance with applicable law, rule, or regulation (e.g., securities law, rules, or regulations), or any other exception expressly provided herein, to avoid contradictory, incomplete, or confusing information about the Settlement, the Parties agree that if they want to make any written press releases, disclosures on their websites, or statements to the media about or promotional materials that reference the existence or terms of the Settlement or the Litigation or Related Litigation before the conclusion of the Claim Period, such releases or statements must be approved by the Parties in advance and, where desired by the other Party, made jointly. Any party can respond to inquiries initiated by the media, and in doing so may decline to comment, but otherwise shall only refer to the Class Notice, a statement approved by the other Party, and/or defer to the court file in the Litigation or Related Litigation, but shall not provide any further comment.   Nothing provided herein shall prevent Defendant from communicating with its clients, investors, insurers, regulators or lenders about the Settlement or the Litigation or Related Litigation without the prior approval of Class Counsel.   Except as noted herein and by mutual agreement of the Parties, the Class Notice shall constitute the only communication with Class Members regarding the Settlement prior to the Final Fairness Hearing.

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D28E8ED9B2

Notwithstanding, Class Counsel and Defense Counsel can answer any inquiries initiated by Class Members and Class Counsel may communicate freely with Plaintiff.

12.7    Incorporation of Exhibits: Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.8    Modification: This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

12.9    Integration: This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Parties will bear their own respective costs.

12.10 Class Counsel's Authority:  Class Counsel, on behalf of the Class, are expressly authorized by Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Class.

12.11 Parties' Authority:  Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

12.12 Counterparts:  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.

12.13 No Prior Assignments:  Representative Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

12.14 Binding on Assigns: This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Class Members.

12.15 Interpretation: None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

12.16 Governing Law: This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to that state's choice-of-law principles.

12.17 Headings: The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

12.18 No Waiver: The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement dated as of November _11 / 30 / 2022_ ____, 2022.

| Dated: 12/1/2022 | *[DocuSigned signature: Ma 7½]* 2A32DEDEE74E4AE on Behalf of Defendant Keller Williams Realty, Inc. Marc King |
|---|---|
| Dated: 11 / 30 / 2022 | *[signature: Beverly DeShay]* Beverly Deshay as Representative Plaintiff |
| Dated: November 30, 2022 | *[signature]* Avi Kaufman of Kaufman P.A. as Class Counsel |

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D28E8ED9B2

# EXHIBIT A

**CLAIM FORM**

| Section I - Instructions |
|:---:|

**This Form must be postmarked or received by the Settlement Administrator no later than [Month] [Day],    [Year].**

This Claim Form may be submitted in one of three ways:

1.  Electronically through www.[xxx].com.

2.  Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety if necessary, and include the form as an attachment.

3.  Mail to: *Keller Williams Realty TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and sent, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or submitted by this date, you will remain a member of the Class but will not receive any payment from the Settlement.

| Section II - Class Member Information |
|:---:|

**Claimant Name (Required):**

**Claimant Identification Number (Required):**

**<u>Current Contact Information</u>**

**Street Address (Required):**

**City (Required):**            **State (Required):**            **Zip Code (Required)**

**Email (Optional):**

**Preferred Phone Number (Required):**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your Claim.  Provision of your email address is optional.  By providing contact information, you agree that the Settlement Administrator may contact you about your Claim.*

## Section III – Confirmation of Class Membership

Telephone Number(s) for which you were the regular user or subscriber between May 2, 2014 and **DATE** at which you (1) were called or received two or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents, or vendors and that appeared on the National Do Not Call Registry for at least 31 days and/or that appeared on any internal do not call list of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors using an artificial or prerecorded voice and/or a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors.

*Please note that, as part of the claims process, you may be requested to provide a telephone bill establishing proof of your ownership of the telephone number(s) above during the relevant time period and/or showing proof of the receipt of the asserted call(s) or text messages.*

## Section IV – Required Affirmations

IF SUBMITTED ELECTRONICALLY:

☐  **I have never provided consent to Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors, to be called with an artificial or prerecorded voice, text message, automatic telephone dialing system, or while my phone number was on the National Do Not Call Registry.  I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge under penalty of perjury.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code].  Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I have never provided consent to Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors, to be called with an artificial or prerecorded voice, text message, automatic telephone dialing system, or while my phone number was on the National Do Not Call Registry.  I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge under penalty of perjury.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code].**

Dated:_____        Signature: _____

**S<small>ETTLEMENT</small> A<small>DMINISTRATOR</small> A<small>DDRESS</small> (*where to send the completed form if submitting by mail*):**

*Keller Williams Realty TCPA Settlement*, c/o _____, [Address], [City], [State] [Zip Code].

