Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

Keith Mathews
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC (d/b/a<br>KELLER WILLIAMS REALTY WELLINGTON),<br>EQUESTRIAN PALMS, LLC,<br><br>Defendants. | Case No. 23-cv-81393-RLR<br><br><br><br>**MOTION FOR EXTENSION OF TIME TO RESPOND TO DISPOSITIVE MOTIONS, PENDING TCPA ORDER COMPLIANCE** |

# PARTIALLY ASSENTED TO MOTION FOR EXTENSION OF TIME TO RESPOND TO DISPOSITIVE MOTIONS, PENDING TCPA ORDER COMPLIANCE

1. Plaintiff Dr Jeff Isaacs by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Motion for Extension of Time to Respond to outstanding dispositive motions namely, Motion to Dismiss, and in support thereof, states as follows:

2. On October 17, 2023, the Court ordered all parties to exchange TCPA discovery materials pursuant to Docket #10.

3. Immediately following the order, undersigned counsel attempted to Meet & Confer with KWRI (KELLER WILLIAMS REALTY, INC.,) and Makai (MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON), concerning this matter, through an email to Mr. Carroll (prior counsel for Makai). Counsel additionally raised this matter with opposing counsel when they requested their first extension of time.

4. Despite multiple requests, the TCPA order has not yet been complied with. A first response was issued yesterday December 11, 2023, nearly one month overdue. Makai filed a "Notice of Compliance" in this Court yesterday which, upon information and belief, is incorrect.

5. The discrepancy relates to the disclosure of text messages by Makai & KWRI. Makai's disclosure has one (1) text message sent from Agent Nico to Dr Isaacs on August 2, 2022. Dr. Isaacs responded to Nico's message stating that he was not listing his home for sale. Makai's position, which is untenable, is that Dr Isaacs' response constituted the beginning of a business relationship, pursuant to TCPA definitions:



6. Resolution of this matter is critical for the progression of the case. There exist around a hundred calls/text messages violating TCPA, and the first "business relationship" occurred no earlier than the signing of the Exclusive Sale contract on December 15, 2022. Moreover,

KWRI has failed to disclose any TCPA records, but they are liable[1], as Agent Nico pays them an annual fee to be an "Associate," which forms privity whereby Nico is an agent of KWRI. Plaintiff hereby requests full compliance with the Court's TCPA order, by both KWRI and Makai, before he responds to dispositive motions attempting to evade strict TCPA liability. The Court should also take notice that it now appears to be a matter of law that Defendants violated TCPA with 2 or more calls[2] directed towards Dr. Isaacs.

7. Therefore, the Court is requested to order KWRI and Makai produce all records of text messages and phone calls between Agent Nico and Dr Isaacs, from January 2022 up until the date the Exclusive Sale contract formed (December 15, 2022).

8. A Motion to Dismiss filed by Equestrian has a response currently due 12/13/2022. Two motions to dismiss filed by Makai and KWRI similarly have a response due 12/20/2022.

9. All three of these dispositive motions relate to the TCPA discovery which has not yet been addressed. Moreover, Rule 7.1 Corporate Disclosures have not yet been filed, which should provide further information and clarity to the dispositive motions' apparent contradiction regarding KWRI/Makai relationship regarding their subsidiary status.

10. In this case, good cause exists to substantiate the extension requested by this Motion, as additional time is required to respond to three dispositive motions with necessary information that has been delayed due to Defendant's unwillingness to Meet & Confer on Docket #10 compliance.

---

[1] If KWRI had no legal responsibility for its agents, it is reasonably clear they would not have paid a $40m settlement in *DeShay v. Keller Williams Realty, Inc.* Case No. 2022CA000457.

[2] The first text message by Agent Nico itself references earlier phone calls. Makai has provided a list of phone calls, under the TCPA order, and therefore it is documented that Agent Nico violated TCPA by placing 2 calls/texts on August 2, before Dr Isaacs had even replied with his courtesy message that he was not interested in listing his home. There exists a remaining issue as to how many text messages transpired between December 12-15 2022, in light of the *Deshay* settlement opt-out.

11. Upon KWRI and Makai's full compliance with the TCPA order, the Court is requested to allow Plaintiff the minimum reasonable time to respond (14 days after service of the TCPA compliant disclosures).

12. Additionally, with the Holidays undersigned counsel for the Plaintiff, Keith Matthews, has travel plans starting on the 16th and returning on the 20th of December and will not be available to complete the responses. Counsel, Ayelet Faerman, has travel plans December 21st and returning on December 27th.

13. Counsel for KWRI has indicated that they "KWRI does not oppose you asking the Court to move plaintiff's response due date to KWRI's motion to 1/02/24, as long as KWRI will have until 1/16/24 to file its reply." Counsel for Makai has been contacted and also assents, with the same condition.

14. The requested relief is for a short extension around the holidays and will not prejudice any party.

Respectfully submitted, this 12th day of December 2023.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

*Pro Hac Vice*

NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that counsel for Plaintiff conferred with counsel for Defendants on December 9 and December 11, 2023 (over multiple emails leading to a stand-still) in a good-faith effort to resolve the issues raised in this Motion. Opposing counsel did not assent to this filing, and the matters remained unresolved at the time of filing. There is no more time to attempt resolution as a response is due tomorrow.

**CERTIFICATE OF SERVICE**

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing MOTION FOR EXTENSION OF TIME was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 12th day of December 2023.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews