UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DR. JEFF ISAACS, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON),
EQUESTRIAN PALMS, LLC,

    Defendants.
    _____/

Case No. 9:23-cv-81393-RLR

## DEFENDANTS KWRI AND MAKAI'S JOINT MOTION TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

Defendants, Keller Williams Realty, Inc. ("KWRI") and Makai Southeast, LLC (d/b/a Keller Wiliams Realty Wellington) ("Makai"), through their undersigned counsel, jointly move this Court pursuant to Fed. R. Civ. P. 26(c)(1)(B) and the Court's inherent power to stay discovery pending the Court's rulings on defendants' motions to dismiss, DE29, DE38 & DE39. In support of this motion, KWRI and Makai state as follows:

### INTRODUCTION

This is pro se litigation. While counsel Mathews and Faerman have filed appearances for plaintiff in this matter, they are not driving the bus. Instead, plaintiff Isaacs, who one court has stated was previously "suspended" from medical school and "ultimately dismissed for harassing a classmate," *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, 2014 U.S. Dist. LEXIS 54183, *5 (D.N.H., Apr. 18, 2014), and another court has described as being involved with "alleged stalking conduct," *Isaacs v. United States Dep't of Educ.*, 2019 U.S. Dist. LEXIS 247792, 9 (D. Mass., Mar. 8, 2019), is, at least in large part, prosecuting this matter himself. Plaintiff demands participation in

conferences with defense counsel. Plaintiff also sends emails directly to defense counsel. When this arrangement was questioned by defense counsel during telephone conferences on December 6, 2023 and December 7, 2023, counsel Mathews indicated that it was plaintiff Isaacs' "right" to participate.[1]

This is also emotionally driven litigation. As indicated in KWRI's Motion to Dismiss, DE39 at 1, this is a personal dispute for the plaintiff. Plaintiff's tone with defense counsel has often been berating and vitriolic. There are multiple state court lawsuits pending between plaintiff, defendant Makai and co-defendant Equestrian Palms LLC over a property sale. DE39 at 1. Defendants now face a confusing, shotgun pleading which asserts frivolous nationwide putative class claims for TCPA violations, for civil RICO, for violation of the Fair Housing Act, for antitrust violations under the Sherman and Clayton Acts and under other various state laws.[2]

Plaintiff is increasingly burdening this Court and defendants with frivolous submissions and requests. For instance, on December 18, 2023, plaintiff filed a 137 page "Notice of Removal," which appears to attempt to "remove" the state court lawsuits (which have been pending in Florida state court for over 6 months) into this federal case. DE56. Furthermore, defendants have just recently become aware that plaintiff has issued at least two subpoenas without any attempt to notify defendants and/or comply with Rule 45. *See* subpoenas, attached hereto as Exhibit A. These

---

[1] Plaintiff Isaacs also indicated that he was firing counsel Mathews during these conferences. However, it does not appear that there was any follow-up as to this statement.

[2] Plaintiff has a history of filing similar shotgun pleadings in federal court, asserting vast conspiracies and making similar RICO and antitrust based claims. *See e.g. Coronavirus Reporter; CALID, Inc. v. Apple, Inc.*, 85 F.4th 948 (9th Cir., Nov. 3, 2023) (affirming dismissal of civil RICO, antitrust and state law fraud claims against Apple); *Isaacs v. USC Keck Sch. of Med.*, 853 Fed. Appx. 114 (9th Cir., Apr. 22, 2021) (affirming dismissal of civil RICO and state law fraud claims against medical school related to revocation of his license).

subpoenas were issued to Google LLC headquarters and do not even appear to be seeking information related to this case. Instead, they seek documents "pertaining to Google's November 2022 removal of OkCaller.com pages from Reverse Phone Search ("Thanksgiving 2022 adverse event")." *See* Exhibit A. No facts and/or issues related to OkCaller.com are referenced in plaintiff's complaint in this matter. On January 4, 2024, in response to inquiries from defense counsel as to why plaintiff was sending out subpoenas without notice to the defendants, plaintiff advised that they were also sending out an additional subpoena to Alphabet, Inc.'s corporate headquarters. *See* Exhibit B. A review of these subpoenas indicates that plaintiff is actually using this Court to send out subpoenas related to other litigation. Both subpoenas in Exhibit B state, in part, that they involve an "Apple antitrust lawsuit" that plaintiff has been pursuing for "a year now…" They reference some sort of patent dispute and state, in part:

