UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

     Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

     Defendants.

_____/

## DEFENDANT, MAKAI SOUTHEAST, LLC'S,
## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant, MAKAI SOUTHEAST, LLC, through its undersigned counsel, and serves this Response to Plaintiff's Request for Admissions dated December 11, 2023 by responding to each Request as follows:

1.     Admit that Makai Southeast LLC ("Makai") or its agents have engaged in telemarketing campaigns targeting Florida homeowners for the sale of their properties both before and after the *Deshay* settlement.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

2.     Admit that Makai or its agent have used text messages and phone calls to contact individuals listed on the National Do Not Call Registry, both before and after the *Deshay* settlement.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

3.      Admit that training materials and policy documents exist that instruct agents on telemarketing practices, including strategies for cold calling and text message solicitation.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

4.      Admit that agents are under Makai and/or KWRI control in that they must abide by training and policy documents or risk reprimand or termination.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

5.      Admit that Dr [sic] Jeff Isaacs purchased the Key Deer Circle residence in 2020, with representation from KWRI and/or Makai as "Buyer's Agent."

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

6.      Admit that the 2020 Key Deer Purchase by Dr [sic] Jeff Isaacs resulted in a Buyer's Agent commission paid to Keller Williams Wellington' [sic] branch, Makai, and/or KWRI.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

7.      Admit that an Exclusive Sale contract was signed in December 2022 between Plaintiff Dr. Jeff Isaacs and Makai Southeast, LLC, concerning the sale of his property.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

8.      Admit that the Exclusive Sale contract had a mediation clause requiring the completion of mediation for any disputes, prior to the filing of any other legal process.

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

9.      Admit that the Exclusive Sale contract had an arbitration clause initialed by Makai or its

agent, requiring that any dispute not resolved in mediation would be resolved in arbitration.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

10.     Admit that both the mediation and arbitration clauses of the Exclusive Sale contract are

material portions of the contract, and that violating these clauses would amount to material breach.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

11.     Admit that Makai or its agent filed a lawsuit against Dr [sic] Isaacs, without having even

initiated mediation.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

12.     Admit that Makai or its agent filed a civil lawsuit against Dr [sic] Isaacs in Florida circuit

court, rather than initiating an arbitration proceeding.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

13.     Admit that Dr. Isaacs owes a 5% commission to Makai, under the exclusive sale contract

terms.  Admit that Dr. Isaacs has so called "double standing" to represent the Sherman Act class

because he 1) paid a buyer's commission in 2020, and 2) became liable for a "dual commission"

of 5% in 2023.

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

14.     Admit that Nico Maruri sent Dr. Isaacs an unsolicited text message on August 2,  2022 stating "*Hello Jeffrey good morning, this is Nico Maruri.  I have been trying to reach you, to talk about your house in homeland.I [sic] live inside of the community and would like to give you a call when you have a chance.*"

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

15.     Admit that Nico Maruri made at least one attempt to communicate with Dr. Isaacs by phone or text prior to the above message.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

16.     Admit that the purpose of Nico Maruri's texts and or calls was to procure a sales commission on behalf of Makai and or KWRI.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

17.     Admit that Nico's above communications constituted a "business inquiry" to which Dr. Isaacs responded and participated in, through December 14, 2022.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

18.     Admit that on December 15, 2022, Dr [sic] Isaacs and Nico (and Makai) entered into a business relationship.

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

19.     Admit that at least two phone calls or texts were placed from Nico to Dr. Isaacs between December 13-15th 2022.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

20.     Admit that during the time frame in #19, Dr [sic] Isaacs had no prior relationship with Nico or Makai under the TCPA definition of prior relationship, which includes a sale, exchange of money, or contract.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

21.     Admit that in January 2023, Dr. Isaacs asked Nico on a least two occasions to remove the listing of his Key Deer home from MLS, because a fence boundary dispute had erupted.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

22.     Admit that Nico refused to remove the MLS listing, and rather, gave Dr. Isaacs legal advice that there was, in fact, no boundary dispute.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

23.     Admit that an Agent is prohibited from directing such legal advice to a client under Florida law and Makai operating rules and regulations.

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

24.    Admit that within three weeks after the "As-Is" sale contract was signed, Nico and/or Makai informed Dr [sic] Isaacs that the buyer would be in Europe on Closing Date, and could not close as contracted.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

25.    Admit that the above notification of repudiation was made by telephone call verbally.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

26.    Admit that Nico and or Makai hosted Equestrian at their home in Homeland after the "as-is" contract transpired.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

27.    Admit that Nico telephoned Dr. Isaacs the day after signing the "as-is" contract and told him that the buyer stands [sic] will make "many millions off this sale' over the course of the next five years.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

28.    Admit that Dr. Isaacs' Key Deer Home has a valuation today of at least $3m.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

29.     Admit that Dr. Isaacs' Key Deer Home had a valuation of at least $2.7m at the time the

"as-is" contact was signed.

**RESPONSE:   Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

30.     Admit that Makai and or Nico had knowledge of Dr. Isaacs [sic] litigation history and

physical disability no later than the date the as-is [sic] contract was signed.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

31.     Admit that the fence boundary dispute between Dr. Isaacs' home and his neighbor is a

legitimate and/or reasonable dispute.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

32.     Admit that in light of the unknown fence boundary, no meeting of the minds was possible,

nor did it occur, during the signing of the "as-is" contract.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

33.     Admit that emails  [sic] were sent to Dr. Isaacs by Makai and/or Equestrian, or their agents,

mocking and or sarcastically referencing Dr. Isaacs [sic] hearing disability.

**RESPONSE:  Currently, there is a Motion for Stay pending (filed January 9, 2024).  As such, this Request is denied.  Should the Motion for Stay be denied, Defendant, reserves the right to amend its Response to Request for Admissions.**

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to everyone on the attached service list this 10th day of January, 2023.

LYDECKER LLP
2300 Glades Road, Suite 340W
Boca Raton, FL  33431
(786) 587-1899 / (305) 416-3190

By:      */s/ Eric L. McAliley*
ERIC L. McALILEY, ESQ.
Florida Bar No.: 174343
E-mail: elm@lydecker.com
ILANA J. MOSKOWITZ, ESQ.
Florida Bar No.:  126094
Email:  ijm@lydecker.com
Secondary e-mail: christy@lydecker.com

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

## <u>SERVICE LIST</u>

Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
***Counsel for Plaintiff***

Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
***Counsel for Plaintiff – Pro Hac Vice***

Jose I. Baldor, Esquire
Matthew Maranges, B.C.S.
PETERSON, BALDOR & MARANGES, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33176
jose@pbmlegal.net
matt@pbmlegal.net
lourdes@pbmlegal.net
elizabeth@pbmlegal.net
***Counsel for Equestrian Palms, LLC***

Siobhan E. P. Grant, Esquire
Todd P. Stelter, Esquire
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
sgrant@hinshawlaw.com
tstelter@hinshawlaw.com
lleon@hinshawlaw.com
***Counsel for Keller Williams Realty, Inc.***