**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

DR. JEFF ISAACS, on behalf of himself and all
others similarly situated,

          Plaintiff,

vs.

Case No. 9:23-cv-81393-RLR

KELLER WILLIAMS REALTY, INC., MAKAI
SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON),
EQUESTRIAN PALMS, LLC,

          Defendants.

_____/

## DEFENDANT, KELLER WILLIAMS REALTY, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, KELLER WILLIAMS REALTY, INC. ("KWRI"), by and through its undersigned counsel for its Response to Plaintiff's Request for Production of Documents, states as follows:

1.     Initial Disclosures: Any and all initial disclosures made by Defendants in accordance with Federal Rule of Civil Procedure 26(a)(1). All underlying documents pertaining to these disclosures, including but not limited to proof, evidence, ESI, information, documents or other tangible items subject to initial disclosure.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. Subject to and without waiving said objections, KWRI responds: See KWRI's Rule 26(a)(1) disclosures provided on December 28, 2023. In the event KWRI's motion to stay discovery is denied and/or any discovery stay in this case is lifted, KWRI anticipates providing a supplemental response to this request.**

2.      Outlines, abstracts, indices, organization charts, and all other documents sufficient to describe all ESI under KWRI's custody or control that is reasonably likely to support or refute the claims in this case.

**RESPONSE:** **KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis of prematurity. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. In the event KWRI's motion to stay discovery is denied and/or any discovery stay in this case is lifted, KWRI anticipates providing a supplemental response to this request.**

3.      *DeShay* TCPA Class Action Discovery Materials: All discovery materials, including but not limited to, depositions, interrogatory responses, documents produced, and admissions related to the *DeShay* TCPA class action lawsuit against Keller Williams Realty, Inc.

**RESPONSE:**  **None. No discovery was done in *DeShay*.**

4.      Missouri Sherman Case (*Sitzer v. National Association of Realtors*) Discovery Materials: All discovery materials, including but not limited to, depositions, interrogatory responses, documents produced, and admissions related to the *Sitzer v. National Association of Realtors,* 420 F. Supp. 3d 903 (W.D. Mo. 2019) case involving Keller Williams Realty, Inc.

**RESPONSE:** **KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties**

in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.

5.      All documents sufficient to describe KWRI's operations model and relationship with local agencies (franchises and/or subsidiaries) and agents. All legal pleadings since 2018 in which KWRI's relationship with agents and franchises and subsidiaries has been materially relevant, including but not limited to defenses against vicarious liability, *respondeat superior*, agency                  control,                  and                  likewise.                  See https://www.researchgate.net/publication/228147670_Keller_Williams_Realty_A for information on KWRI franchise model. This request should provide all relevant, up-to-date documentation regarding governance and control of local agents, their reimbursement (referral bonus), their annual fees paid to KWRI, and other items discussed in the Stanford case study.

**RESPONSE:** **KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

6.      Communications Regarding *DeShay* TCPA and *Missouri* Sherman Cases: Any internal or external communications, memos, emails, or correspondence related to the *DeShay* TCPA class action and the *Sitzer v. National Association of Realtors* case, including

3

communications discussing strategy, settlements, judgments, or the impact of these cases on Keller Williams Realty, Inc.'s policies and practices. Included but not limited to documents on the applicability of these rulings to nationwide markets including BeachesMLS.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. KWRI further objects to this request on the basis that it appears to be directly requesting communications protected by the attorney-client and work product privileges. KWRI further objects to this request to the extent it seeks information concerning subsequent remedial measures. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

7.      Settlement Agreements and Judgments: Copies of any settlement agreements, final judgments, or court orders in the *DeShay* TCPA class action and the *Sitzer v. National Association of Realtors* case.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. Subject to and without waiving said objections, KWRI states that the requested information is public record.**

4

8.      Compliance Policies Post-*DeShay* and *Sitzer*: Any revised compliance policies, training materials, or internal guidelines adopted by Keller Williams Realty, Inc. following the settlements or judgments in the *DeShay* TCPA class action and the *Sitzer v. National Association of Realtors* case.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. KWRI further objects to this request on the basis that it appears to be directly requesting communications protected by the attorney-client and work product privileges. KWRI further objects to this request to the extent it seeks information concerning subsequent remedial measures. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

9.      All Communication Records: Any and all text messages, emails, and documented phone calls between Keller Williams Realty, Inc., its agents, subsidiaries, or affiliates, and the Plaintiff, Dr. Jeff Isaacs, from January 1, 2022, to the present.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. Subject to and without waiving said objections, KWRI responds: See KWRI's Rule 26(a)(1) disclosures provided on December 28, 2023. In**

5

the event KWRI's motion to stay discovery is denied and/or any discovery stay in this case is lifted, KWRI anticipates providing a supplemental response to this request.

