UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:23-CV-81393-RLR/BER

DR. JEFF ISAACS, on behalf of himself and
others similarly situated,

    Plaintiffs,

v.

KELLER WILLIAMS REALTY, INC,
MAKAI SOUTHEAST, LLC, d/b/a
KELLER WILLIAMS REALTY
WELLINGTON, and EQUESTRIAN
PALMS, LLC

    Defendants.
_____/

**DEFENDANT, EQUESTRIAN PALMS, LLC'S MOTION FOR REMAND AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, Equestrian Palms, LLC ("Equestrian"), pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1447(c), moves to remand the improperly and untimely removed underlying state court action by Plaintiff, Dr. Jeff Isaacs ("Isaacs"), to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Equestrian further seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). In support thereof, Equestrian states as follows:

**I.**    **INTRODUCTION AND BACKGROUND**

1.    On May 9, 2023, Equestrian filed an action against Isaacs in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida alleging claims for: (a) breach of contract and seeking the remedy of specific performance; and (b) breach of contract and seeking, in the alternative, money damages pursuant to Florida Rule of Civil Procedure 1.110(g) (the "Underlying Action"). The claims alleged by Equestrian resonate from an "As-Is" Residential

Contract for Sale and Purchase (the "Contract") signed by Isaacs for the sale of the residence located at 11482 Key Deer Circle, Lake Worth, Florida 33449 (the "Property") owned by him. The Underlying Action is referenced under Palm Beach County Circuit Court Case No. 50-2023-CA-010133. A copy of the Complaint filed in the Underlying Action is attached to the Notice of Removal [ECF No. 56] as **Exhibit A**.

2. On October 12, 2023, undersigned counsel filed an Affidavit for Service by Publication, seeking to serve Isaacs with process of the Complaint in the Underlying Action pursuant to Florida Rule of Civil Procedure 1.070(e) and section 49.021, Florida Statutes. A copy of the Affidavit for Service by Publication is attached to the Notice of Removal [ECF No. 56] as **Exhibit G.**

3. On October 24, 2023, Equestrian filed an Amended Notice of Action – Constructive Service – Property with the state court for the publication of notice for the Underlying Action in the Palm Beach Daily Business Review for the weeks of November 1, 8, 15, and 22, 2023. A copy of the Amended Notice of Action – Constructive Service – Property is attached to the Notice of Removal [ECF No. 56] as **Exhibit H.**

4. While not included within the Notice of Removal, on November 8, 2023, along with the Defendant's Motion for Extension of Time to File a Response to Plaintiffs' [sic] Complaint (the "Initial Motion for Extension of Time")—attached to ECF No. 56 as **Exhibit J**—counsel for Isaacs, Donald J. Thomas, Esq. and Georgia T. Garnecki, Esq., of CBR Law Group, LLLP, filed a Notice of Appearance as Counsel for the Defendant, Jeffrey Isaacs, and Designation of E-Mail Addresses (the "Notice of Appearance"). A copy of the Notice of Appearance is attached as **Exhibit "1"** to this Motion.

5. On November 16, 2023, the state court judge presiding over the Underlying Action, Hon. Joseph Curley, Jr., entered an Agreed Order Granting Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Order"). A copy of the Order is attached to the Notice of Removal [ECF No. 56] as **Exhibit K.**

6. Despite the entry of the Order, on December 8, 2023, counsel for Isaacs filed another motion tiled, "Defendant's Motion for Extension of Time to File a Response to Plaintiffs' [sic] Complaint" (the "Second Motion for Extension of Time") which is a mirror image of the previously filed Initial Motion for Extension of Time attached to the Notice of Removal [ECF No. 56] as Ex. J. A copy of the Second Motion for Extension of Time is attached to the Notice of Removal [ECF No. 56] as **Exhibit L.**

7. On December 18, 2023, 40 days after CBR Law Group, LLLP filed its Notice of Appearance and the Initial Motion for Extension of Time and 32 days after the state court's entry of the Order, Isaacs filed a Notice of Removal [ECF No. 56] seeking to remove the Underlying Action from Palm Beach County Circuit Court to this Court.

8. The Notice of Removal filed by Isaacs enumerates the "Grounds for Removal" as follows:

**Grounds for Removal**

2. This case is removable under 28 U.S.C. §1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. §1331. Specifically, plaintiff's principal claim for relief concerns Federal antitrust claims, class action , Fair Housing Act, and violations of TCPA and plaintiff is asserting the right to recover for this on the basis of The Sherman Act of 1890, The Clayton Act (15 U.S.C. § 15), The Telephone Consumer Protection Act (28 U.S.C § 1331).

9. Based upon the foregoing, Equestrian respectfully suggests that removal is not only inappropriate, but untimely.

10. As set forth in more detail below, Equestrian requests the entry of an order remanding the Underlying Action to the state court.

