IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-81393-RLR

DR JEFF ISAACS,
on behalf of himself and all others similarly situated,

       Plaintiff,

vs.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a
KELLER WILLIAMS REALTY WELLINGTON),
EQUESTRIAN PALMS, LLC,

       Defendants.

_____/

## MOTION FOR REMAND

    Defendant, MAKAI SOUTHEAST, LLC d/b/a KELLER WILLIAMS REALTY WELLINGTON, (hereinafter, MAKAI) files this Motion to Remand in response to the Notice of Removal filed by Plaintiff, DR JEFF ISAACS, (hereinafter, ISAACS), dated December 18, 2023, pursuant to 28 U.S.C. § 1446 (b), (1) stating as follows:

    1.    On November 8, 2023, per Notice of Appearance, (Circuit Court Docket #18 omitted from Notice of Removal), Plaintiff, ISAACS appeared by counsel as a named party Defendant in the state court action, MAKAI SOUTHEAST, LLC d/b/a KELLER WILLIAMS REALTY WELLINGTON v. JEFFREY ISAACS, Case No.: 50-2023-CA-11575-XXXX-MB AE; 15th Judicial Circuit in and for Palm Beach County, Florida. In addition, Plaintiff, ISAACS herein as party Defendant, ISAACS filed a Motion for Extension of Time to File a Response to Plaintiff's Complaint, attached as (r) to Notice of Removal.

2. An Agreed Order was entered by the Palm Beach County Circuit Court on November 9, 2023 granting ISAAC's Motion for Extension of Time for a period of twenty (20) days in which to respond to Complaint of Plaintiff, MAKAI. Thereafter, on or about November 24, 2023, ISAACS as Defendant, filed a Second Motion for Extension of Time which was granted per Agreed Order entered by the Circuit Court on November 29, 2023 giving Defendant, ISSACS until December 8, 2023 in which to further respond to Plaintiff, MAKAI's Complaint.

3. On December 8, 2023, ISAACS as Defendant, filed a Motion to Dismiss Plaintiff, MAKAI's Complaint which was heard by the Court and denied per Order dated December 14, 2023. ISAACS was granted ten (10) days in which to file his Answer to Plaintiff's Complaint. ISAAC's Notice of Removal followed asserting federal court supplemental jurisdiction predicated upon the federal questions raised in ISSACS Complaint filed against MAKAI in this cause. *

4. The Notice of Removal filed by ISAACS is the subject of this Motion for Remand and objected to as having been filed untimely. 28 U.S.C. § 1446 (b), (1) requires a notice of intention to remove a case be filed within thirty (30) days after receipt by defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. In this instance, Plaintiff, ISAACS, as Defendant in the state court action, appeared through counsel on November 8, 2023. ISAACS litigated the underlying Circuit Court action from that date until the filing of his Notice of Removal on December 18, 2023 or more than thirty (30) days after receipt of the initial pleading.

*Defendant, ISAACS failed to timely remove the state court case to federal court even though the federal case that Defendant is attempting to remove to was already pending as of November 8, 2023 when Defendant, ISSACS made his appearance in state court.

## ARGUMENT AND MEMORANDUM OF LAW

A party may move to remand based on a procedural defect or lack of subject matter jurisdiction. 28 U.S.C. § 1447 (c). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to the state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

28 U.S.C. § 1446 (b), (1) provides, "A notice of removal in a civil action shall be filed: (1) 30 days after "the receipt by the defendant, through service or otherwise, or a copy of the initial pleading;" or (2) "within 30 days after the service of summons upon the defendant is such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Whether service of process has been properly perfected is governed by Florida law. *OA Foods LLC v. I.A.E. Industria Agricola Exportadora Inaexpo, C.A.* 595 F. Supp.3d 1208 (S.D. Fla. 2022). In this case, Defendant, ISAACS was constructively served by publication pursuant to Florida Statutes, § 49.011 after compliance with Florida Statutes, § 49.031 and § 49.041. This completion of service resulted in the appearance of counsel for Defendant, ISAACS in the state court action per Notice of Appearance (previously referenced and omitted from the Notice of Removal) and (r) to the Notice of Removal on November 8, 2023.

The papers attached to Plaintiff's Notice of Removal pursuant to 28 U.S.C. § 1441 (a) constitute admissions as to the dates in which the Plaintiff undertook the retention of counsel and participated in the litigation of the underlying statement claim by filing Motions for Extensions of Time (2) and a Motion to Dismiss MAKAI's Complaint. Plaintiff, ISAACS through counsel also participated in a Circuit Court hearing in which his Motion to Dismiss was denied and only then sought removal of the state court cause on December 18, 2023.

By reason of the foregoing, Plaintiff's Notice of Removal is untimely as same is in contravention of 28 U.S.C. § 1446 (b), (1) in that same was filed more than thirty (30) days after service, acceptance, acknowledgement, and state court filing(s) in response to the initial pleading of plaintiff in the state court action.

WHEREFORE, Defendant, KELLER WILLIAMS REALTY, INC., MAKAI SOUTHEAST, LLC d/b/a KELLER WILLIAMS REALTY WELLINGTON, moves this Court for Order Remanding this cause to the Circuit Court of the 15th Judicial Circuit in Palm Beach County, Florida for the conduct of all further proceedings.

DATED this 16th day of January, 2024

        JOHN W. CARROLL, P.A.
        Attorney for Defendant,
        KELLER WILLIAMS REALTY, INC.,
         MAKAI SOUTHEAST, LLC, etc.
        198 Santa Barbara Way
        P.O. Box 31794
        Palm Beach Gardens, Florida 33420
        Tel:  (561) 762-8923
        Fax:  (561) 841-6911
        E-mail: jwcarroll@jwcarroll.com

    By:  /s/ John W. Carroll
         John W. Carroll, Esq.
         FL Bar No.: 297194

### Certificate of Good Faith Conference

The Defendant has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the Notice of Removal and that counsel have been unable to agree on the resolution of the issue.

    By:  /s/ John W. Carroll
         John W. Carroll, Esq.
         FL Bar No.: 297194

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2024, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that this document is being served this day on all counsel identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: /s/ John W. Carroll
John W. Carroll, Esq.
FL Bar No.: 297194

## SERVICE LIST

**Ayelet Faerman, Esq.**
FAERMAN LAW, P.A.
3859 NW 124TH Avenue
Coral Springs, FL 33065
ayelet@faerman.law

*Counsel for Plaintiff*

**Keith Matthews, Esq.**
AMERICAN WEALTH PROTECTION
Manchester, NH 03105
Keith@awplegal.com

*Counsel for Plaintiff (Pro Hac Vice)*

**Jose I. Baldor, Esq.**
Peterson, Baldor & Maranges, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33183
Jose@pbmlegal.net

*Counsel for Equestrian Palms, LLC*

**Eric L. McAliley, Esq.**
**Ilana J. Moskowitz, Esq.**
LYDECKER LLP
2300 Glades Road, Suite 340W
Boca Raton, FL 33431
elm@lydecker.com
ijm@lydecker.com

*Counsel for Makai Southeast, LLC d/b/a Keller Williams Realty Wellington*

**Siobhan E. P. Grant, Esq.**
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
sgrant@hinshawlaw.com

*Counsel for Keller Williams Realty, Inc.*

**Todd P. Stelter, Esq.**
HINSHAW & CULBERTSON, LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
tstelter@hinshawlaw.com

*Pro Hac Vice Counsel for Keller Williams Realty, Inc.*