UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.

_____/

**DEFENDANT, MAKAI SOUTHEAST, LLC'S, REPLY TO PLAINTIFF'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) (hereinafter "Makai" or "Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Reply ("Reply") to Plaintiff's Consolidated Response in Opposition [D.E. 58] ("Response") to Defendants' Motion to Dismiss Plaintiff's Amended Complaint [D.E. 25] ("Motion to Dismiss"), and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff's Response attempts to consolidate oppositions to three distinct Motions to Dismiss into a single response. This consolidation, while appearing as an expedient measure, reveals a problematic blending of allegations and a neglectful omission of addressing actual arguments raised in the respective Motions to Dismiss. Of particular note is the irony that Plaintiff's Response falls short of adequately responding to most arguments articulated in Makai's Motion to Dismiss. Furthermore, the inclusion of responses to arguments never raised in Makai's original Motion adds an additional layer of irrelevance. Moreover, the scant legal authority cited in the response is not appropriately substantiated, continuing to underscore the various weaknesses in Plaintiff's legal position and the FAC itself. Overall, the FAC should be dismissed entirely with prejudice, and the Response does not provide a sufficient reason against doing so.

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

## **ARGUMENT AND MEMORANDUM OF LAW**

The Response purports that the legal standard governing the Motions to Dismiss requires, without exception or qualification, that all facts alleged must be accepted as true.  Simultaneously, the Response sets forth an argument for converting the Motions to Dismiss into motions for summary judgment.  Plaintiff relies upon case law from the Eleventh Circuit that he claims stands for the proposition that "conversion is warranted when a party presents material outside the pleadings that is integral to the claim, <u>and the material's authenticity is not contested</u>." *See* Resp. at page 6 (emphasis added) (*citing Lawrence v. Dunbar,* 919 F.2d 1525 (11th Cir. 1990)).  Even if assuming *arguendo*, the materials presented in the Motion to Dismiss were improperly introduced (which Makai disputes, as they were proper under the Rules and judicial notice legal authority cited in the Motion to Dismiss), the Response clearly disputes the authenticity of the text message conversation between Mr. Maruro and Plaintiff that is attached to the Motion to Dismiss, while simultaneously and incorrectly attempting to restate the legal authority it initially cited from *Lawrence*. *Id.* at page 8 ("Because Defendants introduced *contested*, misleading and partial evidence into a Rule 12 motion, the Court may convert this matter into a Motion for Summary Judgement.").

**I.**    **<u>Plaintiff's TCPA Claim (Count I) Must be Dismissed</u>**

The FAC cannot escape the Response's completely legally-unsupported claim that Plaintiff is not bound by the Deshay Class Action Settlement.  As a preliminary matter, at no time does Plaintiff deny in the Response that he is qualified to be a class member in Deshay. Critically, this Court's subject matter jurisdiction as it relates to its ability to evaluate Plaintiff's claims concerning the Deshay Class Action Settlement's legitimacy is restricted by the Deshay Class Action Settlement Agreement, in which the Deshay Court retained jurisdiction to determine claims like those raised by Plaintiff. *See* Deshay Recorded Order Granting Final Approval to Class Action Settlement and Final Judgment ¶¶ 2, 17, attached hereto as **Exhibit A**; *see also, Tse v. Indra Energy*, attached hereto as **Exhibit B** (holding that disputes over a class action must be resolved with the court that retained jurisdiction to hear such matters).

Even if Plaintiff did not have the Deshay case standing in the way, he would still not be able to overcome the fact that he has not presented a TCPA Claim.  Importantly, the Response does little to rebut against the arguments in the Motion to Dismiss beginning on page 4 regarding the FAC's failure to state a TCPA Claim based on the pleading requirements alone. As it relates to the text messages at issue, the Response's dismissal of Makai's position not only defies the basic

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

rules of logic, but it also fails to establish that the text messages were solicitations or advertisements. Specifically, Plaintiff's remark on page 7 of the Response that purports to deductively conclude that there is only one explanation for Mr. Maruri's text message is logically flawed. Furthermore, even if Plaintiff could somehow classify the first text message he claims to have received from Mr. Maruri as a solicitation or advertisement (which it was not), the Response does not provide a basis for allowing a TCPA claim to proceed without more than one violation in a 12-month period. In this regard, the other text message that Plaintiff is claiming meets the solicitation and advertisement requirement is subject to the business relationship exception. As revealed by the Motion to Dismiss, not only was Plaintiff's claim regarding the date the message was sent inaccurate, Plaintiff's entire characterization of his communications and relationship with Mr. Maruri as depicted in the FAC was shown to be a farce.

