UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DR. JEFF ISAACS, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

Case No. 9:23-cv-81393-RLR

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON),
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## DEFENDANT KWRI'S OBJECTION TO NOTICE OF REMOVAL (DE56) AND MOTION TO REMAND

Defendant, Keller Williams Realty, Inc., ("KWRI"), through its undersigned counsel, hereby objects to plaintiff's notice of removal, DE56, and moves to remand under 28 U.S.C. § 1447(c), stating as follows:

1. On December 18, 2023, plaintiff filed a Notice of Removal, DE56, seeking to remove two state court actions. DE56 ¶¶ 1(a)-1(b).

2. Defendant KWRI is not a party to either state court action and has never been served with any process regarding either case. Therefore, it is obviously jurisdictionally improper for plaintiff to attempt to make KWRI a party to those proceedings via a notice of removal.

3. Plaintiff's notice of removal, DE56, is also procedurally improper.

4. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case as [the MMR defendants are] attempt[ing] to do here. Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter." *Perez v. City of Los Angeles*, 2023 U.S. Dist. LEXIS 209446, *2-3 (C.D. Cal. 2023)

citing *Alcoser v. Ford*, 2022 U.S. App. LEXIS 24992 (5th Cir. 2022) (footnote omitted), *cert. denied*, 143 S. Ct. 752 (2023); *Gilliam v. Austin*, 2002 U.S. Dist. LEXIS 9555 (N.D. Cal. 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] . . . A case cannot be removed from state court to become part of an already existing federal case."); *Paralee Boyd Salon LLC v. COG Studio, LLC*, 2016 U.S. Dist. LEXIS 131832 (E.D. Mich. 2016) *appeal dismissed by*, 2017 U.S. App. LEXIS 21760 (6th Cir. 2017) ("The Notice of Removal was improperly filed. This is because a case cannot be removed from state court to become part of an already existing federal case."); *see also e.g., MTH Lending Grp. LP v. Mullen*, 2023 U.S. Dist. LEXIS 54698, *9 (S.D. Tex 2023); *Galvan v. Nationstar Mortgage*, 2014 U.S. Dist. LEXIS 20685 (D. Nev. 2014); *Putnam, Inc. v. R.E.F.S. Inc.*, 2012 U.S. Dist. LEXIS 112940 (E.D. Cal. 2012); *Iqbal v. Afzal*, 2010 U.S. Dist. LEXIS 35912 (N.D. Cal. 2010).

5. Moreover, plaintiff did not pay a filing fee for the purported removal, even though such a fee is explicitly required for removal actions. 28 U.S.C. § 1914(a); *see also* Fee Schedule for United States District Court, Southern District of Florida, showing $405.00 civil case filing fee for notices of removal, at https://www.flsd.uscourts.gov/court-fees.

6. Plaintiff's purported removal also is improper and untimely for the reasons stated by Defendant Equestrian Palms, LLC, and Defendant Makai Southeast, LLC d/b/a Keller Williams Realty Wellington in their motions to remand. DE65 & DE66.

7. KWRI seeks reimbursement for plaintiff's improper notice of removal, including "payment of just costs," "actual expenses" and "attorney's fees," as is allowed for under 28 U.S.C. § 1447(c).

WHEREFORE, KWRI respectfully requests this Court grant its motion and requests this Court remand the identified state court matters and/or strike plaintiff's Notice of Removal, DE56. Furthermore, KWRI requests that plaintiff be ordered to reimburse KWRI for its "just costs," "actual expenses" and "attorney's fees," under 28 U.S.C. § 1447(c), and grant any other appropriate relief in its favor that this Court finds equitable and just.

**CERTIFICATION UNDER LOCAL RULE 7.1(a)(3).**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for KWRI certify that one of the undersigned conferred with plaintiff's counsel on January 17, 2024 in a good faith effort to resolve the issues raised in the motion, and has been unable to do so.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

*/s/ Siobhan E.P. Grant*
**SIOBHAN E. P. GRANT**
Florida Bar No. 68892
sgrant@hinshawlaw.com
Secondary: lleon@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 / Fax: 305-577-1063
*Attorney for Keller Williams Realty, Inc*

*/s/ Todd P. Stelter*
**TODD P. STELTER**
*Admitted pro hac vice*
tstelter@hinshawlaw.com
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000 / Fax: 312-704-3001
*Attorney for Keller Williams Realty, Inc*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Siobhan E.P. Grant*
Siobhan E.P. Grant
Florida Bar No. 68892
sgrant@hinshawlaw.com