Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC (d/b/a<br>KELLER WILLIAMS REALTY WELLINGTON),<br>EQUESTRIAN PALMS, LLC,<br><br>Defendants. | Case No. 23-cv-81393-RLR<br><br><br><br>**CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO REMAND, MOTION TO STAY** |

**CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS**

Plaintiff respectfully submits this consolidated opposition to the three Motions for Remand filed by Defendants KWRI, Makai, and Equestrian, along with the Motion to Stay submitted by KWRI. This unified response aims to streamline judicial proceedings, prevent redundant arguments, and illuminate the collective motion strategies employed by Defendants.

Notably, counsel for Equestrian Palms LLC, who derided Plaintiff's neurological disability in writing, now moves for a state court venue, presumably anticipating a more favorable outcome. Equestrian predicates its Motion to Remand on the "well-pleaded complaint rule." All three Defendants assert an erroneous objection to the timeliness of the Notice of Removal. Finally, Defendants collectively pursue "sanctions" against Plaintiff — specifically, attorneys' fees and costs per 28 U.S.C. § 1447(c) — a move in keeping with their year-long pattern of antagonistic behavior toward Plaintiff.

**LEGAL STANDARD**

**Federal Case Law on Preemption and Jurisdiction**

The crux of Plaintiff's defense and counterclaims revolves around the applicability of the Sherman Act – a federal statute under which Plaintiff alleges the commission structure of the disputed real estate transaction constitutes an illegal contract of adhesion. The Sherman Act, given its exclusive federal jurisdiction, may only be adjudicated in federal court.

The doctrine of complete preemption serves to ensure due process in such cases like the present. Under this principle, articulated in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), a state claim is transformed into a federal claim, warranting removal to federal court, when a federal statute wholly displaces the state-law cause of action. This doctrine ensures that disputes inherently federal in character are adjudicated within the federal judiciary system, as mandated by Congress

and interpreted by the courts. *Caterpillar* teaches that under the "complete preemption doctrine," which is a corollary to the well-pleaded complaint rule, once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

## ARGUMENT

### I. FEDERAL LAW COMPLETELY PREEMPTS THE STATE LAW CLAIMS

The removal to this Honorable Court was effected because the underlying claims, defenses, and counterclaims all inherently require Sherman Act analysis. When a federal statute exclusively governs a claim, defense or a counterclaim, rendering state law inoperative, as is the case with the Sherman Act, remand is not only inappropriate but also counterintuitive to the interests of judicial fairness and the Constitutional guarantee of Due Process.

Defendants' state court complaints all inherently reference Sherman Act to determine their legality, which transforms the claims into ones that 'arise under' federal law. Each complaint incorporates the sale contract and the commission clause therein. In light of *Sitzer*, the commission clause violates Sherman Act. Even though Equestrian itself isn't alleged to have violated Sherman Act, it seeks to enforce a contract that would not exist, but for KW's violation of Sherman and TCPA.

Contrary to Defendants' assertions, the removal adheres to the complete preemption doctrine, where the Sherman Act's reach over antitrust matters supersedes potential state law claims. The contract's legality, challenged under antitrust law, cannot be extricated from federal authority. Consequently, Defendants' state claims are entirely preempted.

Removal is likewise mandated in instances where the action is defended on grounds that are inherently federal in nature. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985).

The principle guiding *Takeda*, known as "artful pleading," is clear and unambiguous: where federal law is so foundational to a claim or defense that it becomes a matter of federal jurisdiction, the appropriate forum for adjudication is the federal court system. The invocation of the Sherman Act, FHA, and TCPA to defenses and counterclaims operates to preempt the state court's authority. A party cannot rely upon 'artful pleading' to obscure the fact that federal issues underly the controversy. That is precisely what Equestrian does here. They fail to plead that the contract came about from a TCPA violation and federally-defined telemarketing fraud. Their pleading itself evidences underlying FHA national origin discrimination. Under *Takeda*, the Court possesses jurisdiction.

**Even if the Well-Pleaded Complaint Rule Applied, The Underlying Complaint Does Not Meet Criteria**

Defendants initiated two real estate contract complaints in state court seeking to force a sale and commission. The Makai and Equestrian lawsuits are devoid of specific allegations sufficient to state a claim against Plaintiff under federal *Iqbal* standards. Makai's sole conclusory allegation is that "[Isaacs] by his actions has breached the contract language" [*Makai Complaint at 14*], not explaining how he allegedly breached any duty. Equestrian's similar conclusory determination is that "There is no *Force Majeure* event Isaacs can rely upon," insinuating the war in the Ukraine does not exist.[1] It concludes Plaintiff Dr. Isaacs somehow "failed and refused to cooperate with Equestrian in connection with closing of the sale" [*Equestrian Complaint at* 17,23].

