Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law


American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC (d/b/a<br>KELLER WILLIAMS REALTY WELLINGTON),<br>EQUESTRIAN PALMS, LLC,<br><br>Defendants. | Case No. 23-cv-81393-RLR-BER<br><br><br>**MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTIONS TO REMAND & STAY** |

## MOTION FOR LEAVE TO FILE SUR-REPLY

## TO DEFENDANTS' MOTIONS TO REMAND AND STAY DISCOVERY

Plaintiff respectfully submits this Motion for Leave to file the following sur-reply to pending

motions filed by Defendants KWRI, Makai, and Equestrian. In the Consolidated Response to the

Motions to Remand & Stay litigation, Plaintiff waived objection to the stay:

> "In the interest of judicial economy, and to prevent motion practice, the parties have reached a tentative agreement to stay discovery, pending adjudication of the Motions to Dismiss. As part of the stipulation, Defendant KWRI has agreed to strike/retract its Motion to Stay, which cites incorrect information. The stipulation will be provided to the Court promptly."

A week later, KWRI filed a Reply declaring otherwise:

> "Plaintiff filed a response to the motion to stay on January 22, 2024. DE70 at 8. Plaintiff's response indicates "the parties have reached a tentative agreement to stay discovery …" and references a stipulation. *Id*. KWRI denies that these statements are true. No agreement nor stipulation has been reached or even substantively discussed. However, plaintiff's response does appear to indicate that plaintiff does not oppose the relief requested in the motion to stay. Therefore, the motion to stay should be granted as unopposed."

The following proposed sur-reply is necessary to reconcile the above discrepancy. Should

the Court grant this Motion for Leave, it is requested the following proposed sur-reply be accepted

as duly filed.

## PROPOSED SUR-REPLY

**Current State of Discovery**

On December 11, 2023 Plaintiff served Defendants KWRI and Makai with a Request for

Production and Request for Admissions, respectfully. On January 8, 2024 Defendants KWRI and

Makai filed a joint motion to stay the discovery proceedings on this case, which is remarkably a

dispute they brought to court eight months ago.  On January 10, 2024, Makai produced a Response

to Request for Admissions that denied each request for Admissions as false, on the purported basis that a pending motion to stay allowed them to submit perjured or false admissions denials. (Attached hereto as Exhibit A). Rather than simply not answer the RFAs due to a pending motion, which would itself be improper, Makai denied their truth. That is simply impermissible under all applicable rules and statutes. Similarly, Defendant KWRI failed to produce any documents for the RFP, which was a routine request to transfer discovery files from related *Deshay* and *Sitzer* litigation, as well as all documents supporting their initial disclosures. Absent a court ruling on the Motion to Stay, there currently exists no statutory basis for Defendants' refusal to adhere to standard discovery protocols. The filing of a motion to stay, especially one not marked "expedited" or "emergency" on ECF, does not unilaterally afford Defendants the discretion to issue false, delinquent, or otherwise non-compliant discovery responses.

Throughout the Rule 26 conference, Defendants' conduct — proclaiming to Plaintiff there would "never be" any discovery — mirrors their present tactics. Given the lack of a timely and proper response by the mandated January 10, 2024 deadline, Plaintiff urges this Court to, in reviewing this motion, deem all Requests for Admissions as admitted per Rule 26 and address the failure to comply with the RFP by ordering Defendants' immediate compliance.

**The Motion for Stay Contains Misleading and Detrimental Information**

In its introductory paragraph, the Motion for Stay disseminates misleading, contextually isolated, and unequivocally false statements regarding Dr. Isaacs' and his medical credentials. Dr. Isaacs has never been convicted, let alone charged, with any crime. Two decades of contending against unfounded allegations such as KWRI's provocations, all of which have eluded jury adjudication and never seen a day in court, seriously jeopardizes Plaintiff's health. Notably, the

only instances of comprehensive judicial review—by the American Academy of Medical Colleges

and a New Hampshire Employment Tribunal—conclusively vindicated Dr. Isaacs. Specifically, the

American Academy of Medical Colleges found that allegations raised by KWRI had been expunged

and were not required to be disclosed on application to medical education. Similarly, in 2013 a New

Hampshire Employment Tribunal held a full evidentiary hearing on the matter, including testimony

by Dr. Isaacs, and determined that the allegations had been expunged.

In response to Defendants' document, undersigned counsel convened a meet & confer with

Mr. Todd Stelter regarding a Motion to Strike on January 12, 2024. Mr. Stelter was apprised of his

motion's knowingly false information, which precipitates harm to Dr. Isaacs and remains wholly

irrelevant to the ongoing TCPA and Sherman Act real estate dispute. Despite Mr. Stelter's

insistence[1] on the veracity and pertinence of this information, he proposed withdrawing the motion

contingent upon a stipulation of the stay (See Exhibit B). After accepting Mr. Stelter's proposition,

Plaintiffs were subsequently informed through KWRI's reply that Mr. Stelter had reneged on this

agreement.

**KWRI Integrated Two Decades of Unresolved Complex Litigation Into This Lawsuit**

Between 2014-2022, a former Assistant United States Attorney[2] specializing in complex

health care matters worked tirelessly to facilitate Dr. Isaacs' reentry into active medical practice. In

reviewing years of federal discovery files, AUSA Mark Josephs identified evidence that a

California university was publishing false disciplinary records about Dr. Isaacs on national

academic clearinghouses. The university had previously agreed, via two federal settlement

---

[1] Opposing Counsel's fixation on Dr. Isaacs' complex litigation history evidences the distinct possibility Defendants brought the state court lawsuits, in contravention of the mediation and arbitration clauses, to burden a federal court witness they knew was already overly-burdened with litigation. That is witness harassment, and indeed is a predicate act alleged in the FAC.

[2] Former AUSA Mark Josephs spent almost a decade on *pro bono* efforts to reinstate what he described as Dr. Isaacs' promising future career in neurosurgery. Mr. Josephs tragically passed away last year.

agreements, to acquit Isaacs of any controversies and seal the acquitted records. Two competent authorities, the American Academy of Medical Colleges, and a New Hampshire Employment Tribunal, both determined that the records had been expunged. Despite judicial acknowledgment of these records' expungement, continuous false and "leaked" information obstructs Dr. Isaacs' medical career. Mr. Josephs sought declaratory judgement in two separate cases involving the Department of Education (ED) and the California university. Both were blocked, due to jurisdictional and statute of limitations challenges. In 2020, the Ninth Circuit had a divided ruling with a stark dissent on the matter.

**Plaintiff's Work with Google and Recent Patent Dispute**

As Dr. Isaacs has previously said in court, he widely credited Google with "saving his life." In 2014 a New Hampshire District Court determined Isaacs suffers medical disability under Americans with Disabilities Act (ADA) definitions. Dr. Isaacs has faced a difficult nineteen years of federal litigation surrounding his medical credentials, and today his health is significantly worse than in 2014. Just three days after aggressive threats of litigation by Agent Nico of KWRI, Isaacs developed hypoglycemia. This new onset condition, seemingly unrelated to his prior disability, has baffled University of Pennsylvania's leading endocrinology experts.  But despite these adverse factors, Google created an opportunity for Dr. Isaacs to work from home, in implementing his patent; when necessary, he attended meetings in their Miami Office. Unfortunately, a related controversy has recently transpired surrounding Dr. Isaacs' caller ID patent. (See Exhibit C and miscellaneous case 24-mc-80086-RLR-BER).

**KWRI's Position on the underlying Complex Litigation Defeats the Motion to Remand**

KWRI's refusal to retract their baseless assertions within their Motion to Stay now forces the relevancy of nearly two decades of complex litigation to the present real estate dispute. This

alone necessitates a dismissal of their Motion to Remand in favor of federal adjudication—particularly given the inability of state courts to enforce federal settlement agreements or adjudicate U.S. patent disputes intimately tied to Dr. Isaacs' decision to sell his home. If KWRI's position is that the interpretation of Dr. Isaacs' federal settlement relates to the real estate litigation, a state court is not the forum to do that. The state court is simply unable to enforce a federal settlement agreement, in the form of a federal declaratory judgement.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the Defendants' motion to remand and retain jurisdiction over this case, because it involves federal law which only a federal court can properly adjudicate.  KWRI insists that nearly two-decades of complex litigation is relevant to the underlying real estate claims. The only way to resolve that controversy once and for all, as former AUSA Mark Josephs endeavored to do for nearly a decade, is to invoke the Declaratory Judgement Act. The Motion to Stay, filed for improper reasons and used to justify evasion of RFA admissions, should be denied accordingly.

Respectfully submitted, this 6th day of February 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), on February 5, 2024 Plaintiff requested opposing counsel's assent to file this sur-reply. As of filing, no assent has been obtained.

## CERTIFICATE OF SERVICE

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing MOTION FOR LEAVE TO FILE SUR-REPLY was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 6th day of February 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews