**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  23-CV-81393-ROSENBERG/REINHART**

_____

DR. JEFF ISAACS,

                     Plaintiff,

      v.

KELLER WILLIAMS REALTY, INC., et al,

                     Defendants.

_____

**NON-PARTY GOOGLE LLC'S MOTION TO QUASH SUBPOENA**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Court's February 7, 2024 Order (Dkt. No. 13) in Case No. 24-cv-80086-RLR, Non-Party Google LLC ("Google") is re-filing in this action its motion to quash.  Google hereby moves, under Federal Rules of Civil Procedure 26 and 45, for an order quashing a subpoena that Dr. Jeffrey Isaacs served on it in this action.

This Motion is based on the Memorandum of Points and Authorities submitted herewith, the accompanying Declaration of Andrew T. Kramer and exhibits thereto, any Reply Memorandum or other papers submitted in connection with the Motion, and any information presented at argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Google respectfully moves the Court for an order quashing a deposition subpoena. Two and a half years ago, Dr. Isaacs sued Apple Inc. in the Northern District of California for alleged RICO and antitrust violations. The court granted Apple's motion to dismiss, and Dr. Isaacs appealed. Shortly before the Ninth Circuit affirmed the decision in fall 2023, Dr. Isaacs started accusing Google of conspiring with Apple to deprive him of income from a website he owns (OkCaller.com), claiming that his website got "shut off" in Google Search, demanding an investigation, and alleging that Google committed criminal witness tampering.

Dr. Isaacs is now engaged in this litigation over the unconsummated sale of his Florida home in February 2023. As the Court may already know, the buyers sued Dr. Isaacs in Florida state court after he failed to close on the transaction. In response, Dr. Isaacs filed this case against them in this District, asserting that the war in Ukraine was a force majeure event that allowed him to get out of the home sale.

Google is not a party in this action, and Dr. Isaacs's complaint does not mention OkCaller.com or Google. Nevertheless, Dr. Isaacs has sent six subpoenas in this action to Alphabet and its subsidiary, Google, over the course of a month, seeking information about his prior grievance with Google over OkCaller.com's performance in Google Search—information that is irrelevant to this action and the sale of Dr. Isaacs's home. Indeed, Dr. Isaacs's letters accompanying each of the subpoenas he has issued outright say that they are "in reference to the ongoing legal matter" between Google and "OkCaller.com." (Although in reality, there is no such legal proceeding between Google and OkCaller.com.)

Setting aside the fact that Dr. Isaacs's accusations about criminal witness tampering are

meritless, his subpoenas to Google in this action constitute an abuse of this District's subpoena power and a violation of Fed. R. Civ P. 45(d)(1). Google therefore respectfully asks this Court to issue an order quashing Dr. Isaacs' subpoena to Google.[1]

## **BACKGROUND**

### I.   **Dr. Isaacs Attempted to Drag Google Into His Failed Lawsuit Against Apple**

In July 2021, Dr. Isaacs sued Apple in federal court in California, alleging RICO and antitrust claims. *See Coronavirus Rep. et al. v. Apple Inc.*, No. 21-CV-05567-EMC (N.D. Cal.). The court dismissed that case on the pleadings. *See Coronavirus Rep. et al. v. Apple Inc.*, No. 21-CV-05567-EMC, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021). Dr. Isaacs appealed and, on November 3, 2023, the Ninth Circuit affirmed the dismissal. *See Coronavirus Rep.; CALID, Inc. v. Apple, Inc.*, 85 F.4th 948 (9th Cir. 2023).

Through the same counsel now representing him in this action, Dr. Isaacs sent a letter to Google in August 2023 threatening to move for emergency injunctive relief. *See* <u>Exhibit 1</u>, Declaration of Andrew T. Kramer ("Kramer Decl.") at ¶ 2. Dr. Isaacs accused Google of somehow conspiring with Apple to deprive him of income from OkCaller.com—income that was supposedly the "primary source of [his] funds" for litigating *Apple*—by allegedly tanking OkCaller.com's performance in Google Search. *Id.* Ex. A at 1. He claimed that Google's supposed actions amounted to criminal witness tampering under 18 U.S.C. § 1512. *Id.* In October 2023, Dr. Isaacs, through the same counsel, sent another letter, again accusing Google

---

[1]  Google's originally filed motion sought a protective order requiring Dr. Isaacs to obtain leave of court before using this action to serve additional subpoenas on Google LLC or Alphabet Inc. *See Isaacs v. Keller Williams Realty, Inc. et al.*, No. 24-cv-80086 (S.D. Fla., transferred January 24, 2023), Dkt. No. 1. After the Court directed Google to refile its motion in this action, Dr. Isaacs stipulated that, if Google's motion to quash is granted, he will not serve further subpoenas to Google LLC or Alphabet Inc.  Google therefore has withdrawn its request for a protective order in this refiled motion.

of witness tampering. *Id.* ¶ 3. He demanded an investigation into the matter, preservation of evidence, and identification of Google personnel "for possible subpoena in" the *Apple* case. *Id.* Ex. B at 2. Google explained to Dr. Isaacs (in November 2023) that his claims of any wrongdoing by Google and his threats of litigation were unfounded. *Id.* Ex. C.

## II.      Dr. Isaacs Is Currently Litigating Over the Sale of His Home

In February 2023, Dr. Isaacs contracted to sell his home in Florida. *Isaacs v. Keller Williams Realty, Inc. et al.*, No. 23-cv-81393-RLR (S.D. Fla.), Dkt. No. 25 ¶ 19. When Dr. Isaacs failed to close on the transaction, the buyers and listing agent sued him in Florida state court. *Id.*, Dkt. No. 25 ¶ 21. Dr. Isaacs responded by filing this action against those same entities—as well as another company Isaacs thought was involved (Keller Williams Realty, Inc.)—in this District, alleging claims for violation of the Telephone Consumer Protection Act, RICO, the Fair Housing Act, antitrust law, breach of contract, and abuse of process. *Id.*, Dkt. No. 25.

In this action, Dr. Isaacs points to the war in Ukraine as the justification for why he did not close on his home's sale. His complaint references a "Force Majeure" clause, which he alleges "allow[ed] either party to exit the contract [for the sale of his Florida home] if 'disrupted' by 'an act of war.'" *Id.*, Dkt. No. 25, ¶ 79. According to Dr. Isaacs, the defendants in this action "filed a false lawsuit [in Florida state court] claiming there was no war in the Ukraine ('there is no *force majeure* event.')," which Dr. Isaacs contends amounts to a breach of contract and abuse of process. *Id.*, Dkt. No. 25, ¶ 90. The defendants have moved to dismiss the case. *Id.*, Dkt. Nos. 29, 38, 39.

### III.     Dr. Isaacs Is Trying to Use This Action to Revisit His Accusation of Wrongdoing by Google Regarding OkCaller.com

So far, Dr. Isaacs has issued six subpoenas to Google and Alphabet Inc. under this action's caption. Each subpoena seeks information about Google's supposed removal of OkCaller.com from Google Search.

First two subpoenas on December 11, 2024. Dr. Isaacs initially served two subpoenas on Google LLC: one for testimony at a trial or hearing and one for production of documents. Kramer Decl., ¶ 5 & Exs. D, F. Google served objections, noting that both subpoenas were invalid and improper. *Id.* Exs. E, G. For example, no witness fee was paid for the testimony subpoena, and there was no trial or hearing in this action set for the date of compliance. *Id.* ¶ 6. Google also objected to the document subpoena on numerous grounds, including because it failed to enumerate *any* document requests. *Id.* Ex. G. In its objections to both subpoenas, Google said that it would be forced to seek court relief if Dr. Isaacs continued to seek information irrelevant to this action. *Id.* ¶¶ 7, 9 & Exs. E, G.

Next two subpoenas on December 20, 2024. Dr. Isaacs next served two subpoenas on Alphabet Inc.: one for testimony at a trial or hearing and one for documents. *Id.* ¶ 10 & Ex. H. Among other reasons, Alphabet objected to the testimony subpoena because Alphabet is not the proper subject of a subpoena seeking information regarding its subsidiary's (Google LLC's) internal operations. *Id.* Ex. I. It also objected that the subpoena was invalid because it demanded appearance at a trial or hearing when none had been set in this action for the date of compliance. *Id.* Alphabet also objected to the document subpoena for numerous reasons, including that the information it sought is irrelevant to this action. *Id.* Ex. J. Both sets of

objections again made clear that Google would have to seek a protective order if Dr. Isaacs continued to send improper subpoenas. *Id.* ¶¶ 13, 15 & Exs. I, J.

The two January deposition subpoenas. On January 4, 2024, Dr. Isaacs emailed courtesy copies of two more subpoenas to Google's counsel, without formally serving them on Google. *Id.* ¶ 18. Both subpoenas are for deposition testimony: one to Alphabet Inc. and one to Google LLC. *Id.* Neither subpoena sets forth topics for testimony. Instead, each refers to an accompanying "instruction letter." *Id.* ¶ 20 & Exs. K, L. The "instruction letters" to Alphabet Inc. and Google LLC are substantively identical, requesting testimony related to an "ongoing legal matter" regarding "the alleged termination of Google LLC's reverse phone search partnership with OkCaller.com." *Id.* ¶ 21 Exs. M at 1, N at 1. Notably, the letters effectively confirm that the subpoenas are a continuation of Dr. Isaacs's campaign against Google from his *Apple* case, citing his August 2023 correspondence about OkCaller.com and discussing his "concerns" about criminal tampering under 18 U.S.C. § 1512. *Id.* The potential testimony topics mentioned in the letters include:

- "[T]he decision-making process regarding OkCaller.com's status in Google's reverse phone search algorithm."

- "[F]inancial estimates of payments OkCaller generated that were directed to Apple";

- "[D]ocumentation of any other agreements, contracts, or de facto relationships with Apple that could impact OkCaller's operations and/or rankings . . . including, but not limited to, communications channels discussing website security, privacy, reputation, affiliations, IP, or other matters"; and

- "Google's ten largest phone search websites by organic referral volume."

On January 9, 2024, at Dr. Isaacs's request, Google's counsel met and conferred by phone with Dr. Isaacs and his counsel regarding the deposition subpoenas that Dr. Isaacs had emailed to counsel but not yet served. *Id.* ¶ 29. During that discussion, Dr. Isaacs and his counsel stated that they are focused on securing testimony on two issues: (1) why OkCaller.com got "shut off" on Google Search; and (2) whether and how the performance of OkCaller.com (or any of Dr. Isaacs's other websites) in Search will improve in the future. *Id.* ¶ 29. When asked about how those issues are relevant to this action, Dr. Isaacs's sole rationale was that the issues supposedly pertain to the force majeure clause in the sale contract for his Florida home. *Id.* ¶ 30. Further, Dr. Isaacs and his counsel asserted several times that Google would be in contempt if it does not comply with the subpoenas, and repeatedly threatened to sue Google if it does not provide testimony on the two OkCaller.com issues. *Id.* Google informed Dr. Isaacs and his counsel that Google would move for relief from the court once the subpoenas were actually served. *Id.*

On January 12, 2024, Dr. Isaacs served the Google deposition subpoena, along with a subpoena for documents.[2] *Id.* ¶¶ 23, 25. Google served its objections on January 16, reiterating that the deposition topics are irrelevant to this action and that Google is left with no choice other than seeking relief from the court. *Id.* ¶ 24 & Ex. P. Indeed, the defendants in this action have the same view of Dr. Isaacs conduct: in their Motion to Stay Discovery (filed on January 8, 2024), the defendants called out Dr. Isaacs's improper subpoenas to Google: "It is obviously improper for plaintiff to be spraying out subpoenas across the federal court system using the

---

[2] As of today, the Alphabet deposition subpoena does not appear to have been served. Alphabet reserves the right to seek relief from that subpoena if it is served.

caption of this case but involving other matters." *Isaacs v. Keller Williams Realty, Inc. et al.*, No. 23-cv-81393 (S.D. Fla.), Dkt. No. 61 at 3.

## ARGUMENT

Dr. Isaacs's deposition subpoena to Google should be quashed because it seeks information that is irrelevant to this action.

### I.   Legal Standard

A subpoena must be quashed when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Under Rule 45, "courts consider the scope of discovery under a subpoena as the same as the scope of discovery under Rule 26." *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-CV-24821, 2020 WL 7493110, at *2 (S.D. Fla. Oct. 23, 2020). Critically, under Rule 26, a party is entitled to seek only nonprivileged information "that is ***relevant*** to any party's claim or defense and ***proportional*** to the needs of the case." Fed. R. Civ. P. 26(b) (emphases added); *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla. Properties, L.P.*, 2023 WL 5831467, at *4 (S.D. Fla. Sept. 8, 2023) ("The third party also can object that the subpoenaed evidence is irrelevant or disproportionate to the needs of the case.") (citing *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020)). Accordingly, courts routinely quash subpoenas where the information sought is irrelevant: particularly where, as here, it is "entirely untethered to the claims and allegations in [the] case." *Marine Depot*, 2020 WL 7493110, at *2.

### II.   The Subpoenas Seek Irrelevant Information and Should be Quashed

"All civil discovery must be relevant to the claims or defenses in the litigation in which the discovery is sought." *Dick's Sporting Goods*, 2023 WL 5831467, at *4. "Once a proper objection is lodged, the party seeking discovery has the burden of proving relevance." *Id.*; *see*

*CBS Broad. Inc. v. EchoStar Commc'ns Corp.*, No. 98-2651-CIV, 2003 WL 27387392, at *3 (S.D. Fla. Jan. 8, 2003) ("The party seeking discovery bears the burden of demonstrating the relevance of the information sought to the claims or defenses in the litigation."). Dr. Isaacs cannot meet that burden here. The "instruction letter" accompanying Dr. Isaacs's January 2024 deposition subpoena confirms that it seeks information about his prior grievance against Google. As Dr. Isaacs put it: "Our last communication, underscoring the need for evidence preservation and a thorough investigation into the abrupt changes in Google's search algorithm impacting OkCaller.com, has not been adequately addressed." Kramer Decl., Ex. M at 1, Ex. O at 1.

That information is not relevant to this action. During the January 9 meet and confer, Dr. Isaacs had no justification for most of the topics listed in his instruction letter. Instead, Dr. Isaacs focused on why OkCaller.com supposedly got "shut off" in Google Search and whether any of his websites might do better in Search in the future. *Id.* ¶ 29. Dr. Isaacs asserted that those two issues are relevant to this action because, if OkCaller.com (or another of his websites) sees improved performance in Google Search, then he might make more money, and then the increased income might impact his ability to rely on the real estate contract's force majeure clause. *Id.* ¶ 30.

Dr. Isaacs's explanation for seeking this information about OkCaller.com is refuted by the pleadings in this action. To be clear, the force majeure event identified in Dr. Isaacs's complaint in this action is "an act of war": the war in Ukraine. *Isaacs*, Dkt. No. 25, ¶ 79. The complaint does not mention a decrease in revenue from OkCaller.com—and nothing in the complaint has anything to do with Google. Even pretending for a moment that the complaint somehow put Dr. Isaacs's decreased revenue from OkCaller.com at issue, the two topics Dr.

Isaacs identified during the meet and confer would still be irrelevant. The reason *why* OkCaller.com saw decreased performance in Search would have no bearing on Dr. Isaacs's argument that his financial circumstances in 2023 (coupled with the war in Ukraine) justified his refusal to close on the sale of his residence. And testimony about the potential future performance of Dr. Isaacs's websites in Google Search in 2024 is likewise irrelevant.[3]

In sum, testimony from Google regarding OkCaller.com's performance on Google Search (either in the past or in the future) is irrelevant to this action. Dr. Isaacs should not be allowed to exploit this Court's subpoena power to go on a fishing expedition regarding his unrelated grievance against Google. *See, e.g.*, *Marine Depot*, 2020 WL 7493110, at *2 (quashing subpoena that sought material "entirely untethered to the claims and allegations in [the] case").

## CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court quash Dr. Isaacs's deposition subpoena to Google LLC that was served on January 12, 2024.

---

[3] Indeed, the force majeure clause states that, "if such Force Majeure event continues to prevent performance under this Contract more than 30 days beyond Closing Date, then either party may terminate this Contract by delivering written notice to the other." *Isaacs v. Keller Williams Realty, Inc. et al.*, No. 23-cv-81393 (S.D. Fla.), Dkt. No. 29-1, at 19. The contract defines the Closing Date as April 21, 2023. *Id.* at 12. In other words, Dr. Isaacs's ability to invoke the force majeure clause matured by May 21, 2023.

Dated February 9, 2024                    Respectfully submitted,

                                          **WILSON SONSINI GOODRICH &
                                          ROSATI**
                                          620 Page Mill Road
                                          Palo Alto, CA 94303-1050
                                          T: 650-493-9300
                                          Andrew T. Kramer (*pro hac vice pending*)
                                          akramer@wsgr.com

                                          --and--

                                          **GREENBERG TRAURIG, P.A.**

                                          */s/      John L. McManus*
                                          John L. McManus, Esq.
                                          Florida Bar No. 0119423
                                          401 East Las Olas Boulevard
                                          Suite 2000
                                          Fort Lauderdale, FL 33301
                                          Tel. (954) 768-5201
                                          Fax (954) 765-1477
                                          E-mail:  mcmanusj@gtlaw.com

                                          *Attorneys for Non-Party Google, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

        The undersigned counsel certifies that a good faith effort has been made to work out the
subject matter of this Motion with all parties or non parties affected by the relief set forth herein,
and that the detailed contents of the meet and confer efforts are set forth in the Declaration of
Andrew Kramer filed contemporaneously herewith.

                                          */s/      John L. McManus*
                                          JOHN L. MCMANUS