**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  23-CV-81393-ROSENBERG/REINHART**

---

DR. JEFF ISAACS,

     Plaintiff,

  v.

KELLER WILLIAMS REALTY, INC., et al,

     Defendants.

---

## DECLARATION OF ANDREW T. KRAMER

## IN SUPPORT OF GOOGLE LLC'S MOTION TO QUASH

1.  I, Andrew T. Kramer, declare as follows:

2.  I am an attorney with the law firm Wilson Sonsini Goodrich & Rosati, representing Google LLC ( "Google"). I submit this declaration in support of Google's Motion to Quash. Email addresses and the names of non-attorney employees within exhibits have been redacted to protect against publicizing personal information. I am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of them.

**The *Apple* case and OkCaller.com's accusations of evidence tampering**

3.  Attached as **Exhibit A** is a true and correct copy of a letter, dated August 24, 2023, that Google received from attorney Keith Mathews regarding OkCaller.com. That letter concerns "a

Sherman Act and RICO action against Apple Inc. pending appeal in the Ninth Circuit." Ex. A at 1. According to the letter, "[t]he primary source of funds for [the plaintiff in that case] is OkCaller.com." *Id.* The letter states that "Google removed OkCaller.com from" Google Search results and that, "[i]nsofar as OkCaller.com's success on Google and Bing evidenced a stark contrast to Apple's treatment of the underlying intellectual property, the removal from [Google's] system materially alters evidence for the Apple federal antitrust proceeding." *Id.* It thus "appear[ed] Apple and/or Gibson Dunn corruptly influenced Google and rather suspiciously terminated Dr. Isaacs' last remaining career." *Id.* at 2. The letter requests "an immediate investigation into [their] substantiated concern that this removal of [OkCaller.com] . . . constituted witness tampering pursuant to 18 U.S.C. § 1512." *Id.* at 1. The letter also requests that Google "immediately preserve OkCaller.com's properly earned place in Google's search results" "[t]o avoid a motion for emergency injunctive relief." *Id.* at 2.

4.      Attached as **Exhibit B** is a true and correct copy of a letter, dated October 17, 2023, that Google received from attorney Keith Mathews regarding OkCaller.com. That follow-on letter again "address[ed] the alleged termination of Google's . . . partnership with OkCaller.com," which "raised serious concerns about potential evidence corruption under 18 U.S.C. § 1512." Ex. B at 1. Mr. Mathews "request[ed] confirmation that Google has indeed investigated this matter and is fully compliant with evidence preservation regulation." *Id.* at 2. He also requested identification of "all individuals involved in this matter . . . for possible subpoena in" the *Apple* case. *Id.* In closing, he stated that he "anticipate[d] escalating this matter within the Department of Justice" unless Google would participate in mediation. *Id.*

5.      Attached as **Exhibit C** is a true and correct copy of a letter, dated November 3, 2023, that I sent to attorney Keith Mathews regarding his August 23 and October 17 letters.

**Jeffrey Isaacs's December 2023 subpoenas to Google LLC**

5.      On December 11, 2024, Jeffrey Isaacs served two subpoenas on Google LLC out of this action. One was for testimony at a trial or hearing in this action, and the other was for the production of documents.

6.      Attached as **Exhibit D** is a true and correct copy of Dr. Isaacs's testimony subpoena to Google LLC, dated December 7, 2023, and the documents that were served with the subpoena (with email addresses and employee names redacted). The subpoena is one "to appear and testify at a hearing or trial in a civil action" and to produce at the time of appearance "[a]ll documents, ESI or other evidence in your custody and/or control pertaining to Google's November 2022 removal of OkCaller.com pages from Reverse Phone Search." Ex. D at 1. The subpoena does not identify any topics for testimony, but instead references an accompanying letter that further discusses the supposed removal of OkCaller.com from Google Search. *Id.* at 5-7. The date for appearance was "January 8, 2024." *Id.* at 1. Upon receiving a copy of the subpoena, I inquired with Google as to whether a witness or travel free was tendered upon service pursuant to Fed. R. Civ. P. 45(b)(1). Google informed me that no fee had been tendered. I also checked for scheduled hearing or trial dates in this action using the Southern District of Florida's Electronic Court Filing System (ECF) website. ECF identified no hearings or trials (or any other court appearances) on January 8, 2024. To the best of my knowledge, no hearings or trials have been scheduled on that date in this action.

7.      Attached as **Exhibit E** is a true and correct copy of Google LLC's responses and objections to Dr. Isaacs's December 7 testimony subpoena (Exhibit D), dated December 21, 2023. Google objected to the subpoena on multiple grounds, including that it is invalid and unenforceable because (1) it fails to identify the court from which it was issued; (2) it

commands attendance "at a hearing or trial" that was not (and never was) scheduled; and (3) no witness or travel fee was paid. Ex. E at 1-2. Google also explained that the subpoena was "a thinly veiled attempt to use the subpoena power of the U.S. District Court for the Southern District of Florida as the latest avenue for seeking information related to Dr. Isaacs's completely unrelated grievance regarding the supposed removal of OkCaller.com URLs from Google Search results." *Id.* at 1. Google objected to the subpoena in full, stating that it would "not produce documents" or "a witness to appear and testify at the time and place requested by the Subpoena and may seek a protective order in the Northern District of California if" Dr. Isaacs's improper requests for information persisted. *Id.* at 5.

8.    Attached as **Exhibit F** is a true and correct copy of Dr. Isaacs's document subpoena to Google LLC, dated December 7, 2023, and the documents that were served with the subpoena (with email addresses and employee names redacted). The subpoena is one "to produce documents, information, or objects or to permit inspection of premises in a civil action."  Ex. F at 1. The subpoena does not identify any documents or categories of documents for production, leaving that section of the form completely blank. *Id.* Nor does it identify the court from which it was issued. *Id.*

9.    Attached as **Exhibit G** is a true and correct copy of Google LLC's responses and objections to Dr. Isaacs's December 7 document subpoena (Exhibit F), dated December 21, 2023. Given the subpoena's failure to identify the issuing court or any information for production, Google objected to the subpoena in full, stating that it would "not produce documents in response to the Subpoena and may seek a protective order in the Northern District of California if [Dr. Isaacs's] demands for information and procedural irregularities persist." *Id.* at 5.

**Dr. Isaacs's December 2023 subpoenas to Alphabet Inc.**

10.     On December 20, 2024, Dr. Isaacs served two subpoenas on Alphabet Inc. in this action. One was for testimony at a trial or hearing in this action, and the other was for the production of documents.

11.     Attached as **Exhibit H** are true and correct copies of Dr. Isaacs's testimony subpoena and document subpoena to Alphabet Inc., both dated December 11, 2023, and the documents that were served with the subpoenas (with email addresses and employee names redacted).

12.     The testimony subpoena is one "to appear and testify at a hearing or trial in a civil action" and to produce at the time of appearance "[a]ll documents, ESI or other evidence in your custody and/or control pertaining to Google's November 2022 removal of OkCaller.com pages from Reverse Phone Search." Ex. H at 1. The subpoena does not identify any topics for testimony, but instead references an accompanying letter that further discusses the supposed removal of OkCaller.com from Google Search. *Id.* at 7-10. The date for appearance was "January 11, 2024." *Id.* at 1. Upon receiving a copy of the subpoena, I checked for scheduled hearing or trial dates in this action using the Southern District of Florida's ECF website. ECF identified no hearings or trials (or any other court appearances) on January 11, 2024. To the best of my knowledge, no hearings or trials have been scheduled on that date in this action.

13.     Attached as **Exhibit I** is a true and correct copy of Google LLC's responses and objections to Dr. Isaacs's December 11 testimony subpoena (Exhibit H at 1), dated January 4, 2023. As an initial matter, Alphabet Inc. objected to the subpoena as improperly served because it is not the proper target of a subpoena regarding its subsidiary's activities. Ex. I at 1. Construing the subpoena as one to Google LLC, Google objected to the subpoena on multiple grounds, including that it is invalid and unenforceable because it commands attendance "at a

hearing or trial" that was not (and never was) scheduled. *Id.* at 2. Google explained that the

subpoena, like Mr. Isaccs's earlier subpoenas, was "a thinly veiled attempt to use the subpoena

power of the U.S. District Court for the Southern District of Florida as the latest avenue for

seeking information related to Dr. Isaacs's completely unrelated grievance regarding the

supposed removal of OkCaller.com URLs from Google Search results." *Id.* at 1. Google

objected to the subpoena in full, stating that it would "not produce documents" or "a witness to

appear and testify at the time and place requested by the Subpoena and may seek a protective

order in the Northern District of California if" Dr. Isaacs's improper requests for information

persisted. *Id.*at 5.

14.     In addition to his testimony subpoena, Mr. Issacs also served on Alphabet Inc. a

document subpoena, dated December 11, 2023, "to produce documents, information, or objects

or to permit inspection of premises in a civil action."  Ex. H at 4. The subpoena commands

production of "[a]ll documents, ESI, or evidence regarding Dr. Isaacs attendance at Google

Miami; termination of his/OKCaller's partnership; reissue patent infringement; Reverse Phone

Search top 10 competitor ranking factors, traffic, correspondence, internal memoranda,

attendance at AdSense offices, and profitability." *Id.*

15.     Attached as **Exhibit J** is a true and correct copy of Google LLC's responses and

objections to Dr. Isaacs's December 11 document subpoena (Exhibit H at 4), dated January 4,

2024. Google again explained that the sought information is irrelevant to this action and stated

that it would "not produce documents in response to this request and may seek a protective

order in the Northern District of California if these activities persist." *Id.* at 4.

16.     Alphabet Inc. and Google LLC are both headquartered and have their principal places

of business in Mountain View, California.

**Dr. Isaacs's January 2024 subpoenas to Alphabet Inc. and Google LLC**

17.     On January 4, 2024, Dr. Isaacs emailed me courtesy copies of two subpoenas, both dated January 2, 2024: (1) a deposition subpoena for Alphabet Inc.; and (2) a deposition subpoena for Google LLC.

18.     Attached as **Exhibit K** is a true and correct copy of the Alphabet subpoena that Dr. Isaacs emailed to me on January 4. The subpoena purports to set a deposition in Miami, Florida on January 22, 2024, and also states that "[r]emote video deposition [is] allowed." Ex. K at 1.

19.     Attached as Exhibit **L** is a true and correct copy of the Google subpoena that Dr. Isaacs emailed to me on January 4. The subpoena purports to set a deposition in Palo Alto, California on February 5, 2024. Ex. L at 1.

20.     Neither subpoena identifies the topics for testimony. Instead, they each refer to "attached instructions." Ex. K at 1, Ex. L at 1. Attached as **Exhibits M** and **N** are true and correct copies of the "instruction" letters that accompanied the Alphabet subpoena and the Google subpoena, respectively.

21.     Apart from some minor changes to account for the different companies each letter addresses (Alphabet Inc. or Google LLC), the letters are identical. *Compare* Exs. M & N. Both letters state that they are "in reference to the ongoing legal matter involving Alphabet Inc., Google LLC, and OkCaller.com." Ex. M at 1, Ex. N at 1. The letters reference Dr. Isaacs's August 23, 2023 letter to Google "regarding the alleged termination of Google LLC's . . . partnership with OkCaller.com" and his "concerns . . . around potential violations of 18 U.S.C. § 1512." *Id.* But the four-page "instruction" letters do not clearly identify the topics for testimony. Nonetheless, I made a good faith effort to parse the letters and identified the below language as possibly seeking testimony in connection with the subpoenas:

b. "[I]nformation pertaining to the decision-making process regarding OkCaller.com's status in Google's reverse phone search algorithm";

c. "Google's ten largest phone search websites by organic referral volume";

c. "[T]estimony about infringers of the reissue patent";

d. "[T]estimony of Google's investigation into infringement";

e. "Google's induced/passive profits from infringement";

f. "[T]estimony about correspondence about OkCaller.com";

g. "[A]ny other information related to Dr Isaacs' attendance as a 'trusted partner' at Google Miami or other relevant information to this matter";

h. "[I]nformation as to the auto-delete impact on relevant evidence, as documented by FBI";

i. "[T]estify as to all evidence in their possession pertaining to the financial and emotional distress such decisions have caused developers, including Dr. Isaacs";

j. "All documentation, notes, or memoranda supporting or refuting the assertion that 'trusted partners' may constitute 'independent contractor,' 'worker,' 'employee,' 'agent,' or 'representative' subject to legal protections around such privity is hereby requested to be known to your representative at deposition";

k. "[T]estimony on the circumstances leading to near-outright sudden termination of Top 2000/Top 50 sites is requested";

l. "[T]estimony on all evidence of their profit streams and ranking factors from lucrative, over-priced competitors that charge users to look up phone records (eg WhitePages)";

m. "Testimony that corroborates or contradicts Dr. Isaacs' claim of his site contributing a $100 million savings to the domestic economy";

n. "[T]estimony on financial estimates of payments OkCaller generated that were directed to Apple";

o. "[A]ll payments generated by websites that infringe upon the reissue patent are requested for testimony";

p. "[T]estimony familiar with documentation of any other agreements, contracts, or de facto relationships with Apple that could impact OkCaller's operations and/or rankings is hereby requested, including, but not limited to, communications

channels discussing website security, privacy, reputation, affiliations, IP, or other matters";

q.  "The individual at deposition shall be familiar with all relevant facts mentioned in this letter, the Ninth Circuit Motion for Referral, and other documents previously provided to Alphabet.";

r.  "As described more fully in Plaintiff's Ninth Circuit request for referral, that individual may reference any organization chart identifying all individuals (staff, managers, attorneys, etc) that played a role in either the Thanksgiving 2022 Adverse Event or the December 2022 Anti-Semitic Reference Event. She/he shall be familiar with any evidence Alphabet possesses documenting any investigation into either of these events."

22.   On January 12, 2024, Dr. Isaacs served the Google deposition subpoena. Attached as **Exhibit O** is a true and correct copy of that subpoena and the accompanying instruction letter. The subpoena is identical to the one that Dr. Isaacs emailed to me on January 4. The accompanying instruction letter is also the same as the version Dr. Isaacs emailed to me on January 4, with one exception. The version of the letter served with the subpoena on January 12 removed the sentence, "Because Google won't even disclose whether or not this change is a permanent end to his career with Google, he cannot make an informed decision in the dispute with KW." *Compare* Ex. N at 3 (second full paragraph) *with* Ex. O at 3 (second full paragraph).

23.   Attached as **Exhibit P** is a true and correct copy of Google's responses and objections to the Google deposition subpoena. Google objected to the subpoena in full, explaining that the subpoena "fails to identify the matters for testimony with reasonable particularity" and that "Google is not obligated to search through the four-page letter that accompanies the Subpoena[s] and guess at what information is being sought." Ex. P at 4. Google also objected that the subpoena sought only irrelevant information and that Dr. Isaacs's "practice of repeatedly issuing such procedurally and substantively improper subpoenas (six to date) is"

improper. Ex. P at 2. In response to the subpoena, Google stated that it would not "provide a witness to testify or appear" and "intends to move for a protective order." Ex. P at 2.

24.     On January 12, 2024, Dr. Isaacs also served a document subpoena on Google (dated January 2, 2024). Attached as **Exhibit Q** is a true and correct copy of that subpoena and the materials that were served along with the subpoena (with email addresses and employee names redacted). Google served its objections on January 16, 2024, stating that it will not produce documents in response to the Subpoena.

**<u>Meet and Confer</u>**

25.     On January 3, 2024, I met and conferred with Dr. Isaacs's counsel by telephone. Counsel informed me that he had prepared new subpoenas that he claimed corrected the procedural issues Google identified with Dr. Isaacs's earlier subpoenas—such as by identifying the issuing court and paying the witness and travel fees—and would shortly serve the new versions.

26.     On January 5, 2024, after Dr. Isaacs emailed me courtesy copies of the forthcoming deposition subpoenas, Dr. Isaacs's counsel emailed me "to schedule a follow up meet and confer." A few hours later, Dr. Isaacs sent an email on that chain stating, "We anticipate to move for the Court to hold your client in contempt for failing to comply with a valid subpoena, absent your immediate reply to Meet & Confer." I responded that same day, offering to speak on January 9. Attached as **Exhibit R** is a true and correct copy of that email chain between me, Dr. Isaacs, and Dr. Isaacs's counsel, dated November 15, 2023 to January 8, 2023 (with Dr. Isaacs's and a Google employee's email addresses redacted).

27.     On January 8, 2024, Dr. Isaacs emailed me on that email chain, "demand[ing] to know whether or not [my] firm is assisting Keller Williams" in this action, and stating that he will

"begin live streaming and publishing a blog documenting all the legal abuse and witness harassment [he is] being subjected to by [my] firm, Apple, and now [Keller Williams]." Ex. Q at 1.

28.     On January 9, 2024, I met and conferred with Dr. Isaacs and his counsel, Keith Mathews, by telephone regarding the deposition subpoenas that Dr. Isaacs had emailed courtesy copies of on January 4, but not yet served. During that call, Dr. Isaacs's counsel stated that both subpoenas would be formally served. I explained Google's position that the information sought in Dr. Isaacs's subpoenas is irrelevant to this action. Dr. Isaacs and his counsel said that what they are truly "looking for" is information about (1) why OkCaller.com was "shut off" on Google Search; and (2) whether OkCaller.com or other of Dr. Isaacs's websites would be "turned back on" in Search and how. I noted that the subpoenas are broader in scope than those two issues and asked how the information they seek is relevant to this action.

29.     Dr. Isaacs and his counsel did not explain the relevance of all the information the subpoenas seek. Instead, they stated that the two above-identified issues are relevant to the force majeure clause in this action. In particular, they said that those issues relate to Dr. Isaacs's income and whether he will be "forced to move back to a warzone." During the January 9 call, Dr. Isaacs and his counsel repeatedly stated that Google will be in "contempt" if it does not provide the information they seek regarding OkCaller.com. They said that, if Google does not provide that information, they may "have to sue Google" and "fight" Google "like Apple." I informed Dr. Isaacs and his counsel that Google would move for a protective order once the deposition subpoenas were actually served.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge. Executed the 9th day of February, 2024 in San Francisco, California.

*/s/ Andrew T. Kramer*
Andrew T. Kramer