# Exhibit A



Google Office of General Counsel
1600 Amphitheatre Parkway
Mountain View, CA 94043

RE: OkCaller.com

Dear Google,

    I represent Coronavirus Reporter and a proposed class in a Sherman Act and RICO action against Apple Inc. pending appeal in the Ninth Circuit.[1] The primary source of funds for Coronavirus Reporter is OkCaller.com, a web property featured in Google search results for nine years. The day our closing brief was tendered to the Ninth Circuit, Google removed OkCaller.com from its listings. Google employees that had been in contact with OkCaller.com, since its inception, similarly went silent and stopped responding to correspondence. A dozen competitors in the reverse-search space were unaffected.

    I write you to request an immediate investigation into our substantiated concern that this removal of a nine-year old strategic advertising partner constituted witness tampering pursuant to 18 U.S.C. §1512.

    Insofar as OkCaller.com's success on Google and Bing evidenced a stark contrast to Apple's treatment of the underlying intellectual property, the removal from your system materially alters evidence for the Apple federal antitrust proceeding. The relevant portions are found in section §1512(b) and/or §1512(c) and apply to Apple's and/or Google's role (if material), respectively:

> *"(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to— (1)influence, delay, or prevent the testimony of any person in an official proceeding; (2)cause or induce any person to— (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;...*
> *(c)Whoever corruptly— (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."*

    The developer of OkCaller and inventor of the underlying patent is a party to the Coronavirus Reporter case. I have represented this developer, Dr. Isaacs, for over a decade in efforts to enforce an acquittal that permitted him to practice medicine. Apple counsel Gibson Dunn is alleged, in the pending RICO action, to have taken increasingly damaging actions against Dr.

---

[1] Case No. 3:21-cv-5567-EMC in the United States District Court for the Northern District of California, and Case Nos. 22-15166 & 22-15167 in the United States Court of Appeals for the Ninth Circuit.

1000 Elm Street, Suite 800, Manchester, New Hampshire 03101
Tel: 603-622-8100  Fax: 888-912-1497

Isaacs' career over the years. Dr. Isaacs, despite worsening medical disability, has nonetheless been proud of his ability to work with Google while his medical career was stalled. With Google, he provided a useful and free service to over two hundred million end-users. It now appears Apple and/or Gibson Dunn corruptly influenced Google and rather suspiciously terminated Dr. Isaacs' last remaining career. As alleged, 18 U.S.C. §1512(d) applies directly and/or as a RICO predicate act by this longstanding enterprise.

> *"(d)Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from— (1) attending or testifying in an official proceeding; shall be fined under this title or imprisoned not more than 3 years, or both."*

Additionally, the conduct violates 18 U.S.C. §1513, which prohibits retaliation against a witness. Terminating a decade-old profitable business line, which served as the primary funding for a Sherman Act civil action, falls squarely within this statute:

> *"(b)Whoever knowingly engages in any conduct and thereby ... damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for— (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding;"*

This letter serves as notice of your obligation to preserve all evidence, including ESI, relevant to this concern. Please investigate the matter to the extent necessary to identify the individuals at Apple, Gibson Dunn, and/or Google who influenced the improper take-down of OkCaller.

Google's decision to drop my client's website, in favor of cached PII sites such as spokeo.com, is particularly perplexing considering the recent request by the US Marshals to limit cached PII of federal judges (see *https://www.law.com/nationallawjournal/2023/03/16/federal-judges-got-thepower-to-remove-their-private-info-from-the-internet-and-theyre-using-it/*). As you are aware, OkCaller is unique in that it worked with Google back in 2013 to ensure that the SERPs never cache CNAM caller ID. This was the only website to seek this protection of PII, well ahead of its time over a decade ago. Google needs to promptly reimplement this unique protective measure.

To avoid a motion for emergency injunctive relief, sent under separate cover, I request that you respect the *status quo* present at the initiation of the Coronavirus Reporter case and immediately preserve OkCaller.com's properly earned place in Google's search results until this matter is fully adjudicated.

Finally, I wish to point out that 18 U.S.C. §1505 directly applies to obstruction of certain antitrust proceedings. I appreciate your attention to these matters and hope we can achieve an amicable and prompt resolution.

Sincerely,

Keith Mathews, Esq.

1000 Elm Street, Suite 800, Manchester, New Hampshire 03101
Tel: 603-622-8100   Fax: 888-912-1497