# Exhibit C

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 866.974.7329

ANDREW KRAMER
Internet: AKRAMER@wsgr.com

November 3, 2023

**Via Email and U.S. Mail**

Keith Mathews
1000 Elm Street, Suite 800
Manchester, New Hampshire 03101
keith@awplegal.com

Re:   *OkCaller.com*

Dear Counsel:

We represent Google LLC ("Google"). We write in response to your August 24 and October 17, 2023 letters regarding *Coronavirus Reporter v. Apple Inc.* and the supposed removal of OkCaller.com ("OkCaller") from Google Search results.

As Google explained in its August 29, 2023 correspondence, OkCaller remains listed in Google Search and is equally eligible to appear in Search results for user queries. Nonetheless, you claim that Google removed certain "reverse phone queries" from Search results and that such removal constitutes "evidence corruption under 18 U.S.C. § 1512." Oct. 17, 2023 Ltr. from K. Mathews at 1. Specifically, you assert that the intellectual property "underlying" OkCaller is the subject of claims brought against Apple in the *Coronavirus Reporter* case and that, "[i]nsofar as OkCaller's success on Google . . . evidenced a stark contrast to Apple's treatment of the underlying intellectual property," Google's supposed actions constitute "witness tampering." Aug. 24, 2023 Ltr. from K. Mathews ("August 24 Letter") at 1. Those claims are frivolous.

Section 1512 prohibits the "corrupt[]" and "intent[ional]" obstruction of justice. *See* 18 U.S.C. § 1512(b), (c); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005) ("If the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, . . . he lacks the requisite intent to obstruct."). Google had (and continues to have) no reason to think that its Search results have any bearing on the *Coronavirus Reporter* case.[1] Google is not involved in that case, and your current claim that Google Search results are somehow relevant is makeweight. In any event, you acknowledge that any removal of Search results occurred ***after***

---

[1] Your statement that "Apple and/or Gibson Dunn corruptly influenced Google" to take action against OkCaller is fantasy. *See* August 24 Letter at 2. Even in that imaginary scenario, **Google** would be the victim of undue influence.

**WILSON SONSINI**

Keith Mathews
November 3, 2023
Page 2

the *Coronavirus Reporter* case was dismissed, and your letters show that OkCaller already has records of its historical performance in Search. Section 1512 has no application here.

  The law does not prohibit Google from removing content from its Search results. To the contrary, it protects Google's editorial judgments about what to publish or not publish on its service. *See, e.g.*, *NetChoice, LLC v. AG, Fla.*, 34 F.4th 1196, 1210 (11th Cir. 2022) (First Amendment protects online services' decisions about whether to "'disclose,' 'publish,' or 'disseminate' information" on their services); *Gonzalez v. Google LLC*, 2 F.4th 871, 944 (9th Cir. 2021), *vacated on other grounds*, 143 S. Ct. 1191 (Section 230 of the Communications Decency Act immunizes online service providers' decisions about "whether to publish, withdraw, postpone or alter [third-party] content").[2] The First Amendment and Section 230 bar any claim that Google must include in Search results the particular content that OkCaller desires. Google has every right to determine the content of its Search results. Any removal of content is not only protected by the First Amendment and federal law, it is also irrelevant (and unrelated) to the *Coronavirus Reporter* case. But again, OkCaller.com remains listed in Search and accessible to Search users.

  Google will not engage with you further on this matter.

               Very truly yours,

               WILSON SONSINI GOODRICH & ROSATI
               Professional Corporation

               Andrew Kramer

---

[2] *See also, e.g., Hopson v. Google*, LLC, No. 21-CV-320-WMC, 2023 WL 2733665, at *7-8 (W.D. Wis. Mar. 31, 2023) (First Amendment protects Google's decisions to exclude search results); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629-30 (D. Del. 2007) (Section 230 immunizes Google's decisions to "screen[] and delet[e]" content).