# Exhibit H

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Dr. Jeff Isaacs | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  23-cv-81393-RLR |
| Keller Williams Realty, Inc., et al | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Alphabet Inc.
re: "Google Miami,"  1450 Brickell Ave Suite 901, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: 500 Brickell Key Dr, Miami, FL 33131 | Courtroom No.: |
|---|---|
| | Date and Time:  January 11, 2024 at 09:30AM |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: All documents, ESI, or other evidence in your custody and/or control pertaining to Google's November 2022 removal of OkCaller.com pages from Reverse Phone Search ( "Thanksgiving 2022 adverse event" ).
Please see attached documentation regarding the Thanksgiving 2022 adverse event.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/11/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | s/ Keith Mathews |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Dr Jeff Isaacs
_____ , who issues or requests this subpoena, are:
Keith Mathews, 1000 Elm Street Suite 800, Manchester NH 03105  603-622-8100  keith@awplegal.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 23-cv-81393-RLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0     .

I declare under penalty of perjury that this information is true.

Date: _____

                     _____
                                   *Server's signature*

                     _____
                               *Printed name and title*

                     _____
                                 *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Dr. Jeff Isaacs | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  23-cv-81393-RLR |
| Keller Williams Realty, Inc., Makai Southeast, LLC (d/b/a Keller Williams Realty Wellington), Equestrian Palms LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Alphabet Inc.
          re:  "Google Miami,"  1450 Brickell Ave Suite 901, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached instructions. All documents, ESI, or evidence regarding Dr. Isaacs' attendance at Google Miami; termination of his/OkCaller's partnership; reissue patent infringement; Reverse Phone Search top 10 competitor ranking factors, traffic, correspondence, internal memoranda, attendance at AdSense offices, and profitability.

| Place: 500 Brickell Key Dr, Miami, FL 33131 | Date and Time: January 11, 2024 at 09:30AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 11, 2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | s/ Keith Mathews |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Dr Jeff Isaacs
, who issues or requests this subpoena, are:
Keith Mathews, 1000 Elm Street Suite 800, Manchester NH 03105  603-622-8100  keith@awplegal.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-81393-RLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment   Reset

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

To: Alphabet Inc. Legal Team
Date: December 11, 2023
Re: Subpoena for Documents and Testimony –
    *Thanksgiving 2022 Adverse Event & December 2022 Anti-Semitic Event*

Dear Alphabet Legal Team:

I am writing on behalf of my client, Dr. Jeff Isaacs, in reference to the ongoing legal matter involving Alphabet Inc., Google Miami, and OkCaller.com, notably referred to as the "Thanksgiving 2022 Adverse Event." This letter serves as formal notice that a subpoena has been issued demanding the production of all relevant documents and evidence in your custody or control pertaining to this matter. An additional subpoena issued requiring a witness familiar with this matter testify at deposition. We are amenable to modifying the location; we chose a hotel in Brickell near Google Miami in efforts to facilitate the witness' travel to the deposition.

As you are aware, we have previously communicated with your wholly-owned subsidiary regarding the alleged termination of Google LLC's reverse phone search partnership with OkCaller.com and the subsequent impact on witnesses, including Dr Isaacs. Our concerns particularly revolve around potential violations of 18 U.S.C. §1512 and related statutes, as detailed in our correspondence dated August 24, 2023, and subsequent communications.

Despite our attempts to engage in a constructive dialogue and our requests for confirmation of an investigation into these serious allegations, we have not received satisfactory responses. Our last communication, underscoring the need for evidence preservation and a thorough investigation into the abrupt changes in Google's search algorithm impacting OkCaller.com, has not been adequately addressed.

Given the gravity of the situation and the immediate legal implications in *Keller Williams*, we find it necessary to proceed with this subpoena to ensure the preservation and production of all relevant documents, communications, emails, internal memos, and other electronically stored information (ESI) related to this case. This includes, but is not limited to, information pertaining to the decision-making process regarding OkCaller.com's status in Google's reverse phone search algorithm; Google's ten largest phone search websites by organic referral volume; records about infringers of the reissue patent; records of Google's investigation into infringement; Google's induced/passive profits from infringement; correspondence about OkCaller.com; and any other records related to Dr Isaacs' attendance as a "trusted partner" at Google Miami or other relevant information to this matter. We also seek information as to the auto-delete impact on relevant evidence, as documented by FBI.

Please be advised that failure to comply with this subpoena may result in legal consequences, including but not limited to, sanctions for contempt or obstruction of justice. We expect full cooperation in this matter.

I would also like to take this opportunity to provide further documentation on the Thanksgiving 2022 Adverse Event. In 2013, Dr. Isaacs, an aspiring neurosurgeon, invented the OkCaller.com website. He was awarded a US patent (RE48847) for the reverse phone search technology

implemented on OkCaller.com, which remains valid today. Google immediately recognized the value of Dr. Isaacs work, and quickly ranked OkCaller amongst the top reverse phone sites:



By Google's own Analytics records, OkCaller received 293 million new users since launch, and 605 million pageviews. This traffic was notably steady over nearly a decade, ranging between 100,000 and 300,000 daily sessions. This ranked OkCaller typically amongst the Top 2000 websites on Google, roughly on par with well-known brand sites like Jeep.com. Dr. Isaacs' site was run almost entirely by himself, which places the site amongst the Top Fifty individually (non-blog) managed sites featured by Google. In short, these sites were curated by Google's teams and obtained a placement on the web that nearly every programmer aspires to.

Google communicated with Dr. Isaacs regularly. I have attached a 2015 email in which Google states:

> *"You are one of the few partners who we have invited for Enhanced Support and Optimization. Thank you for working with us! We are grateful to count you as a trusted partner, and we hope to continue improving our relationship to suit your business needs."*

This "trusted partnership" went beyond mere ranking of a website. OkCaller, a hand-picked Google success story, resulted in Dr. Isaacs regularly attending workshops with senior Google personnel in their Miami office. The site generated around $5 million per year, consistently, in

AdSense revenue. Sites like this fundamentally allowed Google to reach the success it enjoys today.

However, on the day Dr. Isaacs tendered a Closing Brief in an Apple antitrust lawsuit, Alphabet abruptly terminated this partnership without any prior notice. Other competitors in Reverse Phone Search continue to receive millions of organic referrals monthly from Google/Alphabet. Blatant copycat sites (which infringe upon the reissue patent) such as RevealName continue to receive millions of referrals monthly from your service. Consumers are being overcharged with sites like Whitepages and Spokeo, which also appear to infringe upon the reissue patent (or warrant investigation). We have spent a year now asking you to investigate and preserve evidence, only to be stonewalled.

After Thanksgiving Day, Dr. Isaacs experienced significant respiratory issues, necessitating a troponin test to rule out myocardial damage. With the financial insecurity from his sudden OkCaller career termination and your ongoing subversion of his IP, Alphabet placed Dr. Isaacs under duress, and he placed his primary home for sale with Defendant Keller Williams. Because Alphabet refused to even dignify a response, Dr Isaacs remains in a state of limbo, watching his Google Analytics traffic daily for signs his work-product has been restored to its rightful position in search. Shutting down OkCaller would be costly as well; Dr. Isaacs requests Alphabet's confirmation of partnership status to make an efficient decision. We request that Alphabet produce all evidence in their possession pertaining to the financial and emotional distress such decisions have caused developers, including Dr. Isaacs. All documentation, notes, or memoranda supporting or refuting the assertion that "trusted partners" may constitute "independent contractor," "worker," "employee," "agent," or "representative" subject to legal protections around such privity is hereby requested. Any notes, memoranda, or evidence in your possession asserting or refuting the applicability of ADA or other federal statutes to such "agents," "contractors" or otherwise is requested.

Additionally, comparable data on the circumstances leading to near-outright sudden termination of Top 2000/Top 50 sites is requested, as it is believed an event like this, especially on a holiday, is nearly unprecedented.

By running OkCaller individually, Dr. Isaacs was able to operate a phone site for 300 million people at enormous efficiency savings, estimated at over $100m saved to the domestic economy. Alphabet is asked to provide all evidence of their profit streams and ranking factors from lucrative, over-priced competitors that charge users to look up phone records (eg WhitePages). OKCaller has been and always was a free service. We request you furnish any evidence that corroborates or contradicts Dr. Isaacs' claim of his site contributing a $100 million savings to the domestic economy.

Despite repeated requests, Alphabet failed to even acknowledge the termination of this partnership: a basic tenet of human employment dating back as far as records go. This termination appears to be the latest in escalating witness retaliation spanning nearly two decades, in violation of Section 1512. (See generally, USC, Dartmouth Email Destruction & World Bank President Resignation, and Apple litigation, which all directly relate back to a Rehabilitation Act prohibited anti-Semitic bullying event in 2005.) Just like Dr. Isaacs was summarily pulled from his promising neurosurgery

career, Google has now improperly cancelled him as a "trusted partner" serving *three hundred million* Google users, with absolutely no good cause. In fact, Alphabet's woefully inadequate responses thus far leave little room for doubt OkCaller's cancellation is part and parcel of this never-ending § 1512 saga.

During the *United States v. Google* antitrust trial last month, it was revealed that Google pays Apple Inc over 30% of revenue corresponding to iOS/Mac Search. This subpoena requests all documentation and financial estimates of payments OkCaller generated that were directed to Apple. Likewise, all payments generated by websites that infringe upon the reissue patent are requested for production. Similarly, documentation of any other agreements, contracts, or *de facto* relationships with Apple that could impact OkCaller's operations and/or rankings are hereby requested, including, but not limited to, communications channels discussing website security, privacy, reputation, affiliations, IP, or other matters.

This letter hereby demands that Google produce all evidence that may support (or refute) these claims. Likewise, an individual personally familiar with all relevant facts mentioned in this letter, the Ninth Circuit Motion for Referral, and other documents previously provided to Alphabet shall be present to testify.

As described more fully in Plaintiff's Ninth Circuit request for referral, an organization chart is hereby requested identifying all individuals (staff, managers, attorneys, etc) that played a role in either the Thanksgiving 2022 Adverse Event or the December 2022 Anti-Semitic Reference Event. All documents and evidence Alphabet possesses documenting any investigation into either of these events is hereby requested.

We are amenable to a protective order to given the sensitivity of the requested information. Please contact me at least fourteen (14) days in advance of the production date, should Alphabet wish to formalize a protective order.

For the purposed of this subpoena, "termination" shall refer to any partial termination or removal of OkCaller pages from Reverse Phone Search. These removals are estimated to approximate 97-99% of steady-state levels over the past decade. Should you have any questions or require further clarification, do not hesitate to contact me.

Sincerely,
Keith Mathews

12/6/23, 8:53 PM            Gmail - Enhanced Support and Optimization - How are we doing?

 **Gmail**

Jeff I ◄ ▮▮▮▮▮▮▮▮ @gmail.com►

---

## Enhanced Support and Optimization - How are we doing?
1 message

---

**Acceleration Team** <noreply-acceleration-team@google.com>          Mon, Jun 29, 2015 at 7:54 PM
To: Acceleration Team <noreply-acceleration-team@google.com>
Bcc: ▮▮▮▮▮▮▮▮ @gmail.com

 **Google** AdSense

Dear Google Partner,

You are one of the few partners who we have invited for *Enhanced Support and Optimization*. Thank you for working with us!

We are grateful to count you as a trusted partner, and we hope to continue improving our relationship to suit your business needs.

We would love to hear your feedback on how we're doing and what we can improve. Could you please answer this short, 6-question survey? It should only take two minutes of your time.

     Take our survey |

Your feedback will help us improve the experience of AdSense and AdExchange publishers worldwide as we try to scale this program. Your feedback is essential as we try to learn about your needs in order to build real solutions.

Thank you and have a wonderful start to the week,

Stephanie, Frank, Abdul, Merri, and Vishal

© 2014 Google Inc. 1600 Amphitheatre Parkway, Mountain View, CA 94043

*Email Preferences: We sent you this email because you have indicated that you are willing to receive occasional AdSense market research. If you do not wish to receive such emails in the future you can opt-out by replying to this email.*

12/6/23, 8:55 PM           Gmail - Invitation: Google AdSense for Publishers Workshop in Miami

 **Gmail**
         Jeff I < ▮▮▮▮▮▮ @gmail.com>

## Invitation: Google AdSense for Publishers Workshop in Miami
4 messages

▮▮▮▮▮▮.com < ▮▮▮ @google.com>        Thu, Mar 1, 2018 at 2:36 PM
To: ▮▮▮▮ @gmail.com

Hi Jeff

We will be hosting a small publisher workshop on Wednesday, March 21 at our Google Miami Office. The workshop will focus on best practices in AdSense to improve your earnings. It will be great to meet in person, and you'll also have the opportunity to network with 10-15 fellow content creators in the Miami area.

**When:**

Adsense Session

Wednesday, March 21

9AM -12PM EST

**Where:**

Google Miami

1450 Brickell Ave, Ste 900

Miami, FL 33131

**RSVP:**

To register, click HERE and click "Register" on the site.

Please register by Wednesday, March 7 as spots are limited. We look forward to working together soon!

--


- ▮▮▮▮▮
- Account Strategist
- Mountain View, California
- ▮▮▮▮ @google.com

▮▮▮▮ @google.com>        Mon, Mar 5, 2018 at 10:47 AM
To: Jeff Isaacs < ▮▮▮▮ @gmail.com>

Hi Jeff,

I wanted to bump up this email to see if you were able to attend this workshop. To register, click HERE and click "Register" on the site.

Hope to see you there!

Best,

Teresa

[Quoted text hidden]

---

---

[Quoted text hidden]

**Jeffrey** <​█████████​@gmail.com>                                              Mon, Mar 5, 2018 at 11:34 PM
To: T██████ <​██████​@google.com>

Hi Teresa,
Thanks for the follow up - just got these now.
Looking forward to the workshop, and see you in Miami!

Regards,
Jeffrey
[Quoted text hidden]

---

██████ <​████████​@google.com>                                              Tue, Mar 6, 2018 at 10:42 AM
To: Jeffrey <​████████​@gmail.com>

Hi Jeffrey,

Great to hear! Looking forward to meeting you in Miami.

Best,

Teresa
[Quoted text hidden]



Google Office of General Counsel
1600 Amphitheatre Parkway
Mountain View, CA 94043

RE: OkCaller.com

Dear Google,

I represent Coronavirus Reporter and a proposed class in a Sherman Act and RICO action against Apple Inc. pending appeal in the Ninth Circuit.[1] The primary source of funds for Coronavirus Reporter is OkCaller.com, a web property featured in Google search results for nine years. The day our closing brief was tendered to the Ninth Circuit, Google removed OkCaller.com from its listings. Google employees that had been in contact with OkCaller.com, since its inception, similarly went silent and stopped responding to correspondence. A dozen competitors in the reverse-search space were unaffected.

I write you to request an immediate investigation into our substantiated concern that this removal of a nine-year old strategic advertising partner constituted witness tampering pursuant to 18 U.S.C. §1512.

Insofar as OkCaller.com's success on Google and Bing evidenced a stark contrast to Apple's treatment of the underlying intellectual property, the removal from your system materially alters evidence for the Apple federal antitrust proceeding. The relevant portions are found in section §1512(b) and/or §1512(c) and apply to Apple's and/or Google's role (if material), respectively:

> "(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to— (1)influence, delay, or prevent the testimony of any person in an official proceeding; (2)cause or induce any person to— (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; ...
> (c)Whoever corruptly— (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."

The developer of OkCaller and inventor of the underlying patent is a party to the Coronavirus Reporter case. I have represented this developer, Dr. Isaacs, for over a decade in efforts to enforce an acquittal that permitted him to practice medicine. Apple counsel Gibson Dunn is alleged, in the pending RICO action, to have taken increasingly damaging actions against Dr.

---

[1] Case No. 3:21-cv-5567-EMC in the United States District Court for the Northern District of California, and Case Nos. 22-15166 & 22-15167 in the United States Court of Appeals for the Ninth Circuit.

Isaacs' career over the years.  Dr. Isaacs, despite worsening medical disability, has nonetheless been proud of his ability to work with Google while his medical career was stalled. With Google, he provided a useful and free service to over two hundred million end-users. It now appears Apple and/or Gibson Dunn corruptly influenced Google and rather suspiciously terminated Dr. Isaacs' last remaining career. As alleged, 18 U.S.C. §1512(d) applies directly and/or as a RICO predicate act by this longstanding enterprise.

> "*(d)Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from— (1) attending or testifying in an official proceeding; shall be fined under this title or imprisoned not more than 3 years, or both.*"

Additionally, the conduct violates 18 U.S.C. §1513, which prohibits retaliation against a witness. Terminating a decade-old profitable business line, which served as the primary funding for a Sherman Act civil action, falls squarely within this statute:

> "*(b)Whoever knowingly engages in any conduct and thereby ... damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for— (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding;*"

This letter serves as notice of your obligation to preserve all evidence, including ESI, relevant to this concern. Please investigate the matter to the extent necessary to identify the individuals at Apple, Gibson Dunn, and/or Google who influenced the improper take-down of OkCaller.

Google's decision to drop my client's website, in favor of cached PII sites such as spokeo.com, is particularly perplexing considering the recent request by the US Marshals to limit cached PII of federal judges (see *https://www.law.com/nationallawjournal/2023/03/16/federal-judges-got-thepower-to-remove-their-private-info-from-the-internet-and-theyre-using-it/*). As you are aware, OkCaller is unique in that it worked with Google back in 2013 to ensure that the SERPs never cache CNAM caller ID. This was the only website to seek this protection of PII, well ahead of its time over a decade ago. Google needs to promptly reimplement this unique protective measure.

To avoid a motion for emergency injunctive relief, sent under separate cover, I request that you respect the *status quo* present at the initiation of the Coronavirus Reporter case and immediately preserve OkCaller.com's properly earned place in Google's search results until this matter is fully adjudicated.

Finally, I wish to point out that 18 U.S.C. §1505 directly applies to obstruction of certain antitrust proceedings.  I appreciate your attention to these matters and hope we can achieve an amicable and prompt resolution.

Sincerely,


Keith Mathews, Esq.