# Exhibit I



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 866.974.7329

January 4, 2024

**Via Overnight Mail**

Keith Mathews
1000 Elm Street, Suite 800
Manchester NH 03105
(603) 622-8100
keith@awplegal.com

Re:   *Dr. Jeff Isaacs v. Keller Williams Realty, Inc. et al.*
      U.S. Dist. Ct. for the Southern District of Florida, Case No. 23-cv-81393

Dear Mr. Mathews:

Alphabet Inc. has received your subpoena, dated December 11, 2023 (the "Subpoena"), to appear and testify at a hearing or trial in the above-referenced matter. The Subpoena generally seeks on behalf of your client, Jeffrey Isaacs ("Isaacs"), documents from Alphabet Inc. related to "Google's November 22 removal of OkCaller.com pages from Reverse Phone Search" and testimony at a hearing or trial. No topics are provided for the requested testimony.

As an initial matter, Alphabet Inc. is not the proper entity for a subpoena seeking documents or testimony regarding its subsidiaries' internal operations. Accordingly, we will construe this liberally as a subpoena to Google LLC ("Google"). You and your client are already in receipt of Google's objections to the near-identical subpoena issued in the above-referenced matter dated December 11, 2023. In an abundance of caution, Google is serving these objections to the Subpoena as well.

Google is not a party to the above-referenced matter. And your December 11 letter accompanying the Subpoena confirms that Google Search results related to OkCaller—a company that Isaacs owns—is irrelevant to the above-referenced case in Florida between Isaacs and various real estate entities regarding the sale of Isaacs's home. Your suggestion that the information sought from Google is somehow relevant because OkCaller's decreased performance in Search caused Isaacs financial distress that may have influenced his decision to offer his home for sale, is pretext.

The Subpoena appears to be a thinly veiled attempt to use the subpoena power of the U.S. District Court for the Southern District of Florida as the latest avenue for seeking information related to Isaacs's completely unrelated grievance regarding the supposed removal of OkCaller.com URLs from Google Search results. As Google explained in response to your August 23, 2023 letter on that subject, which you attach to the subpoena, Google has every right to determine the content of its Search results. The merits (or lack thereof) of Isaacs's suggestion

WILSON SONSINI

Keith Mathews
January 4, 2024
Page 2

of wrongdoing by Google aside, this current effort to co-opt the above-referenced case to continue his campaign against Google is an abuse of federal subpoena power, a violation of Fed. R. Civ P. 45(d)(1), and is wholly improper.

Google also objects to the method of service of the Subpoena, which circumvented undersigned outside counsel for Google in this matter, not to mention Google's registered agent (the Corporation Services Company, "CSC").

Beyond all that, the Subpoena is improper and void on its face. For example, the Subpoena is one for appearance and testimony "at a hearing or trial in a civil action." However, the place for appearance is a hotel, not a United States district court, and the docket in the above-referenced action does not show any hearings or trials scheduled for January 11, 2024, the date for appearance. Google will not, and has no obligation to, comply with an invalid and unenforceable request to appear at a non-existent hearing or trial.

Further, the subpoena is addressed to Alphabet Inc. and seeks testimony from the company. But the Subpoena does not identify any topics for examination or otherwise describe the matters for examination with reasonable particularity. The Subpoena is improper for this additional reason.

As set forth above and in the following objections and responses to the Subpoena, Google will not provide a witness to testify or appear on January 11, 2024 because the request for testimony is invalid, improper, unduly burdensome and unnecessary. Nor will Google produce documents in response to the Subpoena, for the reasons set forth above and in the following objections. If you would like to discuss the Subpoena further, I invite you to contact me at akramer@wsgr.com to find a time to discuss. In the meantime, Google makes the following objections and responses to the Subpoena and its enumerated requests.

**Objections to Subpoena**

In addition to the above, Google makes the following objections to the Subpoena. The below objections are also incorporated in the response to the enumerated document request stated below.

1. Google objects to the Subpoena because it was served on the incorrect entity (Alphabet Inc.), because it calls for documents or information that would exist, if at all, within the possession, custody or control of Google LLC.

2. Google objects to the Subpoena as invalid and unenforceable on the grounds that it seeks Google's appearance and production of documents "at a hearing or trial" that is not scheduled to occur.

3. Google objects to the Subpoena as invalid and unenforceable on the grounds that no witness and mileage fees were properly tendered simultaneously with service of the subpoena. *See* Fed. R. Civ. P. 45(b)(1).

**WILSON SONSINI**

Keith Mathews
January 4, 2024
Page 3

      4.      Google objects to the Subpoena to the extent it seeks documents or information that are not proportionate to the needs of the case or not relevant to any party's claims or defenses.

      5.      Google objects to the Subpoena on the grounds that the specified date of appearance and production is unreasonable and unduly burdensome, particularly given the overbroad nature of your document demand, your failure to provide topics to enable a witness to prepare for testimony, and the intervening holidays. To the extent Google agrees to produce documents or a witness in response to the subpoena, it will do so at a later, more reasonable date.

      6.      Google objects to the Subpoena on the grounds that it is unduly burdensome to the extent its Requests are not reasonably tailored in scope.

      7.      Google objects to the Subpoena to the extent that it is seeking testimony to authenticate records produced by Google. Such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity.

      8.      Google objects to the Subpoena on the grounds that it is unduly burdensome and unreasonable to the extent it requires Google to produce a witness to provide testimony on subject matters and information that could be obtained from another source, such as documents and other non-testimonial sources of information.

      9.      Google objects to the time and place set by the Subpoena for the testimony. The time and place of the requested testimony was selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place.

      10.      Google objects to the Subpoena on the grounds that it demands that Google produce a witness to provide testimony at Google's own expense. To the extent that Google produces a witness to provide testimony in response to the Subpoena, Google shall only do so if properly compensated under applicable law for any costs, including attorney fees, incurred by Google and its witness(es) in connection with the testimony.

      11.      Google objects to the Subpoena on the grounds that it seeks to impose an undue burden on Google, which is not a party to the underlying action. Google further objects to the Subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action, including the subpoenaing party.

      12.      Google objects to the Subpoena to the extent it fails to provide information sufficient to enable Google to conduct a reasonable search for documents and information responsive to the Subpoena, if any. Without such information, the Subpoena would subject Google to an unreasonable burden of conducting an overbroad inquiry and search for responsive documents or information.

WILSON SONSINI

Keith Mathews
January 4, 2024
Page 4

      13.     Google objects to the Subpoena to the extent it purports to require Google to perform anything more than a reasonable and diligent search for documents (including electronic documents) from reasonably accessible sources (including electronic sources).

      14.     Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

      15.     Google objects to the Subpoena to the extent that it is vague, ambiguous, or unlimited in time or scope.

      16.     Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately return and do not make use of any produced privileged information.

      17.     Google objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"). Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information. Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual and other confidentiality obligations. Google reserves the right to redact Confidential Information belonging to Google or third parties, as well as information concerning irrelevant matters.

      18.     Google objects to the Subpoena to the extent it seeks information relating to the knowledge, recollections, or mental impressions of former employees who are no longer employed by Google, or any other information that is no longer in the possession, custody, or control of Google.

      Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

**Responses and Objections to Document Request**

      Subject to and without waiving the above-listed objections, Google responds to the Subpoena's enumerated request as follows:

**WILSON SONSINI**

Keith Mathews
January 4, 2024
Page 5

**Request No. 1:** All documents, ESI, or other evidence in your custody and/or control pertaining to Google's November 2022 removal of OkCaller.com pages from Reverse Phone Search ("Thanksgiving 2022 adverse event").

**Response To Request No. 1:** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "other evidence," "removal," "pages," "Reverse Phone Search," and "Thanksgiving 2022 adverse event"; (5) it seeks electronically stored information that may not be reasonably accessible by Google without undue burden and/or cost; (6) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (7) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce documents in response to this request and may seek a protective order in the Northern District of California if these activities persist.

### Responses and Objections to Request for Appearance and Testimony

As discussed above, the Subpoena seeks testimony from Google, a corporate entity, but fails to identify any testimony topics or otherwise describe the matters for examination with reasonable particularity. Subject to and without waiving the above-listed objections, Google responds to the Subpoena's request for appearance and testimony as follows:

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to the Subpoena as invalid and unenforceable, including on the grounds that it seeks Google's appearance "at a hearing or trial" that is not scheduled to occur.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and may seek a protective order in the Northern District of California if these activities persist.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/Andrew T. Kramer*

Andrew T. Kramer