# Exhibit J



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 866.974.7329

January 4, 2024

**Via Overnight Mail**

Keith Mathews
1000 Elm Street, Suite 800
Manchester NH 03105
(603) 622-8100
keith@awplegal.com

      Re:    ***Dr. Jeff Isaacs v. Keller Williams Realty, Inc. et al.***
             U.S. Dist. Ct. for the Southern District of Florida, Case No. 23-cv-81393

Dear Mr. Mathews:

      Alphabet Inc. has received your subpoena, dated December 11, 2023 (the "Subpoena"), for the production of documents, information, or objects or to permit inspection of premises in the above-referenced matter. The Subpoena generally seeks on behalf of your client, Jeffrey Isaacs ("Isaacs"), documents from Alphabet Inc. related to Google Search, Isaacs and OkCaller.

      As an initial matter, Alphabet Inc. is not the proper entity for a subpoena seeking documents or testimony regarding its subsidiaries' internal operations or relationships (or lack thereof) with third parties. Accordingly, we will construe this liberally as a subpoena to Google LLC ("Google"). You and your client are already in receipt of Google's objections to a substantively identical subpoena issued in the above-referenced matter dated December 11, 2023. In an abundance of caution, Google is serving these objections to the Subpoena as well.

      Google is not a party to the above-referenced matter. And your December 11 letter accompanying the Subpoena confirms that Google Search results related to OkCaller—a company that Isaacs owns—is irrelevant to the above-referenced case in Florida between Isaacs and various real estate entities regarding the sale of Isaacs's home. Your suggestion that the information sought from Google is somehow relevant because OkCaller's decreased performance in Search caused Isaacs financial distress that may have influenced his decision to offer his home for sale, is pretext.

      The Subpoena appears to be a thinly veiled attempt to use the subpoena power of the U.S. District Court for the Southern District of Florida as the latest avenue for seeking information related to Isaacs's completely unrelated grievance regarding the supposed removal of OkCaller.com URLs from Google Search results. As Google explained in response to your August 23, 2023 letter on that subject, which you attach to the subpoena, Google has every right to determine the content of its Search results. The merits (or lack thereof) of Isaacs's suggestion of wrongdoing by Google aside, this current effort to co-opt the above-referenced case to

**WILSON SONSINI**

Keith Mathews
January 4, 2024
Page 2

continue his campaign against Google is an abuse of federal subpoena power, a violation of Fed. R. Civ P. 45(d)(1), and is wholly improper.

Google also objects to the method of service of the Subpoena, which circumvented undersigned outside counsel for Google in this matter, not to mention Google's registered agent (the Corporation Services Company, "CSC").

As set forth above and in the following objections and responses to the Subpoena, Google will not produce documents in response to the Subpoena because the request for documents is invalid, improper, unduly burdensome and unnecessary. If you would like to discuss the Subpoena further, I invite you to contact me at akramer@wsgr.com to find a time to discuss. In the meantime, Google makes the following objections and responses to the Subpoena and its enumerated requests.

### Objections to Subpoena

In addition to the above, Google makes the following objections to the Subpoena. The below objections are also incorporated in the response to the enumerated document request stated below.

1. Google objects to the Subpoena because it was served on the incorrect entity (Alphabet Inc.), because it calls for documents or information that would exist, if at all, within the possession, custody or control of Google LLC.

2. Google objects to the Subpoena to the extent it seeks documents or information that are not proportionate to the needs of the case or not relevant to any party's claims or defenses.

3. Google objects to the Subpoena on the grounds that the specified date of production is unreasonable and unduly burdensome, particularly given the overbroad nature of your document demand and the intervening holidays. To the extent Google agrees to produce documents in response to the subpoena, it will do so at a later, more reasonable date.

4. Google objects to the Subpoena on the grounds that it is unduly burdensome to the extent its Requests are not reasonably tailored in scope.

5. Google objects to the Subpoena on the grounds that it seeks to impose an undue burden on Google, which is not a party to the underlying action. Google further objects to the Subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action, including the subpoenaing party.

6. Google objects to the Subpoena to the extent it fails to provide information sufficient to enable Google to conduct a reasonable search for documents and information responsive to the Subpoena, if any. Without such information, the Subpoena would subject Google to an unreasonable burden of conducting an overbroad inquiry and search for responsive documents or information.

**WILSON SONSINI**

Keith Mathews
January 4, 2024
Page 3

       7.     Google objects to the Subpoena to the extent it purports to require Google to perform anything more than a reasonable and diligent search for documents (including electronic documents) from reasonably accessible sources (including electronic sources).

       8.     Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

       9.     Google objects to the Subpoena to the extent that it is vague, ambiguous, or unlimited in time or scope.

       10.    Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately return and do not make use of any produced privileged information.

       11.    Google objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"). Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information. Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual and other confidentiality obligations. Google reserves the right to redact Confidential Information belonging to Google or third parties, as well as information concerning irrelevant matters.

       12.    Google objects to the Subpoena's instructions as vague, ambiguous, and unintelligible. Google further objects to the Subpoena's definitions and instructions to the extent they purport to impose obligations on Google in excess of any applicable federal or state codes of civil procedure, rules of evidence, or any other applicable law.

      Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

**Responses and Objections to Document Request**

      Subject to and without waiving the above-listed objections, Google responds to the Subpoena's enumerated request as follows:

      ***Request No. 1:***  All documents, ESI, or evidence regarding Dr. Isaacs attendance at Google Miami; termination of his/OKCaller's partnership; reissue patent infringement; Reverse

**WILSON SONSINI**

Keith Mathews
January 4, 2024
Page 4

Phone Search top 10 competitor ranking factors, traffic, correspondence, internal memoranda, attendance at AdSense offices, and profitability.

   ***Response To Request No. 1:***  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "attendance," "Google Miami," "termination," "his/OkCaller's," "partnership," 'reissue patent infringement," "Reverse Phone Search top 10 competitor ranking factors," "traffic," "correspondence," "internal memoranda," "attendance," AdSense offices," and "profitability"; (5) it is compound; (6) it seeks electronically stored information that may not be reasonably accessible by Google without undue burden and/or cost; (7) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (8) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

   Accordingly, Google will not produce documents in response to this request and may seek a protective order in the Northern District of California if these activities persist.

               Very truly yours,

               WILSON SONSINI GOODRICH & ROSATI
               Professional Corporation

               *s/Andrew T. Kramer*

               Andrew T. Kramer