# Exhibit O

To: Google LLC Legal Team
Date: January 2, 2024
Re: Deposition Subpoena –
   Thanksgiving 2022 Adverse Event & December 2022 Anti-Semitic Event

Dear Google Legal Team:

I am writing on behalf of my client, Dr. Jeff Isaacs, in reference to the ongoing legal matter involving Alphabet Inc, Google LLC, and OkCaller.com, notably referred to as the "Thanksgiving 2022 Adverse Event." This letter serves as formal notice that a subpoena has been issued demanding a witness familiar with this matter testify at deposition. We are amenable to modifying the location or conducting the deposition remotely; we chose a hotel in Palo Alto near Google Mountain View in efforts to facilitate the witness' travel to the deposition.

As you are aware, we have previously communicated with you regarding the alleged termination of Google LLC's reverse phone search partnership with OkCaller.com and the subsequent impact on witnesses, including Dr Isaacs. Our concerns particularly revolve around potential violations of 18 U.S.C. §1512 and related statutes, as detailed in our correspondence dated August 24, 2023, and subsequent communications.

Despite our attempts to engage in a constructive dialogue and our requests for confirmation of an investigation into these serious allegations, we have not received satisfactory responses. Our last communication, underscoring the need for evidence preservation and a thorough investigation into the abrupt changes in Google's search algorithm impacting OkCaller.com, has not been adequately addressed.

Given the gravity of the situation and the immediate legal implications in *Keller Williams*, we find it necessary to proceed with this subpoena to obtain testimony covering your investigation and reservation of all relevant documents, communications, emails, internal memos, and other electronically stored information (ESI) related to this case. This includes, but is not limited to, information pertaining to the decision-making process regarding OkCaller.com's status in Google's reverse phone search algorithm; Google's ten largest phone search websites by organic referral volume; testimony about infringers of the reissue patent; testimony of Google's investigation into infringement; Google's induced/passive profits from infringement; testimony about correspondence about OkCaller.com; and any other information related to Dr Isaacs' attendance as a "trusted partner" at Google Miami or other relevant information to this matter. We also seek information as to the auto-delete impact on relevant evidence, as documented by FBI.

Please be advised that failure to comply with this subpoena may result in legal consequences, including but not limited to, sanctions for contempt or obstruction of justice. We expect full cooperation in this matter.

I would also like to take this opportunity to provide further documentation on the Thanksgiving 2022 Adverse Event. In 2013, Dr. Isaacs, an aspiring neurosurgeon, invented the OkCaller.com website. He was awarded a US patent (RE48847) for the reverse phone search technology

implemented on OkCaller.com, which remains valid today. Google immediately recognized the value of Dr. Isaacs work, and quickly ranked OkCaller amongst the top reverse phone sites:



By Google's own Analytics records, OkCaller received 293 million new users since launch, and 605 million pageviews. This traffic was notably steady over nearly a decade, ranging between 100,000 and 300,000 daily sessions. This ranked OkCaller typically amongst the Top 2000 websites on Google, roughly on par with well-known brand sites like Jeep.com. Dr. Isaacs' site was run almost entirely by himself, which places the site amongst the Top Fifty individually (non-blog) managed sites featured by Google. In short, these sites were curated by Google's teams and obtained a placement on the web that nearly every programmer aspires to.

Google communicated with Dr. Isaacs regularly. I have attached a 2015 email in which Google states:

> "You are one of the few partners who we have invited for Enhanced Support and Optimization. Thank you for working with us! We are grateful to count you as a trusted partner, and we hope to continue improving our relationship to suit your business needs."

This "trusted partnership" went beyond mere ranking of a website. OkCaller, a hand-picked Google success story, resulted in Dr. Isaacs regularly attending workshops with senior Google personnel in their Miami office. The site generated around $5 million per year, consistently, in

AdSense revenue. Sites like this fundamentally allowed Google to reach the success it enjoys today.

However, on the day Dr. Isaacs tendered a Closing Brief in an Apple antitrust lawsuit, Google abruptly terminated this partnership without any prior notice. Other competitors in Reverse Phone Search continue to receive millions of organic referrals monthly from Google/Alphabet. Blatant copycat sites (which infringe upon the reissue patent) such as RevealName continue to receive millions of referrals monthly from your service. Consumers are being overcharged with sites like Whitepages and Spokeo, which also appear to infringe upon the reissue patent (or warrant investigation). We have spent a year now asking you to investigate and preserve evidence, only to be stonewalled.

After Thanksgiving Day, Dr. Isaacs experienced significant respiratory issues, necessitating a troponin test to rule out myocardial damage. With the financial insecurity from his sudden OkCaller career termination and your ongoing subversion of his IP, Alphabet placed Dr. Isaacs under duress, and he placed his primary home for sale with Defendant Keller Williams. Because Alphabet refused to even dignify a response, Dr Isaacs remains in a state of limbo, watching his Google Analytics traffic daily for signs his work-product has been restored to its rightful position in search. Shutting down OkCaller would be costly as well; Dr. Isaacs requests Google's confirmation of partnership status to make an efficient decision. We request that Google LLC investigate and testify as to all evidence in their possession pertaining to the financial and emotional distress such decisions have caused developers, including Dr. Isaacs. All documentation, notes, or memoranda supporting or refuting the assertion that "trusted partners" may constitute "independent contractor," "worker," "employee," "agent," or "representative" subject to legal protections around such privity is hereby requested to be known to your representative at deposition.

Additionally, testimony on the circumstances leading to near-outright sudden termination of Top 2000/Top 50 sites is requested, as it is believed an event like this, especially on a holiday, is nearly unprecedented.

By running OkCaller individually, Dr. Isaacs was able to operate a phone site for 300 million people at enormous efficiency savings, estimated at over $100m saved to the domestic economy. Google is asked to provide testimony on all evidence of their profit streams and ranking factors from lucrative, over-priced competitors that charge users to look up phone records (eg WhitePages). OKCaller has been and always was a free service. We request you furnish testimony that corroborates or contradicts Dr. Isaacs' claim of his site contributing a $100 million savings to the domestic economy.

Despite repeated requests, Google failed to even acknowledge the termination of this partnership: a basic tenet of human employment dating back as far as records go. This termination appears to be the latest in escalating witness retaliation spanning nearly two decades, in violation of Section 1512. (*See generally*, USC, Dartmouth Email Destruction & World Bank President Resignation, and Apple litigation, which all directly relate back to a Rehabilitation Act prohibited anti-Semitic bullying event in 2005.) Just like Dr. Isaacs was summarily pulled from his promising neurosurgery career, Google has now improperly cancelled him as a "trusted partner" serving *three hundred*

*million* Google users, with absolutely no good cause. In fact, Alphabet's woefully inadequate responses thus far leave little room for doubt OkCaller's cancellation is part and parcel of this never-ending § 1512 saga.

During the *United States v. Google* antitrust trial last month, it was revealed that Google pays Apple Inc over 30% of revenue corresponding to iOS/Mac Search. This subpoena requests testimony on financial estimates of payments OkCaller generated that were directed to Apple. Likewise, all payments generated by websites that infringe upon the reissue patent are requested for testimony. Similarly, testimony familiar with documentation of any other agreements, contracts, or *de facto* relationships with Apple that could impact OkCaller's operations and/or rankings is hereby requested, including, but not limited to, communications channels discussing website security, privacy, reputation, affiliations, IP, or other matters.

This letter hereby demands that Google testify about all evidence that may support (or refute) these claims. The individual at deposition shall be familiar with all relevant facts mentioned in this letter, the Ninth Circuit Motion for Referral, and other documents previously provided to Google LLC.

As described more fully in Plaintiff's Ninth Circuit request for referral, that individual may reference any organization chart identifying all individuals (staff, managers, attorneys, etc) that played a role in either the Thanksgiving 2022 Adverse Event or the December 2022 Anti-Semitic Reference Event. She/he shall be familiar with any evidence Alphabet possesses documenting any investigation into either of these events.

We are amenable to a confidentiality order to given the sensitivity of the requested information. Please contact me at least fourteen (14) days in advance of the production date, should Google wish to formalize such an order.

For the purposed of this subpoena, "termination" shall refer to any partial termination or removal of OkCaller pages from Reverse Phone Search. These removals are estimated to approximate 97-99% of steady-state levels over the past decade. Should you have any questions or require further clarification, do not hesitate to contact me.

Sincerely,
Keith Mathews

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Dr. Jeff Isaacs | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-81393-RLR |
| Keller Williams Realty, Inc., Makai Southeast, LLC (d/b/a KW Wellington), Equestrian Palms LLC | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Google LLC, 1600 Amphitheatre Parkway, Mountain View, California 94043

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Please see attached instructions. Remote video deposition allowed. Confidentiality agreement allowed.

| Place: 2050 University Ave, East Palo Alto, CA 94303 | Date and Time: February 5, 2024 at 11:00AM |
|---|---|

The deposition will be recorded by this method: Audiovisual

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 2, 2024

*CLERK OF COURT*

OR

_____          /s/ Keith Mathews
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr Jeff Isaacs, who issues or requests this subpoena, are:
Keith Mathews, 1000 Elm Street Suite 800, Manchester NH 03105  603-622-8100  keith@awplegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-cv-81393-RLR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Received by Legal building lobby Receptionist

Process Server Name: Todd Brenneck

Process Server Agency: San Francisco County #1247

Receptionist LDAP: █████████

Date: 1/12/24   Time: 3:12 PM

☒ scanned to ~~google-legal-support~~@google.com  LDI

☐ not scanned