# Exhibit P



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 866.974.7329

January 16, 2024

**Via Overnight Mail**

Keith Mathews
1000 Elm Street, Suite 800
Manchester NH 03105
(603) 622-8100
keith@awplegal.com

      Re:   *Dr. Jeff Isaacs v. Keller Williams Realty, Inc. et al.*
              *U.S. Dist. Ct. for the Southern District of Florida, Case No. 23-cv-81393*

Dear Mr. Mathews:

      Google has received your subpoena, dated January 2, 2024 (the "Subpoena"), to appear and testify at a deposition in the above-referenced matter. No topics are provided for the requested testimony. Instead, the Subpoena refers generally to "attached instructions." Assuming those "instructions" are the four-page letter that accompanies the Subpoena, it is difficult to ascertain what testimony is sought. As best we can tell, the Subpoena appears to seek on behalf of your client, Jeffrey Isaacs ("Isaacs"), testimony from Google related to "the alleged termination of Google LLC's reverse phone search partnership with OkCaller.com and the subsequent impact on" Isaacs.

      You and your client are already in receipt of Google's objections to your ***four*** substantially similar subpoenas issued in the above-referenced matter—dated December 7, 2023 and December 11, 2023—as well as its concurrently served objections to your January 2, 2024 document subpoena. As we have repeatedly explained, including on meet and confers, Google Search results related to OkCaller—a company that Isaacs owns—is irrelevant to the above-referenced case in Florida between Isaacs and various real estate entities regarding the sale of Isaacs's home. Your suggestion that the information sought from Google is somehow relevant because OkCaller's decreased performance in Search may have influenced Isaacs's decision to offer his home for sale and/or bear on a force majeure clause at issue in the Florida action, is pretext.

      The Subpoena, like all the others you have issued to Alphabet and Google in the above-referenced matter, is a thinly veiled attempt to use the subpoena power of the U.S. District Court for the Southern District of Florida as the latest avenue for seeking information related to Isaacs's completely unrelated grievance regarding the supposed removal of OkCaller.com URLs from Google Search results. Indeed your January 2 letter accompanying the Subpoena, which largely mirrors the letters that accompanied your four earlier subpoenas, explicitly states that the Subpoena is "in reference to the ongoing legal matter" regarding "the alleged termination of

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 2

Google LLC's reverse phone search partnership with OkCaller.com." As Google explained in response to your August 24, 2023 correspondence on that subject, which you reference in your letter, Google has every right to determine the content of its Search results. The merits (or lack thereof) of Isaacs's suggestion of wrongdoing by Google aside, this ongoing effort to co-opt the above-referenced case to continue his campaign against Google is an abuse of federal subpoena power, a violation of Fed. R. Civ P. 45(d)(1), and is wholly improper. Your practice of repeatedly issuing such procedurally and substantively improper subpoenas (six to date) is sanctionable.

Beyond all that, the Subpoena is improper on its face. For example, the subpoena is addressed to Google LLC and seeks testimony from the company. But the Subpoena does not identify any topics for examination or otherwise describe the matters for examination with reasonable particularity. While the Subpoena refers generally to "attached instructions," those four-page instructions do not clearly set out the scope of testimony to be provided. A responding party need not sift through a multipage letter in an attempt to ascertain the information being sought. The Subpoena is improper for this additional reason.

As set forth above, in the following objections and responses to the Subpoena, and during our meet and confers, Google will not provide a witness to testify or appear on February 5, 2024 because the request for testimony is improper, unduly burdensome and unnecessary. As explained on our January 9, 2024 telephonic meet and confer regarding this subpoena, Google intends to move for a protective order. In the meantime, Google makes the following objections and responses to the Subpoena.

### Objections to Subpoena

In addition to the above, Google makes the following objections to the Subpoena. The below objections are also incorporated in the responses to the "requests" the Google has identified below.

1. Google objects to the Subpoena because it fails to provide information sufficient to enable Google to discern the scope of testimony sought and enable a witness to prepare for testimony.

2. Google objects to the Subpoena as it seeks information that is not proportionate to the needs of the case and is not relevant to any party's claims or defenses.

3. Google objects to the Subpoena on the grounds that the specified date of appearance and production is unreasonable and unduly burdensome, particularly given the overbroad nature of your document demand, and your failure to provide topics to enable a witness to prepare for testimony. To the extent Google agrees to produce documents or a witness in response to the subpoena, it will do so at a later, more reasonable date.

4. Google objects to the Subpoena on the grounds that it is unduly burdensome to the extent its Requests are not reasonably tailored in scope.

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 3

      5.      Google objects to the Subpoena to the extent that it is seeking testimony to authenticate records. Such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity.

      6.      Google objects to the Subpoena on the grounds that it is unduly burdensome and unreasonable to the extent it requires Google to produce a witness to provide testimony on subject matters and information that could be obtained from another source, such as the subpoenaing party or documents and other non-testimonial sources of information.

      7.      Google objects to the time and place set by the Subpoena for the testimony. The time and place of the requested testimony was selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place.

      8.      Google objects to the Subpoena on the grounds that it demands that Google produce a witness to provide testimony at Google's own expense. To the extent that Google produces a witness to provide testimony in response to the Subpoena, Google shall only do so if properly compensated under applicable law for any costs, including attorney fees, incurred by Google and its witness(es) in connection with the testimony.

      9.      Google objects to the Subpoena on the grounds that it seeks to impose an undue burden on Google, which is not a party to the underlying action. Google further objects to the Subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action, including the subpoenaing party.

      10.      Google objects to the Subpoena to the extent that it is vague, ambiguous, or unlimited in time or scope.

      11.      Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately return and do not make use of any produced privileged information.

      12.      Google objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"). Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information. Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual and other confidentiality obligations. Google reserves the right to redact Confidential

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 4

Information belonging to Google or third parties, as well as information concerning irrelevant matters.

13. Google objects to the Subpoena to the extent it seeks information relating to the knowledge, recollections, or mental impressions of former employees who are no longer employed by Google, or any other information that is no longer in the possession, custody, or control of Google.

Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

### Responses and Objections to Deposition Topics

As explained above, the Subpoena fails to identify the matters for testimony with reasonable particularity. Google is not obligated to search through the four-page letter that accompanies the Subpoena and guess at what information is being sought. Nonetheless, in an effort to be forthcoming beyond its legal obligations, Google has made a good faith effort to parse that letter and identify possible "requests." By responding to these potential "requests" below, Google does not admit or concede that any such "requests" have been properly identified as matters for testimony and expressly reserves all rights with regard to its objections to the Subpoena. Subject to the foregoing and without waiving the above-listed objections, which are incorporated into each response below, Google responds as follows:

*Request No. 1:* [I]nformation pertaining to the decision-making process regarding OkCaller.com's status in Google's reverse phone search algorithm;

*Response To Request No. 1:* In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "decision-making process," "OkCaller,com's status," and "reverse phone search algorithm"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

During our January 9, 2024 meet and confer regarding this subpoena, you stated that this "request" seeks information regarding (1) why OkCaller.com was "shut off" in Google Search; and (2) whether and how OkCaller.com's (and other sites Isaacs may own) performance on Google Search will improve. Those requests remain improper. As explained on the meet and confer, the reason for any change in OkCaller.com's performance does not bear on the viability of a force majeure defense and is not relevant to the action in the Southern District of Florida. Similarly, testimony regarding whether OkCaller.com's performance may improve and what

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 5

could contribute to an increase in performance of that site (or other of Isaacs's websites) is irrelevant.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 2:*** Google's ten largest phone search websites by organic referral volume"

***Response To Request No. 2:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "ten largest," "phone search websites," and "organic referral volume"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 3:*** T]estimony about infringers of the reissue patent"

***Response To Request No. 3:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "decision-making process," OkCaller,com's status," and "reverse phone search algorithm"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 4:*** [T]estimony of Google's investigation into infringement"

***Response To Request No. 4:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 6

the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "investigation," "infringement"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

*Request No. 5:*  Google's induced/passive profits from infringement"

*Response To Request No. 5:*  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "induced/passive," "profits," "infringement"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

*Request No. 6:*  [T]estimony about correspondence about OkCaller.com"

*Response To Request No. 6:*  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the phrases "correspondence about"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

*Request No. 7:*  [A]ny other information related to Dr Isaacs' attendance as a 'trusted partner' at Google Miami or other relevant information to this matter"

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 7

***Response To Request No. 7:***  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "other information," "attendance as a 'trusted partner,'" "Google Miami," "other relevant information," and "this matter"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 8:***  [I]nformation as to the auto-delete impact on relevant evidence, as documented by FBI"

***Response To Request No. 8:***  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "auto-delete impact," "relevant evidence," "as documented by the FBI"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 9:***  [T]estify as to all evidence in their possession pertaining to the financial and emotional distress such decisions have caused developers, including Dr. Isaacs"

***Response To Request No. 9:***  In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "evidence in their possession," "financial and emotional distress," "decisions," and "developers"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets,

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 8

and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 10:*** All documentation, notes, or memoranda supporting or refuting the assertion that 'trusted partners' may constitute 'independent contractor,' 'worker,' 'employee,' 'agent,' or 'representative' subject to legal protections around such privity is hereby requested to be known to your representative at deposition"

***Response To Request No. 10:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope or the appropriate subject of deposition testimony; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "supporting or refuting," "trusted partners," "worker," "representative," "subject to," "legal protections around such privity"; (4) it is compound; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 11:*** [T]estimony on the circumstances leading to near-outright sudden termination of Top 2000/Top 50 sites is requested"

***Response To Request No. 11:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "circumstances leading to," "near-outright sudden termination," and "Top 2000/Top 50 sites"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 12:*** [T]estimony on all evidence of their profit streams and ranking factors from lucrative, over-priced competitors that charge users to look up phone records (eg WhitePages)"

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 9

***Response To Request No. 12:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is argumentative; (4) it is vague and ambiguous as to the terms and phrases "profit streams," "ranking factors," "lucrative, over-priced competitors," and "charge users to look up phone records"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 13:*** Testimony that corroborates or contradicts Dr. Isaacs' claim of his site contributing a $100 million savings to the domestic economy"

***Response To Request No. 13:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "corroborates," "contradicts," "contributing," "savings," and "domestic economy"; (4) its broad sweep may include information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 14:*** [T]estimony on financial estimates of payments OkCaller generated that were directed to Apple"

***Response To Request No. 14:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "financial estimates," "payments," "generated," and "directed"; (4) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 10

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

**Request No. 15:** [A]ll payments generated by websites that infringe upon the reissue patent are requested for testimony"

**Response To Request No. 15:** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) its calls for a legal conclusion; (4) it is vague and ambiguous as to the terms and phrases "payments," "generated," "websites that infringe," and "reissue patent"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

**Request No. 16:** [T]estimony familiar with documentation of any other agreements, contracts, or de facto relationships with Apple that could impact OkCaller's operations and/or rankings is hereby requested, including, but not limited to, communications channels discussing website security, privacy, reputation, affiliations, IP, or other matters"

**Response To Request No. 16:** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope and is not the proper subject of deposition testimony; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is compound; (4) it is vague and ambiguous as to the terms and phrases "familiar with," "other agreements, contract, or de facto relationships," "impact," "OkCaller's operations and/or rankings," "communications channels," "website security," "privacy," "reputation," "affiliations," "IP," and "other matters"; (5) it seeks information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

**Request No. 17:** The individual at deposition shall be familiar with all relevant facts mentioned in this letter, the Ninth Circuit Motion for Referral, and other documents previously provided to Alphabet."

**WILSON SONSINI**

Keith Mathews
January 16, 2024
Page 11

***Response To Request No. 17:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it seeks information already in the possession of a party to the litigation (i.e., the Plaintiff); (4) it is vague and ambiguous as to the terms and phrases "relevant facts," "Ninth Circuit Motion for Referral," "other documents previously provided to Alphabet"; (5) its broad sweep may include information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (6) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

***Request No. 18:*** As described more fully in Plaintiff's Ninth Circuit request for referral, that individual may reference any organization chart identifying all individuals (staff, managers, attorneys, etc) that played a role in either the Thanksgiving 2022 Adverse Event or the December 2022 Anti-Semitic Reference Event. She/he shall be familiar with any evidence Alphabet possesses documenting any investigation into either of these events."

***Response To Request No. 18:*** In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope and not the proper subject of deposition testimony; (2) it seeks information that is not relevant to any party's claims or defenses in the Southern District of Florida case, and is not proportionate to the needs of the case; (3) it is vague and ambiguous as to the terms and phrases "played a role," "December 2022 Anti-Semitic Event," "evidence," and "investigation"; (4) its broad sweep may include information that may be highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; and (5) its broad sweep may include information protected by the attorney-client privilege and work product doctrine.

Accordingly, Google will not produce a witness to appear and testify at the time and place requested by the Subpoena and intends to seek a protective order.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/Andrew T. Kramer*

Andrew T. Kramer