**FAERMAN·LAW** P.A.

www.faerman.law

February 14, 2024

Attention: Mr. Andrew Kramer

Re: Case No. 23-cv-81393-RLR-BER - Dr. Jeff Isaacs vs. Keller Williams Realty, Inc., et al.

Dear Counsel,

I write in response to the motion to quash filed by Google LLC and Alphabet Inc. (collectively "Google"). After careful review of the motion and in consideration of the facts and applicable law, we firmly believe that the motion lacks merit for several reasons and wish to propose a compromise that respects the interests of both parties.

First and foremost, it is essential to recognize that Google has been integrally involved with the plaintiff for over a decade, a period during which substantial evidence relevant to this case has accumulated. Google was effectively the only long-term employer[1] in Dr. Isaacs' life, working with him and recording millions of dollars in annual AdSense profits for nearly a decade. Google's interactions with the plaintiff resulted in evidence, including but not limited to his work history, disability progression, the value of his reissue patent, and the circumstances surrounding the termination of his professional relationship with Google. The relevance of this evidence to the underlying lawsuit, especially the plaintiff's financial stability, worsening health, and substantiated fear of witness retaliation, is clear upon a review of either the subpoena instructions or the case docket.

During our January Meet & Confer, Dr. Isaacs emphasized to you the relevance of the subpoena in three areas: 1) His distress of losing a career with Google, resulting in a decision to sell his home and vacate Florida,  2) His financial duress from non-payment of patent royalties, 3) his concern these decisions by Google somehow stem from the ongoing traumatic witness retaliation he has faced by other entities against a "disabled brain surgeon," and likewise 4) His worsening health from years of this witness retaliation.

---

[1] Dr. Isaacs "worked" for Google for a decade, beginning two years after he completed his MD degree. We realize Google does not acknowledge as to whether he was a contractor, strategic partner, worker, or professional affiliate.

954-271-8484
hello@faerman.law
3859 NW 124th Ave, Coral Springs, FL 33065
Admitted to practice law in:
Florida | US District Court, Southern District of Florida | US Bankruptcy Court, Southern District of Florida

Each of these issues Dr. Isaacs explained to you falls well within the ambit of permissible discovery under federal and state laws. Regrettably, none of these issues were raised in your motion.

We are particularly concerned with the motion's failure to acknowledge the hardship compliance with the subpoena would impose on Google. There appears to be no substantive argument presented on this front, suggesting that compliance would not be unduly burdensome. Instead, the motion diverts attention to unrelated matters, such as force majeure, in an apparent effort to diminish the relevance of the information sought to the instant case.

It becomes apparent that Google cannot plead undue hardship, if, indeed, they have actually investigated Dr. Isaacs' concerns. You have personally represented to the court that Dr. Isaacs' concerns are "meritless." This suggests you, or Google, have investigated the concerns, and have determined another cause behind the sudden termination of Dr. Isaacs' professional affiliation with Google. Either you have, or you have not, investigated. If you investigated, and found Dr. Isaacs' concerns to be "meritless," then there is no undue burden in sharing the actual cause of termination with Dr. Isaacs. In short, Google cannot "have it both ways" under the applicable law, and your motion unequivocally attempts to do just that.

In the spirit of cooperation and to facilitate a resolution, we proposed during our Meet & Confer in January to narrow the scope of the subpoena to focus on three specific issues. As stated during that call, we believe these can be addressed succinctly by Google, likely within 20-30 minutes, thereby minimizing any inconvenience or burden:

1. Credible evidence explaining the plaintiff's sudden termination and the potential involvement of any third parties, including Apple or others, which may have influenced Google's decision-making process.
2. Information regarding the infringement of the plaintiff's patent by Google and any internal deliberations to suggest whether or not Google intends to pay royalties owed.
3. Evidence of Dr. Isaacs' work history at Google Miami, his disability impact on his work, and any internal memoranda to suggest whether or not Dr. Isaacs/OKCaller can resume the decade long partnership with Google.

We assert that these narrowed requests are not only reasonable but essential for the fair adjudication of the claims at issue. You ended the Meet & Confer with a promise to obtain your client's position on this offer. You did suggest your client would most likely

be unwilling to accept any compromise on information disclosure, at which point Dr. Isaacs pointed out "that sure seems suspicious." You then filed a Motion to Quash, never advising us of your client's position on the matter.

Our proposal, as elaborated during our Meet & Confer and unfortunately left unaddressed before the filing of your motion, aims to streamline the discovery process in a manner that is both reasonable and judicious. Given the critical nature of the information sought and Google's concerns—which, while not explicitly stated, could conceivably relate to the protection of trade secrets and operational privacy—we believe an in camera review offers a balanced solution.

Key Proposal for In Camera Review

We propose that the specific issues previously identified be addressed in an in camera session with Magistrate Judge Bruce Reinhart, limited to 30 minutes. This session would focus on:

The Reason for the Sudden Termination of Plaintiff's Professional Affiliation with Google: We seek internal memoranda or any documentation that provides a credible explanation for this termination, including any investigations into suspected witness retaliation against the plaintiff and the consequent loss of approximately 300 million customers for OKCaller. This in camera review would allow Google to present the reasons and supporting documents confidentially, addressing our concerns while safeguarding Google's operational secrets.

Potential Compensation for Plaintiff's Patent Rights: Information regarding Google's intentions to compensate the plaintiff for his patent rights and any possible actions to restore OKCaller and its partnership to previous levels. This point is pivotal for assessing the merit of the plaintiff's claims and understanding Google's stance on intellectual property disputes.

Records of Plaintiff's Performance and Disability Impact: Detailed records over the past ten years of the plaintiff's performance at Google Miami and other interactions, with a focus on how his disability may have impacted his work. This is essential for evaluating the nature of the plaintiff's professional relationship with Google and any potential discrimination or wrongful termination claims.

We believe this proposal represents a fair and efficient path forward, enabling a focused examination of the most pertinent issues under the careful supervision of the

court. It provides a mechanism for Google to comply with the subpoena's requirements in a controlled and confidential manner, potentially leading to a quicker resolution of the underlying dispute. In the event the information disclosed in camera is indeed relevant to the case, the Court can then direct Google to comply with the subpoena as per its discretion.

We respectfully request your consideration of this proposal and look forward to your response by February 19. Our aim is to reach a compromise that facilitates the discovery process while respecting the legitimate interests and concerns of both parties.

Thank you for your attention to this matter. We remain open to further discussion.

Respectfully,

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com