# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 23-cv-81393-RLR

DR. JEFF ISAACS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC. MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON), EQUESTRIAN PALMS, LLC,

    Defendants.

## **NON-PARTY GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO QUASH**

Dr. Isaacs's untimely Opposition confirms that his deposition subpoena to non-party Google should be quashed because the information he seeks is irrelevant to this action. Nothing in the Opposition explains how the information Dr. Isaacs demands from Google is (or could be) relevant to the claims or defenses in ***this real estate action***. Why OkCaller.com's performance may have declined in Google Search has nothing to do with, for example, "apportion[ing] damages between Defendants" or Dr. Isaacs's ability to establish his own financial and mental state in this real estate dispute. If anything, the Opposition leaves no doubt that Dr. Isaacs is improperly using this case to seek information about his unrelated prior grievance against Google. *See, e.g.,* Opp'n at 17 (citing "serious potential allegations" against Google); Dkt. No. 93-4 at 3 (claiming that testimony from Google "is essential for evaluating . . . any potential discrimination or wrongful termination claims" against the company).

Google respectfully requests that this Court quash Dr. Issacs's irrelevant and burdensome subpoena.

ACTIVE 693484714v2

## ARGUMENT

### I. The Subpoena Seeks Only Irrelevant Information and Should be Quashed.

Dr. Isaacs seeks testimony from Google about "why [it supposedly] terminated OkCaller and why [it supposedly] refus[ed] to pay patent royalties," presumably following the decline of OkCaller.com's performance in Search. Opp'n at 21.[1] Google's opening brief explained that the plain language of the real estate agreement underlying this action forecloses the theory of relevance that Dr. Isaacs's counsel articulated: the force majeure clause's applicability. Mot. at 10 & n.3.

Dr. Isaacs now disavows that theory. *See* Opp'n at 15; Dkt. No. 93-4 at 2 (calling the force majeure clause an "unrelated matter"). He instead claims that the testimony he seeks from Google is supposedly relevant to show his "state-of-mind and alleged duress" when he contracted with the defendants for the multi-million-dollar sale of his home. Opp'n at 3; *see also id.* at 13 (asserting that testimony from Google would somehow be relevant to Dr. Isaacs's "financial stability and physical health during the real estate transaction period"). But the Opposition contains no explanation for how "duress" allegedly caused by OkCaller.com's decreased performance would be relevant to the claims or defenses in this action. And even setting aside the absence of any explanation of relevance, Dr. Isaacs does not need testimony about ***why*** OkCaller.com fared less well in Google Search results to establish his own financial and mental state in 2022: the evidence bearing on his condition (assuming his condition is relevant) is squarely within his own possession.

---

[1] The Subpoena is actually broader in scope, demanding testimony on a wide range of topics from "Google's ten largest phone search websites by organic referral volume" to information about Google's "profit streams and ranking factors" for websites. *See* Dkt. No. 85-1 ¶ 21 & Ex. O. It is unclear whether Dr. Isaacs is standing by the subpoena's full scope (Opp'n at 21) — but in any event, the Opposition addresses only the purported relevance of testimony regarding the reason behind OkCaller.com's performance in Google Search.

-3-

Next, the Opposition argues that the testimony Dr. Isaacs seeks from Google would be relevant to "apportion[ing] damages between Defendants, and Google." Opp'n at 3. There are obviously no damages to "apportion" to Google, which is not a party to this case. As to the actual defendants, evidence about OkCaller.com's performance in Google Search is irrelevant to their liability (if any) for alleged violations of antitrust law, RICO, the TCPA, the Fair Housing Act, or contractual arbitration and mediation clauses in connection with the unconsummated sale of Dr. Isaacs's home. *See generally* Dkt. No. 25 (First Amended Complaint).

The other relevance theories in the Opposition are equally meritless. Dr. Isaacs speculates that, if deposition testimony from Google were to reveal some sort of impropriety behind OkCaller.com's status in search results, that would somehow "substantiate[] allegations . . . that Keller Williams took adverse actions [against him] for improper reasons." Opp'n at 15. But the reason behind OkCaller.com's performance (whatever it may be) has nothing to do with why Keller Williams sued Dr. Isaacs in state court after he failed to close on a real estate transaction.

Dr. Isaacs also says that he is "awaiting removal of a state court claim and consolidation with this lawsuit" and, if that happens, he plans to "file affirmative defenses to the state court case that do indeed mention OkCaller.com and Google." Opp'n at 19. Although Dr. Isaacs (as the one seeking discovery from a third party) "has the burden of proving relevance" in this situation, he does not disclose what those defenses are, let alone explain how testimony from Google would be relevant to them. *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla. Properties, L.P.*, No. 20-CV-80157-BER, 2023 WL 5831467, at *4 (S.D. Fla. Sept. 8, 2023); *see also LNV Corp. v. Branch Banking & Tr. Co.*, No. 3:13cv191/MCR/CJK, 2013 WL 12174140, at *2 (N.D. Fla. Nov. 18, 2013) ("[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request."). Regardless, as this Court has already made clear, Dr.

Isaacs's plan to perhaps offer some more affirmative defenses in the state court case cannot serve as a basis for the deposition subpoena to Google: "an issue that is not now but later 'may be, in the case' is, by definition, not yet in the case, and therefore is not relevant to the existing claims or defenses." *In re Zantac (Ranitidine) Prods. Liability Litig.*, No. 20-MD-2924-ROSENBERG/REINHART, 2020 WL 5585137, at *2, n.1 (S.D. Fla. Sept. 16, 2020) (Reinhart, J.). *aff'd*, 2020 U.S. Dist. LEXIS 205418 (S.D. Fla. Nov. 3, 2020).[2]

## II. Preparing and Presenting a Corporate Witness to Testify About Irrelevant Matters Would be Unduly Burdensome.

Dr. Isaacs argues that Google has not shown that compliance would impose undue burden.[3] Opp'n at 16-17. As Dr. Isaacs concedes, however, undue burden "necessitates an examination that weighs the necessity and relevance of the information sought against the inconvenience or expense to the subpoenaed party." Opp'n at 4. Importantly, when the information sought is irrelevant, "any burden whatsoever imposed upon [the subpoenaed party] would be by definition undue." *Optistreams, Inc. v. Gahan*, No. CV-F-05-0117 REC SMS, 2006 WL 829113, *12 (E.D. Cal. Mar. 28, 2006); *Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. Aug. 18, 2010)

---

[2] While the information Dr. Isaacs seeks is irrelevant under any legal standard, Google notes that his reliance on the standard set forth in *Oppenheimer Fund, Inc. v. Sanders* is misplaced. *See In re Zantac*, 2020 WL 5585137, at *2, n.1 ("reject[ing]" reliance on *Oppenheimer*'s relevance standard "because it is based on the pre-2000 language of Rule 26(b)(1)", which has since been narrowed).

[3] Dr. Isaacs's suggestion that Google's motion is improper (Opp'n at 18-19) or should be "stricken" (*id.* at 11) is a continuation of his repeated demands that Google withdraw its Motion. Indeed, after Dr. Isaacs filed his Opposition, he demanded that Google retract the Motion due to its description of his lawsuit against Apple — where the district court dismissed his claims on the pleadings, and the Ninth Circuit affirmed the dismissal and unanimously denied his petition for review — as "failed litigation." Dr. Isaacs noted that he has a pending writ petition before the U.S. Supreme Court and that he planned to file a motion to strike if Google did not submit to his retraction demand. While Google disagrees that its description was improper, given that it was not substantively involved in the *Apple* litigation, Google takes no position on the merits of his claims against Apple in that matter.

("The compulsion of production of irrelevant information is an inherently undue burden."); *cf. Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12618327, at *2 (M.D. Fla. Jan. 31, 2014) ("Defendants should not be required to produce irrelevant documents regardless of any lack of burden to them.").

Even if that legal standard did not exist, Dr. Isaacs's deposition subpoena seeks testimony on a range of issues. Complying with the subpoena would thus impose very significant costs on Google to prepare, educate, and present a corporate representative to testify (as well as additional legal costs to defend the deposition).[4]

---

[4] A month after Google filed its initial motion, Dr. Isaacs proposed a "compromise" where Google would "comply with the subpoena's requirements" by producing the irrelevant information Dr. Isaacs seeks during an "in camera session." Dkt. No. 93-4. Google declined that attempted end-run around the subpoena process. As Google explained, even setting aside the lack of relevance to this case, Dr. Isaacs's "compromise" would require Google to undertake the significant burden of educating a witness and producing documents regarding: (1) OkCaller's supposed "termination" and "possible" restoration "to previous levels"; (2) "Google's intentions to compensate [Dr. Isaacs] for his patent rights"; and (3) "[d]etailed records over the past ten years" regarding "plaintiff's performance," including how his "disability may have impacted his work"—all in the hopes that Dr. Isaacs would deem the evidence "credible." *Id.* at 3; *see* Opp'n at 10, n.3 (demanding a "credible explanation" from Google).

-5-

## CONCLUSION

For the reasons set forth above and in Google's Motion, Google respectfully requests that the Court quash Dr. Isaacs's third-party deposition subpoena.

                Respectfully submitted,

*Attorneys for Attorneys for Non-Parties Alphabet Inc. and Google LLC*

Andrew T. Kramer, Esquire
WILSON SONSINI GOODRICH
& ROSATI, P.C.
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Telephone: 650-565-3641
Email: akramer@wsgr.com
*Admitted Pro Hac Vice*

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Telefax: 954-765-1477

By: *s/ John L. McManus*
    John L. McManus, Esquire
    Florida Bar No. 0119423
    Email: mcmanusj@gtlaw.com;
    yeargina@gtlaw.com; and
    FLService@gtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of March 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                *s/John L. McManus*
                JOHN L. MCMANUS