UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81393

DR. JEFF ISAACS,
On behalf of himself and all others similarly situated

    Plaintiff,

vs.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC d/b/a
KELLER WILLIAMS REALTY WELLINGTON,
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## **DEFENDANT, EQUESTIRAN PALMS, LLC'S DISCOVERY STATUS REPORT**

Defendant, EQUESTRIAN PALMS, LLC ("Equestrian"), pursuant to the Order Setting Telephonic Status Conference [ECF No. 33] entered by United States Magistrate Judge, Bruce E. Reinhart, on December 4, 2023, and in anticipation of the March 12, 2024 Court-Ordered final discovery status conference call scheduled at 11:30 am, hereby files its "Discovery Status Report" and states as follows:

### **PROCEDURAL BACKGROUND**

1.    On December 4, 2023, United States Magistrate Judge, Bruce E. Reinhart, entered the Order Setting Telephonic Status Conference [ECF No. 33], and required the parties to these proceedings to file a **joint discovery status report**[1] which addresses the following:

---

[1] Undersigned counsel understands that the Order required a joint report be submitted by the parties. However, the parties have not discussed a discovery plan. As set forth in more detail below, the Court has ordered a stay as to all discovery "pending further order." *See* ECF No. 91. In an abundance of caution, Equestrian is filing this report, unilaterally, to provide the Court with the ordered status of this matter, in anticipation of the court ordered discovery status conference call moving forward on March 12, 2024.

    a. what discovery has been propounded by each party;

    b. whether the discovery requests have been answered;

    c. the status of depositions, including: 1. the number of depositions already taken; 2. the number of remaining depositions and whether they have been scheduled; and 3. an explanation of any delay in scheduling the remaining depositions;

    d. the status of expert disclosures;

    e. whether there are any outstanding discovery disputes;

    f. whether the parties believe that a discovery status conference is needed; and

    g. whether the parties can certify that all discovery will be completed by the discovery deadline.

*See* ECF No. 33.

    2.    Equestrian, and Co-Defendants, Keller Williams Realty, Inc. ("KW"), and Makai Southeast, LLC d/b/a Letter Williams Realty Wellington ("Makai") have all filed Motions to Dismiss (collectively the "Motions to Dismiss") the First Amended Complaint [ECF No. 25]. *See* ECF Nos. 29, 38, and 39.

    3.    KW and Makai also filed a Joint Motion to Stay Discovery and Memorandum of Law in Support [ECF No. 61] seeking a stay in discovery until the Court has ruled upon the Motions to Dismiss and argued: (i) the Motions to Dismiss, if granted, would be dispositive of the case; and (ii) staying discovery would prevent undue and unnecessary expense to defendants from the specious claims alleged by Dr. Jeff Isaacs (the "Plaintiff") in these proceedings.

    4.    On December 18, 2023 Plaintiff filed a Notice of Removal [ECF No. 56] seeking to remove Equestrian's state court breach of contract action against Plaintiff to this Court.[2] Equestrian's state court action— filed on May 9, 2023— alleges claims against Plaintiff for: (a) breach of contract

---

[2] The Notice of Removal also seeks to remove a state court claim filed by Makai against Plaintiff for Plaintiff's alleged breach of an Exclusive Right of Sale Listing Agreement entered into between Makai and Plaintiff on or about December 17, 2022.

and seeking the remedy of specific performance; and (b) breach of contract and seeking, in the alternative, money damages pursuant to Florida Rule of Civil Procedure 1.110(g) (the "State Court Action"). The claims alleged by Equestrian resonate from an "As-Is" Residential Contract for Sale and Purchase (the "Contract") signed by Isaacs for the sale of the residence located at 11482 Key Deer Circle, Lake Worth, Florida 33449 (the "Property") owned by Plaintiff.  The State Court Action is referenced under Palm Beach County Circuit Court Case No. 50-2023-CA-010133.

5. In response to the Notice of Removal, Equestrian, Makai and KW all filed Motions for Remand [ECF Nos. 65, 66 and 69] (collectively the "Motions for Remand") setting forth their respective objections to the Notice of Removal and arguing their respective bases as to why the state court claims should be remanded to the Palm Beach County Circuit Court.

6. The Motions to Dismiss and Motions for Remand have not yet been ruled upon by the Court.

7. On February 21, 2024, the Hon. Robin L. Rosenberg entered a Paperless Order [ECF No. 91] **granting** KW and Makai's Joint Motion to Stay Discovery and Memorandum of Law in Support [ECF No. 61].  The Paperless Order entered by the Court provides, "All discovery is stayed pending further order."

## **STATUS OF DISCOVERY**

All discovery in this matter has been stayed pending further order from the Court.  *See* ECF No. 91.  As of the date of the filing of this Report,

(a) Equestrian has not engaged or participated in any written discovery with any party, nor has it sought to take any depositions.

(b) There have been no written discovery requests propounded by Equestrian, nor has there been any written discovery propounded upon Equestrian.

(c) No depositions have been taken to date in this case. To the extent Equestrian's Motion for

      Remand [ECF No. 65] is denied, Equestrian will need to take at least three (3) depositions, including, Plaintiff, Ms. Ianina Petrea a/k/a Yanina Petrea, Nicolas Maruri. Until discovery is conducted (whether in the state court, or before this Court), Equestrian is unable to determine whether additional depositions will be required to properly prepare this matter for trial.

(d) Equestrian has not secured an expert witness, nor has it made any disclosures.

(e) To the best of Equestrian's knowledge, information, and belief, there are no outstanding discovery disputes relating to Equestrian.

(f) Presently, Equestrian does not believe that a discovery status conference is required.

(g) Based upon the current procedural posture of the case, Equestrian does not believe that the parties will be able to meet the Pretrial Deadlines set forth in the Order Setting Status Conference, Calendar Call, Pretrial Deadlines, and Trial Date, Order of Requirements, and Order of Reference to Mediation [ECF No. 32] entered by the Court on November 30, 2023.

Equestrian's reservations in propounding discovery in this case, are rooted in its concern that participation in discovery may be a waiver of its right to seek remand. While there is case law holding that a party who timely seeks remand does not waive that right by participating in discovery, or seeking affirmative relief, there are also cases that hold the opposite. *See Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir.1981); *see also Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990); *Wade v. Fireman's Fund Insurance Co.,* 716 F.Supp. 226 (D.La.1989); *Knowles v. Hertz Equipment Rental Co.,* 657 F.Supp. 109, 110–11 (S.D.Fla.1987); *But see also, Gonzalez v. Weeks Marine, Inc.*, 203 F. App'x 574, 575-76 (5th Cir. 2006) (distinguishing *Johnson* and holding that plaintiff who "timely objected" to removal did not waive remand by participating in the case); *Gipson v. Wal-Mart Stores, Inc.*, 2009 WL 10695075, at *4 (S.D. Tex. Jan. 23, 2009) (no

waiver by engaging in discovery and seeking "affirmative relief"); *see also, e.g., Williams v. Texaco, Inc.*, 1997 WL 304827, at *2 n.1 (E.D. La. June 4, 1997) (plaintiff who timely sought remand did not waive that right by participating in discovery).

Dated this 7th day of March, 2024.

                                        Respectfully submitted,
                                        **PETERSON, BALDOR**
                                        **& MARANGES, PLLC**
                                        *Attorneys for Equestrian Palms, LLC*
                                        8000 SW 117th Ave, Suite 206
                                        Miami, Florida 33183
                                        Telephone:   (305) 270-3773
                                        Facsimile:    (305) 275-7410

By:    */s/* Jose Baldor
           Jose I. Baldor
           Florida Bar No. 657360
           Jose@pbmlegal.net
           Lourdes@pbmlegal.net
           Matthew Maranges
           Florida Bar No.: 91534
           Matt@pbmlegal.net
           Elizabeth@pbmlegal.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of March 2024, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that this document is being served this day on the individuals listed on the Service List below, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        By:    */s/ Jose I. Baldor*

                                                 Jose I. Baldor, Esq.

**SERVICE LIST**

Ayelet Faerman, Esq.
FAERMAN LAW, P.A.
3859 NW 124th Avenue
Coral Springs, FL  33065
Telephone:  (954) 271-8484
ayelet@faerman.law

*Counsel for Plaintiff*

Keith Matthews, Esq.
AMERICAN WEALTH PROTECTION
Manchester NH 03105
Telephone: (603) 622-8100
Keith@awplegal.com

*Counsel for Plaintiff (Pro Hac Vice)*

Eric L. McAliley, Esq.
Ilana J. Moskowitz, Esq.
LYDECKER LLP
2300 Glades Road, Suite 340W
Boca Raton, FL  33431
Telephone: (786) 587-1899
Facsimile: (305) 416-3190
elm@lydecker.com
ijm@lydecker.com
christy@lydecker.com

*Counsel for Makai Southeast, LLC d/b/a Keller Williams Realty Wellington*

Siobhan E. P. Grant, Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
sgrant@hinshawlaw.com
lleon@hinshawlaw.com
kcongdon@hinshawlaw.com

*Counsel for Defendant, Keller Williams Realty, Inc.*

Todd P. Stelter, Esq.
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL  60606
Telephone:  312-704-3000
Email:  tstelter@hinshawlaw.com

*Pro Hac Vice Counsel for Defendant, Keller Williams Realty, Inc.*