UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 23-cv-81393-LEIBOWITZ/REINHART

DR. JEFF ISAACS,

               Plaintiff,

v.

KELLER WILLIAMS REALTY, INC., *et al.,*

               Defendants.

_____/

## <u>OMNIBUS REPORT AND RECOMMENDATION ON<br>MOTIONS TO REMAND [ECF Nos. 65, 66, 69]</u>

Defendants Equestrian Palms, LLC ("Equestrian"), Makai Southeast, LLC d/b/a Keller Williams Realty Wellington ("Makai"), and Keller Williams Realty, Inc. ("Keller Williams") each move to remand the claims from two state court actions, which Plaintiff Jeff Isaacs ("Plaintiff" or "Dr. Isaacs") removed directly into this preexisting federal court action. ECF Nos. [65], [66], [69] (collectively, the "Motions to Remand"). Dr. Isaacs filed a Consolidated Response in Opposition to the motions, and each Defendant filed a reply. ECF Nos. [70], [72]–[74]. Equestrian and Keller Williams additionally move for attorneys' fees and costs, arguing that Dr. Isaacs did not have a reasonable basis for removal in the first place. ECF Nos. [65], [69]. Having reviewed the motions, the relevant portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Equestrian's Motion to Remand, ECF No. [65], and Makai's Motion to Remand, ECF No. [66], be **GRANTED**, and Keller Williams' Motion to Remand, ECF No. [69], be **DENIED AS MOOT**. All claims in Dr. Isaacs' Notice of Removal, ECF No. [56], should be remanded to the

Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. Additionally, Equestrian should be awarded reasonable attorneys' fees and costs.

## BACKGROUND

Dr. Isaacs agreed to sell his home, and then, for reasons that are not relevant to the instant motions, ultimately did not sell it. Equestrian (the potential buyer) sued Dr. Isaacs in Florida state court for breach of contract relating to the failed home sale (the "Equestrian State Action"). *See* ECF No. [56-1]. Then, Makai (the local seller's agency) sued Dr. Isaacs in a different case in the same state court for breach of contract relating to the same sale (the "Makai State Action") (collectively, the "State Actions"). *See* ECF No. [56-13].

While Equestrian and Makai were still trying to serve Dr. Isaacs in their respective State Actions, Dr. Isaacs separately filed this action in federal court. Dr. Isaacs sued Equestrian, Makai, and Keller Williams (the national seller's agency) for violations of the Telephone Consumer Protection Act, the Racketeer Influenced Corrupt Organization Act, the Fair Housing Act, the Sherman and Clayton Antitrust Acts, and for breach of contract and abuse of process. ECF No. [25].

On December 18, 2023, Dr. Isaacs filed a Notice of Removal in this action, attempting to remove both of the State Actions directly into this preexisting federal court action. ECF No. [56]. The Notice of Removal states:

> This case is removable under 28 U.S.C. § 1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1331. Specifically, plaintiff's principal claim for relief concerns Federal antitrust claims, class action, Fair Housing Act, and violations of TCPA and plaintiff is asserting the right to recover for this on the basis of The Sherman Act of 1890, The

Clayton Act (15 U.S.C. § 15), [and] The Telephone Consumer Protection Act (28 U.S.C. § 1331).

ECF No. [56] at 2. Equestrian, Makai, and Keller Williams each move to remand the State Actions—which are the motions at issue here. ECF Nos. [65], [66], [69].

## LEGAL STANDARD

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). A civil case can be brought in federal court when (1) it raises a federal question (28 U.S.C. § 1331); (2) there is diversity of citizenship and an amount in controversy exceeding $75,000 (28 U.S.C. § 1332(a)); or (3) another statute specifically grants such jurisdiction. *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).

The defendant removing an action is required to file a notice of removal in the federal court with a "short and plain statement of the grounds for removal" and copies of the required state court documents no later than 30 days after receiving the initial pleading "through service or otherwise." 28 U.S.C. §§ 1446(a), (b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall*** be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

3

## **DISCUSSION**

Dr. Isaacs had no basis for his removal of the State Actions. His Notice of Removal says that the State Actions are removable under 28 U.S.C. § 1331 because "plaintiff's principal claim for relief concerns Federal antitrust claims," and other federal claims. ECF No. [56] at 2. This argument reflects a fundamental misunderstanding of the removal statute. Section 1441(a) provides that "any civil action ***brought in a State court*** of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441(a). The question is whether the action which was initiated in the state court—here, the Equestrian State Action and the Makai State Action—could have originally been brought in this Court. For the reasons described below, they could not.

### I.    *Makai's Motion to Remand*

The Makai State Action contains only two claims for breach of contract against Dr. Isaacs. *See* ECF No. [56-13]. Both claims arise under Florida law and do not involve federal questions. Dr. Isaacs did not file any counterclaims asserting federal causes of action. *See* ECF Nos. [56-13], [56] (listing the state court filings). Dr. Isaacs also did not, and cannot, invoke diversity jurisdiction because both he and Makai are Florida citizens. *See* ECF Nos. [56-13] ¶ 3 (Makai alleges it is a Florida citizen); [25] ¶ 8 (Dr. Isaacs alleges he is a Florida citizen). Dr. Isaacs points to no other statute that would provide for subject-matter jurisdiction over the Makai State Action. Accordingly, because there would not have been original federal subject matter

jurisdiction over the Makai State Action, that case must be remanded. 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."). Makai's Motion to Remand, ECF No. [66], should therefore be granted.

## II.    *Equestrian's Motion to Remand*

For the same reasons, the Equestrian State Action must be remanded. The Equestrian State Action contains only two state law claims for breach of contract, there is no diversity between the parties (as both Dr. Isaacs and Equestrian are citizens of Florida), and there is no other statutory grant of subject-matter jurisdiction identified by Dr. Isaacs. *See* ECF Nos. [25] (Dr. Isaacs alleges he is a citizen of Florida); [56-1] ¶ 2 (Equestrian alleges it is a citizen of Florida); *see also* ECF No. [56].[1]

Additionally, Equestrian moved for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) empowers this Court to award "just costs and any actual expenses, including attorney fees, incurred as a result of [defective] removal." 28 U.S.C. § 1447(c). The Supreme Court has advised that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

---

[1] The Court notes that Dr. Isaacs and Equestrian have filed a "Stipulation of Dismissal of Equestrian Palms, LLC's State Court Claims That Are Presently Before This Court Pursuant to Notice of Removal." ECF No. [109]. Given that the State Actions were improperly removed, the Court need not reach the question of what effect, if any, the stipulation has on the underlying claims.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Dr. Isaacs' removal of the Equestrian State Action was not objectively reasonable. The removal statute enumerates when a civil action can be removed from state court to federal court, and the Equestrian State Action clearly did not fit into any category. *See* 28 U.S.C. §1441. Dr. Isaacs' only asserted basis for removal was federal question jurisdiction, and there was no federal question presented in the Equestrian State Action. As such, Equestrian should be awarded reasonable attorneys' fees and costs in connection with its Motion to Remand and Reply.

### III.   *Keller Williams' Motion to Remand*

Finally, Keller Williams filed a Motion to Remand. ECF No. [69]. Keller Williams is not a party to either of the State Actions and has not said that it was involved at the state court level at all. Given the recommendations above, there is nothing left to remand, and thus, Keller Williams' Motion to Remand, ECF No. [69], should be denied as moot. No attorneys' fees should be awarded to Keller Williams, as it was not affected by the removal of any state claims.

### RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that Equestrian's Motion to Remand (ECF No. [65]) and Makai's Motion to Remand (ECF No. [66]) be **GRANTED**, and Keller Williams' Motion to Remand (ECF No. [69]) be **DENIED AS MOOT**. All claims found in Dr. Isaacs' Notice of Removal, ECF No. [56], should be remanded to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. Additionally, Equestrian should be awarded reasonable attorneys' fees and costs incurred in

connection with the filing of its Motion to Remand and Reply in support of the motion.[2]

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE (5) DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of March 2024.

BRUCE E. REINHART
United States Magistrate Judge

---

[2] The Court additionally notes that if the District Court accepts these recommendations, Dr. Isaacs' Motion to Dismiss the State Court Complaint Contained Within the Notice of Removal (ECF No. [98]) and Equestrian's Motion for Extension of Time to Hold Plaintiff's Motion to Dismiss in Abeyance (ECF No. [106]) will become moot. These two motions are not referred to the undersigned and thus were not included in this recommendation.