Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law


American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC (d/b/a<br>KELLER WILLIAMS REALTY WELLINGTON),<br>EQUESTRIAN PALMS, LLC,<br><br>Defendants. | Case No. 23-cv-81393-DSL<br><br><br>**PLAINTIFF'S OBJECTION TO<br>OMNIBUS REPORT &<br>RECOMMENDATION** |

# PLAINTIFF'S OBJECTION TO

# OMNIBUS REPORT & RECOMMENDATION CONCERNING REMAND

The Plaintiff respectfully presents objections to the Magistrate's Omnibus Report and Recommendation regarding the Notice of Removal initially submitted in State Court. Recent developments have significantly altered the context of the motions for remand, rendering them irrelevant. Specifically, an Addendum to the "As-is Sale Contract" has been agreed upon by Equestrian and Isaacs, effectively terminating the sale agreement (referenced as Exhibit A). It has been acknowledged by Equestrian's counsel that their motion for remand is now moot and has been withdrawn. Additionally, any requests for sanctions between Equestrian and Isaacs have been mutually dismissed. It is, therefore, the Plaintiff's request that the Court respects the agreement between the parties by dismissing or declaring Equestrian's Motion to Remand as moot. Makai's Motion to Remand is similarly moot for the reasons explained below.

**The Addendum Unequivocally Invokes Exclusive Federal Jurisdiction**

The Addendum presents unequivocal areas of federal law, and these are integrated into the "As-is Sale Contract" by its own terms permitting integration of addenda. Makai's underlying Complaint therefore references and integrates language that it is subject to adjudication of federal issues including but not limited to TCPA, Sherman Act, federal patent law, and 18 USC 1512 (witness retaliation):

> *The Seller, Isaacs, enumerates the following issues preventing his continued performance in fulfilling the Residential Contract:*
>
> 1. *Duress in Residential Contract formation stemming from non-payment of US patent royalties by Google LLC;*

2. Duress in Residential Contract formation stemming from termination of OkCaller.com by Google LLC, two weeks prior to MLS listing;
3. Duress in Residential Contract formation stemming from removal and theft of forty- year fence and 1/2 acre of fenced property by neighbor one month prior to Residential Contract;
4. Seller's belief that #1, #2, and/or #3 occurred, at least in part, in retaliation against him as a witness to federal proceedings, in violation of 18 USC 1512.
5. Makai/KWRI violated TCPA to induce the formation of the Residential Contract;
6. Residential Contract terms injected by Makai/KWRI violate of Sherman Act of 1890;
7. Seller's ability to vacate his residence is challenging because of his ongoing, chronic medical disability.
8. Seller and his partner, Yanina Petrea, have been disrupted by the Ukraine War. Their other residence is in a city widely speculated to be the next front line should the conflict expand. Petrea has filed a declaration in support of invoking Residential Contract clause 18G "Force Majeure."
9. Petrea has property rights and interests that would be violated by closing on the Residential Contract.

**This is a Federal Opt-Out Lawsuit on Legality of Contract Pursuant to Sherman Act**

Furthermore, the Plaintiff recently opted out of the Missouri USDC *Burnett* settlement concerning Sherman Act claims related to realtor commissions. See Exhibit B. With the termination of the "As-Is sale contract," the remaining issue in this case pertains to realtor commissions. The case involves a disabled Plaintiff, and both he and his partner are adversely affected by the Ukrainian conflict. Moreover Makai sues under dubious claims for a substantial portion of life savings, a 5% commission, that they have absolutely no claim to as a result of the Addendum.[1] This

---

[1] It is unclear how Makai persists with this lawsuit under Rule 11, given that their clients have cancelled the transaction, at least in part due to KW's TCPA and Sherman violations and other negligence and pressure tactics. There is no reasonable claim for commissions by Makai, and undersigned counsel view their continued lawsuit as further evidence of abuse of process. The Court should outright dismiss their claim, not remand it to a State Court that has no authority under Sherman Act.

situation exemplifies potential abuses under the Sherman Act, warranting a Federal Court jury trial. The Plaintiff, having opted out of a prior settlement, has been granted the right to pursue this matter in the Federal Court system, specifically in the Florida Southern District, underlining the futility and procedural inefficiency of remanding this case to state court. In short, this case is now largely or entirely about the legality of Makai's 5% commission, pursuant to Sherman Act. Remanding that to State Court would be a denial of due process. At the very least, an abeyance is in order until all federal matters are adjudicated.

The Notice of Removal is firmly in the interest of judicial economy, and this Court has jurisdiction as exclusive venue per Sherman. That federal dispute is now in the language of the contract itself. Hence Equestrian's objection on the basis of "well-pleaded complaint rule," which Makai never raised itself, now fails completely. The Court need not even analyze pre-emption case law, because the Complaint itself references Sherman Act. The Addendum is not ambiguous: the contract is disputed on the grounds of Sherman Act and Google's patent infringement causing duress. The Google patent matter is similarly being actively litigated in this District as a related case (Exhibit C). Under the well-pleaded complaint rule, this Court has jurisdiction over both the Sherman Act dispute and the Google patent dispute, because both of those disputes are referenced and incorporated into the State Court complaint. To wit, this Court has exclusive jurisdiction, and those matters cannot be heard in State Court.

**Makai Only Moved for Remand on the Basis of Timeliness**

Notably Makai's Motion to Remand [DE 66] only objected to removal on the basis of timeliness. Hence Makai waived any right to contest federal jurisdiction of this matter.[2] Surely

---

[2] According to Makai's reply, preemption would defeat the removal statute's timeliness requirements and allow any case to be remanded. That is not true and not what Plaintiff asserted. Plaintiff asserted that the Notice of Removal was filed on time, December 8. Makai never asserted a lack of jurisdiction, and thereby conceded this Court has jurisdiction

Makai considered such an objection, and in light of federal Sherman litigation, did not feel it would comply with Rule 11. Makai's motion – focused on timeliness – seemed to concede that real estate commissions are subject to a national Sherman Act dispute, and the correct place to adjudicate those matters are in Federal Court.

### *Sua Sponte* Sanctions Not Warranted

Makai's Motion to Remand did not seek costs or sanctions. In light of the foregoing, the Magistrate Report could be considered *sua sponte* imposition of sanctions and remand. There is no basis for such *sua sponte* sanctions and remand in this case. Plaintiff filed a timely notice in State Court on December 8, and although it contained some technical errors, it is compelling evidence that Plaintiff intended to and did comply with the timeliness requirements of the removal statute. Exhibit D.

The Magistrate Report additionally points out undersigned counsel's "fundamental misunderstanding of the removal statute," but when viewed together with Plaintiff's *pro se* December 8 filing, the matter becomes more clear. Plaintiff filed that "Sherman act" gave this court "exclusive jurisdiction" over the dispute, invoking the removal statue. Plaintiff's removal notice also objected to the propriety of service, hence the timing deadlines are under dispute. In any event, because the language of the underlying complaint being removed now includes reference to Sherman Act[3], the Court possesses uncontested jurisdiction over the matter.

---

over Sherman Act disputes. Plaintiff objected to Equestrian's motion for remand by invoking federal preemption, as the legality of the underlying contract is disputed under Sherman. This case concerns Sherman and patent matters of exclusive jurisdiction. Ample case law was provided that Makai ignored, and the Omnibus report did not address. A removal under Sherman preemption was reasonable, if not mandated, and certainly doesn't warrant *sua sponte* imposition of sanctions.

[3] Even before the Addendum, the legality of such real estate contracts was disputed in multiple well-publicized federal lawsuits, and hence the Magistrate should have accepted that Sherman Act was a pre-empting matter. That determination is now moot, however, because of the Addendum.

The Plaintiff's timely Notice of Removal and subsequent legal arguments aim to highlight the Federal Court's exclusive jurisdiction over Sherman Act and related patent issues. Contrary to claims of a fundamental misunderstanding by counsel, the Plaintiff's filings have aimed at consolidating cases for judicial efficiency, a practice supported by public policy, especially for complex disputes like those under the Sherman Act. Hence, to sanction Dr. Isaacs for attempting to consolidate two complex cases involving Sherman, before a disputed deadline, is not warranted. It should be noted that neither Attorney Mathews, Attorney Faerman, nor Dr Isaacs himself have ever been sanctioned under any statute. To punish them, *sua sponte*, for a *bone fide* timely attempt to consolidate Sherman Act disputes in the correct – and only – venue where they can be properly heard is simply unjust.

**KWRI Pleadings Indicate This Case Concerns Long-Term Witness Retaliation**

It is also relevant that this case concerns witness retaliation against a federal witness, Dr. Isaacs. Attorney Stelter has refused to strike a false document he entered about Dr. Isaacs' medical credentials, which were acquitted via a federal settlement agreement. KWRI/Stelter have also maintained that Isaacs' role in ongoing Apple antitrust litigation is relevant to this case. In short, this lawsuit is entirely a federal matter – from the contract disputed under Sherman act, to non-payment of patent royalties, to witness harassment from *twenty year* old acquitted allegations, a State Court is simply not the forum where this dispute can proceed and protect all parties due process rights.

**KWRI Objected to Any and All Magistrate Proceedings**

Finally, it is noted that KWRI has objected to Magistrate adjudication of any or all proceedings in this case, via their 26f report. They, or their franchises, should not now benefit from accepting a *sua sponte* award of sanctions by the very Magistrate whom they declined jurisdiction.

Attached is an image of the joint report redline version, where Attorney Stelter deleted "*The Parties consent to have a United States Magistrate Judge conduct discovery proceedings in this case, pursuant to 28 U.S.C. § 636(c)."* and replaced it with "*The Parties do not consent to a United States Magistrate Judge for all proceedings.*"



**Conclusion**

In light of the above arguments, the Plaintiff urges this Court to deny the Motion to Remand, opting instead to resolve the dispute over the Makai contract through the lens of the Sherman Act. Alternatively, the Court could hold the State Court claim in abeyance until the legality of the contract is determined via Federal Court. This approach ensures that due process rights are upheld, avoiding the inefficiencies and jurisdictional conflicts of a remand.

Respectfully submitted, this 8th day of April 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
Florida Bar No. 102605
954-271-8484
ayelet@faerman.law


/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com


## CERTIFICATE OF SERVICE

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing Objection to Remand was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 8th day of April 2024.


/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews