Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>  Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC (d/b/a<br>KELLER WILLIAMS REALTY WELLINGTON),<br>EQUESTRIAN PALMS, LLC,<br><br>  Defendants. | Case No. 23-cv-81393-DSL<br><br><br>**PLAINTIFF'S MOTION TO<br>STAY LITIGATION PENDING<br>LIMITED DISCOVERY** |

## PLAINTIFF'S MOTION TO STAY LITIGATION PENDING LIMITED DISCOVERY

Plaintiff respectfully motions the Court for a stay on litigation, and limited, focused discovery. This request arises under the premise of the Federal Rules of Civil Procedure, particularly Rule 26(b)(1), which allows for discovery of nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Given the serious allegations of witness retaliation under 18 U.S.C. § 1512, as implicated in the Plaintiff's interactions with Google LLC, limited discovery is justified prior to a possible dismissal with prejudice of underlying claims involving Google.

Presently before the Court are two omnibus Magistrate recommendations for partial dismissal and remand of this case. Both of these recommendations may become moot in the event of a tentative settlement between the parties. Hence this Motion to Stay is in the interest of judicial economy as it will permit resolution of the last outstanding issue preventing settlement. The settlement has not been finalized because Plaintiff is awaiting a subpoena to Google LLC for matters relevant to this case and controversy.

**Background and Need for Discovery**

Plaintiff and Equestrian Palms formed a contract Addendum integrated into the "As-Is Sale Contract" by its own terms permitting integration of addenda. This contract is at the center of this case. The Addendum identifies issues preventing Dr. Isaacs' continued performance, including alleged duress stemming from non-payment of US patent royalties and termination of OkCaller.com by Google LLC — actions believed to be retaliatory in violation of 18 USC 1512. The Addendum states, amongst other things:

> *The Seller, Isaacs, enumerates the following issues preventing his continued performance in fulfilling the Residential Contract:*
>
> 1. *Duress in Residential Contract formation stemming from non-payment of US patent royalties by Google LLC;*
> 2. *Duress in Residential Contract formation stemming from termination of OkCaller.com by Google LLC, two weeks prior to MLS listing;*
>
> *Seller's belief that #1, #2, and/or #3 occurred, at least in part, in retaliation against him as a witness to federal proceedings, in violation of 18 USC 1512.*

As the Court is aware from other pleadings in this case, Plaintiff has raised serious and substantiated concerns about Google LLC's termination of 300 million users from his website , OKCaller. A dismissal of this case, which has a nucleus of facts including Google LLC's potential conduct, could inadvertently exempt them from any further scrutiny, which would be contrary to the interest of fairness and justice.

This matter is subject to an outstanding subpoena served upon Google LLC. A voluntary dismissal of this case with prejudice cannot occur until Plaintiff has ascertained whether or not Google subjected him to 18 USC 1512 retaliation. For this reason, Plaintiff requests the Court permit limited discovery into this matter, which would then potentially and/or probably facilitate dismissal of the Keller Williams entities from this case.

**Legal Precedent and Rules Supporting Limited Discovery**

Federal Rule of Civil Procedure 26(d) generally provides that parties may seek discovery after the parties have conferred as required by Rule 26(f). In this case, the parties have conferred with Rule 26, so limited discovery – if not full discovery – is entirely within the Court's discretion.

In *Columbia Pictures Industries v. Bunnell*, 2007 U.S. Dist. LEXIS 46364 (C.D. Cal. 2007), the court granted expedited discovery even before the Rule 26(f) conference due to the high risk of defendants destroying digital evidence critical to the plaintiff's claim.

In *Doe v. United States*, 112 F.R.D. 183 (S.D.N.Y. 1986), the court allowed expedited discovery due to the extraordinary circumstances of the case, noting that accelerated discovery can be warranted when the information sought is at risk of being lost or when the issues in question are of paramount importance and time-sensitive.

In *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 2011 WL 1869830 (S.D. Cal. May 16, 2011), the court permitted expedited discovery to identify unknown defendants when the plaintiff showed that statutory damages would be inadequate and irreparable harm would occur without expedited measures.

Case law supports the use of limited discovery in situations where there is a substantial allegation of federal crimes affecting civil proceedings. For instance, in *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009), the court highlighted the necessity of narrowly tailored discovery requests in investigations of serious allegations to prevent abuse of process and protect sensitive information.

Moreover, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), supports the proposition that where the conduct could influence or impede justice, a careful inquiry is warranted to ensure that litigants have access to potentially critical information that could influence the case and their underlying rights.

**Stay on Leave to Amend / Objection Deadlines**

Because the parties do wish to settle their claims, pending this limited discovery, it is requested that all other deadlines be stayed. Presently a deadline exists on May 1 for any objections

to the Magistrate recommendation regarding the Motion to Dismiss. Out of an abundance of caution, in the event this motion is not decided by May 1, Plaintiff alternatively asserts the following:

Plaintiff largely assents to the Magistrate's Omnibus Recommendation filed on April 17, with two exceptions:

1) The Sherman Act cause of action deficiencies may be cured by Amendment. Plaintiff purchased his home from KW in 2020 and paid a commission. That fact is not presently alleged in the FAC, but could be amended so as to state a claim for relief.

2) The Sherman Act cause of action "For Sale By Owner" relevant market conduct does in fact state an antitrust injury. Dismissal of this case could create an incorrect precedent for other pending real estate Sherman claims. Notably, the DOJ has recently won a lawsuit permitting it to review Sherman Act claims against KW, beyond the terms of the Missouri settlement. A lack of efficient FSBO marketplaces (which Plaintiff alleged caused him damages in the FAC) is a matter ripe for litigation and should not be dismissed at this premature stage. The Magistrate determined that no injury existed because Plaintiff had not paid a commission, but the FAC specifies that for the FSBO, the injury was his inability to sell his home without an agent on Zillow. This is an important matter and distinction worthy of further litigation, rather than an unfavored 12(b)(6) dismissal.

Hence, should litigation not be stayed, Plaintiff requests to Amend these matters and provide more detailed pleading as to KWRI's vicarious liability.

**Conclusion**

Limited focused discovery by way of enforcement of the Google LLC subpoena in the interest of fairness and justice. Other litigation deadlines should be stayed, respecting the parties' preliminary and tentative settlement agreement. There exist serious concerns regarding Google's conduct, and the FRCP's liberal stance on discovery should be enforced to help direct this case and ensure that no potential 18 USC 1512 violations permanently avoid scrutiny through a dismissal with prejudice.

Therefore, Plaintiff requests the Court permit limited discovery into these matters, which would likely facilitate the dismissal of the Keller Williams entities from this case and support a just resolution. Given the parties' inclination to settle claims pending this discovery, it is prudent to stay all other litigation deadlines.

### CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), on May 1, 2024 counsel sought KW Defendant's assent to this motion, but has not received a response as of today's deadline.

Respectfully submitted, this 1st day of May 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
Florida Bar No. 102605
954-271-8484
ayelet@faerman.law


/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATE OF SERVICE

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing Motion to Stay Litigation was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 1st day of May 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews