UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81393-LEIBOWITZ/REINHART

DR. JEFFREY ISAACS,

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC. et al,

    Defendants.

_____/

### NON-PARTY GOOGLE LLC'S MOTION FOR LEAVE FOR NON-PARTY TO FILE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY LITIGATION PENDING LIMITED DISCOVERY [DKT. NO. 119]

Non-Party Google LLC ("Google") hereby moves for leave of Court, pursuant to Local Rule 7.1(c)(1), to file a Memorandum of Law in Opposition to Plaintiff Dr. Jeff Isaacs' Motion to Stay Litigation Pending Limited Discovery filed May 1, 2024 [Dkt. No. 119] ("Motion to Stay"). As for good cause, Google states as follows:

This Motion for Leave is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion for Leave, and any information presented at argument.

### MEMORANDUM OF POINTS AND AUTHORITIES

Local Rule 7.1(c)(1) permits a "party" to oppose a motion, and states that "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court." *See* S.D. Fla. L.R. 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion"). Here, because Google is not a party, Google respectfully moves the Court for an order permitting it to file a Memorandum in

Opposition to the Motion to Stay. A copy of the proposed Memorandum in Opposition is attached as Exhibit 1.

Plaintiff's Motion to Stay seeks to stay "all other deadlines" in this litigation pending "enforcement of the Google LLC subpoena." Dkt. No. 119 at 4-6. Despite Google being essentially the sole subject of the Motion to Stay, Plaintiff did not meet and confer with Google pursuant to the Local Rules. *See* S.D. Fla. L.R. 7.1(a)(3) ("[C]ounsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties ***or non-parties*** who may be affected by the relief sought in the motion . . . ." (emphasis added)). Google takes no position on Plaintiff's assertion that "all other deadlines" should be stayed—but Google asks for the opportunity to respond to Plaintiffs' latest attempt to hijack this judicial proceeding in order to seek irrelevant discovery from non-party Google, despite the stay of discovery ordered by the Court (Dkt. No. 91).

## CONCLUSION

For the reasons set forth above, non-party Google LLC respectfully requests that the Court grant it leave to file the attached Memorandum in Opposition of record.

Dated May 15, 2024                               Respectfully submitted,

**WILSON SONSINI GOODRICH & ROSATI**
620 Page Mill Road
Palo Alto, CA 94303-1050
T: 650-493-9300
Andrew T. Kramer (*Admitted pro hac vice*)
akramer@wsgr.com

--and--

**GREENBERG TRAURIG, P.A.**

*/s/   John L. McManus*
John L. McManus, Esq.
Florida Bar No. 0119423
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Tel. (954) 768-5201
Fax (954) 765-1477
E-mail: mcmanusj@gtlaw.com

*Attorneys for Non-Party Google, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned counsel certifies that a good faith effort has been made to work out the subject matter of this Motion with all parties or non-parties affected by the relief set forth herein.

On Monday, May 13th, the undersigned counsel contacted counsel for Plaintiff via e-mail to ascertain whether counsel opposed the Motion. Later that day, the undersigned counsel received a communication directly from the Plaintiff, but not his counsel, purported to fail to understand the basis for the Motion. On Tuesday, May 14th, the undersigned counsel responded to counsel for Plaintiff, outlining the basis for seeking leave to file an opposition to the Motion to Stay and pointing out that Plaintiff's counsel had failed to contact the undersigned prior to filing the Motion to Stay in the first place. After receiving no response, the undersigned counsel reached out again on Wednesday, May 15th, to ascertain the position of the Plaintiff's counsel on the Motion. Late in the day on May 15th, Plaintiff's counsel responded, stating: "Our position is that you did not need leave and could have filed an objection." The undersigned interprets the e-mail to mean that there is no opposition to this Motion.

Moreover, on Monday, May 15th, the undersigned counsel reached out to counsel for Defendants Keller Williams Realty, Inc. and Makai Southeast, LLC, and Defendants have advised that there is no objection to this Motion. Counsel for Equestrian Palms, LLC has not expressed an objection.

*/s/ John L. McManus*<br>
JOHN L. MCMANUS