UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81393-LEIBOWITZ/REINHART

DR. JEFFREY ISAACS,

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC. et al,

    Defendants.

_____/

### NON-PARTY GOOGLE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY LITIGATION PENDING LIMITED DISCOVERY [Dkt. No. 119]

Non-Party Google LLC respectfully asks this Court to deny Plaintiff Dr. Jeff Isaacs' Motion to Stay Litigation Pending Limited Discovery (the "Motion to Stay," Dkt. No. 119).[1] The Motion to Stay is a misnomer, given that it seeks to *lift* the current stay of all discovery. Dkt. No. 91. It also fails to identify changed circumstances to justify lifting the discovery stay—let alone for the sole purpose of allowing Plaintiff to seek information from Google that is irrelevant to the claims or defenses in this action, as explained in Google's fully briefed Motion to Quash. *See* Dkt. No. 85 (Google's opening motion) and Dkt. No. 100 (reply brief).

In its March 12 order, the Court took Google's Motion to Quash under advisement and indicated that it will "enter a separate order" on that motion "after the [discovery] stay is lifted." Dkt. No. 107. One month later, in its April 17 Omnibus Report and Recommendation on Motions to Dismiss (the "R&R"), the Court found that Plaintiffs' First Amended Complaint "should be dismissed as a shotgun pleading," and recommended that the complaint be dismissed in its

---

[1] Google notes that Plaintiff did not confer either orally or in writing before filing the Motion, despite S.D. Fla. L.R. 7.1(a)(3).

entirety. Dkt. No. 118 at 7-10. Further, the R&R concluded that the majority of Plaintiffs' complaint should be dismissed for additional reasons. *Id.* at 10-27.

Rather than filing an objection to the R&R by the May 1 deadline, Plaintiff filed his so-called Motion to Stay, seeking to stay "all other deadlines" (including his own deadline to object to the R&R) while "enforcement of the Google LLC subpoena" proceeds. Dkt. No. 119 at 4-6. Notably, Plaintiff does not challenge the Court's finding that his operative complaint is a shotgun pleading. *See generally id.*; *see also* Dkt. No. 120 (adopting report and recommendation and dismissing complaint "as a shotgun pleading"). Nor does Plaintiff offer a cogent legal argument for his unusual request to stay everything in this case except for one piece of non-party discovery. Instead, Plaintiff relies on the general proposition that "parties may seek discovery after the parties have conferred as required by Rule 26(f)." Dkt. No. 119 at 3.

Plaintiff's argument ignores that the Court has expressly imposed a stay of discovery here pending further order. None of Plaintiff's cited cases addresses whether non-party discovery of the kind Plaintiff seeks from Google may proceed despite a stay of discovery. *Compare Columbia Pictures Industries v. Bunnell*, 2007 U.S. Dist. LEXIS 46364 (C.D. Cal. June 19, 2007) (ordering party to preserve and produce "extremely relevant" server log data in technical case involving online copyright infringement); *Doe v. United States*, 112 F.R.D. 183, 184 (S.D.N.Y. 1986) (denying plaintiffs' request for order directing government to advance stenographic costs of depositions); *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009), *opinion revised and superseded*, 621 F.3d 1162 (9th Cir. 2010) (rejecting government's attempt to justify seizure of drug testing records not within scope of warrant); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that plaintiff had not satisfied Rule 8's pleading requirements).[2]

---

[2] Plaintiff also cites "*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 2011 WL 1869830 (S.D. Cal. May 16, 2011)." Counsel for Google has been unable to locate a case by that name issued out of the Southern District of California. Assuming one exists, and that it stands for the proposition that Plaintiff asserts, it would be inapposite. Discovery is not needed in this case to avoid irreparable harm from an "unknown defendant." Mot. at 4.

In sum, there is no basis to grant Plaintiff's request to stay every aspect of this case except for discovery from non-party Google—while a discovery stay is already in place. The Court has taken Google's Motion to Quash under advisement, and Google understands that the Court will rule on that motion in due course should the discovery stay be lifted.

| | |
|---|---|
| Dated May 15, 2024 | Respectfully submitted, |

**WILSON SONSINI GOODRICH & ROSATI**
620 Page Mill Road
Palo Alto, CA 94303-1050
T: 650-493-9300
Andrew T. Kramer (*Admitted pro hac vice*)
akramer@wsgr.com

--and--

**GREENBERG TRAURIG, P.A.**

*/s/ John L. McManus*
John L. McManus, Esq.
Florida Bar No. 0119423
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Tel. (954) 768-5201
Fax (954) 765-1477
E-mail: mcmanusj@gtlaw.com

*Attorneys for Non-Party Google, LLC*