UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

### DEFENDANTS, MAKAI SOUTHEAST, LLC'S AND KELLER WILLIAMS REALTY, INC.'S JOINT MOTION TO ENFORCE SETTLEMENT

Defendants, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) and KELLER WILLIAMS REALTY, INC.'s by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files this Motion to Enforce Settlement and, in support thereof, states as follows:

### BACKGROUND

1.  Plaintiff has alleged a number of claims including, but not limited to, TCPA, Sherman Act, and Breach of contract claims which stem from the sale of a residence.

2.  On or about March 26, 2024, Plaintiff emailed the Defendants and inquired if the Defendants would agree to enter into a global settlement and "walk away" from the claims of this matter. Specifically, Plaintiff asked:

> **Please advise (yes or no) whether KW/Makai would enter into a "Global Settlement" to terminate all claims and "walk away".** *See* Email Chain attached hereto as Exhibit "A".

3. In response to Plaintiff's email, on Marhc 26, 2024, counsel for Makai responded:

**To be clear on this email below, as you know, generally a walk away is no monies paid and the suit is dismissed with prejudice. Conversely, the defendants don't seek to tax costs or seek attorneys' fees. Before I go to my client regarding the same, I need to understand is this what you are referring to.** *See* Email Chain attached hereto as Exhibit "A".

4. In reply, on March 26, 2024, counsel for the Plaintiff stated:

**That is also my understanding of a mutual walk away.** *See* Email Chain attached hereto as Exhibit "A".

5. On or about March 27, 2024, Keller Williams Realty, Inc. agreed to the offered walk away settlement agreement:

**KWRI agrees. Thank you.** *See* Email Chain attached hereto as Exhibit "A".

6. On or about April 8, 2024, Makai agreed to the offered walk away settlement offer:

**We will agree to a walk away as well. Sorry for the delay.** *See* Email Chain attached hereto as Exhibit "A".

7. On April 8 & 9, 2024, counsel for KWRI reached out to Plaintiff's counsel to determine if Plaintiff would be circulating a draft of a settlement agreement.[1] *See* Email Chain attached hereto as Exhibit "B".

8. On or about April 9, 2024, Plaintiff's counsel confirmed that this matter was settled and that Plaintiff would prepare a draft of a settlement agreement for everyone to review:

**Yes we are preparing a draft and will have something to you by the end of the day week at the latest.** *See* Email Chain attached hereto as Exhibit "B".

---

[1] The last remaining party in the case, Equestrian Palms, LLC, previously settled the matter with Plaintiff.

9. However, Plaintiff has not followed through on drafting a settlement agreement and has since attempted to characterize the settlement agreement reached as a tentative one, including most recently in the Motion to Stay filed by Plaintiff [D.E. 119].

10. Further, despite numerous attempts to contact Plaintiff's counsel regarding the settlement, Plaintiff's counsel has not returned calls or otherwise communicated with Defendants.

11. It is relatively clear that despite all parties agreeing to walk away from the litigation, that Plaintiff has buyer's remorse and is attempting to manufacture issues which negate the settlement.

12. However, a walk-away settlement contains the material terms, to wit: the parties dismiss all respective claims with prejudice, and the litigation is at an end.[2]

## MEMORANDUM OF LAW

A federal district court has the inherent power to enforce a settlement agreement entered into by the party litigants in a pending case. BP Products North America, Inc. v. Oakridge at Winegard, Inc., 469 F.2d 1128, 1132 (M.D. Fla. 2007). This power extends to situations where at least one party refuses to abide by the agreement prior to dismissal of the action. Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987).

It is axiomatic that settlements are "highly favored in the law" because "they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1105 (5th Cir. 1977). In Florida, settlement agreements are favored as an efficient way to settle disputes and a way to conserve judicial resources. BP Products North America at 1133.

---

[2] In this case, the walk away included any claims in state court and Makai also agreed to dismiss their claim(s) with prejudice in state court related to the real estate case.

A court can enforce the terms of the settlement agreement when the agreement contains all the requisites for a valid contract. See Williams v. Metzler, 132 F.3d 937, 946 (3d Cir. 1997); see also McDonnell v. Ford Motor, 643 A.2d 1102, 1105 (Pa. Super. 1994) ("Our Court will enforce the settlement if all of the material terms of the bargain are agreed upon."). Like many contracts, settlement agreements do not need to be reduced in writing to be binding and enforceable. See McClure, No. CIV.A. 05-5846, 2006 WL 2794173, at *1 (citing Beazer E., Inc. v. Mead Corp., 412 F.3d 429, 436-37 (3d Cir. 2005)). Moreover, in the circumstances where the parties "expressly contemplated that a formal, written recitation of their agreement" would subsequently outline the agreed-upon terms articulated in a settlement conference, the parties may still "walk away from the conference with an enforceable agreement," where they have indicated a clear intent to be bound by those terms. Camargo v. Alick Smith Gen. Contractor, Inc., No. 5:15-CV-06215, 2016 WL 6568120, at *2 (E.D. Pa. Nov. 4, 2016).

In Florida, settlement agreements are viewed as contracts and their construction and enforcement are governed by the principles of contract law. Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987). A settlement agreement is enforceable if its terms are sufficiently specific and mutually agreed upon as to every essential element. Sands v. Wagner & Hunt, P.A., 2009 WL 2730469 (S.D. Fla. 2009). Uncertainty as to nonessential terms will not preclude enforcement. Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002). The party seeking to enforce a settlement agreement bears the burden of showing that the opposing party assented to the terms. Sands.

A party's "change of heart" between the time they agree to the settlement terms and when the terms are reduced to writing is not sufficient to revoke the agreement. Forba v. Thomas Jefferson Univ. Hosp., No. 15 1722, 2016 WL 3661760, at *3-4 (E.D. Pa. July 8, 2016), aff'd, 666

F. App'x 106 (3d Cir. 2016) ("We cannot allow parties to reach settlement agreements and then change their mind with buyer's remorse."). The buyer's remorse is not a sufficient reason to refuse to abide by the terms of a settlement agreement. <u>Walker v. Progressive Select Ins.</u>, 2022 WL 6785788 (S.D. Fla. 2009).

Here, the proposed settlement agreement is simple and self-descriptive – each party dismisses their respective claims with prejudice and the litigation between the parties is at an end, a "walk away". There were no issues of money, releases, or any other terms by the very nature of a walk-away settlement. The Plaintiff offered the Defendants a walk away, the Defendants accepted the offer, and Plaintiff should be beholden to the settlement agreement reached between the parties.

**WHEREFORE**, Defendants, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) and KELLER WILLIAMS REALTY, INC. respectfully request that this Court grant the Motion to Enforce Settlement and grant any and all further relief that this Court deems is just and equitable.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that attorneys for Defendants conferred with counsel for Plaintiff on June 13, 2023, and June 14, 2023 in a good-faith effort to resolve the issues raised in this Motion. Plaintiff's counsel did not provide a response beyond stating was not available to discuss the same.

Dated: June 17, 2024

| | |
|---|---|
| **LYDECKER LLP** | **HINSHAW & CULBERTSON LLP** |
| By:  */s/ Eric L. McAliley*<br>**ERIC MCALILEY**<br>*Boca Raton, FL  33431*<br>E-mail: elm@lydecker.com<br>(786) 587-1899 / (305) 416-3190<br>Florida Bar No:  174343<br>Secondary e-mail:  christy@lydecker.com<br>***Attorneys for Makai Southeast, LLC***<br>***(d/b/a Keller Williams Realty Wellington)*** | By:  */s/  Todd P. Stelter*<br>**TODD P. STELTER**<br>*Admitted pro hac vice*<br>tstelter@hinshawlaw.com<br>151 North Franklin Street, Suite 2500<br>Chicago, IL 60606<br>Tel:  312-704-3000 / Fax:  312-704-3001<br><br>*/s/ Siobhan E.P. Grant*<br>**SIOBHAN E.P. GRANT**<br>Florida Bar No.:  68892<br>sgrant@hinshawlaw.com<br>Secondary:  lleon@hinshawlaw.com<br>2525 Ponce de Leon, Blvd., 4th Floor<br>Coral Cables, FL  33134<br>Tel: 305-358-7747 / Fax:  305-577-1063<br>***Attorneys for Keller Williams Realty, Inc.*** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to everyone on the attached service list this 17th day of June, 2024.

LYDECKER LLP
2300 Glades Road, Suite 340W
Boca Raton, FL  33431
(786) 587-1899 / (305) 416-3190

By:       */s/ Eric L. McAliley*
ERIC L. McALILEY, ESQ.
Florida Bar No.: 174343
E-mail: elm@lydecker.com
Secondary e-mail: christy@lydecker.com

**SERVICE LIST**

Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
*Counsel for Plaintiff*

Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
*Counsel for Plaintiff – Pro Hac Vice*

Jose I. Baldor, Esquire
Matthew Maranges, B.C.S.
PETERSON, BALDOR & MARANGES, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33176
jose@pbmlegal.net
matt@pbmlegal.net
lourdes@pbmlegal.net
elizabeth@pbmlegal.net
*Counsel for Equestrian Palms, LLC*

Siobhan E. P. Grant, Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
sgrant@hinshawlaw.com
*Counsel for Keller Williams Realty, Inc.*