Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

Keith Mathews
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br>on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>MAKAI SOUTHEAST, LLC,<br>KCK DEVELOPMENT, L.L.C.,<br><br>Defendants. | Case No. 23-cv-81393-DSL-BER<br><br><br>**OBJECTION TO MOTION TO ENFORCE SETTLEMENT; NON-OPPOSITION TO LITIGATION STAY FOR KW PARTIES** |

**PLAINTIFFS' OPPOSITION TO MOTION TO ENFORCE SETTLEMENT;**

**NON-OPPOSITION TO PARTIAL LITIGATION STAY**

The plaintiff files this Opposition to Motion to Enforce the Settlement agreement and Non-Opposition to Partial Litigation Stay. Plaintiff will use the legal standard defined below to support the Opposition and subsequent analysis to explain why the Motion to Enforce Settlement agreement shall be denied as no agreement was ever reached.

**Legal Standard**

1. **Federal Rule of Evidence 408:** Rule 408 restricts the use of conduct or statements made during compromise negotiations regarding the claim. Specifically, such items are not admissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction, which similarly precludes the dismissal of a claim on the basis of protected early settlement proposals. This rule is foundational in promoting the public policy favoring the settlement of disputes and is pertinent to the current motions concerning the alleged inclusion of protected settlement communications in judicial proceedings.

2. **Declaratory Judgment Act:** The Federal Declaratory Judgment Act provides that courts may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. The Act is intended to afford parties relief from uncertainty and insecurity with respect to their rights and status, and it has specific applicability to the present motions involving substantial non-monetary claims and the need for clear legal standing and resolution.

3. **Statute of Frauds:** Any settlement agreement, especially one involving significant non-monetary terms that profoundly affect a party's life, must be in writing to be enforceable

under the Statute of Frauds. This legal requirement ensures that the agreements are sufficiently evidenced and legally binding, protecting the interests of all parties involved.

## Analysis

4. In the interest of reducing motion practice, this pleading is a consolidated response to several motions pending before the Court. Pursuant to the Magistrate's Recommendation & Report, the Court ordered the filing of the Second Amended Complaint by June 3, 2024. Because the KW Parties and Plaintiff were in productive settlement discussions, and forcing KW to answer a complaint may have hindered settlement efforts, Plaintiff filed a Motion to Stay Litigation (DE 115) on May 1st.

5. KW Defendants nonetheless objected to the May 1st Motion for stay. KW Defendants then filed their own Motion to Stay (DE 134), with an accompanying Motion for Settlement (DE 133), contending that Plaintiff had not provided them with a draft settlement per earlier agreement. Last week, undersigned counsel promptly provided the draft settlement to KW Defendants, which had been delayed due to the mandated re-drafting the entire Complaint, and the inherent complexity of the settlement itself, which by necessity of Federal Declaratory Judgment act is based upon the operative SAC.

6. The KW Motion for Settlement improperly entered FRE 408 privileged communications into the record and erroneously asserted that all terms of a "walk away" had been reached. That is not correct. Internal client-attorney communications unequivocally demonstrate that Plaintiff sent undersigned counsel an outline of the draft settlement in mid-April, and counsel worked diligently on the SAC and settlement throughout May.

7. Nonetheless, the parties still maintain that they are close to settlement. Last week, KW suggested to undersigned counsel that they likely assent to the proposed settlement, with

several modifications. All parties agreed that several more weeks are necessary to finalize a settlement. Counsel McAliley is on vacation for two weeks and assented to Undersigned Counsel's request for a Motion for Extension of Time (DE 135).

8. Undersigned counsel, therefore, filed the Motion for Extension (DE 135), which stated that KW counsel assented but neglected to formalize Local Rule 7.3 compliance.

9. Undersigned counsel recognizes that there is the impression of burdensome motion practice at this point, with Motions DE 115, 133, 134, and 135 all pertaining to effectively the same matter. This consolidated document hopes to streamline these matters for judicial economy.

10. To be sure, Plaintiff's goal is to exit litigation and does not seek a penny from KW Defendants. The proposed settlement has been written to accomplish both a termination of this litigation, and termination of all foreseeable, related litigation that Plaintiff would similarly like to see brought to an end.

11. The recurrent injustice that caused this litigation to occur is apparently the same issue that caused ½ acre of Plaintiff's property to be annexed, caused his website serving 300 million people to be shut down by Google LLC, caused the loss of his neurosurgery career, and caused KW to bypass mediation and arbitration and directly sue someone they incorrectly perceived as litigious.

12. The problem, as this Court has been briefed, is that a necessary Declaratory Judgment drafted by former AUSA Mark Joseph's over six years ago has never been implemented. The result is that Plaintiff appears to be the only American – other than perhaps some individuals in North Korea – repeatedly accused of *convicted* crimes in *multiple* federal courts, without any actual conviction. This is not tolerable under our Constitution. KW

followed a years-long retaliatory pattern when they accused Plaintiff of being convicted of a crime in Docket Entry #61 and a verbal reference during Status Conference DE#110.

13. Plaintiff, to wit, has never been convicted of any such conduct. He should not have to tolerate decades of conduct and pleadings – in various federal courts – alleging patently false convictions. KW was not the first to do this. Plaintiff has had to suffer this unconscionable, illegal rhetoric for over a decade, starting when Dartmouth terminated him from residency for this purported "conviction" and failed to hold the required "fair hearing" due process required by that institution. Not a single American – as far as undersigned is aware – has ever been subjected to decades of false reference to nonexistent convictions. Plaintiff is entitled to a Declaratory Judgment correcting this gross injustice.

14. The proposed draft settlement (Attached, Exhibit A) seeks just that. Plaintiff does not desire a monetary settlement. He (and undersigned counsel) are waiving approximately $80m in strict-liability TCPA fees. The SAC's FSBO Sherman Act relevant market theory was just endorsed by DOJ last month, when they requested via *Amicus* that the *Zillow* FSBO case in Washington District be reopened. Plaintiff's entire participation in litigation solely relates to a 2006 acquittal, which has now expanded to termination of careers by *multiple* "Big Tech" firms.

15. KW's Motion #133 is mistaken on multiple grounds. KWRI apparently did not initially realize the importance of certain non-monetary settlement terms. That means there was no meeting of the minds, by definition, and there is no enforceable settlement. Moreover, their own exhibit 133-1 states that Dr Isaacs invited them to join a "Global Settlement" with Equestrian "by end of day." That was a seventeen page written settlement, and KW failed to accept that invitation to join. KWRI did not partake in a Global Settlement, and they did

not answer "by end of day" – rather, two weeks later they indicated they would be interested in a non-monetary settlement. Counsel has been diligently working on the matter ever since.

16. Hence, for the various reasons stated above, Motion #133 should be denied because there is no settlement (yet) to enforce, and the motion violates the spirit of FRE 408, and because there was no meeting of the minds. Counsel Mathews did not have the authority to bind Plaintiff to a settlement based on a cursory email explaining what "walk-away" meant, generally. Statute of frauds requires written approval by Dr Isaacs for any settlement materially impacting his life, and that approval does not exist in this instance. There is no ambiguity that Dr. Isaacs has been working with counsel for months on the proposed settlement. To bind him to a cursory "walk-way" – which was two weeks tardy to a Global Settlement spanning seventeen pages – is not proper.

17. To encourage the parties to continue efforts finalizing the proposed settlement, Plaintiff assents to a one-month partial stay along the lines of Motions #115, #134, & #135. Undersigned counsel respectfully requests that Google LLC be promptly ordered to comply with the outstanding subpoena, as this will likely facilitate adjudication of three related matters: OKcaller's unexplained termination, the fence annexation, and the finalization of the KW settlement.

Respectfully submitted, this 5th day of July 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

Faerman Law P.A.  
3859 NW 124 Ave  
Coral Springs, FL 33065  
954-271-8484  
ayelet@faerman.law  

/s/ Keith Mathews  
Keith Mathews  
Attorney for Plaintiff  
*Pro Hac Vice*  
NH Bar No. 20997  
American Wealth Protection  
Manchester, NH 03105  
Ph. 603-622-8100  
keith@awplegal.com  

## CERTIFICATE OF SERVICE

I, Ayelet Faerman & Keith Mathews, do declare as follows:

I certify that a copy of the foregoing OPPOSITION TO MOTION TO ENFORCE SETTLEMENT was served upon all parties, in accordance with applicable service of process guidelines.

Executed on this 5th day of July 2024.

/s/ Ayelet Faerman  
Ayelet Faerman, Esq.

/s/ Keith Mathews  
Keith Mathews