UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

DR. JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## PLAINTIFF'S SHOW CAUSE MEMORANDUM

Plaintiff Dr. Jeff Isaacs by and through the undersigned counsel, hereby files this Show Cause Memorandum, in support thereof, states as follows:

The Court by Document 139 Ordered the Plaintiff to show cause why the response to the Motion to Enforce Settlement filed on July 5th, 2024, which had been due on July 1st, 2024, should not be stricken.

Plaintiff's Motion to Extend was filed in the evening of July 1st, 2024, and all parties had agreed to that motion. The requested extension resulted from a conference between counsel during which an extension was agreed upon. As referenced in the Defendant's Draft Joint Motion for Extension Of Time to Respond To Plaintiff's Objection To Enforce Settlement, opposing counsel stated: "Presently, lead counsel for MAKAI SOUTHEAST, Eric McAliley is out of the country on a pre-paid and pre-planned vacation that lasts until July 17, 2024."

This information was conveyed to undersigned during a telephonic conference on June 28th, 2024 at 12 noon. During that conference counsel discussed resolving the case issues without Court intervention, but due to Attorney McAliley's vacation these conversations cannot occur until

his return. Unfortunately, the Rule 7.3 disclosure was missing from the MET filed July 2, even though all parties assented. Counsel apologizes for this oversight.

A confluence of several additional matters contributed to the delay. Counsel's office was substantially understaffed due to the July 4 holiday. Plaintiff has had numerous, near-daily medical appointments and procedures. The most recent surgical note in his medical chart, dated June 28, shows the possibility of an ongoing chronic infection based on 3D imaging. Given the 4th of July holiday, Plaintiff's impaired state, and opposing counsel's vacation, counsel regrettably filed at the last minute for an extension. This is demonstrably not a pattern, and a review of the docket in fact shows other parties filing numerous last-minute extensions. Counsel fully recognizes that this is an undesirable practice all around, and commits to the Court to avoid any further last-minute delays.

Counsel acknowledges that the Court is proactively avoiding haphazard delays by setting strict requirements requiring good cause. Counsel is optimistic that in this case, a formal settlement, signed by all parties, may be forthcoming. Therefore, the extensions of time should ultimately be in the interest of judicial economy, where counsel for Plaintiff and Defendant intend to work together to stitch out the last parts of a formal settlement.

Respectfully Submitted

/s/ Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
***Counsel for Plaintiff***

/s/ Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105

keith@awplegal.com
***Counsel for Plaintiff – Pro Hac Vice***

Dated: July 12, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to all interested parties this 12th day of July 2024.

/s/ Keith A. Mathews, Esq.

/s/ Ayelet Faerman, Esquire