UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## DEFENDANTS, MAKAI SOUTHEAST, LLC'S AND KELLER WILLIAMS REALTY, INC.'S JOINT REPLY TO PLAINTIFF'S OBJECTION TO ENFORCE SETTLEMENT

Defendants, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) and KELLER WILLIAMS REALTY, INC., by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby file this Joint Reply to Plaintiff's Objection to Enforce Settlement and, in support thereof, state as follows:

### BACKGROUND

1. On or about November 15, 2023, Plaintiff, DR. JEFF ISAACS ("Plaintiff") filed his First Amended Complaint against the Defendants [D.E. 25].

2. Plaintiff alleged several claims including, but not limited to, TCPA, Sherman Act, and breach of contract claims, which stem from the sale of a residence.

3. On or about March 26, 2024, Plaintiff sent an e-mail to the Defendants regarding whether Defendants would agree to enter a global settlement and "walk away" from the claims of this matter, as outlined in Defendants' Joint Motion to Enforce Settlement filed on June 17, 2024. [D.E. 133].

Isaacs v. Makai Southeast, et al.
Case No.:  23-CV-81393
Page 2

4. As set forth in the Motion to Enforce Settlement [D.E. 135], the relevant Defendants confirmed the agreement to walk away from the litigation in return for dismissals with prejudice of this suit and a relevant state court proceeding.  **Plaintiff then indicated that settlement papers would be prepared and sent to the Parties.**

4. On or about July 1, 2024, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion to Enforce Settlement Agreement [D.E. 135].

5. On or about July 2, 2024, the Court entered an Order denying Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Enforce Settlement Agreement. [D.E. 137]

6. On or about July 5, 2024, Plaintiff filed his Objection to Motion to Enforce Settlement; Non-Opposition to Litigation Stay for KW Parties [D.E. 138].

7. Plaintiff's Objection incorrectly applies Federal Rule of Evidence 408 in alleging that the Defendants improperly entered settlement communications into the record.

8. Further, Plaintiff claims that that there is not settlement to enforce because there was no meeting of the minds.

9. **Plaintiff's arguments in his response to the Motion to Enforce Settlement completely fail to provide any evidence whatsoever of the claimed lack of the "meeting of the minds" or any substantive arguments as to why settlement should not be enforced.** [1]

11. In contrast, the emails produced by the Defendants in their Joint Motion to Enforce Settlement clearly demonstrate that there was a "meeting of the minds" and an agreement to settle

---

[1] By definition a walk away settlement is simple.  Plaintiff dismisses the case with prejudice and Defendants waive fees and costs.  The only additional term in this case is that a state court case would be dismissed with prejudice by Makai with Plaintiff waiving fees and costs.  As set forth in the Motion to Enforce Settlement, Plaintiff confirmed this definition and, thus,  terms in an email.

Case 9:23-cv-81393-DSL   Document 145   Entered on FLSD Docket 07/22/2024   Page 3 of 7

Isaacs v. Makai Southeast, et al.
Case No.:  23-CV-81393
Page 3

the matter when Plaintiff's counsel confirmed that a "walk away" had been reached and that they were preparing settlement papers for everyone to review.

12.     Based on Plaintiff's recent filings, it remains clear that despite all parties agreeing to walk away from the litigation, that Plaintiff has buyer's remorse and is attempting to manufacture issues which negate the settlement in order to continue to use this case as a vehicle to do improper discovery as to non-parties. *See* D.E. 123 & D.E. 126.

## MEMORANDUM OF LAW

A Federal District Court has the inherent power to enforce a settlement agreement entered by the party litigants in a pending case. BP Products North America, Inc. v. Oakridge at Winegard, Inc., 469 F.2d 1128, 1132 (M.D. Fla. 2007). This power extends to situations where at least one party refuses to abide by the agreement prior to dismissal of the action. Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987).

It is axiomatic that settlements are "highly favored in the law" because "they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1105 (5th Cir. 1977).  In Florida, settlement agreements are favored as an efficient way to settle disputes and a way to conserve judicial resources. BP Products North America at 1133.

A court can enforce the terms of the settlement agreement when the agreement contains all the requisites for a valid contract. *See* Williams v. Metzler, 132 F.3d 937, 946 (3d Cir. 1997); *see also* McDonnell v. Ford Motor, 643 A.2d 1102, 1105 (Pa. Super. 1994) ("Our Court will enforce the settlement if all of the material terms of the bargain are agreed upon."). Like many contracts, settlement agreements do not need to be reduced in writing to be binding and enforceable. *See* McClure, No. CIV.A. 05-5846, 2006 WL 2794173, at *1 (citing Beazer E., Inc. v. Mead Corp.,

412 F.3d 429, 436-37 (3d Cir. 2005)). Moreover, in the circumstances where the parties "expressly contemplated that a formal, written recitation of their agreement" would subsequently outline the agreed-upon terms articulated in a settlement conference, the parties may still "walk away from the conference with an enforceable agreement," where they have indicated a clear intent to be bound by those terms. Camargo v. Alick Smith Gen. Contractor, Inc., No. 5:15-CV-06215, 2016 WL 6568120, at *2 (E.D. Pa. Nov. 4, 2016).

When the terms of a settlement agreement are in dispute, courts have long held that Federal Rule of Evidence 408 does not preclude evidence of a settlement having been reached. In fact, Rule 408's "purpose is to encourage settlements" Bankcard America, Inc. v. Universal Bancard Systems, Inc., 203 F3d 477, 483 (7th Cir. 2000). Rule 408 does not sweep wide enough to preclude consideration of the negotiations leading up to a settlement agreement. Glen Elec. Holdings GmbH v. Coolant Chillers, Inc., 2013 WL 2407613 *6 (W.D. Mich. May 31, 2013). The Court in Glen Elec. explained that Rule 408 excludes settlement negotiation evidence when the evidence is offered to prove/disprove the validity or amount of a disputed claim. Id. The rule "expressly allows admission of such evidence for any other valid purpose." Id. *See also, e.g.*, Liberty Dialysis – Hawaii LLC v. Kaiser Found. Hospitals, 2020 U.S. Dist. LEXIS 266194, *5 (D. Haw. 2020) (Rule 408 does not exclude evidence related to a settlement if it is offered to interpret the parties' agreement or enforce settlement).

Here, Plaintiff claims that that there is no settlement to enforce because there was no meeting of the minds. ***However, Plaintiff offers no evidence of the alleged lack of "meeting of the minds" or meaningful arguments to the Court as to why settlement should not be enforced.***
[2] Rather, Plaintiff attempts to argue that Defendants are improperly disclosing settlement

---

[2] See footnote 1, supra.

Case 9:23-cv-81393-DSL   Document 145   Entered on FLSD Docket 07/22/2024   Page 5 of 7

Isaacs v. Makai Southeast, et al.
Case No.: 23-CV-81393
Page 5

communications to the Court. Taken to its logical conclusion, Plaintiff's argument would effectively prevent a motion by any party to enforce a settlement because, by definition, it would require the disclosure of settlement communications. As set forth below, this cannot be and is not the law in any jurisdiction.

Negotiation evidence has been admitted when the probative value was high and admission would not be likely to discourage settlement of future disputes. Sterling Sav. Bank v. Citadel Development Co., Inc., 656 F. Supp. 2d 1248, 1256 (D. Or. 2009); Glen Elec. Holdings GmbH, 2013 WL 2407613 (W.D. Mich. May 31, 2013) (finding Rule 408 did not apply to "evidence was offered to prove the existence and terms of the settlement agreement itself"). It is also commonly admitted for claims arising out of the settlement process or agreement itself, including to prove a breach of the settlement agreement, to prove bad faith negotiations, or to prove that other wrongful activity occurred during the settlement negotiations. Id. In Glen Elec. Holdings GmbH, the evidence that was being offered was to prove the existence of the terms of the settlement agreement itself and the court determined that in that circumstance, "Rule 408 plainly does not apply." Glen Elec. At *6.

In the instant matter, Defendants' use of email correspondences discussing settlement were used to prove the existence of the terms of a settlement agreement. The emails produced by the Defendants were in no way offered to prove/disprove the validity or amount of the Plaintiff's claims. As such, as reasoned by the court in Glen Elec., Rule 408 does not apply to these communications. Ultimately, Plaintiff's arguments in his Objection are without merit and only seek to prolong this matter so that Plaintiff can continue to pursue other endeavors against unrelated entities.

Isaacs v. Makai Southeast, et al.
Case No.: 23-CV-81393
Page 6

Given the foregoing, it is respectfully requested that the Court enforce the settlement in this matter.

**WHEREFORE**, Defendants, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) and KELLER WILLIAMS REALTY, INC. respectfully request that this Court grant the Motion to Enforce Settlement and grant any and all further relief that this Court deems is just and equitable.

Dated: July 22, 2024

| | |
|---|---|
| **LYDECKER LLP** | **HINSHAW & CULBERTSON LLP** |
| By: **/s/ Eric L. McAliley** | By: **/s/ Todd P. Stelter** |
| **ERIC MCALILEY** | **TODD P. STELTER** |
| *Boca Raton, FL 33431* | *Admitted pro hac vice* |
| E-mail: elm@lydecker.com | tstelter@hinshawlaw.com |
| (786) 587-1899 / (305) 416-3190 | 151 North Franklin Street, Suite 2500 |
| Florida Bar No: 174343 | Chicago, IL 60606 |
| Secondary e-mail: christy@lydecker.com | Tel: 312-704-3000 / Fax: 312-704-3001 |
| ***Attorneys for Makai Southeast, LLC*** | |
| ***(d/b/a Keller Williams Realty Wellington)*** | |
| | **/s/ Siobhan E.P. Grant** |
| | **SIOBHAN E.P. GRANT** |
| | Florida Bar No.: 68892 |
| | sgrant@hinshawlaw.com |
| | Secondary: lleon@hinshawlaw.com |
| | 2525 Ponce de Leon, Blvd., 4th Floor |
| | Coral Cables, FL 33134 |
| | Tel: 305-358-7747 / Fax: 305-577-1063 |
| | ***Attorneys for Keller Williams Realty, Inc.*** |

Isaacs v. Makai Southeast, et al.
Case No.: 23-CV-81393
Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to everyone on the attached service list this 22nd day of July, 2024.

> LYDECKER LLP
> 2300 Glades Road, Suite 340W
> Boca Raton, FL  33431
> (786) 587-1899 / (305) 416-3190
>
> By:     */s/ Eric L. McAliley*
> ERIC L. McALILEY, ESQ.
> Florida Bar No.: 174343
> E-mail: elm@lydecker.com
> Secondary e-mail: christy@lydecker.com

## SERVICE LIST

Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
*Counsel for Plaintiff*

Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
*Counsel for Plaintiff – Pro Hac Vice*

Jose I. Baldor, Esquire
Matthew Maranges, B.C.S.
PETERSON, BALDOR & MARANGES, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33176
jose@pbmlegal.net
matt@pbmlegal.net
lourdes@pbmlegal.net
elizabeth@pbmlegal.net
*Counsel for Equestrian Palms, LLC*

Siobhan E. P. Grant, Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
sgrant@hinshawlaw.com
*Counsel for Keller Williams Realty, Inc.*