UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81393-LEIBOWITZ/REINHART

DR. JEFF ISAACS,

    *Plaintiff,*

v.

KELLER WILLIAMS REALTY, INC., *et al.,*

    *Defendants.*
_____/

**OMNIBUS ORDER ON ECF NO. 119, ECF NO. 133, AND ECF NO. 134,
AND ORDER TO SHOW CAUSE ON ECF NO. 32**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Stay Litigation Pending Limited Discovery [ECF No. 119], Defendants' Joint Motion for Settlement [ECF No. 133], and Defendants' Joint Motion to Stay [ECF No. 134].

**1. Defendants' Joint Motion for Settlement [ECF No. 133]**

In their Joint Motion for Settlement [ECF No. 133], Defendants ask the Court to enforce a settlement between Defendants and Plaintiff. The Court has reviewed the papers and does not find that a settlement was formed between the parties as Defendants contend. The emails Defendants discussed and attached to their Motion show that a *potential* settlement was being discussed, and Plaintiff was still in the process of drafting a settlement agreement. A motion to enforce a settlement agreement is an action governed by state contract law. *See Blum v. Morgan Guar. Trust Co.*, 709 F.2d 1463, 1467 (11th Cir. 1983). To prove the existence of a contract the party alleging an agreement must show the presence of: (1) offer; (2) acceptance; (3) consideration; and (4) specificity of terms. *See Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014). Under Florida law, an objective test is used to determine if the parties formed a valid contract—whether a reasonable person would have believed

that the parties intended to form a contract when the offer was made. *See Robbie v. Miami*, 469 So. 2d 1384, 1385 (Fla. May 23, 1985). The undersigned has considered the arguments of the parties and reviewed the exhibits. Given the standard imposed by Florida law, the undersigned finds that a reasonable person would *not* believe that these parties entered a settlement. Therefore, Defendants' Joint Motion for Settlement [ECF No. 133] is DENIED.

In his untimely Response to Defendants' Joint Motion for Settlement [ECF No. 138], Plaintiff represented that the parties are close to settlement but needed additional weeks to finalize a settlement and attached a Proposed Settlement Agreement to his Response. [ECF No. 138 ¶ 7, Ex. A]. Plaintiff also noted that he would assent to a one-month partial stay. *Id.* ¶ 17. Given the parties' representations, the Court will STAY the case for 30 days to give the parties time to finalize a settlement. If the parties cannot agree to a settlement, the parties should submit a Joint Scheduling Report for the remainder of the case no later than August 28, 2024, and Defendants shall respond to Plaintiff's Second Amended Complaint no later than September 11, 2024.

## 2. Defendants' Joint Motion to Stay [ECF No. 134]

In their Joint Motion to Stay [ECF No. 134], Defendants ask the Court to stay the time to respond to Plaintiff's Second Amended Complaint until after the Court has ruled on Defendants' Joint Motion to Enforce Settlement. [ECF No. 134 ¶ 4]. Given this Court's ruling above on Defendants' Motion to Enforce Settlement, Defendants' Joint Motion to Stay [ECF No. 134] is DENIED AS MOOT.

## 3. Plaintiff's Motion to Stay Litigation Pending Limited Discovery [ECF No. 119]

Given this Court's ruling above staying the case for 30 days, Plaintiff's Motion to Stay Litigation Pending Limited Discovery [ECF No. 119] is DENIED WITHOUT PREJUDICE.

## 4. Plaintiff's Second Amended Complaint [ECF No. 32]

Additionally, on June 3, 2024, Plaintiff filed a Second Amended Complaint against Keller Williams Realty, Inc., Makai Southeast, LLC, and KCK Development, L.L.C. [ECF No. 132]. Defendant KCK Development, L.L.C. is a new party to this case. In this Court's Scheduling Order [ECF No. 32], additional parties could only be joined until January 29, 2024. [ECF No. 32 at 3]. In this Court's Order adopting Judge Reinhart's Report and Recommendation on Defendants' individual motions to dismiss, this Court allowed Plaintiff to file an amended complaint to cure the deficiencies as stated in Judge Reinhart's Report and Recommendation. The Court did not allow Plaintiff to add additional parties, especially five (5) months after the Scheduling Order allowed Plaintiff to do so. Furthermore, Plaintiff did not file leave to add an additional party.

A court must issue a scheduling order limiting the time to join other parties and amend the pleadings. Fed. R. Civ. P. 16(b)(1), (3)(A). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party's motion to amend is filed after the deadline to join other parties or amend the pleadings, the party must show good cause why leave to amend should be granted. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007). Because Plaintiff did not move to amend the complaint to add a new party, Plaintiff must show cause why there is good cause to add a new party. Plaintiff has until **August 5, 2024,** to explain to the Court why there is a good cause to add KCK Development, L.L.C. as a new party five (5) months after the Scheduling Order required it to do so. Failure to show there is good cause to add KCK Development, L.L.C., as a new party may result in the Court striking KCK Development, L.L.C., from the Second Amended Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Stay Litigation Pending Limited Discovery [**ECF No. 119**] is **DENIED WITHOUT PREJUDICE**.

2. Defendants' Joint Motion for Settlement [**ECF No. 133**] is **DENIED**.

3. Defendants' Joint Motion to Stay [**ECF No. 134**] is **DENIED AS MOOT**.

4. This action is **STAYED** for **30 days** to allow the parties time to finalize a settlement. If a settlement is not reached, the parties shall submit a Joint Scheduling Report for the remainder of the case **no later than August 28, 2024,** and Defendants shall respond to Plaintiff's Second Amended Complaint **no later than September 11, 2024**.

5. Plaintiff shall show cause in writing why there is good cause to add KCK Development, L.L.C. as a new party 5 months after the Scheduling Order required it to do so **no later than August 5, 2024**.

**DONE AND ORDERED** in the Southern District of Florida on July 22, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record