IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:  23-CV-81393-LEIBOWITZ/REINHART

DR. JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## PLAINTIFF'S SHOW CAUSE MEMORANDUM REGARDING JOINDER OF DEFENDANT KCK

    Plaintiff Dr. Jeff Isaacs, by and through the undersigned counsel, hereby files this Show Cause Memorandum, in support thereof, states as follows:

    The Court, by Document 146, Ordered the Plaintiff to show cause why the addition of a new party (KCK Development, LLC) to the Second Amended Complaint (SAC) after the scheduling order deadline should not be stricken. Plaintiff respectfully submits this supporting memorandum of points and authorities in support thereof, showing good cause for the requested relief.

1. **Legal Standard for Modifying Scheduling Orders**

1. Federal Rule of Civil Procedure 16(b)(4) governs the modification of the scheduling order:
   a. This rule states that a scheduling order "may be modified only for good cause and with the judge's consent."

2. Good Cause Requirement: The "good cause" standard primarily considers the diligence of the party seeking the amendment. If a party was diligent but could not reasonably meet the scheduling order deadlines, the good cause standard is typically met.

3. In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the court emphasized that the "good cause" inquiry focuses on the party's diligence in seeking the amendment.

## II. Impact of a Discovery Stay on Scheduling Orders

4. Implication of Discovery Stays: When discovery is stayed, it can significantly affect a party's ability to gather information necessary for joining new parties or amending pleadings. This can be seen as an impediment to adhering to the original scheduling order.

5. In *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011), the court noted that the ability to amend pleadings can be impacted by delays in the discovery process, thus justifying the extension of deadlines.

## III. Application to This Case

6. The undersigned counsel filed the SAC, adding a new party with the understanding that the KCK matter overlapped with the Keller Williams matter and, therefore, would be in the interest of the judicial economy.

7. Moreover, counsel assumed, perhaps incorrectly, that the entire scheduling order had been tolled or voided because of the longstanding discovery stay. Since discovery has been stayed for around six months, adhering to the original scheduling order was impractical and seemingly not within the original intent of the order.

8. The prolonged stay hindered the ability to gather the necessary information to amend the pleadings or join new parties within the originally set deadlines. Counsel had contemplated issuing a subpoena to KCK several months ago, rather than suing, but given expiring statutes of limitations, had little choice at this point. Nonetheless, the counsel concedes that notifying the Court of this dilemma beforehand would have been preferable.

**IV. Argument for Permission to Join New Defendant**

9. Delay and Prejudice: The discovery stay constitutes a significant delay that was beyond the plaintiff's control. This delay justifies reconsideration of the scheduling order deadlines.
10. The plaintiff has acted diligently under the circumstances. Additionally, it should be noted that KCK was offered ADR and mediation at least three times and has never responded. Moreover, before the fence was destroyed, Plaintiff pleaded with KCK's owners to seek a declaratory judgment over the controversy, which they refused.
11. The plaintiff has spent two years seeking an orderly, lawful resolution to this matter, only to be ignored by KCK. Joining them in the case with the realtor seems the most streamlined way to end this matter quickly instead of creating an entirely new lawsuit and seeking discovery between different lawsuits.
12. Granting the extension or modification of the scheduling order does not prejudice the Keller Williams defendants, especially considering the context of the discovery stay.
13. Courts often favor resolving disputes on their merits rather than procedural technicalities, especially when external factors like a discovery stay are involved.

## V. Conclusion

14. Considering the foregoing, Plaintiff respectfully requests that this Court reconsider the scheduling deadlines and permit the addition of KCK Development, L.L.C. as a defendant in this action.

Respectfully Submitted, this 5th day of August 2024

/s/ Ayelet Faerman, Esquire
Ayelet Faerman, Esq.
FL Bar # 10
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law

***Counsel for Plaintiff***

/s/ Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
***Counsel for Plaintiff – Pro Hac Vice***

Dated: August 5, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Response to Show Cause Order was served upon all parties in accordance with applicable service of process guidelines.

Executed on this 5th day of August 2024.

/s/ Ayelet Faerman

Ayelet Faerman, Esq.

/s/ Keith Mathews

Keith Mathews