UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-CV-81393-LEIBOWITZ/REINHART

Dr. Jeff Isaacs

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS
REALTY WELLINGTON), and EQUESTRIAN PALMS,
LLC

    Defendants.

---

## JOINT SCHEDULING REPORT

### Unilateral Statement Inserted by Defendant KWRI at 7:11pm ET on 8/28/24

Pursuant to the Court's Order dated July 23, 2024, the parties in this case met repeatedly by phone and exchanged multiple drafts of the Joint Scheduling Report provided below, which incorporates the positions of both parties, as stated and as designated.

However, plaintiff's counsel then waited until 6:54pm ET on August 28, 2024, to inform defendants that plaintiff's counsel's client, plaintiff Isaacs, was going to refuse to submit a joint report with defendants' submissions indicated. Plaintiff's counsel further indicated that plaintiff would be making some sort of unilateral submission that omitted defendants' submissions.

Therefore, to comply with this Court's Order, KWRI submits the Joint Scheduling Report 'as is' below in the most recent form of the report prior to plaintiff's counsel indicating that

plaintiff was no longer going to participate in the Court ordered process. Both **plaintiff's (last stated) position** and **defendants' position** is designated throughout.

**Plaintiff's Position:**

Pursuant to the Court's Order dated July 23, 2024 (Docket No. 146), Fed. R. Civ. P. 16 and 26, and Local Rule 16.1(b), Plaintiff Dr. Jeffrey Isaacs and Defendants Keller Williams Realty, Inc. and Makai Southeast, LLC have met and conferred in efforts to submit this Joint Scheduling Report. In accordance with Local Rule 16.1(b)(1), Plaintiff and Defendants communicated by phone and email beginning on August 22, 2024. Notably, the parties met & conferred for an earlier 26(f) conference throughout November, 2023, by Zoom and email. Both instances have resulted in a total roadblock by Defendants, who are simply unwilling to agree to any schedule or discovery plan.

Defendants' position on settlement, repeated throughout their position is apparently in defiance to the Magistrate's order determining that KW's motion to enforce settlement was not reasonable.

Oddly, KW refuses to participate in this planning any discovery for this litigation, despite the fact that it was commenced by Keller Williams and their subsidiary Makai. That litigation remains active in state court, having been remanded after an unsuccessful attempt to remove it to this federal court. The underlying dispute concerns KW's demand for commissions totaling about 10% of the value of Plaintiff's home and net worth. 5% of that commission was paid in 2020 when Plaintiff purchased his home with KW serving as buyer's agent. The other 5% is sought by KW for a 2023 transaction in which the buyer "walked away," due to difficulties closing relating to the war in Ukraine and Plaintiffs' disabled health status. In all, KW participated in about 4 showings, totaling about 4 hours, and minimal MLS listing/publicity efforts. For those four hours of work,

$200,000 in commissions is sought, or about $50,000 per hour. KWRI's perceived entitlement could not greater; KWRI has harassed Plaintiff and burdened him with two years of litigation, while he faces deteriorating and serious health challenges.  Although FHA and RICO charges have been dismissed, Plaintiff maintains that their conduct is highly unethical and warrants redress.

From the perspective of the forest versus the trees, this case exemplifies ongoing national debate and antitrust reform concerning the real estate industry. Last October, the *Sitzer* Missouri verdict found KWRI guilty of monopolizing the industry with unfair commissions, a felony, though the case was civil. KWRI and co-Defendants retained Skadden Arps on Appeal, and were able to set aside the verdict in place of a settlement. That settlement went into effect last week. Already, there is deep public concern about its terms. First, it is unclear it will meaningfully reduce the average commission (5%) paid by Americans, which is 2x-5x higher than what a competitive rate should be, and indeed, the rate in other countries. Second, it now requires all potential buyers to sign *written contracts* with realtor firms whenever they wish to merely view a home for sale. As this case evidences, signing a contract with a firm such as KWRI is not a trivial request – it can result in two years of life-changing complex litigation.

Given the Defendants' refusal to participate in proper planning of discovery, for nearly one year, the Plaintiff requests the Court's authority be exercised to rectify the situation. This is a matter of national importance.

It should also be noted that this underlying dispute began with several unsolicited cold calls by KW. This is a *res ipsa loquitor* situation concerning conduct violations subject to strict liability under TCPA. KWRI has no intent to comply with TCPA. Plaintiff has documented about a dozen further cold calls as recent as last month sent from KWRI agents seeking to sell his home, apparently who have no knowledge of this lawsuit. The case is ripe for summary judgement on

TCPA, and tactics to subvert discovery must be recognized for what they are.

**<u>Defendants' Position:</u>**

Discovery in this individual, non-class case should remain stayed (as previously ordered by this Court on February 21, 2024, Doc. 91) until the Court rules on defendants' forthcoming motions to dismiss, currently due on September 11, 2024. Doc. 146.

The Court has already previously entered a scheduling order. Doc. 32. One of the deadlines contained in the Court's scheduling order was the requirement that plaintiff shall file "any motions for class certification" by February 20, 2024. Doc. 32 at 3. Plaintiff did not file any motions for class certification by February 20, 2024. Thus, since February 21, 2024, this case has proceeded as an individual, non-class case. Defendants oppose any attempt by plaintiff to revive this missed deadline.

Keller Williams Realty, Inc. ("KWRI") filed a motion to stay discovery in this case until the Court ruled that plaintiff could state a claim against KWRI. Doc. 61. That motion was litigated and the Court granted it on February 21, 2024 (after the class certification deadline lapsed). Doc. 91. The Court's Order stayed all discovery until further order. Doc. 91. Plaintiff has not sought to have that order vacated and/or sought to have that Court ordered stay lifted. The spirit of the Court's order was that discovery should remain stayed until plaintiff could overcome a motion to dismiss, if ever.

Defendants, KWRI's and Makai's motions to dismiss were recommended to be granted on April 17, 2024 by the Magistrate Judge, Doc. 118, and the District Court Judge adopted the Magistrate Judge's recommendations on May 15, 2024. Doc. 120-121. Among the reasons why the Magistrate Judge recommended dismissal was because plaintiff engaged in impermissible "shotgun pleading," Doc. 118 at 7-10, and additionally because plaintiff failed to state a claim.

Doc. 118 at 10-29.

On June 3, 2024, plaintiff filed a Second Amended Complaint. Doc. 132. In large part, plaintiff's Second Amended Complaint simply ignores the Court's prior dismissal orders and, also in large part, re-states and re-iterates most of what the Court previously rejected. KWRI and Makai intend to file motions to dismiss as to plaintiff's Second Amended Complaint, as ordered, on or by September 11, 2024. Doc. 146. However, it is still KWRI's and Makai's position that the Court's February 21, 2024 discovery stay Order continues to control discovery in this matter and should continue to control. Doc. 91.

As previously indicated in KWRI's motion, this is essentially pro se litigation. While counsel Mathews and Faerman have filed appearances for plaintiff in this matter, they are not driving the bus. Instead, plaintiff Isaacs is, at least in large part, prosecuting this matter himself. Plaintiff demands participation in conferences with defense counsel. Plaintiff also repeatedly sends emails directly to defense counsel. When this arrangement was questioned by defense counsel during telephone conferences on December 6, 2023 and December 7, 2023, counsel Mathews indicated that it was plaintiff Isaacs' "right" to participate.[1]

This is also emotionally driven litigation. As previously indicated in KWRI's original Motion to Dismiss, DE39 at 1, this is a personal dispute for the plaintiff. Plaintiff's tone with defense counsel has often been berating and vitriolic. There are state court lawsuits pending between plaintiff and at least one co-defendant of KWRI over a property sale. DE39 at 1. Defendants now face a second repetitive and confusing, shotgun pleading which asserts frivolous nationwide putative class claims for, amongst other things, TCPA violations and for antitrust

---

[1] Plaintiff Isaacs also indicated that he was firing counsel Mathews during these conferences. However, it does not appear that there was any follow-up as to this statement.

violations under the Sherman and Clayton Acts, both of which were previously rejected by this Court and both of which ignore that the deadline for plaintiff to seek class certification already lapsed. Plaintiff now also seeks to add another defendant, KCK Development, LLC (an entity which does not appear to have ever been served) and introduce some sort of unrelated property boundary dispute into this litigation.

As explained previously by KWRI *ad nauseum*, plaintiff continues to burden this Court, defendants and third parties with frivolous submissions and requests. As is more fully explained in KWRI previously granted motion, Doc. 91., it appears that plaintiff is actively misusing this Court to send out subpoenas related to other litigation. *See* Doc. 85 & Doc. 91.

Therefore, this continues to clearly be a situation where there is good cause for a stay of discovery until the Court issues rulings on the defendants' forthcoming motions to dismiss. In a similar situation involving a similar shotgun pleading which alleged various confusing conspiracies against Google, LLC, the Court stayed discovery pending the resolution of a dispositive motion. *See Dj Lincoln Enters. v. Google, LLC*, Case No.: 2:20-cv-14159-RLR, DE41 (Nov. 21, 2020). It should do the same here. In its paperless order in that case, the Court held as follows:

> PAPERLESS ORDER granting [29] Defendant Google LLC's Motion to Stay Discovery. In deciding whether to grant a stay pending the resolution of a dispositive motion, the Court must balance the harm of delaying discovery against the possibility that the motion will be granted and the need for discovery will be eliminated. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). As part of this balance, the Court must take a "preliminary peek" at the merits of the dispositive motion to see if it is clearly meritorious and case dispositive. *Id.*; *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014). A "preliminary peek" at Defendant's Motion to Dismiss suggests that a stay of discovery is appropriate. The Amended Complaint alleges claims of fraud, tortious interference, and violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. Ann. § 501.201 et seq., and the federal and state RICO statutes, 18 U.S.C. § 1962; Fla. Stat. Ann. § 772.103. With respect to the fraud and FDUTPA claims, Fed.R.Civ.P. 9(b) requires a party to

"state with particularity the circumstances constituting fraud or mistake." A review, albeit cursory, of the Amended Complaint suggests the fraud allegations do not meet the 9(b) standard. It is also not clear that the Amended Complaint pleads the basic elements of a RICO violation. Thus, Defendant's Motion to Dismiss may be meritorious and dispositive at least as to these claims. The undersigned sees no harm in delaying discovery … In light of all these factors, the undersigned finds good cause to stay discovery until the District Court issues a ruling on the Motion to Dismiss.[2]

The stay in this case should remain for the same reasons it was granted in *Dj Lincoln Enters.*

Pursuant to the Court's Order dated July 23, 2024 (Docket No. 146), Fed. R. Civ. P. 16 and 26, and Local Rule 16.1(b), Plaintiff Dr. Jeffery Isaacs and Defendants Keller Williams Realty, Inc. and Makai Southeast, LLC respectfully submit this Joint Scheduling Report. In accordance with Local Rule 16.1(b)(1), Plaintiff and Defendants communicated by phone and email beginning on August 22, 2024.

## I. DIFFERENTIATED CASE MANAGEMENT

**Plaintiff's Position:**

The Parties agree to a complex trial track. Trial of this matter will occupy 3 trial days.

**Defendants' Position:**

KWRI and Makai oppose the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

### A. Likelihood of settlement

---

[2] This Court ultimately dismissed the case against Google, LLC. *See Dj Lincoln Enters. v. Google, LLC*, 2021 U.S. Dist. LEXIS 135649 (S.D. Fla. July 21, 2021) and *Dj Lincoln Enters. v. Google, LLC*, 2021 U.S. Dist. LEXIS 8964 (S.D. Fla. Jan. 15, 2021). It then granted attorney's fees in favor of Google, LLC and against plaintiff. *See Dj Lincoln Enters. v. Google, LLC*, Case No.: 2:20-cv-14159-RLR, DE78 (Aug. 30, 2022).

**Plaintiff's Position:**

The Parties will explore the possibility of settlement as appropriate throughout the pendency of this action, and will keep the Court apprised of the status of any possible settlement.

**Defendants' Position:**

It is KWRI's and Makai's position that plaintiff agreed to settle this case for a mutual walk away settlement. Pursuant to this Court's order of July 23, 2024, Doc. 146, defendants have attempted to memorialize that settlement with plaintiff. However, plaintiff has refused to engage in that process in good faith.

The Parties will explore the possibility of settlement as appropriate throughout the pendency of this action, and will keep the Court apprised of the status of any possible settlement.

      B.  **The likelihood of appearance in the action of additional parties**

**Plaintiff's Position:**

Besides Defendant KCK Development, LLC which was the subject of recent pleadings the parties do not anticipate the addition of any more parties.

**Defendant's Position:**

KWRI and Makai note that KCK Development, LLC has apparently never been served in this case and questions whether it is appropriate for a discovery schedule to be entered that would bind a party that has yet to appear.

      C.  **Proposed limits on time**

**Plaintiff's Position**: Plaintiff's Proposed schedule is attached hereto as exhibit 1.

**Defendants' Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

**D.   Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

**Joint Statement:**

The parties will continue to work on simplification as necessary. Absent further agreement between the parties, the Federal Rules, Local Rules, and this Court's standing orders will govern.

**E.   The necessity and desirability of amendments to the pleadings**

**Joint Statement:**

The Plaintiff does not expect to require further amendment of its pleadings unless hereto unknown discovery requires it.

**F.   The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

**Plaintiff's Statement:**

The parties will endeavor, in good faith, to obtain admissions of fact, make appropriate stipulations, exchange documents, and do such other things as will avoid unnecessary proof. The parties will endeavor to stipulate regarding authenticity of relevant documents and reserve arguments to interpretation of such documents. At this time, the parties do not see any need for advance rulings on admissibility of evidence.

**Defendant's Position:**

– 9 –

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

G. **Suggestions for the avoidance of unnecessary proof and cumulative evidence**

**Joint Statement:**

At this time, the parties do not have specific suggestions for the avoidance of unnecessary proof and cumulative evidence, but they will endeavor to eliminate such issues through stipulated facts, stipulated authentication of certain documents, and joint exhibits at trial, where appropriate.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master**

**Joint Statement:**

The Parties do not have any current stance as to what matters would be appropriate for referral.

I. **Preliminary estimate of the time required for trial**

**Plaintff's Position:**

The signing Parties agree that this case will require 3 days of trial time. This is assuming TCPA claims were adjudicated summarily, and the Sherman claims are focused on revisions to Skadden's Sitzer settlement buyer's contract terms and related FSBO matters.

**Defendant's Position:** Defendants agree that the case will require 3 days or less of trial time. However, defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

       **J.**    **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

**Plaintiff's Statement:**

Please see the Proposed Scheduling Order attached as Exhibit 1.

**Defendants' Statement:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai oppose the discovery stay being lifted. It is KWRI's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

       **K.**    **Any Issues About:**

           **1.**    **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

**Joint Statement:**

The Parties will work toward agreement on a protocol to govern the general exchange of such material and may adapt the form and timing of such production based on specific production issues. The Parties also may submit a proposed order addressing such issues for the Court's consideration.

**Plaintiff's Statement:**

Obtaining early, comprehensive ESI is critical to determining the full extent of KWRI's TCPA violations. The DeShay settlement apparently never quantified the scale of KWRI's uncolicitied mass text message/phone call campaigns. When possible, KWRI should immediately

preserve and analyze their agents' historical SMS and phone logs, screening for TCPA infarctions. Considering the scale of this, and that some of these logs may no longer exist for the five-year timeframe, it may be informative to employ data analytics firms to analyze third party sources, such as stored telco records, Google Voice, Google Mail, and others. Statistical sampling may be more practical at times, ie analyzing a subset of KW agents' TCPA violations and extrapolating. Since it is established KWRI has already violated the Deshay agreement, KW should bear costs for a comprehensive, initial disclosure of the true scale of their TCPA breach.

**Defendant's Statement:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

> **2. Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

**Joint Statement:**

At this time, the parties do not foresee issues with claims of privilege or protection of trial-preparation materials. The parties agree that the inadvertent disclosure of information protected by the attorney-client privilege, the work-product privilege, or any other privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the producing party immediately upon demand by the producing party or upon discovery of the privileged information by the receiving party, and the receiving party shall not retain a copy of the privileged information.

The parties will comply with the Court's rules governing redaction of account and social security numbers.

      **3.**      **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), or matters enumerated on the ESI Checklist**

**Joint Statement:**

The parties have not agreed to use the Court's ESI Checklist, but expect that any agreed protocol to govern the disclosure and production of electronically stored information will incorporate appropriate provisions in the Court's ESI Checklist.

**II.    RULE 26(f) DISCOVERY PLAN**

In accordance with Federal Rule 26(f), the signing parties provide the following views and proposals on a discovery plan.

**Plaintiff's Position:**

Discovery starts immediately.

**Defendants' Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

      **A.**      **Changes in timing, form, or requirement for disclosures under Rule 26(a)**

**Plaintiff's Position:**

Initial disclosures should proceed as per FRCP without delay.

**Defendant's Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

### B. Subject, timing, and phases of discovery

**Plaintiff's Position:**

The scope of discovery is reasonably ascertainable at this moment and consists, in an initial stage, of gathering telecommunication records evidencing KWRI and subsidiaries' mass abuse of the TCPA. Additionally, the discovery file from the *Sitzer* Missouri Sherman Act guilty verdict will be instrumental in guiding further discovery regarding FRBO matters, and streamlining this litigation.

Upon compilation of the TCPA violations, and review of the Missouri records, Summary Judgement will be likely on the TCPA claims, and a focused, expert-based approach will be appropriate for the remaining FSBO Sherman Claims. The DOJ has filed *amicus* briefings indicating that the FSBO market is restrained by NAR and realtor (ie KWRI) conduct; Plaintiff anticipates substantial availability of data and expert coverage of this matter by mid-next year, hence discovery should conclude in an expedited matter.

**Defendants' Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

### C. Any issues about disclosure, discovery, or preservation of electronically stored information

**Plaintiff's Position:**

The Parties will meet and confer to agree on an appropriate ESI protocol and confidentiality agreement.

**Defendants' Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makais position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's and Makai's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

### D. Any issues about claims of privilege or of protection as trial-preparation materials

**Plaintiff's Position:**

The participating parties will consider appropriate agreements on a joint protective order and other confidentiality when appropriate.

**Defendants' Position:**

– 15 –

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

### E.    Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed

**Joint Position:**

At this time, the participating parties do not suggest any changes in the limitations on discovery imposed under the Federal and Local Rules.  Should any other need arise, the parties will confer and submit any issues to the Court.

### F.    Any other orders that should be entered by the Court under Rule 26(c) or under Local Rule 16(b) and (c).

**Plaintiff's Position:**

The Court should lift the present stay on discovery. This is a *res ipsa loquitor* situation where KWRI is plainly guilty of TCPA violations, and have misrepresented settlements in the past. For nearly a year, KWRI has engaged in hostile and disruptive practices to prevent discovery, since last November's 26(f) conference, where their counsel laughed and ridiculed Dr. Isaacs that he "would never" see discovery in this case.

**Defendants' Position:**

Defendants' oppose the proposed schedule, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 91.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

*/s/ Siobhan E. P. Grant*
**SIOBHAN E. P. GRANT**
Florida Bar No. 68892
sgrant@hinshawlaw.com
Secondary: lleon@hinshawlaw.com
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
Tel: 305-428-5118 / Fax: 305-577-1063
*Attorney for Keller Williams Realty, Inc*

*/s/ Todd P. Stelter*
**TODD P. STELTER**
*Admitted pro hac vice*
tstelter@hinshawlaw.com
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000 / Fax: 312-704-3001
*Attorney for Keller Williams Realty, Inc*

**Exhibit 1**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 23-CV-81393-LEIBOWITZ/REINHART**

Dr. Jeff Isaacs

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS
REALTY WELLINGTON), and EQUESTRIAN PALMS,
LLC

    Defendants.

_____

**PROPOSED SCHEDULING ORDER**

**Defendants' Position:** Defendants' oppose the proposed schedule and everything below, especially the revival of the class certification deadline which already lapsed on February 20, 2024, Doc. 32, prior to all remaining discovery deadlines being stayed on February 21, 2024. Doc. 91.

**Plaintiff's Position:**

IT IS HEREBY ORDERED that this case shall proceed along the following schedule:

1.    Pursuant to Local Rule 16.1(A), this case shall be assigned to the Standard Case Management Track, with the parties expecting trial to take 3 days and propose the following schedule:

a. Discovery begins: Discovery begins immediately.

b. The Parties shall file their initial disclosure under Federal Rule of Civil Procedure 26(a)(1): October 4, 2023

c. The Parties shall designate a mediator and schedule a time, date, and place for mediation: October 4, 2023

d. Any additional parties shall be added by, or amendments to the pleadings shall be made by, or motion filed by: January 14, 2025.

e. Any motions for class certification shall be filed by March 20, 2025.

f. Any reply to motions for class certification shall be filed April 18, 2025.

g. Fact discovery shall be completed: June 20, 2025.

h. Any non-expert discovery motions shall be filed: June 30, 2025.

i. The Parties shall identify experts and serve expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B): June 27, 2025.

j. Each party shall identify rebuttal experts, and serve rebuttal expert reports for the same July 31, 2025.

k. Expert discovery, including no more than one deposition per expert, absent Court order of the Parties' agreement, shall be completed: August 21, 2025.

l. Mediation shall occur by: November 20, 2025.

m. Dispositive motions (including summary judgment motions but excluding motions affecting the conduct of trial) may be filed at any time but shall be filed by this date. All responses to such motions shall be filed within two weeks of service of the initial motion. All replies shall be filed within seven days of service of any responses. November 3, 2025.

n. Motions *in limine* shall be filed by this date. All responses to such motions shall be filed within two weeks of service of the initial motion. All replies shall be filed within seven days of service of any responses. December 15, 2025.

o. Trial March 17, 2026.

2. Pretrial conference and trial dates will be scheduled at the convenience of the Court; however, the Parties submit that this case will be ready for trial any time after March 17, 2026.

3. The pretrial conference shall be held on _____.


ORDERED THIS DATE:

Dated: _____                    _____