# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-CV-81393-LEIBOWITZ/REINHART

Dr. Jeff Isaacs

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS
REALTY WELLINGTON), and EQUESTRIAN PALMS,
LLC

    Defendants.

## JOINT SCHEDULING REPORT

On January 8, 2024, Keller Williams Realty, Inc. ("KWRI") filed a motion to stay discovery in this case until the Court ruled that plaintiff could state a claim against KWRI. Doc. 61. That motion was litigated and the Court granted it on February 21, 2024, staying all discovery until further order. Doc. 91. Plaintiff has not sought to have that order vacated and/or sought to have that Court ordered stay lifted. The spirit of the Court's order was that discovery should remain stayed until plaintiff could overcome a motion to dismiss, if ever.

KWRI's and Makai's motion to dismiss was recommended to be granted on April 17, 2024 by the Magistrate Judge, Doc. 118, and the District Court Judge adopted the Magistrate Judge's recommendations on May 15, 2024. Doc. 120-121.

On June 3, 2024, plaintiff filed a Second Amended Complaint. Doc. 132. KWRI and Makai intend to file a motion to dismiss as to plaintiff's Second Amended Complaint, as ordered,

– 1 –

on or by September 11, 2024. Doc. 146. However, it is still KWRI's and Makai's position that the Court's February 21, 2024 Order continues to control discovery in this matter. Doc. 91.

Pursuant to the Court's Order dated July 23, 2024 (Docket No. 146), Fed. R. Civ. P. 16 and 26, and Local Rule 16.1(b), Plaintiff Dr. Jeffery Isaacs and Defendants Keller Williams Realty, Inc. and Makai Southeast, LLC respectfully submit this Joint Scheduling Report. In accordance with Local Rule 16.1(b)(1), Plaintiff and Defendants communicated by phone and email beginning on August 22, 2024.

The parties have set forth where they are in agreement:

## I.  DIFFERENTIATED CASE MANAGEMENT

KWRI and Makai oppose the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

### A.  Likelihood of settlement

It is KWRI's position that plaintiff agreed to settle this case for a mutual walk away settlement. Pursuant to this Court's order of July 23, 2024, Doc. 146, KWRI has attempted to memorialize that settlement with plaintiff. However, plaintiff has refused to engage in that process in good faith.

The Parties will explore the possibility of settlement as appropriate throughout the pendency of this action, and will keep the Court apprised of the status of any possible settlement.

### B.  The likelihood of appearance in the action of additional parties

Besides Defendant KCK Development, LLC which was the subject of recent pleadings the parties do not anticipate the addition of any more parties. KWRI and Makai note that KCK

Development, LLC has apparently never been served in this case and questions whether it is appropriate for a discovery schedule to be entered that would bind a party that has yet to appear.

### C. Proposed limits on time

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

### D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment

The parties will continue to work on simplification as necessary. Absent further agreement between the parties, the Federal Rules, Local Rules, and this Court's standing orders will govern.

### E. The necessity and desirability of amendments to the pleadings

The Plaintiff does not expect to require further amendment of its pleadings unless hereto unknown discovery requires it.

### F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

### G. Suggestions for the avoidance of unnecessary proof and cumulative evidence

At this time, the parties do not have specific suggestions for the avoidance of unnecessary proof and cumulative evidence, but they will endeavor to eliminate such issues through stipulated facts, stipulated authentication of certain documents, and joint exhibits at trial, where appropriate.

      **H.**    **Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Parties do not have any current stance as to what matters would be appropriate for referral.

      **I.**    **Preliminary estimate of the time required for trial**

KWRI and Makai estimates a 3-4 day trial. Plaintiff estimates that this case will require 10-12 days of trial time.

      **J.**    **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

KWRI and Makai oppose the discovery stay being lifted. It is KWRI's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

      **K.**    **Any Issues About:**

           **1.**    **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The Parties will work toward agreement on a protocol to govern the general exchange of such material and may adapt the form and timing of such production based on specific production issues. The Parties also may submit a proposed order addressing such issues for the Court's consideration.

           **2.**    **Claims of privilege or of protection as trial-preparation materials,**

– 4 –

> **including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

At this time, the parties do not foresee issues with claims of privilege or protection of trial-preparation materials. The parties agree that the inadvertent disclosure of information protected by the attorney-client privilege, the work-product privilege, or any other privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the producing party immediately upon demand by the producing party or upon discovery of the privileged information by the receiving party, and the receiving party shall not retain a copy of the privileged information.

The parties will comply with the Court's rules governing redaction of account and social security numbers.

> **3.  When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), or matters enumerated on the ESI Checklist**

The parties have not agreed to use the Court's ESI Checklist, but expect that any agreed protocol to govern the disclosure and production of electronically stored information will incorporate appropriate provisions in the Court's ESI Checklist.

**II.    RULE 26(f) DISCOVERY PLAN**

In accordance with Federal Rule 26(f), the Parties provide the following views and proposals on a discovery plan.

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

**A.    Changes in timing, form, or requirement for disclosures under Rule 26(a)**

– 5 –

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

**B.     Subject, timing, and phases of discovery**

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information**

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makais position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's and Makai's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials**

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

**E.     Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed**

At this time, the parties do not suggest any changes in the limitations on discovery imposed under the Federal and Local Rules. Should any other need arise, the parties will confer and submit any issues to the Court.

      **F.    Any other orders that should be entered by the Court under Rule 26(c) or under Local Rule 16(b) and (c).**

KWRI and Makai opposes the discovery stay being lifted. It is KWRI's and Makai's position that discovery in this case should remain stayed until the case is dismissed, or else until plaintiff can show that he can state a claim. As explained in KWRI's motion to stay, the stay was warranted and continues to be warranted. *See* Doc. 61, 71.

Date:  August 22, 2024

Respectfully submitted,

_____
Ayelet Faerman (Fl. Bar 102605)
FAERMAN LAW, P.A.
3859 NW 124th AVE
CORAL SPRINGS, FL 33065
ayelet@faerman.law

*Attorney for Plaintiff*

Keith Mathews, Esq. (pro hoc vice)