UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-CV-81393-LEIBOWITZ/REINHART

Dr. Jeff Isaacs

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC., AND
MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS
REALTY WELLINGTON)

    Defendants.

_____

### Objection to Unilateral Joint Report 26(f) Filed by KWRI

Plaintiff Dr. Jeffrey Isaacs by and through counsel hereby submits this objection to the Unilateral Joint Report 26(f) filed by Defendant Keller Williams Realty, Inc. (KWRI). In support thereof he states as follows:

### INTRODUCTION

    KWRI's filing is fundamentally flawed due to its refusal to participate in the 26(f) process in good faith, its improper assumption that no schedule is required (which the Court has already rejected), and the inclusion of unprofessional and irrelevant attacks against Plaintiff and his counsel. This objection addresses each of these points in detail and seeks the Court's intervention to ensure that KWRI complies with its obligations under the Federal Rules of Civil Procedure.

– 1 –

KWRI's refusal to provide any schedule or engage meaningfully in the 26(f) conference constitutes a clear violation of Rule 26(f) of the Federal Rules of Civil Procedure, which requires parties to "confer as soon as practicable" to develop a discovery plan. KWRI's conduct demonstrates a deliberate and continued lack of cooperation and good faith participation, undermining the very purpose of the Rule 26(f) process.

KWRI argues that a schedule is unnecessary because of their erroneous claim that the matter has settled. However, the Court has already rejected KWRI's argument that the case was settled, as reflected in the Magistrate's ruling denying KWRI's motion to enforce settlement. KWRI's insistence on this point, despite the Court's clear ruling, is not only baseless but borders on contempt. KWRI's failure to adhere to the Court's directive, and its use of this rejected settlement argument to evade its procedural responsibilities, is improper and should not be condoned.

KWRI's filing of a unilateral report is improper. The Court's Order dated July 23, 2024, explicitly required a joint report. KWRI's unilateral submission, particularly after Plaintiff's counsel indicated a willingness to engage in a joint process, is an attempt to sidestep Court orders and avoid meaningful participation in the discovery process.

**I. KWRI's Procedural and Substantive Misconduct**

KWRI's position that this case is "essentially pro se" and its characterization of the litigation as "emotionally driven" are unfounded and unprofessional. This case is not "pro se"; Plaintiff is represented by counsel. Such statements are not only factually inaccurate but also serve no purpose other than to demean and disparage Plaintiff and his counsel.

KWRI repeatedly claims that the class certification deadline has lapsed based on the Court's previous scheduling order. However, the Court stayed discovery on February 21, 2024,

which effectively paused all pending deadlines, including the class certification deadline. To selectively impose the old class certification deadlines while ignoring the stay on discovery is inherently unfair and a calculated effort by KWRI to avoid liability for millions of claims under the Telephone Consumer Protection Act (TCPA). This is particularly unfair in the face of Keller Williams' failure to provide the TCPA initial discovery documents as ordered by the court at the outset of the case. Expecting a class certification be filed before that documentation is provided is improper on its face.

By continuing to argue that the case was settled after the Court has expressly rejected this argument, KWRI appears to be in contempt of court. This ongoing defiance of Court orders further supports the need for sanctions or other corrective measures to ensure compliance.

## II. Attack on Plaintiff and Counsel

KWRI's filing is replete with unprofessional language and ad hominem attacks directed at Plaintiff and his counsel. KWRI refers to the litigation as "emotionally driven" and makes unfounded allegations about Plaintiff's motivations and behavior. These statements are not only irrelevant to the procedural and substantive issues at hand but are also inappropriate in a formal court filing. The Court should not tolerate such unprofessional conduct.

KWRI accuses Plaintiff of filing "frivolous submissions and requests" without any substantive basis for such a claim. This accusation is both false and misleading. Plaintiff's claims are well-grounded in law, particularly under the TCPA, where strict liability applies. KWRI's baseless accusations are a transparent attempt to shift focus away from its own misconduct and failure to comply with discovery obligations.

## III. Fairness and Equity in Scheduling

Given that the Court has already stayed discovery and canceled status conferences on the old schedule, it is only fair and just for a new scheduling order to be issued. The Plaintiff has not missed any class certification deadline because such deadlines were inherently stayed along with discovery. KWRI's attempt to revive and selectively enforce outdated deadlines is a strategic maneuver to avoid facing the merits of the TCPA claims and should be rejected.

KWRI's continued insistence on a stay of discovery and dismissal of Plaintiff's claims, without engaging in the required scheduling and discovery planning, is an attempt to evade strict liability on millions of TCPA claims. Such tactics should not be rewarded. Instead, the Court should lift the stay and establish a fair and reasonable schedule for discovery and class certification proceedings.

## IV. Conclusion

KWRI's unilateral filing of the Joint Scheduling Report and its refusal to engage in good faith in the 26(f) process are clear violations of both the letter and spirit of the Federal Rules of Civil Procedure. Its reliance on a rejected settlement argument, coupled with unprofessional and disparaging remarks about Plaintiff and his counsel, further undermines its credibility and position.

It is impossible to view the Defendant's conduct as anything but an improper end round to the scheduling of this case without reason or right. There is no settlement as the court has ordered and therefore no reason this case should linger any longer. That it was filed in such an incendiary way is sanctionable and indicative of the unreasonable nature of the relief sought. WHEREFORE Plaintiff respectfully requests that the Court:

1. Order KWRI to comply with its obligations under Rule 26(f) and participate meaningfully in the scheduling process.

2. Issue a new scheduling order, reflecting the stayed status of previous deadlines, including class certification deadlines.

3. Consider appropriate sanctions against KWRI for its conduct, including its contempt of court orders and unprofessional behavior.

Date:  August 29, 2024

Respectfully submitted,

/s/ Ayelet Faerman, Esquire
Ayelet Faerman, Esq.
FL Bar # 102605
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
**Counsel for Plaintiff**

/s/ Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
**Counsel for Plaintiff – Pro Hac Vice**