UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,
v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

**DEFENDANT, MAKAI SOUTHEAST, LLC'S,
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, MAKAI SOUTHEAST, LLC (d/b/a KELLER WILLIAMS REALTY WELLINGTON) (hereinafter "Makai" or "Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 132] ("the Motion"), and in support thereof, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 16, 2020, a Warranty Deed was executed in connection with 11482 Deer Circle in Lake Worth, Florida (the "Property"). Said Property was deeded at that time to JEFF ISAACS ("Plaintiff"). *See* Ex. C of Complaint filed in Case. No. 50-2023-CA-011575 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Underlying Action"), attached hereto as **Exhibit "A"**.[1]

On June 29, 2022, a class action lawsuit was filed against KELLER WILLIAMS REALTY, INC. ("KWRI") in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida (Case No. 312022CA000457) alleging violations under the Telephone Consumer Protection Act (the "Deshay Case"). *See* Deshay Complaint, attached hereto as **Exhibit "B"**. On November 30, 2022, the parties in the Deshay Case entered into the Class Action Settlement Agreement (the "Deshay Class Action Settlement Agreement"). *See* Deshay Class Action

---

[1] This Court "may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment." *Haddad v. Dudek,* 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011).

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

Settlement Agreement, attached hereto as **Exhibit "C"**. On December 7, 2022, the court in the Deshay Case entered the Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Class and Granting Other Relief ("Preliminary Approval Order"). *See* Preliminary Approval Order, attached hereto as **Exhibit "D".**

According to the Second Amended Complaint, on August 2, 2022, Nico Maruri sent Plaintiff a text message stating: "Hello Jeffrey good morning, this is Nico. I have been trying to reach you, to talk about your house in homeland." [D.E. 132] ¶*14*. On December 14, 2022, Plaintiff claims to have received another text message from Mr. Maruri, which stated: "The market is going down, and I think to get it on the market, with all of my marketing strategies that I use with my team, that are very aggressive, would be very beneficial." *Id.* ¶*15*. The Second Amended Complaint vaguely alleges that between August 2 and December 14, Plaintiff and Mr. Maruri engaged in other conversations. *Id.* ¶*15*. These communications demonstrate that Plaintiff and Mr. Maruri had participated in many conversations over the course of several months, most of which were initiated by Plaintiff. *See,* text message exchange between Plaintiff and Nico Maruri, attached hereto as **Exhibit "E".**[2]

On December 17, 2022, Plaintiff and Makai entered into the Exclusive Listing Agreement. *See* Ex. A of **Exhibit "A"**.[3] . On February 23, 2023, Plaintiff, Makai, and EQUESTRIAN PALMS, LLC ("Equestrian Palms") entered into the Sales Agreement. *See* Ex. B of **Exhibit "A"**. Ultimately, Plaintiff reneged on both agreements without legal justification.

---

[2] Notably, despite pointing out to the Court in the Motion to Dismiss the prior Complaint, that Plaintiff's allegations were intentionally misleading and a transparent effort to circumvent the *res judicata* effect of the Deshay Class Action Settlement, Plaintiff continues to make these misleading and unsupported allegations regarding the text messages as evidenced by the text messages themselves.

[3] Because Plaintiff incorporates the Exclusive Listing Agreement by reference in his Second Amended Complaint, this Court may rely on the Exclusive Agreement in ruling on this Motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling on 12(b)(6) motions, in addition to considering the complaint in its entirety, "courts ordinarily examine documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Traffic Jam Events, LLC v. Cortes*, 2009 WL 2175640 (M.D. Fla. July 21, 2009) ("When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (quoting *Tellabs*, 551 U.S. 308)).

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

On June 27, 2023, Makai filed the complaint in the Underlying Action.  *See*, **Exhibit "A"**. The Underlying Action raises breach of contract claims against Plaintiff in connection with Plaintiff breaching the Exclusive Listing Agreement and Sales Agreement.

On October 17, 2023, Plaintiff filed his lawsuit against Makai, KWRI, and Equestrian Palms alleging and seeking: (1) violation of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227(c) (Count I); (2) violation of the Racketeer Influenced Corrupt Organization Act ("RICO") under 18 U.S.C. § 1962(c) (Count II); (3) Breach of Contract (Count III); (4) Abuse of Process (Count IV); (5) violation of the Fair Housing Act ("FHA") under 42 U.S.C. § 3604 (Count V); and (6) violation of the Sherman and Clayton Antitrust Acts under 15 U.S.C. §§ 1-2 & 15 (Count VI); and (7) Permanent Injunction.

On April 17, 2024, the Honorable Magistrate Reinhart entered an Omnibus Report and Recommendation on Motion to Dismiss.  [D.E. 118].  On May 14, 2024, the Court issued an Order Adopting the Omnibus Report and Recommendation on Motion to Dismiss, dismissing Plaintiff's complaint with leave to amend.  [D.E. 120].  Plaintiff filed a Second Amended Complaint on June 3, 2024.  [D.E. 132].  Plaintiff, in addition to inappropriately adding an additional party, KCK Development, LLC, alleged three counts against Makai which include Count I for violation of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227(c); Count II for Breach of Contract; and Count III for violation of the Sherman and Clayton Antitrust Acts under 15 U.S.C. §§ 1-2 & 15.  [D.E. 132].  Additionally, Plaintiff filed an action for declaratory judgment which does not seem to be directed to Makai.[4]

On September 9, 2024, the Court held a case management conference.  During the hearing, the Court struck the additional party, KCK Development, LLC, added by Plaintiff, and, thus, by definition, Count IV related to that party.  Additionally, the Court specifically held that given Plaintiff's failure to take any steps to extend the original scheduling deadlines with respect to Class Certification, the Court will not be extending the deadline for class certification and, thus, this case will not involve a class action.

---

[4] The Declaratory Judgment action is so vague and ambiguous it is impossible to respond to the same.  To the extent that the Declaratory Judgment action is directed to Makai, it is requested that the Court dismiss the same as it is not well pled and there is no possible way for Makai to respond.

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

# MEMORANDUM OF LAW

I. **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

   A. **Legal Standard Governing Motions to Dismiss for Failure to State a Claim**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant can also attack such a pleading under Rule 12(b)(6) by arguing it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is not facially plausible when the complaint's factual content does not allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In considering a motion to dismiss, the Court must "accept well-pleaded facts and reasonable inferences drawn from those facts." *Carter v. Frito-Lay*, Inc., 144 F. App'x 815, 818 (11th Cir. 2005), quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). However, "conclusory" statements and "[t]hreadbare" allegations will not suffice. *Ashcroft*, 556 U.S. at 678 (2009); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1883 (2017). Courts need not credit "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Rankin v. Bd. of Regents of Univ. Sys. of Georgia*, 2018 WL 1974995, at *1 (11th Cir. 2018), citing *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Moreover, certain claims such as claims involving conspiracy must be pled with particularity. *See e.g., O'Rear v. American Family Life Assurance Co.* 139 F.R.D. 418 (M.D. Fla. 1991). Likewise, mere allegations that a party has violated the antitrust laws are insufficient to survive a motion to dismiss under rule 12(b)(6); the party must plead sufficient facts to establish each element and cannot use terms which are conclusory. *America Online, Inc. v. GreatDeals.Net*, 49 F.Supp.2d 851, 857 (E.D. Va. 1999).

   B. **Counts I and III Should be Dismissed because Counts I and III Allege a Class Action**

In addition to the reasons stated below, the entire complaint should be dismissed with respect to any class action allegations as the Court specifically ruled that, as Plaintiff missed the deadline for class certification without taking any steps to extend the deadline, this case does not

Case 9:23-cv-81393-DSL Document 155 Entered on FLSD Docket 09/13/2024 Page 5 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

qualify for class certification. Given the Court's definitive ruling on this issue, it is respectfully submitted that Counts I and III should be dismissed, together with the Court striking any class action allegations in this matter.

### C. Plaintiff's TCPA Claim (Count I) Should be Dismissed

Plaintiff alleges in Count I of the Second Amended Complaint that Makai and KWRI sent him unsolicited text messages to procure commercial business and made calls to him of a similar nature. *See* [D.E. 132] ¶67. He specifically maintains that on August 2, 2022, he received a text message from Mr. Maruri stating: "Hello Jeffrey good morning, this is Nico. I have been trying to reach you, to talk about your house in homeland." *Id.* ¶¶14. The only other contact specified in the Second Amended Complaint is another text message from Mr. Maruri on December 14, 2022, which stated: "The market is going down, and I think to get it on the market, with all of my marketing strategies that I use with my team, that are very aggressive, would be very beneficial." *Id.* ¶¶15. The Second Amended Complaint elaborates that between August 2, 2022, and December 14, 2022, "Plaintiff actually listed his home himself on Zillow.com, but continued to accept calls from KW and answer questions about his home… Plaintiff had hoped to avoid paying a 6% commission through a For Sale By Owner ('FSBO') listing on Zillow." *Id.* ¶16. The Second Amended Complaint alleges that due to Zillow's policy of not promoting FSBO homes and Zillow's presence in the homebuying market, Plaintiff decided that he would need the assistance of Zillow and MLS to sell his home, and therefore needed a realtor. *Id.* ¶25. In light of the foregoing, the Amended Complaint maintains that on December 14, 2022, Plaintiff entered into the Exclusive Listing Agreement with Makai. *Id.* For the reasons set forth below, Plaintiff's TCPA claims fail and should be dismissed.[5]

#### 1. Plaintiff's Claims are Barred by Res Judicata

The Deshay Class Action Settlement Agreement bars Plaintiff's TCPA claims in the pending action. "It is well settled that the doctrine of res judicata bars a plaintiff who is a member of a class certified in a prior settled lawsuit from bringing a later suit litigating the same claims covered by the previous action." *Papazian v. Gold Key Lease, Inc.*, 962 F. Supp. 1469, 1470 (M.D.

---

[5] Considering the Court's prior ruling that the Court would decline to rule on the substance of the TCPA allegations at this stage in the proceedings, Makai is not reasserting arguments concerning the fact that the text messages **_clearly demonstrate consent to the communications_** and other substantive arguments. However, given footnote 8 of the Court's Omnibus Report and Recommendations [D.E. 118], the *Deshay* settlement is properly being raised in this Motion to Dismiss as a basis for dismissal.

Case 9:23-cv-81393-DSL  Document 155  Entered on FLSD Docket 09/13/2024  Page 6 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

Fla. 1997); *Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."); *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 318 (S.D. Fla. 2001) ("All members of the class are bound by the res judicata effect of the judgment in a class action.") (citations omitted).

Regarding the purpose of res judicata, judicially approved settlement agreements, such as the Class Action Settlement Agreement, are considered final judgments on the merits. *See Arrieta-Gimenez v. Arrieta-Negron*, 441 So. 2d 1184 (Fla. 1989) ("a consent judgment is entitled to res judicata effect"). "However, a somewhat modified form of res judicata applies if a settlement agreement triggers the dismissal and the defendant's consequential discharge." *Horton v. Metro. Life Ins. Co.*, 459 F. Supp. 2d 1246, 1251 (M.D. Fla. 2006) (citations omitted). When a class action is resolved pursuant to a settlement agreement, said agreement is treated as a judgment. Accordingly, a class action settlement agreement is "not simply a contract entered into by private parties but is one that has been given a stamp of approval by the court." *Id.* (quoting *Grimes v. Vitalink Comm. Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994)). Thus, in applying the principles of res judicata from the Deshay Case to Plaintiff's claims, "the express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement." *Horton*, 459 F. Supp. 2d at 1252.

Under Florida case law, there are four conditions considered in determining whether a matter should be precluded by res judicata: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made. *ICC Chem. Corp. v. Freeman*, 640 So. 2d 92 (Fla. 3d DCA 1994). In the above-captioned matter, dismissal with prejudice is warranted due to all four of the foregoing elements being present.

With regard to "identity of the thing sued for," Plaintiff has brought forth claims pursuant to TCPA that were previously litigated in the Deshay Case. The "Released Claims" under Paragraph 1.1.33 of the Deshay Class Action Settlement Agreement, which "determine the bounds of preclusion," are defined to include "any violations of the Telephone Consumer Protection Act, 47 USC § 227, the FCC's related regulations—including internal Do Not Call requirements, or unfair or deceptive practices act)…" Here, Plaintiff is suing Makai and KWRI under the TCPA pursuant to 47 USC § 227. As such, these exact issues have previously been litigated and resolved.

Case 9:23-cv-81393-DSL Document 155 Entered on FLSD Docket 09/13/2024 Page 7 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

The second element is "identity of the cause of action." The "test of identity of the causes of action, for the purpose of determining the question of res adjudicata [sic], is the identity of facts essential to the maintenance of the actions." *Youngblood v. Taylor*, 89 So. 2d 503 (Fla. 1956) (emphasis in original); *see also Fields v. Sarasota-Manatee Airport Auth.*, 755 F. Supp. 377, 379 (M.D. Fla. 1991) ("identity of the cause of action is found where there is a 'similarity of the facts essential to the maintenance of both actions'") (quoting *Pumo v. Pumo*, 405 So. 2d 224, 226 (Fla. 3d DCA 1981)). In the Deshay Class Action Settlement Agreement, the KWRI is alleged to have violated the TCPA by directing or ratifying their realtors to contact persons on the National Do Not Call registry. (*See generally* **Exhibit "C"**.) Likewise, Plaintiff in the instant action alleges that "Defendants Keller Williams and Makai sent unsolicited text messages to the Plaintiff to procure commercial business, despite him being on the Do-Not-Call list. Similarly, the KW defendants placed telephone calls of a similar nature to Plaintiff's 610 area code mobile telephone." Am. Compl. ¶ 54. Thus, as the facts underlying the causes of action in both the above-captioned lawsuit and the Deshay Case are identical, the second element of res judicata is met.

The third element is "identity of the persons and parties to the actions." According to the allegation in the Amended Complaint, Plaintiff is a member of the Deshay Class, which is defined as:

> [A]ll Persons in the United States who, during the Class Period[6], (1) were called or received two or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors on a telephone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an

---

[6] Under the Deshay Class Action Settlement Agreement, "Class Period" timeframe is specified as "from May 2, 2014, through the date the Court enters the Preliminary Approval Order." The Preliminary Approval Order was entered on December 12, 2022. As mentioned above, Plaintiff specifies two text messages sent to him by Mr. Maruri – one on August 2, 2022, and the other on December 14, 2022. However, as indicated in **Exhibit "E"**, the message Plaintiff alleges was sent to him on December 14, 2022, was actually sent to him on November 10, 2022. Therefore, because both text messages were sent prior to the December 12, 2022, Preliminary Approval Order, even if they had constituted solicitations (which they do not), Plaintiff's claims would have accrued within the Class Period.

Case 9:23-cv-81393-DSL   Document 155   Entered on FLSD Docket 09/13/2024   Page 8 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

>automatic telephone dialing system made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors. Excluded from the Class are… (3) persons who properly execute and file a timely request for exclusion from the class.

See **Exhibit "C"** ¶1.1.9. Importantly, Plaintiff's name is not listed on the list of people who opted out the Deshay Case. Accordingly, Plaintiff's failure to opt out of the Deshay Class is further evidence that Plaintiff is a member of the Deshay Class, and therefore has released his TCPA claims under the terms of the Deshay Class Action Settlement Agreement. *See Demint v. NationsBank of Fla., N.A.*, 208 F.R.D. 639, 641 (M.D. Fla. 2002) (plaintiffs who failed to effectively opt out of the class were class members who released their claims under the terms of the class action's final judgment). Being that the definition of "Releasing Parties" includes "Class Members who do not timely opt out," Plaintiff is bound by the terms of the Deshay Class Action Settlement Agreement. See **Exhibit "C"** ¶1.1.35. Moreover, Defendants Makai and KWRI are included within the definition of "Released Parties" in the terms of the Deshay Class Action Settlement Agreement, which includes KWRI "and any respective corporate parent, subsidiary, or affiliated entities."[7] *See* **Exhibit "C"** ¶1.1.34. Thus, the identity of the parties element is met.

The last element necessary to preclude a claim pursuant to res judicata is "identity of the quality or capacity of the person for or against whom the claim is made." In both cases, the Plaintiff is seeking damages from KWRI. Further, Plaintiff in the instant case is included as class member and Releasing Party in the Deshay Class Action Settlement Agreement. Therefore, the fourth and final requirement for res judicata is met. As the claims for TCPA clearly meet the elements for establishing res judicata, they should be dismissed with prejudice.

**D.       Plaintiff's Breach of Contract Claim (Count II) Should be Dismissed**

Plaintiff maintains that Makai breached the Sale Agreement by not engaging in ADR prior to filing the underlying lawsuit. [D.E. 132] ¶¶ 76-83. The Court should decline to exercise supplementary jurisdiction over this claim as the subject matter of this state claim is already

---

[7] There can be no dispute that Makai is an affiliated entity of KWRI. In this regard, Plaintiff alleges that Makai is a franchisee of KWRI is vicariously liable for Makai's actions because KWRI's control over Markai. *See, e.g.,* [D.E. 132] ¶72. Thus, under Plaintiff's own allegations, there is no question that Makai is within the definition of Released Parties under the *Deshay* Settlement.

Case 9:23-cv-81393-DSL   Document 155   Entered on FLSD Docket 09/13/2024   Page 9 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

pending in state court.  See **Exhibit "A."**  In fact, Plaintiff has moved to dismiss the underlying lawsuit in state court on the same basis.  See **Exhibit "F."**[8]

With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009); §§ 1367(a), (c).  Some factors a Court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Both comity and economy are served when issues of state law are resolved by state courts." *Id.*   Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Whether to dismiss or to retain jurisdiction over supplemental claims, provided there is a basis in § 1367(c) for doing so, is a decision within the court's discretion. *McDuffie v. Broward Cty., Florida*, No. 15-14416, 2016 WL 2997192, at *2 (11th Cir. May 25, 2016).

Here, not only has Plaintiff moved to dismiss the underlying action in State Court on the exact basis as Plaintiff is attempting to make a claim here for breach of contract (*see* **Exhibit "F")**, any breach of contract claim would constitute a compulsory counterclaim in the state court action.[9] The "logical relationship" test governs whether a counterclaim is compulsory. A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant. *Londono v. Turkey Creek, Inc.*, 609 So.2d 14, 20 (Fla. 1992).

Thus, in considering whether to exercise supplementary jurisdiction, it is respectfully submitted, that the Court should decline the same as judicial economy, convenience, fairness, and comity dictate that the state court should control this litigation (which predates this action).  To hold otherwise, could lead to inconsistent findings between the two Courts, would undermine

---

[8] Plaintiff filed these state court pleadings with this Court as part of his effort to remove the state proceeding to this Court which was remanded by the Court.  [D.E. 56].

[9] The state court denied Plaintiff's Motion to Dismiss on December 14, 2023.  *See* **Exhibit "G."** Moreover, Plaintiff has remedies in state court available to him such as moving to stay the matter until ADR is completed**.**

Case 9:23-cv-81393-DSL   Document 155   Entered on FLSD Docket 09/13/2024   Page 10 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

Florida's compulsory counterclaim rule, is judicially inefficient with the same subject matters pending in two different courts and would reward Plaintiff for his clear efforts at forum shopping.

Of course, Plaintiff recognizes these issues which is exactly why he attempted, in an untimely and procedurally improper manner, to remove the state court action to this Court. [D.E. 56]. Just as the Court remanded the attempted removal back to state court [D.E. 121], it is respectfully submitted that, for the aforementioned reasons, the Court should decline to exercise supplementary jurisdiction over Count II for breach of contract. [10]

### E. Plaintiff's Violation of the Sherman and Clayton Antitrust Acts Claims Should be Dismissed

As recognized by the Court in its Omnibus Report and Recommendation on Motion to Dismiss:

> Article III standing is a prerequisite to the Court exercising subject matter jurisdiction over a claim. "Article III standing 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong,' . . . and it 'is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (en banc) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *AT&T Mobility, LLC v. Na'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)). Without Article III standing, there is no constitutionally-cognizable case or controversy. A Court that lacks subject matter jurisdiction is without power to act. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)."

[DE 118] at 26.

Plaintiff's Sherman Act challenge to the "Adversary Commission Rule" should be dismissed for lack of standing. Plaintiff seeks to represent a class of people who "used a listing broker affiliated with Keller Williams," and who, allegedly because of what plaintiff refers to as the "Adversary Commission Rule," paid a commission to the buyer's broker in connection with the sale of their home listed on the BeachesMLS. *See, e.g.,* [D.E. 132] at ¶57. Plaintiff, despite

---

[10] Additionally, the Court should decline to exercise supplementary jurisdiction because the federal claims are not viable. While once a case is properly before a federal district court the court has broad authority to retain jurisdiction over pendant state law claims even if the federal claim is later dismissed, in determining whether to retain jurisdiction on such an occasion, the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity. *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256–57 (1st Cir.1996). Here, there would be no useful purpose in retaining jurisdiction with the same subject matter already pending in state court.

Case 9:23-cv-81393-DSL  Document 155  Entered on FLSD Docket 09/13/2024  Page 11 of 13

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

the Court's prior Order dismissing the case on this very issue [D.E. 118 and 120], still does not allege that he ever actually sold a home and paid a buyer's commission in connection with the sale of a home. Rather, Plaintiff attempts to circumvent this issue by now alleging that he previously paid a buyer's commission when he originally **purchased** the home at issue in this lawsuit and that there is a pending lawsuit regarding whether Plaintiff is owed a commission in connection with the sale of his home. [D.E. 132] at ¶ 88. However, as set forth below, these allegations are insufficient to establish injury in fact and, thus, standing.

First, it is highly doubtful that Plaintiff paid a buyer's commission in the **purchase of a home** in that traditionally a buyer's agent commission is split with the seller's agent commission that is paid entirely by the seller not the purchaser. In fact, this is the entire gravamen of Plaintiff's complaints in this matter – the allegation that **Sellers** are forced to pay exorbitant commissions to buyer's brokers in connection with the sale of their home. *See, e.g.*, [D.E. 132] at ¶44. Setting aside the highly questionable allegation whether or not Plaintiff paid a buyer's commission in the purchase of the home at issue, this allegation does not establish injury in fact because Plaintiff is not attempting to represent **purchasers** who paid a commission to buyer's brokers in connection with the purchase of a home but rather **sellers** who "paid a commission to the buyer's broker in connection with the sale of their home listed on the BeachesMLS." [D.E. 132] at ¶57. Thus, Plaintiff's allegations in this regard do not establish injury in fact and standing in this matter.

With respect to the allegation that Plaintiff is embroiled in a lawsuit regarding a commission allegedly owed, this likewise is insufficient to establish injury in fact. As stated by the Court in *Lucak v. Nat'l Beverage Co.*, 400 F. Supp. 3d 1318 at 1325-26 (S.D. Fla. 2019):

> A plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (internal quotation marks omitted); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) ("The fact that this suit was brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing."). A class action plaintiff must show that he or she has "(1) suffered an injury in fact, that is **(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical**; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Isaacs v. Makai Southeast, LLC, et al.
Case No.: 23-cv-81393-RLR

*Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (emphasis added).

Here, Plaintiff's allegation that he is embroiled in a lawsuit does not establish injury in fact in that the injury is hypothetical and conjectural. To state the obvious, Plaintiff could prevail in the lawsuit and the lawsuit could be dismissed by the Court or even the Plaintiff in the underlying suit. Further, as set forth in the underlying lawsuit, there was no buyer's agent in the consummation of the sale. Rather, the seller's agent procured the purchaser so the entire commission was owed to the Plaintiff in the underling lawsuit. *See* **Exhibit "A"** at ¶15. Thus, the underlying lawsuit has nothing to do with sellers who are forced to pay exorbitant commissions to buyer's brokers in connection with the sale of their home as there was no buyer's broker involved in the transaction.[11] Ultimately, Plaintiff has not alleged anything that establishes injury in fact and, thus, it is respectfully submitted that Count III should be dismissed.

E.    **Conclusion**

For the reasons set forth herein, Plaintiff cannot state a claim under federal law. Further, the Court should decline supplementary jurisdiction over the state law claim in Count II. Thus, Makai respectfully submits that the entire Second Amended Complaint should be dismissed.

**WHEREFORE**, Defendant, MAKAI SOUTHEAST, LLC, respectfully requests that this Court enter an Order dismissing Plaintiff's Amended Complaint, along with any and all further relief that this Court deems is just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to everyone on the attached service list this 13th day of September, 2024.

> LYDECKER LLP
> 2300 Glades Road, Suite 340W
> Boca Raton, FL  33431
> (786) 587-1899 / (305) 416-3190
>
> By:     */s/ Eric L. McAliley*
> ERIC L. McALILEY, ESQ.
> Florida Bar No.: 174343
> E-mail: elm@lydecker.com
> Secondary e-mail: christy@lydecker.com

---

[11] The Court in Omnibus Report and Recommendation on Motion to Dismiss, also held that the allegation concerning the claim that Defendants suppressed for-sale-by-owner listings on platforms such as Zillow, was inadequate to establish injury in fact as well. [D.E. 118] at 27.

Isaacs v. Makai Southeast, LLC, et al.
Case No.:  23-cv-81393-RLR

## SERVICE LIST

Ayelet Faerman, Esquire
FAERMAN LAW, P.A.
3859 NW 124th Ave.
Coral Springs, FL  33065
ayelet@faerman.law
***Counsel for Plaintiff***

Keith Mathews, Esquire
AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
***Counsel for Plaintiff – Pro Hac Vice***

Jose I. Baldor, Esquire
Matthew Maranges, B.C.S.
PETERSON, BALDOR & MARANGES, PLLC
8000 SW 117th Ave., Suite 206
Miami, FL 33176
jose@pbmlegal.net
matt@pbmlegal.net
lourdes@pbmlegal.net
elizabeth@pbmlegal.net
***Counsel for Equestrian Palms, LLC***