UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## **DEFENDANT, MAKAI SOUTHEAST, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# EXHIBIT "B"

IN THE CIRCUIT COURT OF
THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR INDIAN-RIVER COUNTY, FLORIDA

**BEVERLY DESHAY**, individually and on
behalf of all those similarly situated,

        **Plaintiff,**

v.                                                  Case No.: 312022CA000457XXXXXX

**KELLER WILLIAMS REALTY, INC.,**

        **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff Beverly DeShay ("Plaintiff" or "DeShay") brings this Class Action Complaint and Demand for Jury Trial against Defendant Keller Williams Realty, Inc. doing business as Keller Williams ("Defendant" or "Keller Williams") to stop Keller Williams from directing its realtors to violate and/or ratifying its realtors' violations of the Telephone Consumer Protection Act ("TCPA") by making unsolicited, pre-recorded calls to consumers *without their consent* including calls to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendants' actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1.     Keller Williams is one of the largest real estate franchises in the world.

2.     Keller Williams, through its training and coaching programs, in effect provides a marketing plan to realtors affiliated with its franchisees that involves unsolicited telemarketing.

3. In Plaintiff Deshay's case, Keller Williams' marketing plan resulted in the Plaintiff receiving multiple unwanted calls to her personal cellular phone that is registered on the DNC, including a pre-recorded call. Plaintiff Deshay did not give any prior express consent to receive these calls from Defendant Keller Williams.

4. In response to these calls, Plaintiff Deshay files this lawsuit seeking injunctive relief, requiring Defendant to cease directing its realtors to violate and/or ratifying its realtors' violations of the Telephone Consumer Protection Act by placing unsolicited calls to consumers' cellular telephone numbers using prerecorded messages and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

5. Plaintiff Beverly DeShay is a resident of Vero Beach, Florida.

6. Defendant Keller Williams is a Texas corporation that conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorneys' fees.

8. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in and from this District.

9. Venue for this action is proper in this Court because the facts giving rise to this action occurred in this Circuit.

**INTRODUCTION**

10. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

11. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

12. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

13. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

14. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

15. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2022 alone, at a rate of 128.7 million calls per day. www.robocallindex.com (last visited June 28, 2022).

16. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

17.   "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

18.   "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

19.   Defendant Keller Williams promotes, trains, and directs its agents to place cold calls to phone numbers of consumers, including phone numbers registered on the DNC and including consumers who have never given their consent to Defendant and/or their agents to make telemarketing calls to their phone numbers.

20.   Many consumers have posted complaints online about receiving unwanted calls from Keller Williams' agents, similar to the calls received by Plaintiff DeShay. For instance:

- **Home Owner**
  **April 22, 2020**
  **Caller Name:** Erin Leff, Keller Williams Realty, Austin, TX.
  **Telemarketer**

  Random call from (512) 543-4655, real estate agent at Keller Williams, looking for home listings. Said left a voice message that she has a buyer for my home. Wants to know if I would like to take an offer or list for sale. I don't know what list she got my phone number from but upon a Google search the results show the number registered to Erin Leff of Keller Williams Realty, Austin, TX. Strangely, I just bought this home in another state, so why would I sell?!! Why would I list with an out-of-state agent?! Obviously bad she has a bad lead system for cold calls. No wonder real estate agents get a bad reputation. Sad.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://lookup.robokiller.com/p/512-543-4655

4



---

- Many more complaints of a similar nature can be found at these webpages at:

  https://whocallsme.com/nb/search?q=keller+williams and

  https://800notes.com/nb/search?q=%22keller+williams%22

21. In response to these calls, Plaintiff DeShay files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF DESHAY'S ALLEGATIONS

22. Plaintiff DeShay registered her residential phone number on the DNC on December 10, 2004.

23. Plaintiff's cell phone number is used for personal use only and is not associated with a business.

24. On January 26, 2022, Plaintiff DeShay received a call from a Keller Williams agent using the phone number 772-291-8551 which she did not answer. The caller left the following pre-recorded voice message to her voicemail:

> ".. We got buyers actually looking for homes across all price ranges. Please call Jon Bastian *with Keller Williams* at 772-291-8851. Again 291-8851. And hope to hear from you soon."

25. The agent that made the call is John Bastian, a Keller Williams agent and owner of the phone number (772) 291-8851.

26. Plaintiff has received numerous other calls to her cell phone from Keller Williams agents over the last year.

27. Plaintiff has never given Keller Williams or this Keller Williams agent her prior written consent to receive prerecorded messages.

6

28. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff DeShay in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery), and the consumption of memory on the phone.

29. Seeking redress for these injuries, Plaintiff DeShay, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

30. Plaintiff DeShay brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) one or more agents affiliated with a franchise of Defendant Keller Williams called (2) using an artificial or pre-recorded voice.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) one or more agents affiliated with a franchise of Defendant Keller Williams called more than one time in the aggregate, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days.

31. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or

7

released. Plaintiff DeShay anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Keller Williams or its agents placed pre-recorded voice message calls to Plaintiff DeShay and members of the Pre-recorded No Consent Class without first obtaining the express written consent to make the calls;

(b) whether Defendant's agents placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c) whether the calls constitute a violation of the TCPA;

(d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff DeShay will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff DeShay has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff DeShay and her counsel are committed to

8

vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff DeShay nor her counsel have any interest adverse to the Classes.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff DeShay. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff DeShay and the Pre-recorded No Consent Class)

36. Plaintiff DeShay repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

37. Defendant Keller Williams and/or its agents transmitted unwanted telephone calls to Plaintiff DeShay and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

38. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff DeShay and the other members of the Pre-recorded No Consent Class.

39. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff DeShay and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## COUNT II
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff DeShay and the Do Not Call Registry Class)

40. Plaintiff DeShay repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference.

41. Plaintiff DeShay brings this claim individually and on behalf of the Do Not Call Registry Class Members against Defendant.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

10

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d)        An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

    e)        Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff DeShay requests a jury trial.

**BEVERLY DESHAY**, individually and on behalf of all others similarly situated,

DATED this 29th day of June, 2022.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
COLEMAN PLLC
66 West Flagler Street, Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*