UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## DEFENDANT, MAKAI SOUTHEAST, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# EXHIBIT "D"

IN THE CIRCUIT COURT OF
THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR INDIAN-RIVER COUNTY, FLORIDA

BEVERLY DESHAY, individually and on
behalf of all those similarly situated,

          **Plaintiff,**

v.

          Case No.: 2022CA000457

KELLER WILLIAMS REALTY, INC.,

          **Defendant.**

_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A CLASS AND GRANTING OTHER RELIEF

Plaintiff in this class action, without opposition from Defendant, seeks from the Court an Order preliminarily approving class action settlement, conditionally certifying a class for settlement purposes, appointing Plaintiff as the class representative, appointing Avi R. Kaufman of Kaufman P.A. and Stefan Coleman of Coleman PLLC as lead counsel for the class, directing the issuance of class notice, and scheduling a fairness hearing. Having read the papers in support of the request for an Order conditionally certifying a class for settlement purposes, reviewed the procedural history and the record, and heard argument of counsel, the Court makes the following findings and issues the following relief:

### BACKGROUND

On June 29, 2022, Plaintiff filed the Complaint against Defendant Keller Williams Realty, Inc. alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

1

Defendant denies each and every one of Plaintiff's allegations of unlawful conduct, damages, or other injuries and maintains that it complied with the TCPA and all applicable laws.

Based upon the investigation, and evaluation of the facts and law relating to the matters alleged, plus the risks and uncertainties of the Litigation and Related Litigation and all factors bearing on the merits of settlement, Plaintiff and Class Counsel have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement.

In an effort to facilitate a resolution of the Litigation and Related Litigation and mediate settlement discussions, the Settling Parties participated in lengthy, arms' length negotiations, including three mediations with mediator Bruce A. Friedman, Esquire of JAMS in Los Angeles, California.

The Settlement Agreement makes $40,000,000.00 available for the benefit of the Settlement Class. The Settlement Sum represents the maximum possible payment by Defendant under the Agreement from which payments for all (a) Approved Claims to Class Members, (b) Settlement Administration Expenses, (c) CAFA Notice, and (d) any Fee Award will be made. Without admission of guilt, and as further non-monetary relief to the class, Defendant has also agreed to (1) create a TCPA task force to enhance compliance; (2) to make the existing TCPA/DNC resource page on KW Connect more visible to KWRI's franchisees and their independent contractor real estate agents; and (3) provide additional materials to KWRI's franchisees about TCPA/DNC compliance that they can use with their independent contractor real estate agents.

In the Settlement Agreement, the parties agree to a settlement of this action that would involve the certification, for settlement purposes only, of a class of persons, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement,

which, if approved, will result in final certification of the Settlement Class and dismissal of the Litigation with prejudice.

## FINDINGS

Upon reviewing the Settlement Agreement[1] and the Complaint in this matter, and the matter having come before the Court, based on the foregoing, the Court's proceedings and the respective applications of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**Jurisdiction.** This Court has personal jurisdiction over the parties and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and conditionally certify a class for settlement purposes.

**Class Representatives and Class Counsel**. Plaintiff Beverly DeShay is designated as representative of the Settlement Class, as defined below, for settlement purposes only. Avi R. Kaufman of the law firm Kaufman P.A. and Stefan Coleman of the law firm Coleman PLLC are hereby designated as Class Counsel for the Settlement Class, for settlement purposes only.

**Class Findings**. Strictly and only for purposes of the settlement of this action, the Court preliminarily finds that the requirements of Florida Rule of Civil Procedure 1.220 have been met as follows:

    **Numerosity**. The Settlement Class (as defined below) consists of approximately two million settlement class members. The Settlement Class is ascertainable on the basis of the call records and other objective criteria, and members of the Settlement Class are so

---

[1] Unless otherwise noted, all capitalized terms used here have the same definition as that provided in the Settlement Agreement.

numerous that separate joinder of each member is impracticable. *See* Fla. R. Civ. P. l.220(a)(l).

**Commonality**. The "commonality" requirement is satisfied when the claim or defense of the representative party raises questions of fact or law common to the questions of fact or law raised by the claim or defense of each member of the class. *See* Fla. R. Civ. P. l.220(a)(2). In the instant case, Plaintiff has alleged questions of fact and law common to the Class, including:

    a.    Whether Defendant is vicariously liable for calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors;

    b.    Whether the calls and/or text messages were telemarketing;

    c.    Whether Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors had consent to call, or an established business relationship with, class members; and

    d.    Whether Defendant's conduct was willful such that Plaintiff and the class are entitled to treble damages.

**Typicality**. "Typicality" requires that the claim or defense of the representative party be typical of the claim or defense of each member of the class. *See* Fla. R. Civ. P. l.220(a)(3). In the instant case, this is satisfied by the very nature of the Telephone Consumer Protection Act violation alleged. Considering the allegations of the Complaint, the Court preliminarily finds that, for purposes of this settlement only, these common questions of fact and law predominate over questions of fact and law affecting only individual members of the Settlement Class.

**Adequacy**. "Adequacy" requires that the representative party show he or she can fairly and adequately protect and represent the interests of each member of the class. *See* Fla. R. Civ. P. 1.220 (a)(4). Considering the allegations set forth in Plaintiff's Complaint and for purposes of this settlement only, the Court preliminarily finds that the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and that the representative Plaintiff fairly and adequately protects the interests of the Settlement Class, in that: (1) the interests of the named Plaintiff and the nature of her alleged claims are consistent with those of all members of the Settlement Class; (2) there appear to be no conflicts between or among the named Plaintiff and members of the Settlement Class; (3) the named Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution of and the negotiations to settle this action; and (4) the named Plaintiff and members of the Settlement Class are represented by qualified, reputable counsel who is experienced in preparing and prosecuting large, complex class actions.

**Superiority**. The Court preliminarily finds that, for purposes of this settlement only, a resolution of the action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of this action. The proposed resolution of this action involves both monetary and equitable relief for members of the Settlement Class.

**Manageability**. The Court notes that because this action is being settled, rather than litigated, the Court need not consider the manageability issues that might otherwise be presented by litigation of a nationwide class action involving these issues. *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997).

5

In making these preliminary findings, the Court has considered, among other factors: (1) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

**Preliminary Class Certification for Settlement Purposes**. Based on the foregoing findings, and for settlement purposes only, the Court defines the Settlement Class to consist of:

> All Persons in the United States who, during the Class Period, (1) were called or received two or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors on a telephone number that (a) appeared on the National Do Not Call Registry for at least 31 days and/or (b) that appeared on any internal do not call list of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors; and/or (2) were called or received one or more calls and/or text messages made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors using (a) an artificial or prerecorded voice and/or (b) a cloud based dialing platform; and/or (3) were called or received one or more calls made using an automatic telephone dialing system made by or on behalf of Defendant or any Defendant-affiliated franchisees, market centers, realtors, agents or vendors.
>
> Excluded from the Class are: (1) the Judge presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons who received a call, or to whom a call was placed, by or on behalf of Peter Hewitt or Kelly Houston and/or which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston; and (5) the legal representatives, successors or assigns of any such excluded person(s).

The Court finds that, for the sole purpose of settlement, and without an adjudication of the merits, the Settlement Class is sufficiently well-defined and cohesive, and the proposed settlement, on the record thus far produced, seems adequate, to warrant sending notice of the action and the proposed settlement to the Settlement Class.

**Findings Regarding Proposed Settlement**. The Court finds that: (a) the proposed settlement resulted from extensive arms-length negotiations and was concluded only after counsel for Plaintiff had engaged in extensive due diligence; and (b) the proposed settlement evidenced by the Settlement Agreement is sufficient to warrant (i) preliminary certification of the Settlement Class for settlement purposes, (ii) notice thereof to the members of the Settlement Class, and (iii) a full hearing on the fairness of the settlement.

**Fairness Hearing**. A hearing (the "Fairness Hearing") will be held on March 31, 2023 at 8:30 a.m., via Zoom before Circuit Court Judge Janet Carney Croom, using the following Zoom information:

https://zoom.us/j/7450461040?pwd=Rk5GY05VZFBnVnA3d0phM2krVHpQQT09
Phone: (646) 558-8656
Meeting ID: 745 046 1040
Passcode: 123456

to determine: (a) whether the action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice pursuant to the terms of the parties' settlement; (d) whether members of the Settlement Class should be bound by the Release set forth in the parties' Settlement Agreement; (e) whether members of the Settlement Class should be subject to a permanent injunction that, inter alia, bars members of the Settlement Class from filing, commencing, prosecuting, intervening in, participating in (as Settlement Class Members or otherwise), or receiving any benefits from, any lawsuit, administrative or regulatory

7

proceeding or order in any jurisdiction based on, or relating to, the claims (and the facts and circumstances related thereto) in this action and/or the released conduct as set forth in the parties' Settlement Agreement; (f) whether Plaintiff's application for an incentive fee award should be approved; and (g) whether the application of Plaintiff's counsel for an award of attorney's fees and expenses should be approved. The parties' submissions in support of the settlement, a motion seeking an incentive award for the Class Representative and a motion seeking attorneys' fees and expenses shall be filed with the Court at least 35 days prior to the Opt-Out Deadline.

**Notice**. Within 30 days of the date of this Order, the Settlement Administrator will create and maintain the Class Settlement Website. The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Notice, the Claim Form, and the Preliminary Approval Order. Class Members shall have the option to file a claim electronically using the Class Settlement Website.

Also within thirty (30) days after the date of this Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C to the Agreement, via U.S. Postal Service, to Class Members on the Direct Mail List. The Settlement Administrator shall also commence publication notice substantially in the form of the Publication Notice in Exhibit D to the Agreement.

**Findings Concerning Notice**. Having considered, among other factors, (a) the cost of giving notice by various methods , (b) the resources of the parties, (c) the stake of each member of the Settlement Class, and (d) the likelihood that members of the Settlement Class might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in the Settlement Agreement and above is the best

practicable notice and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class: (1) of the pendency of this action; (2) of their right to exclude themselves from the proposed settlement; (3) that any judgment, whether favorable or not, will include all members of the Settlement Class who do not request exclusion; and (4) that any members of the Settlement Class who do not request exclusion may object to the settlement and, if it, he, or she desires, enter an appearance either personally or through counsel.

**Retention of Settlement Administrator.** The Court authorizes Defendant to retain Kroll Settlement Administration to help implement the terms of the proposed settlement and authorizes such administrator to carry out the notice plan and such other responsibilities as are provided for in the Settlement Agreement.

**Exclusion from Class.** Members of the Settlement Class who wish to opt out of and be excluded from the Settlement must write to the Settlement Administrator stating an intention to be individually "excluded" from this Settlement and meeting all of the requirements detailed below. This written request for individual exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline.  An individual request for exclusion must be signed by the individual, and must include the individual's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the individual wishes to be excluded from the Litigation and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not received within the time specified, shall be invalid, and the individual serving such a request shall be a member of the Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request

for individual exclusion must be personally signed by the individual. Requests for group, mass and/or class opt-outs or exclusions will be invalid and shall not be allowed.

**Objections.** Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained below. Any objection to the Settlement Agreement, including any of its terms or provisions, must be in writing. This written objection must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and received no later than the Opt-Out Deadline. Class Members may object either on their own or through an attorney hired at their own expense.

Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Deshay v. Keller Williams Realty, Inc.*, No. 312022CA000457XXXXXX" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Class Member, including the phone number(s) at which he or she received calls(s) or text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

10

A Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. Representative Plaintiff or Defendant or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, subject to Court approval.

Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The Party so responding

shall file a copy of the response with the Court, and shall serve a copy, by hand, overnight delivery, or email to the objector (or counsel for the objector).

**Submission of Claim for Benefits.** Class Members must timely submit, by mail or online, a valid Claim Form by the Claims Deadline, 60 days after the Notice Date. All Claim Forms must be postmarked or received by the Settlement Administrator by the Claims Deadline. Regardless of the manner in which it is submitted, a valid Claim Form means a Claim Form containing all required information which is signed by a Class Member and is timely submitted. Any Claim Form that does not contain all required information, as described in the Agreement; is not signed; and/or is not timely submitted shall be denied. In the event a Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Class Member a reasonable opportunity to provide any requested missing information. For any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice"). The Class Member shall have until the Claims Deadline, or fourteen (14) days after the Settlement Administrator sends the Cure Notice to the Class Member regarding the deficiencies in the Claim Form, whichever is later, to cure the error(s) and/or omissions in the Claim Form.

**Service of Papers.** Class Counsel and counsel for Defendant shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by members of the Settlement Class. Class Counsel and counsel for Defendant shall promptly furnish to each other any and all objections or written requests for exclusion that may come into

their possession, and Class Counsel or the Settlement Administrator shall file such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

**Termination of Settlement.** If the Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of the Agreement, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation, the Related Litigation, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

**Continuance of Hearing.** This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Class Members.

**Stay of Litigation Proceedings.** All discovery and other pretrial deadlines are stayed and suspended until further order of the Court.

DONE AND ORDERED in Indian River County, Florida, on _____.

12/12/2022 13:06:57
2022 CA 000457
eSigned by JANET CARNEY CROOM (NOT) 12/12/2022 13:06:57 rwqnNgsZ

**Janet Carney Croom**
**CIRCUIT COURT JUDGE**

cc: all counsel of record

13