UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81393-ROSENBERG/REINHART

JEFF ISAACS

    Plaintiff,

v.

KELLER WILLIAMS REALTY, INC.,
MAKAI SOUTHEAST, LLC (d/b/a KELLER
WILLIAMS REALTY WELLINGTON), and
EQUESTRIAN PALMS, LLC,

    Defendants.
_____/

## DEFENDANT, MAKAI SOUTHEAST, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# EXHIBIT "F"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MAKAI SOUTHEAST, LLC d/b/a         CASE NO. : 50-2023-CA-011575
KELLER WILLIAMS REALTY WELLINGTON,

    Plaintiff,

vs.

JEFFREY ISAACS,

    Defendant.
_____/

**<u>DEFENDANT, JEFFREY ISAACS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**COMES NOW**, Defendant, JEFFREY ISAACS (hereinafter referred to as "Defendant"), by and through undersigned counsel, files her Motion to Dismiss Plaintiff, MAKAI SOUTHEAST, LLC d/b/a KELLER WILLIAMS REALTY WELLINGTON (hereinafter referred to as "Plaintiff") Complaint, pursuant to Rule 1.140(b) of the Florida Rules of Civil Procedure to dismiss Counts I of the Complaint and hereby states as follows:

1. Plaintiff has alleged a cause of action for Breach of Exclusive Right of Sale Listing Agreement.

2. Rule 1.110(b) of the Florida Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief" in order to properly state a cause of action." "Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading." *Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So.2d 220, 221-22 (Fla. 4th DCA 2005). The pleading rules require counsel to recognize the elements of the cause of action and

Page **1** of **3**

determine whether he or she has or can develop facts necessary to support it.  *Barrett v. City of Margate*, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999).

3. A pleader fails to state a cause of action where only general and conclusory allegations are set forth without any specific facts in support of the alleged causes of action. *American Seafood, Inc. v. Clawson*, 598 So.2d 273, 274 (Fla. 3rd DCA 1992).  "Mere legal conclusions inserted in a complaint are insufficient to state a cause of action unless substantiated by allegations of ultimate fact."  *Doyle v. Flex*, 210 So.2d 493, 494 (Fla. 4th DCA 1968).

4. Here, Plaintiff has failed to properly assert claims for Breach of Contract. The factual allegations are merely general and conclusory without specific facts supporting the cause of action.  For this reason, the Count I of the Complaint must be dismissed.

5. Further, Plaintiff's Count I of the Complaint fails as there was no meeting of the minds as to a material term of the Contract

6. Specifically, Paragraph 12 – Dispute Resolution requires initials to select mandatory arbitration.  The Sales Associate initialed this provision, but the Defendant did not.  This is a material term of this Contract.

7. As such there was no meeting of the minds and a valid contract does not exist.

**WHEREFORE**, Defendant, JEFFREY ISAACS, prays that this Honorable Court take jurisdiction of this case, dismiss the Complaint with prejudice and award any such other relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Florida Court's E-Filing Portal to all Parties registered on the E-Portal's E-Service, on this 8th day of December, 2023.

CBR Law Group, LLLP
165 East Palmetto Park Road
Suite 200
Boca Raton, FL  33432
Tel: (561) 609-1515 – Fax: (561) 368-0293

By: /s/*Donald Thomas*
DONALD J. THOMAS, ESQ.
Florida Bar No. 834599
GEORGIA T. GARNECKI, ESQ.
Florida Bar No.  68807
don@cbrlawgroup.com
georgia@cbrlawgroup.com
paralegal@cbrlawgroup.com

NOT A CERTIFIED COPY