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D28E8ED9B2

# EXHIBIT B

Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida

*Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX

# If you were called or received a call from Keller Williams or any Keller Williams- affiliated franchisees, market centers, realtors, agents or vendors, you may be entitled to a payment from a class action settlement.

*A court authorized this notice. You are **not** being sued. This is **not** a solicitation from a lawyer.*

- A class action settlement agreement and release (the "Settlement") has been proposed in the class action lawsuit referenced above pending in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida captioned *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX. You may be a class member in the proposed settlement and may be entitled to participate in the proposed Settlement.

- The Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida has ordered the issuance of this notice. Keller Williams Realty, Inc. ("Keller Williams") denies it did anything wrong and has defended itself.  The Court has not decided who is right.  Both sides have agreed to settle the dispute to avoid burdensome and costly litigation.

- The Settlement offers payments to class members who file valid claims.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are a member of the Class, you must submit a completed Claim Form to receive a payment of up to $20 per Approved Claim. If the Court approves the Settlement and it becomes final and effective, and you remain in the Class, you will receive your payment by check or electronic payment. |
| EXCLUDE YOURSELF | You may request to be excluded from the Settlement and if you do, you will receive no benefits from the Settlement. |
| OBJECT | Write to the Court and appear at a hearing if you do not like the Settlement. |
| DO NOTHING | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Keller Williams about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28E8ED9B2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**................................................................................................**PAGE 3**
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**................................................................**PAGE 4**
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.........................................................................**PAGE 4**
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................................**PAGE 5**
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue Defendant for the same thing later?
    13. What am I giving up to stay in the Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS AND THE PLAINTIFF REPRESENTING YOU**.........................**PAGE 6**
    15. Do I have a lawyer in the case?
    16. Should I get my own lawyer?
    17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.................................................................**PAGE 6**
    18. How do I tell the Court I do not like the Settlement?
    19. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**....................................................................**PAGE 7**
    20. When and where will the Court decide whether to approve the Settlement?
    21. Do I have to attend the hearing?
    22. May I speak at the hearing?

**IF YOU DO NOTHING**.......................................................................................**PAGE 7**
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.....................................................................**PAGE 7**
    24. How do I get more information?

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28E8ED9B2

## BASIC INFORMATION

| **1. Why was this notice issued?** |

The Court authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit. You have legal rights and options that you may exercise before the Court decides whether to give final approval to the Settlement, as described below.

| **2. What is this lawsuit about?** |

Plaintiff DeShay claims that Keller Williams-affiliated realtors violated the Federal Telephone Consumer Protection Act (TCPA) by making robocalls to cell phones and other telemarketing calls to number registered on the National Do Not Call Registry. DeShay also claims that Keller Williams is responsible for any illegal calls made by these realtors. Keller Williams denies these allegations.

| **3. What is a class action and who is involved?** |

In a class action, one or more people called "class representatives" (in this case, Beverly Deshay) sue on behalf of a group of people who may have similar claims. The people together are a "class" or "class members." The individual who sues—and all the class members like them—is called the plaintiff. The company that they sue (in this case, Keller Williams) is called the Defendant. In a class action, the Court resolves the issues for all class members, except for those who exclude themselves from the class.

| **4. Why is this lawsuit a class action?** |

The Court has decided that this lawsuit can be a class action because it meets the procedural requirements which govern class actions.

| **5. Why is this there a settlement?** |

The Court has not found in favor of Plaintiff or Keller Williams. Instead, the parties have agreed to a Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Class Members will receive the benefits described in this notice. Keller Williams denies all legal claims in this case, but is settling to avoid the uncertainties and costs attendant with litigation. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE CLASS AND SETTLEMENT

You need to determine whether you are affected by this lawsuit.

| **6. Am I part of the class and included in the settlement?** |

The Settlement includes the following class: "All Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors on a telephone phone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or

DocuSign Envelope ID: B1FBB705-40E8-4B2D-AB83-A2D26E8ED9B2

vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors."

| **7. What if I'm still not sure if I am included?** |
|---|

If you are still not sure whether you are included, you can call the Settlement Administrator at [###-#####]. Or you can get free help by calling the lawyers in this case at the phone number listed in question 24.

## THE SETTLEMENT BENEFITS

| **8. What does the settlement provide?** |
|---|

Keller Williams has agreed to a Settlement Sum of $40,000,000.  The Settlement Sum will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, and all Approved Claims. Members of the Class who submit Approved Claims shall receive an amount not to exceed Twenty Dollars ($20) per Approved Claim. In the event that the total amount of Claim Settlement Payments for Approved Claims exceeds the threshold at which there would be insufficient funds in the Settlement Sum to pay all Approved Claims, any Fee Award, and Settlement Administration Expenses, the amount on a per claim basis will be reduced. Only Approved Claims will be paid. Only one claim per Class Member per telephone number may be validated and deemed an Approved Claim. There may be tax consequences to the Class Member associated with this recovery.

Keller Williams has also agreed to (1) create a TCPA task force to enhance compliance; (2) make the existing TCPA/DNC resource page on KW Connect more visible to KWRI's franchisees and their independent contractor real estate agents; and (3) provide additional materials to KWRI's franchisees about TCPA/DNC compliance that they can use with their independent contractor real estate agents.

| **9. How do I file a claim?** |
|---|

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.xxxxx.com, send it by email to xxxx@xxxx.com, or send it by U.S. Mail to:

Keller Williams Realty Settlement Administrator
PO Box XXX, City, State XXXXX-XXXX

**The deadline to submit a Claim Form is 11:59 p.m. EST on DATE.**

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required.

| **10. When will I receive my payment?** |
|---|

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D26E8ED9B2

Payments to Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue Keller Williams on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Class.

| **11. How do I get out of the settlement?** |
| --- |

To exclude yourself individually from the Settlement, you must send a timely letter by mail to:

Keller Williams Realty Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you, be dated, include your full name (or, if a business, business name), address, and the telephone number that allegedly received calls from Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors during the Class Period, and must clearly state that the individual wishes to be excluded from the Litigation and the Agreement. Absent excluding yourself or "opting-out" you are otherwise a member of the Class.

**Your exclusion request must be received no later than DATE.**

You cannot ask to be excluded on the phone, by email, or at the website. Opt outs must be made individually and cannot be made on behalf of other members of the Class.

| **12. If I do not exclude myself, can I sue the defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Keller Williams or any of the Released Parties for the claims that the Settlement resolves. You must exclude yourself from this Settlement to pursue your own lawsuit.

| **13. What am I giving up to stay in the settlement?** |
| --- |

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Keller Williams or any of the Released Parties about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.xxxxx.com. The Settlement Agreement provides more detail regarding the Release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.

| **14. If I exclude myself, can I still get a payment?** |
| --- |

No. You will not get a payment from the Settlement Sum if you exclude yourself from the Settlement.

## THE LAWYERS AND THE PLAINTIFF REPRESENTING YOU

### 15. Do I have a lawyer in the case?

The Court has appointed Avi Kaufman and Stefan Coleman to represent the Class. They are called "class counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firms, and their experience is available at https://kaufmanpa.com/ and http://www.classaction.ws/.

### 16. Should I get my own lawyer?

You are not required to hire your own lawyer because class counsel is working on your behalf. If you want to hire your own lawyer, you certainly can, but you will have to pay that lawyer yourself. If you do hire your own lawyer, they may enter an appearance for you and represent you individually in this case.

### 17. How will the lawyers be paid?

You do not have to pay class counsel, or anyone else, to participate. Instead, Class Counsel intend to request attorneys' fees in an amount not to exceed one-quarter of the Settlement Sum, plus reimbursement of out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Sum. The Court will decide the amount of fees and expenses to award.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court if I do not like the Settlement?

If you are a member of the Class (and do not exclude yourself from the Class), you can object to any part of the Settlement by sending a timely letter by mail to:

Keller Williams Realty Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Your letter must include the following:

1) A caption or title that identifies it as "Objection to Class Settlement in *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX";
2) Your name, address, and telephone number;
3) The name, address, and telephone number of any attorney for you with respect to the objection;
4) The factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Class Member, including the phone number(s) at which you received call(s) covered by this Settlement;
5) Identification of the case name, case number, and court for any prior class action lawsuit in which you and/or your attorney (if applicable) has objected to a proposed class action settlement; and

**Your objection must be received no later than DATE.**

If you object you agree to submit yourself immediately to discovery and/or deposition by the parties.

DocuSign Envelope ID: B1FBB705-49E8-4B2D-AB83-A2D28E8ED9B2

| **19. What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

### THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for attorneys' fees and expenses ("Final Approval Hearing").

| **20. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has scheduled a Final Approval Hearing on **DATE at TIME**, in **ADDRESS**. The hearing may be moved to a different date or time, or may be set for remote appearances, without additional mailed notice, so it is a good idea to check www.xxxxxTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

| **21. Do I have to attend the hearing?** |
|---|

No. Class Counsel will answer any questions the Court may have. You are welcome to attend the hearing at your own expense.

| **22. May I speak at the hearing?** |
|---|

If you attend the Final Approval Hearing, you may ask the Court for permission to speak if you have timely objected and you so choose. However, you cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

| **23. What happens if I do nothing at all?** |
|---|

If you are a member of the Class and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

### GETTING MORE INFORMATION

| **24. Where do I get more information?** |
|---|

For more information, call the Settlement Administrator at 1-___-___-____, write to the Settlement Administrator, [address], or call Class Counsel at 1-___-___-____. For a complete,

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D26E8ED9B2

definitive statement of the Settlement terms, refer to the Settlement Agreement at www.xxxxxTCPAsettlement.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D28E8ED9B2

# EXHIBIT C

DocuSign Envelope ID: B1FBB705-49E9-4B2D-AB83-A2D26E8ED9B2

Circuit Court for the Nineteenth Judicial Circuit in and for Indian-River County, Florida

*Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX

# If you were called or received a call or text message from Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors you may be entitled to a payment from a class action settlement.

*A court authorized this notice. You are **not** being sued. This is **not** a solicitation from a lawyer.*

Call records indicate that you may be affected by a Settlement[1] of a class action lawsuit claiming that Defendant Keller Williams Realty, Inc. ("Keller Williams") violated a federal law called the Telephone Consumer Protection Act ("TCPA"). Keller Williams denies that it violated the law.

The lawsuit is called *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX. This lawsuit is a class action on behalf of a Class, or group of people that could include you, and a Settlement has been reached affecting this Class.

The Settlement offers payments to Class Members who file valid Claims. Your legal rights are affected whether you act or do not act. Read this notice carefully.

**Who's Included?** The Settlement includes the following class: "All Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors on a telephone phone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Keller Williams or any Keller Williams-affiliated franchisees, market centers, realtors, agents or vendors."

> **You are receiving this notice because your phone number appeared in calling records obtained for this case.**

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement.

**What are the Settlement Terms?** Keller Williams has agreed to a Settlement Sum of $40,000,000. The Settlement Sum will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, and all Approved Claims. Members of the Class who submit Approved Claims shall receive an amount not to exceed Twenty Dollars ($20) per Approved Claim. In the event that the total amount of Claim Settlement Payments for Approved Claims would exceed the threshold at which there would be insufficient funds in the Settlement Sum to pay all Approved Claims, any Fee Award, and Settlement Administration Expenses, the amount on a per claim basis will be reduced. Only Approved Claims will be paid. Only one claim per Class Member per telephone number will be validated and deemed an Approved Claim. There may be tax consequences to the Class Member associated with this recovery.

Keller Williams has also agreed to (1) create a TCPA task force to enhance compliance; (2) make the existing TCPA/DNC resource page on KW Connect more visible to KWRI's franchisees and their independent contractor real estate agents; and (3) provide additional materials to KWRI's franchisees about TCPA/DNC compliance that they can use with their independent contractor real estate agents.

**How can I get a Payment?** By completing the Claim Form **available** online at www.xxxxxTCPAsettlement.com and submitting it online at www.xxxxxTCPAsettlement.com, by email to xxxx@xxxxx.com, or by U.S. mail to the Settlement Administrator at the address on the Claim Form.

**The deadline to submit a Claim Form is 11:59 p.m. EST on DATE.**

**What are my Other Options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** by sending the Settlement Administrator a letter that complies with the procedure set forth in the Settlement, available at the settlement website. If you do not exclude yourself, you can share in the Settlement Sum by completing and submitting a Claim Form, and you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. Even though you submit a Claim Form, you may object to the Settlement by **DATE** by complying with the objection procedures detailed in the Settlement. The Court will hold a Final Approval Hearing on **DATE** to consider whether to approve the Settlement and a request for attorneys' fees not to exceed one third of the Settlement Sum and reimbursement of expenses. If you properly object, you may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to. For more information, call the Settlement Administrator or visit the Settlement Website.

**www.xxxxxTCPAsettlement.com**                                                    **(xxx) xxx-xxxx**

# EXHIBIT D

REALTOR TCPA SAMPLE CREATIVE

*BANNER ADS*





**IN THE CIRCUIT COURT OF**
**THE NINETEENTH JUDICIAL CIRCUIT,**
**IN AND FOR INDIAN-RIVER COUNTY, FLORIDA**

**BEVERLY DESHAY, individually and on**
**behalf of all those similarly situated,**

                    **Plaintiff,**

                                        **Case No.: 2022CA000457**

**v.**

**KELLER WILLIAMS REALTY, INC.,**

                    **Defendant.**
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A CLASS AND GRANTING OTHER RELIEF

Plaintiff in this class action, without opposition from Defendant, seeks from the Court an Order preliminarily approving class action settlement, conditionally certifying a class for settlement purposes, appointing Plaintiff as the class representative, appointing Avi R. Kaufman of Kaufman P.A. and Stefan Coleman of Coleman PLLC as lead counsel for the class, directing the issuance of class notice, and scheduling a fairness hearing. Having read the papers in support of the request for an Order conditionally certifying a class for settlement purposes, reviewed the procedural history and the record, and heard argument of counsel, the Court makes the following findings and issues the following relief:

### BACKGROUND

On June 29, 2022, Plaintiff filed the Complaint against Defendant Keller Williams Realty, Inc. alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

1

Defendant denies each and every one of Plaintiff's allegations of unlawful conduct, damages, or other injuries and maintains that it complied with the TCPA and all applicable laws.

Based upon the investigation, and evaluation of the facts and law relating to the matters alleged, plus the risks and uncertainties of the Litigation and Related Litigation and all factors bearing on the merits of settlement, Plaintiff and Class Counsel have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement.

In an effort to facilitate a resolution of the Litigation and Related Litigation and mediate settlement discussions, the Settling Parties participated in lengthy, arms' length negotiations, including three mediations with mediator Bruce A. Friedman, Esquire of JAMS in Los Angeles, California.

The Settlement Agreement makes $40,000,000.00 available for the benefit of the Settlement Class. The Settlement Sum represents the maximum possible payment by Defendant under the Agreement from which payments for all (a) Approved Claims to Class Members, (b) Settlement Administration Expenses, (c) CAFA Notice, and (d) any Fee Award will be made. Without admission of guilt, and as further non-monetary relief to the class, Defendant has also agreed to (1) create a TCPA task force to enhance compliance; (2) to make the existing TCPA/DNC resource page on KW Connect more visible to KWRI's franchisees and their independent contractor real estate agents; and (3) provide additional materials to KWRI's franchisees about TCPA/DNC compliance that they can use with their independent contractor real estate agents.

In the Settlement Agreement, the parties agree to a settlement of this action that would involve the certification, for settlement purposes only, of a class of persons, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement,

which, if approved, will result in final certification of the Settlement Class and dismissal of the Litigation with prejudice.

## FINDINGS

Upon reviewing the Settlement Agreement[1] and the Complaint in this matter, and the matter having come before the Court, based on the foregoing, the Court's proceedings and the respective applications of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**Jurisdiction.** This Court has personal jurisdiction over the parties and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and conditionally certify a class for settlement purposes.

**Class Representatives and Class Counsel**. Plaintiff Beverly DeShay is designated as representative of the Settlement Class, as defined below, for settlement purposes only. Avi R. Kaufman of the law firm Kaufman P.A. and Stefan Coleman of the law firm Coleman PLLC are hereby designated as Class Counsel for the Settlement Class, for settlement purposes only.

**Class Findings**. Strictly and only for purposes of the settlement of this action, the Court preliminarily finds that the requirements of Florida Rule of Civil Procedure 1.220 have been met as follows:

**Numerosity**.  The Settlement Class (as defined below) consists of approximately two million settlement class members. The Settlement Class is ascertainable on the basis of the call records and other objective criteria, and members of the Settlement Class are so

---

[1] Unless otherwise noted, all capitalized terms used here have the same definition as that provided in the Settlement Agreement.

numerous that separate joinder of each member is impracticable. *See* Fla. R. Civ. P. l.220(a)(l).

**Commonality**.  The "commonality" requirement is satisfied when the claim or defense of the representative party raises questions of fact or law common to the questions of fact or law raised by the claim or defense of each member of the class. *See* Fla. R. Civ. P. l.220(a)(2). In the instant case, Plaintiff has alleged questions of fact and law common to the Class, including:

a.      Whether Defendant is vicariously liable for calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors;

b.      Whether the calls and/or text messages were telemarketing;

c.      Whether Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors had consent to call, or an established business relationship with, class members; and

d.      Whether Defendant's conduct was willful such that Plaintiff and the class are entitled to treble damages.

**Typicality**.  "Typicality" requires that the claim or defense of the representative party be typical of the claim or defense of each member of the class. *See* Fla. R. Civ. P. l. 220(a)(3). In the instant case, this is satisfied by the very nature of the Telephone Consumer Protection Act violation alleged.  Considering the allegations of the Complaint, the Court preliminarily finds that, for purposes of this settlement only, these common questions of fact and law predominate over questions of fact and law affecting only individual members of the Settlement Class.

4

**Adequacy**. **"**Adequacy" requires that the representative party show he or she can fairly and adequately protect and represent the interests of each member of the class. *See* Fla. R. Civ. P. 1.220 (a)(4). Considering the allegations set forth in Plaintiff's Complaint and for purposes of this settlement only, the Court preliminarily finds that the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and that the representative Plaintiff fairly and adequately protects the interests of the Settlement Class, in that: (1) the interests of the named Plaintiff and the nature of her alleged claims are consistent with those of all members of the Settlement Class; (2) there appear to be no conflicts between or among the named Plaintiff and members of the Settlement Class; (3) the named Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution of and the negotiations to settle this action; and (4) the named Plaintiff and members of the Settlement Class are represented by qualified, reputable counsel who is experienced in preparing and prosecuting large, complex class actions.

**Superiority**. The Court preliminarily finds that, for purposes of this settlement only, a resolution of the action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of this action. The proposed resolution of this action involves both monetary and equitable relief for members of the Settlement Class.

**Manageability**. The Court notes that because this action is being settled, rather than litigated, the Court need not consider the manageability issues that might otherwise be presented by litigation of a nationwide class action involving these issues. *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997).

In making these preliminary findings, the Court has considered, among other factors: (1) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

**<u>Preliminary Class Certification for Settlement Purposes</u>**. Based on the foregoing findings, and for settlement purposes only, the Court defines the Settlement Class to consist of:

> All Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors on a telephone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors.

> Excluded from the Class are: (1) the Judge presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons who received a call, or to whom a call was placed, by or on behalf of Peter Hewitt or Kelly Houston and/or which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston; and (5) the legal representatives, successors or assigns of any such excluded person(s).

The Court finds that, for the sole purpose of settlement, and without an adjudication of the merits, the Settlement Class is sufficiently well-defined and cohesive, and the proposed settlement, on the record thus far produced, seems adequate, to warrant sending notice of the action and the proposed settlement to the Settlement Class.

**Findings Regarding Proposed Settlement**. The Court finds that: (a) the proposed settlement resulted from extensive arms-length negotiations and was concluded only after counsel for Plaintiff had engaged in extensive due diligence; and (b) the proposed settlement evidenced by the Settlement Agreement is sufficient to warrant (i) preliminary certification of the Settlement Class for settlement purposes, (ii) notice thereof to the members of the Settlement Class, and (iii) a full hearing on the fairness of the settlement.

**Fairness Hearing**. A hearing (the "Fairness Hearing") will be held on March 31, 2023 at 8:30 a.m., via Zoom before Circuit Court Judge Janet Carney Croom, using the following Zoom information:

> https://zoom.us/j/7450461040?pwd=Rk5GY05VZFBnVnA3d0phM2krVHpQQT09
> Phone: (646) 558-8656
> Meeting ID: 745 046 1040
> Passcode: 123456

to determine: (a) whether the action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice pursuant to the terms of the parties' settlement; (d) whether members of the Settlement Class should be bound by the Release set forth in the parties' Settlement Agreement; (e) whether members of the Settlement Class should be subject to a permanent injunction that, inter alia, bars members of the Settlement Class from filing, commencing, prosecuting, intervening in, participating in (as Settlement Class Members or otherwise), or receiving any benefits from, any lawsuit, administrative or regulatory

7

proceeding or order in any jurisdiction based on, or relating to, the claims (and the facts and circumstances related thereto) in this action and/or the released conduct as set forth in the parties' Settlement Agreement; (f) whether Plaintiff's application for an incentive fee award should be approved; and (g) whether the application of Plaintiff's counsel for an award of attorney's fees and expenses should be approved. The parties' submissions in support of the settlement, a motion seeking an incentive award for the Class Representative and a motion seeking attorneys' fees and expenses shall be filed with the Court at least 35 days prior to the Opt-Out Deadline.

**Notice**. Within 30 days of the date of this Order, the Settlement Administrator will create and maintain the Class Settlement Website. The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Notice, the Claim Form, and the Preliminary Approval Order. Class Members shall have the option to file a claim electronically using the Class Settlement Website.

Also within thirty (30) days after the date of this Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C to the Agreement, via U.S. Postal Service, to Class Members on the Direct Mail List. The Settlement Administrator shall also commence publication notice substantially in the form of the Publication Notice in Exhibit D to the Agreement.

**Findings Concerning Notice**. Having considered, among other factors, (a) the cost of giving notice by various methods , (b) the resources of the parties, (c) the stake of each member of the Settlement Class, and (d) the likelihood that members of the Settlement Class might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in the Settlement Agreement and above is the best

practicable notice and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class: (1) of the pendency of this action; (2) of their right to exclude themselves from the proposed settlement; (3) that any judgment, whether favorable or not, will include all members of the Settlement Class who do not request exclusion; and (4) that any members of the Settlement Class who do not request exclusion may object to the settlement and, if it, he, or she desires, enter an appearance either personally or through counsel.

**Retention of Settlement Administrator.** The Court authorizes Defendant to retain Kroll Settlement Administration to help implement the terms of the proposed settlement and authorizes such administrator to carry out the notice plan and such other responsibilities as are provided for in the Settlement Agreement.

**Exclusion from Class.** Members of the Settlement Class who wish to opt out of and be excluded from the Settlement must write to the Settlement Administrator stating an intention to be individually "excluded" from this Settlement and meeting all of the requirements detailed below. This written request for individual exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline.  An individual request for exclusion must be signed by the individual, and must include the individual's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the individual wishes to be excluded from the Litigation and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not received within the time specified, shall be invalid, and the individual serving such a request shall be a member of the Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request

for individual exclusion must be personally signed by the individual. Requests for group, mass and/or class opt-outs or exclusions will be invalid and shall not be allowed.

**Objections.**  Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained below.  Any objection to the Settlement Agreement, including any of its terms or provisions, must be in writing. This written objection must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline. Class Members may object either on their own or through an attorney hired at their own expense.

Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Class Member, including the phone number(s) at which he or she received calls(s) or text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

A Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. Representative Plaintiff or Defendant or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, subject to Court approval.

Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The Party so responding

11

shall file a copy of the response with the Court, and shall serve a copy, by hand, overnight delivery, or email to the objector (or counsel for the objector).

**Submission of Claim for Benefits.** Class Members must timely submit, by mail or online, a valid Claim Form by the Claims Deadline, 60 days after the Notice Date.  All Claim Forms must be postmarked or received by the Settlement Administrator by the Claims Deadline.  Regardless of the manner in which it is submitted, a valid Claim Form means a Claim Form containing all required information which is signed by a Class Member and is timely submitted.  Any Claim Form that does not contain all required information, as described in the Agreement; is not signed; and/or is not timely submitted shall be denied.  In the event a Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Class Member a reasonable opportunity to provide any requested missing information.  For any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice"). The Class Member shall have until the Claims Deadline, or fourteen (14) days after the Settlement Administrator sends the Cure Notice to the Class Member regarding the deficiencies in the Claim Form, whichever is later, to cure the error(s) and/or omissions in the Claim Form.

**Service of Papers.** Class Counsel and counsel for Defendant shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by members of the Settlement Class.  Class Counsel and counsel for Defendant shall promptly furnish to each other any and all objections or written requests for exclusion that may come into

their possession, and Class Counsel or the Settlement Administrator shall file such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

**Termination of Settlement.** If the Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of the Agreement, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation, the Related Litigation, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

**Continuance of Hearing.** This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Class Members.

**Stay of Litigation Proceedings.** All discovery and other pretrial deadlines are stayed and suspended until further order of the Court.

DONE    AND    ORDERED    in    Indian    River    County,    Florida,    on

_____.

12/12/2022 13:06:57
2022 CA 000457

eSigned by JANET CARNEY CROOM (NOT) 12/12/2022 13:06:57 nwqnNgsZ

_____

**Janet Carney Croom**
**CIRCUIT COURT JUDGE**

cc: all counsel of record

13

**IN THE CIRCUIT COURT OF**
**THE NINETEENTH JUDICIAL CIRCUIT,**
**IN AND FOR INDIAN-RIVER COUNTY, FLORIDA**

**BEVERLY DESHAY, individually and on**
**behalf of all those similarly situated,**

> **Plaintiff,**

> **Case No.: 2022CA000457**

**v.**

**KELLER WILLIAMS REALTY, INC.,**

> **Defendant.**

_____/

### ORDER GRANTING FINAL APPROVAL TO
### CLASS ACTION SETTLEMENT AND FINAL JUDGMENT[1]

The matter coming before the Court on Plaintiff and Class Counsel's request for final approval of the class action settlement, including approval of fees and expenses, due notice given, the parties appearing through counsel, and the Court fully advised in the premises, after conducting a Fairness Hearing on March 31, 2023, IT IS HEREBY ORDERED:

1. The Notice and the Notice Plan implemented pursuant to the Court's Preliminary Approval Order (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Florida Rules of Civil Procedure, Due Process, and the rules of the Court.

---

[1] This Order supersedes the Court's tentative Proposed Order dated March 27, 2023.

1

2.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted as a result of the successful implementation of the Notice Plan.

3.      The Court finds that the Settlement Agreement has been entered into in good faith following extensive arm's-length negotiations after sufficient development of the factual record.

4.      Pursuant to Florida Rule of Civil Procedure 1.220, and for purposes of this settlement only:

a.   The Settlement Class is defined as follows:

> All Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors on a telephone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors.

> Excluded from the Class are: (1) the Judge presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons who received a call, or to whom a call was placed, by or on behalf of Peter Hewitt or Kelly Houston and/or which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston; and (5) the legal representatives, successors or assigns of any such excluded person(s).

b.   The Class is so numerous that joinder of all members is impracticable.  The Class consists of approximately two million class members and the Class Members have been

2

determined by objective means primarily from records obtained through discovery.

c.  There are questions of law or fact common to the Settlement Class, centered around Defendant's alleged vicarious liability for any violative conduct.

d.  The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct, and have the same interests in seeking redress.

e.  Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor Class Counsel have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Class by zealously litigating its claims.

f.  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

g.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

5.      The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

6.      After due consideration of the uncertainty about the likelihood of the Class's ultimate success on the merits; the range of the Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, declarations,

3

and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable.

7.      This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable, and the plan for distribution of the Settlement Fund is fair and equitable. Moreover, the settlement provides significant remedial benefits for the Settlement Class and society at large.

8.      There is no valid objection to the Settlement. While a purported absent class member, Steven Helfand, filed a timely objection to the Settlement, it was resolved and withdrawn through a stipulation approved by the Court on March 24, 2023. Mr. Helfand's March 28, 2023 motion to withdraw from the stipulation is denied as the stipulation was voluntarily undertaken without fraud, misrepresentation, or mistake of fact. Similarly, because Mr. Helfand has no valid or timely objection, pursuant to the Court's Preliminary Approval Order, he is barred from intervening in this action or asserting an objection to the Settlement. And while it appears that Mr. Helfand may not even be an absent class member, even if evaluating the merits of Mr. Helfand's objections, they are due to be overruled.

9.      Accordingly, pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this Litigation and the Related Litigation in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by these actions.

10.     There are 51 opt-outs.[2]

11.     The Settlement Sum shall be used to pay settlement administration costs, all claims

---

[2] A list of opt outs is included as an exhibit to this Order.

by Settlement Class members, and Class Counsel's fees and out-of-pocket expenses.

12.     As agreed in the Settlement Agreement, each member of the Settlement Class who has submitted an Approved Claim shall be entitled to a Claim Settlement Payment of up to $20.00 per valid Approved Claim as expressly provided in the Settlement Agreement. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in the Settlement Agreement without further order of this Court.

13.     The Court approves Class Counsel's application for attorney's fees in the total amount of $10,000,000, inclusive of out-of-pocket costs of almost $200,000. In consideration of Class Counsel's lodestar, contingency risks, and results obtained for the benefit of the class, the requested fee is fair, reasonable, and justified. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Sum as expressly provided in the Settlement Agreement.

14.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement and the Settlement Administrator shall carry out their respective obligations under that Agreement.

15.     This action, including all claims against Defendant asserted in this Litigation, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

16.     All claims or causes of action of any kind by any Settlement Class member brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the releases set forth in the Settlement Agreement.

17.     The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Final Approval Order and Judgment, and any order

relating to attorneys' fees.

18.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order shall be void and shall be deemed vacated.

19.     The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

DONE   AND   ORDERED   in   Indian   River   County,   Florida,   on

_____.

04/19/2023 11:44:23
2022 CA 000457
eSigned by JANET CARNEY CROOM (NOT) 04/19/2023 11:44:23 TCSGEh-X

_____
**Janet Carney Croom**
**CIRCUIT COURT JUDGE**

cc: all counsel of record

6