> … on the day Dr. Isaacs tendered a Closing Brief in an Apple antitrust lawsuit, Alphabet abruptly terminated this partnership without any prior notice. Other competitors in Reverse Phone Search continue to receive millions of organic referrals monthly from Google/Alphabet. Blatant copycat sites (which infringe upon the reissue patent) such as RevealName continue to receive millions of referrals monthly from your service. Consumers are being overcharged with sites like Whitepages and Spokeo, which also appear to infringe upon the reissue patent (or warrant investigation). We have spent a year now asking you to investigate and preserve evidence, only to be stonewalled.

Again, none of these facts and/or issues are mentioned in plaintiff's complaint in this case. It is obviously improper for plaintiff to be spraying out subpoenas across the federal court system using the caption of this case but involving other matters.

On November 29, 2023 and December 6, 2023, defendants filed motions to dismiss in this case. DE29, DE38 & DE39. On December 11, 2023, plaintiff issued written discovery to KWRI and Makai. The requests served on KWRI are extremely onerous and essentially seek all documentation produced by KWRI and all "legal pleadings" from all of its litigation nationwide

since 2018. *See* Request for Production of Documents by Defendant Keller Williams Realty, Inc., attached hereto as Exhibit C.

This clearly is a situation where there is good cause for a stay of discovery until the Court issues rulings on the defendants' motions to dismiss. DE29, DE38 & DE39. In a similar situation involving a similar shotgun pleading which alleged various confusing conspiracies, including RICO claims, against Google, LLC, this Court stayed discovery pending the resolution of a dispositive motion. *See Dj Lincoln Enters. v. Google, LLC*, Case No.: 2:20-cv-14159-RLR, DE41 (Nov. 21, 2020). It should do the same here. In its paperless order in that case, the Court held as follows:

> PAPERLESS ORDER granting [29] Defendant Google LLC's Motion to Stay Discovery. In deciding whether to grant a stay pending the resolution of a dispositive motion, the Court must balance the harm of delaying discovery against the possibility that the motion will be granted and the need for discovery will be eliminated. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). As part of this balance, the Court must take a "preliminary peek" at the merits of the dispositive motion to see if it is clearly meritorious and case dispositive. *Id.*; *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014). A "preliminary peek" at Defendant's Motion to Dismiss suggests that a stay of discovery is appropriate. The Amended Complaint alleges claims of fraud, tortious interference, and violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. Ann. § 501.201 et seq., and the federal and state RICO statutes, 18 U.S.C. § 1962; Fla. Stat. Ann. § 772.103. With respect to the fraud and FDUTPA claims, Fed.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." A review, albeit cursory, of the Amended Complaint suggests the fraud allegations do not meet the 9(b) standard. It is also not clear that the Amended Complaint pleads the basic elements of a RICO violation. Thus, Defendant's Motion to Dismiss may be meritorious and dispositive at least as to these claims. The undersigned sees no harm in delaying discovery … In light of all these factors, the undersigned finds good cause to stay discovery until the District Court issues a ruling on the Motion to Dismiss.[3]

---

[3] This Court ultimately dismissed the case against Google, LLC. *See Dj Lincoln Enters. v. Google, LLC*, 2021 U.S. Dist. LEXIS 135649 (S.D. Fla. July 21, 2021) and *Dj Lincoln Enters. v. Google, LLC*, 2021 U.S. Dist. LEXIS 8964 (S.D. Fla. Jan. 15, 2021). It then granted attorney's fees in favor of Google, LLC and against plaintiff. *See Dj Lincoln Enters. v. Google, LLC*, Case No.: 2:20-cv-14159-RLR, DE78 (Aug. 30, 2022).

Therefore, defendants here likewise request this Court take a "preliminary peek" at the merits of the pending motions to dismiss, DE29, DE38 & DE39, to determine whether this emotionally driven pro se litigation should be stayed before plaintiff further burdens this Court and defendants with more frivolous submissions and requests. Defendants' motions to dismiss are meritorious and case dispositive and there is no harm in delaying discovery in this situation. Therefore, a stay should be granted for the same reasons it was granted in *Dj Lincoln Enters.*

## **MEMORANDUM OF LAW**

This motion to stay should be granted because the Federal Rules of Civil Procedure allow this Court to protect defendants from the expense, undue burden and annoyance of having to respond to voluminous discovery regarding plaintiff's purported nationwide classes until the Court resolves its motion to dismiss. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (noting that pleading rules "do[ ] not unlock the doors of discovery for a plaintiff" with a complaint that fails to state a valid claim); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (plaintiffs are generally not entitled to discovery before resolution of a motion to dismiss because "dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive . . ."). As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), plausibility pleading standards are especially important in cases like this one, where the defendants face the "potentially enormous expense of discovery" if the Court denies their motions to dismiss. The requirement that a plaintiff plausibly plead their claim prevents a would-be class plaintiff "with a largely groundless claim [from] be[ing] allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement

value." *Id.* at 558 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (internal quotation marks omitted).

### I. Standard for Motion to Stay

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). That way, courts and litigants are able to avoid unnecessary discovery costs relating to claims that may not survive the court's ruling on the sufficiency of the claims. *Id.* at 1368. In determining whether a stay is appropriate, the district court must balance the harm produced by delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery. *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, *1 (M.D. Ga. Oct. 10, 2008).

Discovery carries significant costs. *Chudasama*, 123 F.3d at 1367. "If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id*. at 1368; *see also Limestone Development Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 803 (7th Cir. 2008) ("the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."). Further, Courts have broad discretion over managing discovery. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

Rule 26(c) allows this Court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, Rule 26(d) authorizes this Court to dictate the timing and sequence of discovery. Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may therefore limit the time, place, and manner of discovery to protect a party or person from undue burden or expense. *DeRubeis v. Witten Techs.,*

*Inc.* 244 F.R.D. 676 (N.D. Ga. 2007) *citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Upon motion by a party, and for good cause shown, a district court can limit discovery to protect a party from undue burden or expense. *Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005). The Court should establish such a limit here, staying discovery to protect defendants from the undue burden and expense of discovery in this case, which purports to allege multiple nationwide classes under confusing and implausible TCPA, RICO, FHA, Sherman and Clayton Act (and other various state law) claims.

**II. Defendants' Motions to Dismiss Would Resolve the Entire Case if Granted, Which is Likely.**

Rather than endeavor to summarize all of the arguments made in all three of defendants' motions to dismiss, DE29, DE38 & DE39, KWRI and Makai request that this Court take a "preliminary peek" at the merits of the pending motions, as it did in *Dj Lincoln Enters* in a similar situation, and determine whether this litigation should be stayed. As indicated above, in the broadest sense, this case involves an emotionally driven pro se plaintiff, embroiled in a personal dispute and state court lawsuits with Equestrian and Makai over a property sale. *See* Equestrian's motion to dismiss and exhibits 1-2 attached thereto [DE 29 & 29-1]. Plaintiff's attempt to use that dispute as a vehicle to assert multiple nationwide putative class claims against defendants for TCPA violations, for civil RICO, for violation of the Fair Housing Act, for antitrust violations under the Sherman and Clayton Acts and under other various state laws, is frivolous. Moreover, it fits an increasing pattern of plaintiff abusing the federal court system for his personal disputes.

Plaintiff's first amended complaint, DE25, alleges very few facts and its theories are implausible. *See* DE29, DE38 & DE39. Some of the claims, such as plaintiff's RICO violation claims, require particularity under Fed. R. Civ. Pro. 9(b). Overall, plaintiff's first amended

complaint is too vague and conclusory to sustain any of the elements of any of the claims plead. Rather, it is mostly a nonsensical laundry list of complaints and conclusory labels.

The first amended complaint improperly refers to "Keller Williams, "Defendants," "Makai Southeast, LLC (d/b/a Keller Williams Realty Wellington)," "KW" and KWRI seemingly as interchangeable entities. It should be dismissed and a stay granted on this basis alone. To be clear, KWRI is an entirely separate company from KW Wellington. KWRI is not KW Wellington nor does it do business as that entity. Just because "Keller Williams Realty, Inc." has a similar name to "Keller Williams Realty Wellington" does not mean they are the same companies. However, plaintiff claims are all apparently based almost entirely on the existence of similar sounding names creating some sort of vague conspiracy. Without belaboring the point, plaintiff's claims, all of which ultimately derive from the alleged receipt of one or two text messages, simply do not make sense.

### III. A Stay of Discovery until the Court Rules on Defendants' Motions is Appropriate.

Discovery should be stayed pending the Court's ruling on the likely dispositive motions to dismiss filed by the defendants. DE29, DE38 & DE39. Otherwise, the parties will perform unnecessary, burdensome, and expensive discovery on allegations that could be dismissed in their entirety. *See Chudasama*, 123 F.3d at 1368 ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of litigants in the action before the court, delay resolutions of disputes between other litigants, squander judicial resources, and damage the integrity and the public's perception of the federal judicial system.").

The complaint currently proposes at least four different nationwide class definitions. DE25 ¶ 44. Plaintiff is already seeking grossly overbroad and onerous discovery as to these classes, as

well as sending out subpoenas which appear to be directed toward non-parties and/or other class litigation elsewhere. *See* Exhibits A & B. Based on plaintiff's history in this case to date, as well as his history within the federal court system, it is clear that this will only escalate if this Court does not stop it.

There is no harm in delaying discovery in this situation. To the contrary, if a stay is not issued, then the parties will continue to incur unnecessary legal fees conducting discovery, responding to plaintiff's frivolous submissions and requests and otherwise litigating this action, when the entire case could very well be dismissed in its entirety. If a stay is not issued and the Court ultimately grants one or more of the defendants' motions to dismiss, then the time and cost of undergoing continued litigation will have been wasteful. As a result, a stay is appropriate here because defendants' motions to dismiss will likely resolve the entire case and no party will be harmed by a stay.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3).

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for KWRI certify that the undersigned conferred with both plaintiff and plaintiff's counsel, via telephone conferences on December 6 and 7, 2023, in a good faith effort to resolve the issues raised in the motion, has been unable to do so and has confirmed that this request for a discovery stay is opposed.

## CONCLUSION

For the above reasons, KWRI and Makai respectfully request that this Honorable Court grant this joint motion to stay discovery until after the Court decides defendants' motions to dismiss, DE29, DE38 & DE39, and/or grant any other relief that is just and proper.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

*/s/ Siobhan E.P. Grant*
**SIOBHAN E. P. GRANT**
Florida Bar No. 68892
sgrant@hinshawlaw.com
Secondary: lleon@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 / Fax: 305-577-1063
*Attorney for Keller Williams Realty, Inc*

*/s/ Todd P. Stelter*
**TODD P. STELTER**
*Admitted pro hac vice*
tstelter@hinshawlaw.com
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000 / Fax: 312-704-3001
*Attorney for Keller Williams Realty, Inc*

*/s/ Erik L. McAliley*
**ERIK L. MCALILEY**
Lydecker LLP
2300 Glades Road, Suite 340W
Boca Raton, FL 33431
Tel: 561-655-6661
Fax: 305-416-3190
*Attorneys for Makai Southeast, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Siobhan E.P. Grant*
Siobhan E.P. Grant
Florida Bar No. 68892
sgrant@hinshawlaw.com

1068566\315776978.v1