10.     Marketing Campaign Data: Documents relating to any marketing campaigns targeting Florida homeowners, including but not limited to those involving cold calls or text message solicitations, from January 1, 2019, to the present. Any records between KWRI or its agents, and individuals nationwide solicited via cold-call or text since 2018.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. Subject to and without waiving said objections, KWRI responds: See KWRI's Rule 26(a)(1) disclosures provided on December 28, 2023. In the event KWRI's motion to stay discovery is denied and/or any discovery stay in this case is lifted, KWRI anticipates providing a supplemental response to this request.**

11.     Training and Policy Materials: Any training materials, policy documents, or internal memos concerning telemarketing practices, cold-calling strategies, and compliance with TCPA regulations.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024. Subject to and without waiving said objections, KWRI responds: See KWRI's Rule 26(a)(1) disclosures provided on December 28, 2023. In the event**

1068566\315669763.v1

**KWRI's motion to stay discovery is denied and/or any discovery stay in this case is lifted, KWRI anticipates providing a supplemental response to this request.**

12.    Zillow and MLS Listings: Documents detailing the relationship and agreements between Keller Williams Realty and platforms like Zillow and MLS, particularly concerning policies for FSBO (For Sale By Owner) listings, co-mingling, and their visibility on these platforms.

**<u>RESPONSE:</u> KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

13.    All documents or correspondence concerning the development of, or partnership with, efficient online marketplaces. This production shall include low-fee (i.e. 1-3%) startup marketplaces, joint ventures, or KW Labs projects contemplated, researched, or otherwise analyzed by KWRI. Any internal financial projections on the profit or loss such projects would attribute to KWRI.

**<u>RESPONSE:</u> KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged**

7

**and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

14.     Previous Legal Actions Records: Any documents, including settlements, court orders, or internal analyses, relating to previous legal actions against Keller Williams Realty involving Sherman Act and TCPA violations.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. KWRI further objects to this request on the basis that it appears to be directly requesting communications protected by the attorney-client and work product privileges. KWRI further objects to this request to the extent it seeks information concerning subsequent remedial measures. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

15.     Complaints and Internal Investigations: Records of any complaints received and subsequent internal investigations regarding telemarketing practices, violation of TCPA, and Sherman Act from January 1, 2019, to the present.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is**

8

**relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. KWRI further objects to this request on the basis that it appears to be directly requesting communications protected by the attorney-client and work product privileges. KWRI further objects to this request to the extent it seeks information concerning subsequent remedial measures. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

16.     Real Estate Commission Structures: Documents related to commission structures for real estate transactions in Florida, including any recommended or mandated commission rates for buyer and seller brokers.

**RESPONSE: KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

17.     Financial Records: Financial statements or records showing revenue KWRI generated from commissions on property sales nationwide from January 1, 2019, to the present.

1068566\315669763.v1

Documents showing all other major sources of revenue, including agent membership fees and local control branch franchise fees. Profit sharing and cross-revenue fees between any of these entities.

**RESPONSE:** **KWRI objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome and further fails to seek information that is relevant to the subject matter in the action and proportional to the needs of this case. KWRI further objects to this request on the basis that it seeks confidential, proprietary, privileged and/or trade secrets material, and to the extent it seeks materials produced by other parties in litigation that are precluded from disclosure under the terms of the protective order entered in the *Sitzer* case and/or other cases. Furthermore, KWRI objects to this request for the reasons stated in its motion to stay discovery filed on January 8, 2024.**

Respectfully submitted,
HINSHAW & CULBERTSON LLP

*/s/ Siobhan E.P. Grant*
**SIOBHAN E. P. GRANT**
Florida Bar No. 68892
sgrant@hinshawlaw.com
Secondary: lleon@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 / Fax: 305-577-1063
*Attorneys for Keller Williams Realty, Inc*

*/s/ Todd P. Stelter*
**TODD P. STELTER**
*Admitted pro hac vice*
tstelter@hinshawlaw.com
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000 / Fax: 312-704-3001

1068566\315669763.v1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 10, 2024, I served the foregoing by email to all counsel of record.

*/s/ Todd P. Stelter*
Todd P. Stelter
tstelter@hinshawlaw.com