## II. LEGAL STANDARD

Section 1447 permits remand of a removed case on the basis that the Federal Court lacks subject matter jurisdiction or some other defect, such as untimely removal. *See Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). The Eleventh Circuit has specifically noted that a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Additionally, the removing party has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Accordingly, if either the parties or the court itself questions the existence of federal subject-matter jurisdiction at any point in the proceedings, the court has a constitutional responsibility to ensure that federal jurisdiction exists before it takes up any other issues presented by the parties. *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

The Notice of Removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise. USC 1446 (b)(1). In the absence of waiver of service

by the defendant a Court may not ordinarily exercises power over a party the complaint names as defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 350 (1999). Florida law is well established that service of process, and any defect in service of process, can be waived by the general appearance of a party before the trial court." *Laura M. Watson, P.A. v. Stewart Tilghman Fox & Bianchi, P.A.*, 162 So. 3d 102, 106 (Fla. 4th DCA 2014). Thus, a general appearance acts as a waiver of service and triggers the thirty-day deadline for removal of an action to federal court, such that the defendant has submitted to the state Court's jurisdiction. *Pegasus Builders Inc. v. Welly Horse Farm, LLC*, No. 20-81364-CV, 2020 WL 13390195 (S.D. Fla. Nov. 3, 2020).

Section 1447(c) permits a court to order the payment of "just costs and any actual expenses, including attorney fees" when a case is improperly removed and subsequently remanded. 28 U.S.C. § 1447(c). The Supreme Court has held that in the absence of unusual circumstances, a court may award attorneys' fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A district court has discretion when determining whether there was an objectively reasonable basis for removal. *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021). When "determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). What matters is "the objective merits of removal at the time of removal." *Id.*; *see also Diaz v. Cameron Cnty. Texas*, 300 F. App'x 280, 282 (5th Cir. 2008) ("We look only to the objective merits of removal at the time of removal; we do not consider the defendants' motives.").

**III.   ARGUMENT**

   **A. The Underlying Action Should be Remanded Because this Court Does Not Have Subject Matter Jurisdiction Over the Underlying Action.**

   A review of the Underlying Action reveals the Complaint is not removable based on federal question jurisdiction under 28 U.S.C. §1331. The Notice states: "This case is removable under 28 U.S.C. §1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. §1331. Specifically, plaintiff's principal claim for relief concerns Federal antitrust claims, class action, Fair Housing Act, and violations of TCPA and plaintiff is asserting the right to recover for this based on The Sherman Act of 1890, The Clayton Act (15 U.S.C. § 15), The Telephone Consumer Protection Act (28 U.S.C § 1331)." The Notice reflects either an intentional misrepresentation to this Court, or a fundamental misunderstanding of 28 U.S.C. §1441(a). Section 1441(a) clearly states "any action *brought in a State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." Based on the clear language of Section 1441(a), the correct determination for the Court to consider is whether the action *filed in state court* is one which the district court has original jurisdiction. Dr. Issacs cites the claims brought in his own federal action as the basis for original jurisdiction over the Underlying Action, instead of the claims raised in the Underlying Action.

   The Supreme Court of the United States has made clear the Plaintiff is the "master of his claim" and may avoid federal court by exclusive reliance on state law. The Complaint filed in State Court pleads the following Counts: (a) breach of contract seeking the remedy of specific performance; and (b) breach of contract seeking, in the alternative, money damages pursuant to Florida Rule of Civil Procedure 1.110(g). Clearly, neither the claims nor allegations in the Underlying Action raise a Federal Question, and the burden rests solely with Dr. Issacs to prove

removal is in fact proper. Dr. Issacs' claims in the Federal action do not confer jurisdiction of the Underlying Action on this Court.

**B. The Underlying Action Should be Remanded Because it Was Untimely Removed**

Dr. Issacs' Notice of Removal, filed 40 days after his counsel made an appearance in the Underlying Action, is untimely as a matter of law. In *Pegasus Builders v. Welly Horse Farm,* No. 20-81364-CV, 2020 WL 13390195 (S.D. Fla. Nov. 3, 2020), the court held the 30-day deadline for removal of an action to federal court is triggered upon the filing of a general appearance, which waives formal service of process, such that the defendant has submitted to the state court's jurisdiction. On March 2, 2020, Pegasus Builders filed a Verified Second Amended Complaint naming Policastro as a defendant. Policastro's counsel filed a general appearance before the trial court on June 1, 2020. On that same day the state court entered an order requiring Policastro to file a response to the Amended Complaint within twenty days from its filing. Policastro filed his notice of removal to federal court on August 21, 2020. Pegasus Builders moved to remand the case to state court, arguing the Notice of Removal was untimely. Policastro argued the Notice of Removal was timely because it was filed within thirty days of August 10, 2020—the date the court ordered Policastro to answer the Second Amended Complaint.

Policastro relied on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 350 (1999) for the proposition that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350 (1999). The Southern District agreed the state court's order requiring a response to the Second Amended Complaint within 20 days was "clearly 'an authority asserting measure stating the time within which the party must appear and defend.'" *Pegasus Builders, at* *2 (quoting *Murphy Bros.*, 526 U.S. at 350). The Court

7

further found, however, that, pursuant to Florida law, Defendant was subjected to the trial court's jurisdiction and waived formal service when he filed his general appearance. The court cited to *Murphy Bros.*, which held "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Thus, the Court held the "Notice of Removal was not timely filed because it was not filed within 30 days of June 1, 2020—the date on which Defendant Louis Policastro both (1) had clearly received, by service *or otherwise*, the Verified Second Amended Complaint, which had not been dismissed as of that date; and (2) was deemed to have already appeared and was notified of the time within which he was required to defend." *Id* at *2.

The facts in the Underlying Action are analogous to the scenario presented in *Pegasus Builders*. Dr. Issacs's counsel filed a general Notice of Appearance and Motion for Extension of Time on November 8, 2023. On November 16, 2023, the Court entered an order granting the Motion for Extension of Time, requiring Dr. Issacs to file a response to the Complaint on or before December 8, 2023. On December 8, 2023, Dr. Issacs's counsel filed a second Motion for Extension of Time to respond to the Complaint. A Notice of Filing of Notice of Removal to Federal Court was filed on December 18, 2023, 40 days after Dr. Issacs's counsel filed his general appearance. Dr. Issacs never contested the jurisdiction of the state court prior to attempting to remove the Underlying Action to Federal Court. Based on the authority and reasoning of the court in *Pegasus Builders*, relying on *Murphy Bros.*, the deadline to file a Notice of Removal to Federal Court was on December 8, 2023, or 30 days after Dr. Issacs's counsel filed his general notice of appearance. Thus, the removal of this action was untimely, and the Court should remand this case to the State Court.

### C. Sanctions Should be Imposed on Dr. Issacs Because He Lacked Any Objective Basis to Remove the Underlying Action.

As stated above, aside from *not* being removable, the Underlying Action was untimely removed and should be remanded to State Court. Under the circumstances, the Court may award fees to Equestrian. Section 1447(c) permits a court to order the payment of "just costs and any actual expenses, including attorney fees" when a case is improperly removed and subsequently remanded. Dr. Issacs's subjective motivation for removing the case is irrelevant. Equestrian respectfully suggests to this Court that Dr. Issacs lacked any objectively reasonable basis for seeking removal since the Underlying Action neither raised, nor comes close to raising a federal question. And more importantly, it was untimely removed.

### IV. CONCLUSION

For the foregoing reasons, Defendant, Equestrian Palms, LLC, respectfully requests this Court to enter an order: (a) remanding the Underlying Action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida; (b) awarding Equestrian Palms its attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c); and (c) granting such other and further relief that this Court deems just and proper.

DATED this 12th day of January 2024.

Respectfully submitted,

**PETERSON, BALDOR
& MARANGES, PLLC**
*Attorneys for Equestrian Palms, LLC*
8000 SW 117th Ave, Suite 206
Miami, Florida 33183
Telephone: (305) 270-3773
Facsimile: (305) 275-7410

By: */s/ Jose Baldor*
Jose I. Baldor
Florida Bar No. 657360

CASE NO: 23-CIV-18393-RLR/BER

Jose@pbmlegal.net
Lourdes@pbmlegal.net
Matthew Maranges
Florida Bar No.: 91534
Matt@pbmlegal.net
Elizabeth@pbmlegal.net

**CERTIFICATE OF GOOD FAITH CONFERNECE**

Pursuant to Local Rule 7.1(a)(3)(A), I certify that counsel for the movant conferred with counsel for Dr. Isaacs, Keith Matthews, Esq. on December 7, 2023 to determine whether the state law claims that are the subject of the Notice of Removal could remain in the state court action. Mr. Matthews advised that his client, Dr. Isaacs intended to move forward with his claims before this court. On January 12, 2024, undersigned counsel attempted to confer with counsel for Dr. Isaacs via email and requested a telephone conference to discuss the Notice of Removal, or to confirm that Dr. Isaacs's position remains the same. This attempt was made in a good-faith effort to resolve the issues presented. Undersigned counsel did not receive a response.

*/s/* Jose I. Baldor

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 12th day of January 2024, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that this document is being served this day on **Ayelet Faerman, Esq.**, Faerman Law, P.A., 3859 NW 124th Avenue, Coral Springs, FL 33065, ayelet@faerman.law; and **Keith Matthews, Esq.**, American Wealth Protection, Manchester NH 03105, Keith@awplegal.com; via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Jose I. Baldor
Jose I. Baldor, Esq.