The Response's bad faith attempts to call Makai's text message exhibit into question by raising baseless claims that it is misleading and incomplete should not be accepted. Plaintiff had every opportunity to include the text messages as an exhibit to either the FAC and the Response, or at the very least explain in the Response what he claims to be "misleading" or "partial." Plaintiff's ambiguous rejection of the text message conversation as legitimate is nothing more than a bad faith attempt to exclude a properly introduced exhibit that clearly undermines the TCPA Claim, and should not be given any consideration. Specifically, the text message exchange between Plaintiff and Mr. Maruri highlights Plaintiff's consent to the communications, the clearly established business relationship, and the actual dates that the text messages were sent (thereby binding Plaintiff to the Deshay Class Action Settlement).

As a last-ditch effort to discourage this Court from considering the text message exhibit attached to the Motion to Dismiss, Plaintiff claims, without any legal support, that "the FAC must be accepted as true for a 12(b)(6)." *Resp.* at pg. 7. Plaintiff's assertion fails to account for the well-established case law providing that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) (internal citations omitted). Accordingly, Plaintiff's dogmatic assertion that the text messages must be disregarded is misguided. Additionally, footnote 2 on page 2 of Makai's Motion to Dismiss references case law that allows for the reference to the text message exhibit by way of the Federal Rules of Civil Procedure and legal authority on judicial notice, which permit the Court a limited exception to go outside the four corners to review said exhibit, and is not rebutted with contrary legal authority in the Response. Moreover, even if Plaintiff could somehow

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

present contrary legal authority that precluded the text message conversation as an exhibit to a motion to dismiss for failure to state a claim, the Response does not contemplate the case law that permits exhibits in connection with motions to dismiss for lack of subject matter jurisdiction. *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011). Accordingly, this Court is within its ability and discretion to evaluate the text message exchange attached as Exhibit E to Makai's Motion to Dismiss.

It is worth noting that the Response reaches several unsubstantiated conclusions based upon wholly inaccurate assertions. For example, Plaintiff's reference to *res ipsa loquitor* is as confusing as it is misplaced. Another example is the Response's attempt to address the application and extension of the Deshay Class Action Settlement Agreement to Makai, resulting in a confusing, out of context, and misguided argument about vicarious liability. Finally, the various links to articles and studies cited in the Response on pages 8 and 10 must be disregarded as there is no legal authority justifying grounds for the ability to rely upon same. Nonetheless, even if Plaintiff could introduce the articles and studies, same still could not support a claim against Makai for the reasons discussed herein and in the Motion to Dismiss.

## II. Plaintiff's RICO Claim (Count II) Must be Dismissed

Plaintiff's Response inadequately and unsuccessfully attempts to defend the FAC's procedurally and substantively flawed RICO claim. With regard to the former, the Response is unpersuasive in establishing how the FAC complies with the heightened pleading requirements in Rule 9 as discussed on page 12 of the Motion to Dismiss, and improperly attempts to supplement the allegations by way of the Response, which, even if it were appropriate, still would not meet the heightened pleading standard required for RICO claims.

As it relates to the actual RICO elements, the Response does not overcome the fatalities described in the Motion to Dismiss and the other Motions to Dismiss [D.E. 29, D.E. 39] filed in this matter, which Makai hereby adopts and incorporates herein. The Response initially attempts to defend its cause of action by pointing to the FAC's reference to Florida Statute Section 825.103 as the predicate act, but then peculiarly shifts to raising claims and arguments surrounding alleged wire fraud. Aside from the fact that Plaintiff's allegations possess no basis in truth, Florida Statute Section 825.103 is not one of the criminal statutes enumerated under the RICO chapter that could serve as the foundation for a predicate act in a RICO claim. *See* 18 U.S.C. § 1961(1). Moreover, the Response fails to defend the claim that the FAC does not properly establish the other critical

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

and necessary elements, such as the alleged conduct, enterprise, and pattern delineated under 18 U.S.C. § 1962(c).

Further, Makai disputes the baseless, irrelevant, out-of-place, and random accusations the Response makes against it as it relates to "disregard for the sanctity of courts" and "obstruction of justice." With regard to Plaintiff's arguments concerning wire fraud, these allegations are not only entirely unfounded, but also procedurally inappropriate to introduce for the first time in a Response to a Motion to Dismiss and do not somehow transform the FAC's RICO Claim into a wire fraud claim. Even if procedurally proper, the wire fraud allegations still fail to amount to a properly pleaded RICO cause of action. As such, any argument alleging wire fraud must be entirely disregarded at this juncture.

### III. Plaintiff's Breach of Contract Claim (Count III) Must be Dismissed

Plaintiff's Response fails to successfully argue why the Breach of Contract Claim should stand. As an initial matter, Plaintiff's arguments against the application of the litigation privilege are not supported by any legal authority in the Response, and therefore does rebut the case law and corresponding arguments in the Motion to Dismiss. Further, the Response's efforts to distance the nature of the Breach of Contract Claim from the Underlying Action are unpersuasive. Plaintiff inappropriately attempts to assert, for the very first time, that the Breach of Contract Claim is based on alleged "Repudiation of the Contractual Closing Terms" and "Refusal to Honor the *Force Majeure* Clause." (*See* Resp. at pg. 14). Notwithstanding these contentions in the Response, the Breach of Contract Claim in the FAC is unequivocally clear that the alleged breach at its core is strictly related to and arises out of Makai filing the Underlying Action prior to mediation/ADR. Importantly, at no point does Plaintiff deny that the litigation privilege applies to the claims in connection with violating the ADR provision of the Sales Agreement.

Even if the Court were to consider Plaintiff's new claims of "Repudiation of the Contractual Closing Terms" and "Refusal to Honor the *Force Majeure* Clause," the Breach of Contract Claim still cannot escape the litigation privilege. As acknowledged by Plaintiff in the FAC, the damages Plaintiff attributes to the Breach of Contract Claim represent the liquidated damages clause of the Sale Agreement in the amount of $550,000.00. *See* FAC ¶¶19, 84. Plaintiff further emphasizes in the FAC that his Breach of Contract Claim in pursuit of $550,000.00 is a direct response to the Underlying Action and Equestrian Litigation. Specifically, the FAC contends that:

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

> Defendants executed the [litigation] processes with intent to harm plaintiff, cause him distress, and inflict expensive attorney's fees as a result. Worse, they caused pain and suffering to Plaintiff and his relatives, one of whom was attempted service on multiple occasions while undergoing chemotherapy. Defendants were informed repeatedly that their actions were in violation of the ADR provisions, and caused Plaintiff harm. Defendants were told Plaintiff simply wanted them to "go away" and "didn't want their money," but if they didn't relent, he would have no choice but to demand the $550,000 liquidated damages as prescribed in the contract. Plaintiff even offered to cover Defendants expenses (around $2000) they incurred for home inspection during the short period (about one week) they were under active contract before their repudiation. In short, Plaintiff did everything he could to avoid this lawsuit; Defendants did everything they could to force this lawsuit.

In other words, regardless of what Plaintiff claims to be the contractual breach, the FAC indisputably ties the alleged damages in the amount of $550,000.00 as a result of Makai pursuing litigation against Plaintiff. Moreover, the Response's defense in connection with the commingling of Defendants in the cause of action is not legally supported.

It is also notable that Plaintiff makes no allegations and provides no legal authority to support that Makai is even <u>capable</u> of enforcing the *force majeure* provision in the Sale Agreement. Notwithstanding the foregoing, even if one accepted the FAC allegations as true, Plaintiff still could not sustain a Breach of Contract Claim in connection with his refusal to proceed with the transaction because of the war in Ukraine, which started about one (1) full year prior to when Plaintiff executed the Sale Agreement. As such, Plaintiff's Breach of Contract Claim has absolutely no merit at all.

**IV.     Plaintiff's Abuse of Process Claim (Count IV) Must be Dismissed**

The Response likewise fails to overcome the application of the litigation privilege to the Abuse of Process Claim. Again, Plaintiff cites to no binding case law or any legal authority that rebuts the application of litigation privilege to abuse of process claims. Therefore, the Response's arguments must be disregarded as that have no legal bases. Further, the arguments in the Response ironically support Makai's position that Plaintiff's Florida claims should have been raised as compulsory counterclaims in the Underlying Action. Plaintiff actually concedes in footnote 6 of the Response that he has set forth "straightforward counter-claims to Defendants' lawsuits in violation of mandatory ADR." *See* Resp. at FN 6. The foregoing bolsters not only Makai's arguments in support of dismissal of the Abuse of Process Claim, but the Breach of Contract Claim as well.

Case 9:23-cv-81393-DSL   Document 67   Entered on FLSD Docket 01/16/2024   Page 7 of 9

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

Next, Plaintiff makes a case as to why he should be entitled to damages from Makai's alleged breach of the ADR provision in the Sales Agreement, notwithstanding that the Motion to Dismiss does not address whether Plaintiff is entitled to damages under the Abuse of Process Claim.  Regardless, the Response itself concedes that there is no binding legal authority or precedent in support of Plaintiff's position.  *See* Resp. at page 18.

## V. **Plaintiff's Violation of the Fair Housing Act Claim Pursuant to 42 U.S.C. § 3604 (Count V) Must be Dismissed**

The Response's argument that the Fair Housing Act applies to Plaintiff as a seller is not only unsupported by any legal authority, but completely undermined by Plaintiff's own allegations.  To be sure, the FAC states: "The actions of Defendants, as depicted, violate the FHA's provisions (42 U.S.C. § 3604), which clearly outlaw: (a) Denial of housing or obstruction of housing transactions based on the national origin or disability of potential ***buyers***. (b) Differential treatment in sale conditions or provision of services due to the ***buyer's*** national origin or disability."  *See* FAC ¶ 99 (emphasis added).  Accordingly, the Response's arguments in support of the FHA Claim should not be considered as they have no legal basis and cannot serve as a means to undo and backtrack Plaintiff's original contentions.

Regardless of the FHA's application to buyers or sellers, the allegations underlying Plaintiff's claim do not rise to an FHA cause of action.  In this regard, the FHA concerns itself with facilitating transactions, whereas here, Plaintiff is endeavoring to somehow use the FHA to support his wish to renege and stop the transaction.

Furthermore, the Response's arguments concerning national origin are baseless.  Plaintiff claims that national origin discrimination applies to birthplace, ethnicity, ancestry, culture, or language, but neither Plaintiff's FAC nor Response allege that Plaintiff is facing discrimination because: he was born in Ukraine; he has Ukrainian ethnicity or ancestry; or because of his Ukrainian culture or language.  Additionally, Plaintiff cites to no legal authority to support that his citizenship entitles him to national original discrimination protections.  Overall, the allegations in support of the FHA Claim do not constitute a valid cause of action and therefore, the FHA Claim must be dismissed.

## VI. **Plaintiff's Violation of the Sherman and Clayton Antitrust Acts Claims Pursuant to 15 U.S.C. §§ 1-2 & 15 (Count VI) Must be Dismissed**

As an initial matter, the Response does not even address the Clayton Antitrust Act, and therefore fails to rebut the Motion to Dismiss arguments against same.  Regardless, the Response's arguments in support of the Sherman Act Claim likewise fail to rebut the Motion to Dismiss

Case 9:23-cv-81393-DSL   Document 67   Entered on FLSD Docket 01/16/2024   Page 8 of 9

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

arguments and still warrant dismissal. Plaintiff attempts to reference the *Sitzer* case, which, although not properly cited, purports to refer to *Sitzer v. Nat'l Ass'n of Realtors*, 420 F. Supp. 3d 903 (W.D. Mo. 2019). In *Sitzer*, the Western District of Missouri ruled against the National Association of Realtors, in connection with a rule it made that governed sellers and brokers. *See generally, id.* The Response distorts and conflates the holdings in *Sitzer* in an effort to accommodate and apply to Plaintiff's rebuttals. However, the *Sitzer* ruling simply concerns the pleading requirements in connection with a Sherman Act cause of action, and the Response fails to explain how the Sherman Act Claim in the FAC establishes a cause of action as delineated in *Sitzer* or any other legal authority, let alone anything binding.

### VII. Plaintiff's Request for Injunctive Relief Must be Dismissed

The Response does not rebut the arguments in the Motion to Dismiss against the claim for Injunctive relief, and as a result, Makai's request for dismissal of such claim and relief sought should be granted.

### VIII. Plaintiff Lacks Standing to Bring the Claims Asserted

The Response does not rebut the arguments in the Motion to Dismiss against Plaintiff's lack of standing and cognizable injury, and as a result, the relief requested in Makai's Motion to Dismiss should be granted.

### IX. Compulsory Counterclaims and Federal Jurisdiction

The Response actually concedes throughout that Plaintiff's claims in the FAC are compulsory counterclaims to the Underlying Action. *See* Resp. at pages 4, 15-18. Further, the Response neglects to argue why or how the state claims can stand on their own independent of the federal causes of action, and flippantly dismisses the federal jurisdiction and counterclaim arguments by referring to the improper Notice of Removal he filed.

DATED this 16th day of January, 2024.

>LYDECKER LLP
>2300 Glades Road, Suite 340W
>Boca Raton, FL  33431
>(786) 587-1899 / (305) 416-3190
>
>By:     */s/ Eric L. McAliley*
>ERIC L. McALILEY, ESQ.
>Florida Bar No.: 174343
>E-mail: elm@lydecker.com
>ILANA J. MOSKOWITZ, ESQ.
>Florida Bar No.:  126094
>Email:  ijm@lydecker.com
>Secondary e-mail: christy@lydecker.com

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

## SERVICE LIST

Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
***Counsel for Plaintiff***

Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
***Counsel for Plaintiff – Pro Hac Vice***

Jose I. Baldor, Esquire
Matthew Maranges, B.C.S.
PETERSON, BALDOR & MARANGES, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33176
jose@pbmlegal.net
matt@pbmlegal.net
lourdes@pbmlegal.net
elizabeth@pbmlegal.net
***Counsel for Equestrian Palms, LLC***

Siobhan E. P. Grant, Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
sgrant@hinshawlaw.com
***Counsel for Keller Williams Realty, Inc.***