---

[1] The contract *force majeure* clause requires "disruption" due to an "event," such as "war" or "natural disaster." Equestrian's complaint challenges the existence of the event, rather than the disruption. Because arguments against the existence of either are futile, Equestrian shifts towards "refusal to cooperate," which is not a legal tort. Equestrian has no claim against Isaacs, but will not go away. It was under contract – albeit an illegal one – for all of two weeks, then joined forces with KW to oust Plaintiff from his home. They now seek a favorable state court venue to counterclaims they did not anticipate. Equestrian LLC has zero assets, and would be unable to pay the $550,000 liquidated damages owed to Isaacs for breaching the mediation clause. This will likely require the joinder of its Guatemalan owner, further cementing the appropriate venue of this Court under Alienage Jurisdiction as applied to LLC members.

As apparent, Equestrian's complaint is not a "well-pleaded complaint," and therefore this Court can determine that it does not meet federal *Iqbal* pleading standards. In this light, it is neither necessary nor even possible to proceed with analysis under the "well-pleaded complaint rule." Furthermore, not a single authority Equestrian cites involve exclusive federal jurisdiction, such as the Sherman Act, hence they do not apply.

**Remand is a Violation of Due Process**

Federal questions central to the sale contract's interpretation demand a federal forum, underscoring the essence of due process under the law. The contract, demanding a 5% commission for KW Defendants, is inherently anticompetitive and constitutes an illegal contract of adhesion under the Sherman Act. Addressing the contract's enforceability without duly considering its legality under federal antitrust statutes would lead to an incomplete and potentially reversible ruling. Ignoring the jurisdictional significance of Plaintiff's counterclaims would create an untenable situation where his defense under federal antitrust laws is dismissed not on its merits but due to procedural technicalities. This would deny Plaintiff federally granted protections and avenues for relief, thus violating due process.

By all standards, this case 'arises under' federal law. The underlying controversy started with TCPA violations and culminates in Makai's state court lawsuit, which contravenes the Federal Arbitration Act. It is implausible to adjudicate this case in state court. This is precisely why KW Defendants refrain from contesting that this case does not 'arise under' federal law. Equestrian's argument should be dismissed as it is entwined in the same case and controversy. Equestrian and Makai, having coordinated their pressure on Isaacs for the past year, should not be separated after expressing a desire to proceed jointly, as this would prejudice Plaintiff and lead to costly parallel proceedings requiring appellate reconciliation.

## II. THE NOTICE OF REMOVAL WAS TIMELY

All three Defendants contest the timeliness of the Notice of Removal. Perplexingly, KWRI is not even a named party in the Notice of Removal, claims they are unrelated to Makai, but nonetheless filed a Motion to Remand Makai's lawsuit. The Court should disregard all of the Motions as strategic motion practice, consistent with Defendants' one-year effort to wear down a disabled plaintiff and force him to hand over the keys to his home.

On December 8, 2023, Plaintiff filed a Notice of Removal in the state court. Within an hour, Counsel Jose Baldor responded with the following email:



**From:** Jose I. Baldor <jose@pbmlegal.net>
**Sent:** Friday, December 08, 2023 7:23 PM
**To:** Georgia Garnecki <georgia@cbrlawgroup.com>; Lourdes Alvarez <lourdes@pbmlegal.net>
**Cc:** Donald Thomas <don@cbrlawgroup.com>; Paralegal <paralegal@cbrlawgroup.com>; Omar J Perez <omar@pbmlegal.net>
**Subject:** RE: Equestrian v Isaacs, Case no. 50-2023-CA-010133 -- Isaacs' Motion for Extension of Time

Are you aware that your client "pro se" filed a Notice of Removal?  Starting with the fact that it wasn't served within 30 days of the service of the initial pleading in Federal Court (the initial Complaint was served on Equestrian's Registered Agent, Felipe Frias on 10/19/23), I'm not even sure I understand what he is trying to suggest with his "housewatch" footnote and "first-to-serve" basis.

Jose I. Baldor, Esq. | Partner

Peterson, Baldor & Maranges, PLLC
ATTORNEYS AT LAW

8000 S.W. 117th Avenue, Suite 206 | Miami, FL 33183
T 305.270.3773 | F 305.275.7410
E jose@pbmlegal.net

This email, together with any attachments, is intended only for the addressee(s). It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately by telephone or return email and delete the message, along with any attachments.

The parties were duly informed of Plaintiff's intent to remove the case on December 8. Equestrian's motion conveniently omits that it received a timely notice on the same day and objected to it, yet now demands "Sanctions Should be Imposed on Dr. Issacs[sic]." This represents fundamental dishonesty upon the Court, particularly since Equestrian acknowledged the notice on December 8.

As it turns out, the December 8 Notice used the wrong case captioning. As soon as Plaintiff's attorneys learned of this minor procedural mistake from the state court clerk, they corrected it. The corrected notice relates back to the timely notice, rendering all three of Defendants' motions completely meritless for the following reasons:

### Timeliness and Procedural Good Faith

Plaintiff filed the initial Notice of Removal timely and in good faith, intending to fully comply with the procedural stipulations of 28 U.S.C. § 1446. The filing occurred within the statutorily window of 30 days from the service of the initial complaint, respecting the principle of strict construction of removal statutes.

While the initial filing in state court rather than federal court was procedurally incorrect, it was immediately corrected upon notification from the state court. The correction to the case-caption was a clerical error and does not materially alter the intent or timeliness of the Notice of Removal. Counsel's prompt action to correct the error demonstrates a clear intent to comply with federal law.

### Doctrine of Relation Back

The corrected Notice of Removal relates back to the original, timely filing date. Courts have recognized that minor procedural defects in removal notices can be cured, especially when there is no prejudice to the Defendant, and the Plaintiff demonstrated a clear intent to invoke federal jurisdiction within the statutory timeframe. The correction of the caption and Plaintiff's[2] invocation of Section 1441 does not constitute a substantive change but is merely a formal amendment, which should not reset the removal clock or penalize the Plaintiff for an inadvertent clerical mistake.

### Remand Would Restart Clock for Timeliness of Removal

---

[2] Counsel had been working under the assumption that the deadline was December 18th or later, thirty days after the last service by publication. Upon reviewing this, Plaintiff, under an abundance of caution, realized that December 8th could arguably be the deadline. Counsel, observing the Sabbath, could not be reached, so Plaintiff filed directly in the state court system. Plaintiff's intent to comply with all relevant deadlines is simply not under question.

Were this Court to remand the case for untimeliness, Plaintiff would be obliged to file an Answer and Sherman Act counterclaim in state court. This would create a new basis for removal under 28 U.S.C. § 1441, as the answer/counterclaim would restart the clock to remove the case under federal question jurisdiction. This potential complication further supports the retention of this case in federal court and the denial of the Motion to Remand, as it aligns with the federal court's exclusive domain over antitrust matters and promotes judicial economy by preventing duplicative litigation.

Based on the timely and good faith filing of the Notice of Removal, the minor nature of the procedural defect corrected post-filing, and the federal court's exclusive jurisdiction over Sherman Act claims, Defendant respectfully requests that this Honorable Court deny Defendants' Motion to Remand. KWRI objections to purported non-payment of removal fees and case consolidation procedures are matters for the Clerk of the Court to address, and Plaintiff will oblige fully with any such requests. Accepting jurisdiction in this case serves the interests of justice by ensuring authoritative adjudication of federal antitrust laws and avoiding contradictory rulings and duplicative litigation in separate courts.

### III. MOTION TO STAY IS SUBJECT TO STIPULATION

In the interest of judicial economy, and to prevent motion practice, the parties have reached a tentative agreement to stay discovery, pending adjudication of the Motions to Dismiss. As part of the stipulation, Defendant KWRI has agreed to strike/retract its Motion to Stay, which cites incorrect information. The stipulation will be provided to the Court promptly.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the Defendants' motion to remand and retain jurisdiction over this case, as it involves critical issues of federal law which only a federal court can properly adjudicate. Plaintiff has the right to a federal forum to assert defenses under the Sherman Act, and to remand this case would be to deny that right and effectively condone monopolistic practices previously repudiated by the federal judiciary.

Respectfully submitted, this 22nd day of January 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

### CERTIFICATE OF SERVICE

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing CONSOLIDATED RESPONSE TO MOTIONS was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 22nd day of January 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews